



LUCIO A. BARROGA, PRO SE
P.O. BOX 2516
LONG BEACH, CA 90801
Tel 562 -243-1024

**FILED**

MAY 2 2 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

-------------------------------------------------------------------------

.    LUCIO A. BARROGA,     ! CASE NO. 2:19CV 0921 TLN EFB PS

.         Plaintiff        ! COMPLAINT FOR DECLARATORY
.       V.                ! RELIEF UNDER CAL CODE OF CIVIL
.                       ! PROC. SEC. 1062 ON NEW OR SAME
BOARD OF ADMINISTRATION,    ! ACTION BASED ON THE SAME FACTS
CAL PUBLIC EMPLOYEES'        ! WHICH OVERCOMES RES JUDICATA .
RETIREMENT SYSEM (PERS),      ! .
.       Defendant(s)       !

-------------------------------------------------------------------------

### MEMORANDUM OF POINTS AND AUTHORITIES

THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

A) Violation of Constitution, Amendment 13, prohibition of slavery. ISSUE IV,
for Defendant PERS denying me benefits derived from the employer's
contributions on my behalf which I had worked and toiled for.

B) Statute of limitation shall not apply, Cal Gov't Code Sec. 20181(new
20164) see AUTHORITIES on p.6C, is quoted:.

.    Duration of obligation; limitation of actions

.    (b)(2) In cases where the system owes money to a member or beneficiary, .

..    the period of limitation shall not apply.

C)   U.SCA. Constitution Amendment 14 Sec. 1 Supporting precedents:

*1*

a) State action, for purpose of this clause, may emanate from rulings of administrative and regulatory agencies as well as from legislative or judicial actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965, 407 US 163

b)   State has obligation to insure that actions of its agencies do not deprive any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F. Supp. 1043, 92 S. Ct. 675,   404 U.S. 1016,   30 L.Ed. 2d 663.

c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948,   68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

.       E) State judges are members of PERS, even the Hon. U.S. District Court Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A . Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgment not consistent with the law, and said "you know how to appeal. ."

F) Defendant PERS wants settlement Sept 27, 2012 EXHIBIT 152 Defendant's p.3 PERS STATUS REPORT, to quote:

13. CalPERS prefers to have a settlement conference conducted by someone other than the district court judge and the magistrate judge assigned to this matter.

G )   California CONSTITUTION Article 3, Sec. 6(d), provides any resident can sue the state, so there is no immunity, the reason of dismissal on judgment of Dec. 19, 2012   , also on p.10,   to quote:

d) Personal Right of Action and Jurisdiction of Courts.

2

Any person who is a resident of or doing business in the State of California
shall have standing to sue the State of California to enforce this section,

H) **28 USC § 1331.   Federal question**

The district courts shall have original jurisdiction of all civil actions arising
under the Constitution, laws, or treaties of the United States

Note: The issues in the complaint – ISSUES I, II, III, & IV are new and never
determined by any court, The December 19 , 2012 judgment had been immunity.

G) Cal Code of Civ. Proc. Sec. 657 **Relief available on motion for new trial,**
   **causes. .**

4. Newly discovered evidence, material for the party making the
application, which he could not, with reasonable diligence, have discovered
and produced at the trial. (Calif Constitution Article 3, Sec 6(d), see above).

6. Insufficiency of evidence to justify the. . decision, or the decision is
against the law.

FACTS

.      After reaching 50 year old in April 1979 and retirable, I submitted an
application for retirement pensions from previous services with the City of El
Segundo, and later I went to Sacramento PERS office to follow up application.
PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as
alternative, to receive a lump sum of my member contributions (approx. 7% of
salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries
under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I received
approximately $10,000 of my accumulated member contributions, with the
employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay

3

and redeposit for the withdrawn member contributions as a loan which PERS
maliciously omitted to inform the monthly pension can redeposit per statute (Cal)
Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan
or withdrawal is fully paid with interest, then monthly pension will start to me. But
PERS claimed the employer's contributions which have remained with PERS are
NOT "normal contributions", therefore I ceased to be a member when the member
contributions were withdrawn, and I am not anymore entitled any pension benefits.
I have contended that I am still a PERS member, because the employer's
contributions on my behalf have remained in deposit with PERS and are "normal
contributions" under the laws, and therefore, I am entitled retirement benefits. .

ISSUES OR CAUSES OF ACTION

Proof that I am still a PERS member, because the employer's contributions on
my behalf have remained in deposit with PERS, to quote:

> (Cal) Gov't Code Sec. 20390 (new 20340)   Condition of cessation
> A person ceases to be a member :
> (b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit
with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE
RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL
CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL)
GOV'T CODE SEC. 20691? (New Issue, different from prior Issues)

> (Cal) Gov't Code Sec. 20691. Payment of member normal contributions by
> contracting agencies or school employer

4

Notwithstanding any other provision of law, a contracting agency or school employer may pay all or a portion of the normal contributions required to be paid by a member. The payment shall be reported simply as normal contributions and shall be credited to member accounts.

The employer's contributions are explicit "normal contributions", therefore I am still a PERS member, entitled retirement benefits.

ISSUE II: IS PERS'S ALTERNATIVE OFFER FOR THE WITHDRAWAL OF THE ACCUMULATED MEMBER CONTRIBUTIONS TO DEPRIVE PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE AFTER PLAINTIFF HAD QUALFIED FOR RETIREMENT AFTER REACHING 50 YEARS OLD, A VIOLATION OF (CAL) GOV'T CODE SEC. 21203 (NEW 21259)?

(Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement

Subject to compliance with this part, after a member has qualified as to . .age and service for retirement for service, nothing shall deprive him or her of the right to retirement allowance as determined under this part.

ISSUE III : IS PERS'S DENIAL FOR CONSIDERING THE WITHDRAWN MEMBER CONTRIBUTIONS AS LOANS A VIOLATION OF PERS'S LOAN LAWS WHICH ALLOW WITHDRAWALS AS LOANS?   OR DISCRIMINATORY?

(Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals, interest. .

. .member may file an election with the board to redeposit in the retirement fund, in lump sum or by installment payment (1) an amount equal to the accumulated contributions.. .withdrawn, and (2) an amount

5

equal to the interest. .,and (3) if he or she elects to redeposit in other than one sum, interest on the unpaid balance at date of election to redeposit.

(Cal) Gov't Code Sec. 20211 (new 20202) Natural disaster relief loan.

(Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

(Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

(Cal) Gov't Code Sec. 20201   Secured home loan.

ISSUE IV: AMENDMENT 13, PROHIBITION OF SLAVERY, IS VIOLATED. PERS HAS DENIED PLAINTIFF RETIREMENT BENEFITS DERIVED FROM THE EMPLOYER'S CONTRIBUTIONS TO THE RETIREMENT FUND ON MY BAHALF, WHICH EMPLOYER'S CONTRIBUTIONS I HAD WORKED AND TOILED FOR, to quote:

**Amendment 13, Section 1.** Neither slavery nor involuntary servitude . . .shall exist within the United States, . .

If any of the ISSUES is YES, in fact, all are yes, then I am entitled retirement benefits and the redeposit of the withdrawn member contributions.

Note: ISSUE I, ISSUE II, ISSUE III, and ISSUE IV are new and have no prior determination or judgment from any court.

TABLE OF OTHER CITED AUTHORITIES

RETIREMENT ALLOWANCE STATUTE BUT WHICH PERS DISOBEYTED

(Cal) Gov't Code Sec. 20393 (new 20731) . .retirement allowance. . After qualification of the member for retirement by reason of age,. . the member shall be entitled to receive a retirement allowance based upon the amount of member's accumulated contributions and service , . .and on the employer's contributions held for the member and calculated in the same manner as for the other members . . .

6

## STATUTE OF LIMITATION DOES NOT APPLY

(Cal) Gov't Code Sec. 20181 (new 20164) Duration of obligation; limitation of actions

(b)(2) In cases where the system owes money to a member or beneficiary, the period of limitation shall not apply.

## MEMBER

(Cal) Gov't Code Sec. 20013 (new 20370) Member . .

"Member" means an employee who has qualified for membership in this system and on whose behalf an employer has become obligated to pay contributions.

## RES JUDICATA DOES NOT APPLY UNDER DECLARATORY RELIEF LAW

(Cal) Code of Civil Proc. Sec. 1062 **Cumulative remedy**

 The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts.

## RELIEF AVAILABLE ON MOTION FOR NEW TRIAL

(Cal) Code of Civil Proc. Sec. 657   **Relief available on motion for new trial, causes. . :**

4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

6. Insufficiency of evidence to justify the. . decision, or the decision is

7

against the law.

EXPLICIT "NORMAL CONTRIBUTIONS", BUT THE COURT SAID IT IS
NOT, AND WRONGLY USED AS BASIS FOR RES JUDICATA (Former ISSUE)

(Cal) Gov't Sec 20027 (new 20053) **Normal contributions**

(2nd Part) "Normal contributions" also include contributions required to be
paid by a member that are in fact paid on behalf of member by an employer
as defined in Sec. 20011 (new 20030) (In EXHIBITS 6, 17, 21, 29)

BEING CALLED A VEXATIOUS LITIGANT IS WRONG BECAUSE THE
ISSUES – ISSUE I, II, III, & IV IN THE COMPLAINT ARE NOT FRIVOLOUS,
AND ARE NEW AND NEVER DETERMINED BY ANY COURT, VIOLATING
VEXATIOUS LITIGANT LAW,

Cal Code of Civ. Proc. Sec. 391:

(b) "Vexatious litigant" means a person who does any of the following:

(2) After a litigation has been finally determined against the person,
repeatedly relitigates or attempts to relitigate, in propria persona, either (i)
the validity of the determination against the same defendant . . as to whom
the litigation was finally determined or (ii) the cause of action, claim,
controversy, or any of the issues of fact or law, determined or concluded by
the final determination against the same defendant ..

**L.R. 7-17 RESUBMISSION Of Motion Previously Acted Upon For Same Relief**

If any motion, application or petition has been made to any judge of this
Court and has been denied. . .any subsequent motion for the same relief .
.whether upon the same or any allegedly different state of facts, shall be
presented. . If presented to a different judge, it shall be the duty of the

*8*

moving party to file and serve a declaration setting forth the material facts and circumstances **as to each prior motion** . . claimed to warrant relief.(emphasis added.)

## DISQUALIFICATION OF JUSTICES, JUDGES, OR MAGISTRATE JUDGES

### Title 28 Sec. 455 **Disqualification of justices, judges, or magistrate judges**

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

## RISTRICTION OF PREJUDICIAL JUDGE TO TRY A CASE

Cal Code of Civ. Proc. Sec. 170.6 Prejudice against party , attorney or interest there of:

(a) (1) No judge, . . shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it shall be established as hereinafter provided that the judge. . is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding.

## DISMISSAL ORDERS NOT **"FILED"** ARE INEFFECTIVE AND INVALID

Code of Civil Proc. Sec. 581d

All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case.

## CALIFORNIA CONSTITUTION PROVIDES RESIDENT CAN SUE THE STATE, AND STATE AGENCIES, AND THEREFORE THERE IS NO IMMUNITY

9

Cal Constitution Article 3, Sec. 6:

(d) Personal Right of Action and Jurisdiction of Courts.

Any person who is a resident of or doing business in the State of California
shall have standing to sue the State of California to enforce this section,

FEDERAL RULE OF APPEAL PROC. SEC 60, GROUNDS FOR RELIEF

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING

(2) newly discovered evidence that, with reasonable diligence, could not
have been discovered in time to move for a new trial . .;

(4) the judgment is void;

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's
power to:   (3) set aside a judgment for fraud on the court.

Title 28 Sec 351 COMPLAINT AGAINST JUDGES

(a) FILING OF COMPLAINT BY ANY PERSON.—

Any person alleging that a judge has engaged in conduct prejudicial to the
effective and expeditious administration of the business of the courts,   . .,
may file with the clerk of the court of appeals for the circuit a written
complaint containing a brief statement of the facts constituting such conduct.

PLAINTIFF, PERMITTED TO CONDUCT HIS CASE PERSONALLY, IS
ACCORDED THE SAME RIGHT AS COUNSEL UNDER TITLE 28 SEC. 1654 ,
THEREFORE RESTRICTING PLAINTIFF TO FILE A COMPLAINT WITH
NEW ISSUES NEVER DETERMINED IS VIOLATION OF THE LAW IN SUCH
NUMEROUS NOTICES AND ORDERS BY CHIEF JUDGE COLLINS, IN
EXHIBITS 44, 48, 54, 66, 72, 75, 77, 90, 92, 94, 97, 100, 108, 110, 114, & 122.

Title 28 Sec. 1654: In all courts of the United States, the parties may plead
and conduct their own cases personally or by counsel as, by the rules of such

court, respectively, are permitted to manage and conduct causes therein.

## A JUDGE IS PROHIBITED TO DESIGNATE A MAGISTRATE JUDGE TO HEAR AND DETERMINE MOTIONS FOR RELIEF AND MOTIONS TO DISMISS UNDER TITLE 28 SEC. 636 (b)(1)(A):

A judge may designate a magistrate judge to hear and determine any pretrial matter , , except a motion for . . relief, for judgement on the pleadings, for. . judgment . .to dismiss. .

## A JUDGE HAS DUTY TO DECIDE

Cal Code of Civ. Proc. Sec. 170     decrees that "a judge has the duty to decide any proceeding in which he or she is not disqualified."

## CONCEALMENT, REMOVAL, MUTILATION GENERALLY UNDER 18 USC § 2071.

(a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

(b) Whoever, having the custody of any such record, proceeding,. , book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States.

11

CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 2 :

. 	A judge should respect and comply with the law . .


PROCEDURAL BACKGROUND

After a May 3, 1990 administrative hearing (EXHIBIT 7), an administrative law judge determined on Sept. 21, 1990, "the evidence failed to establish that respondent is eligible to redeposit his retirement contributions. .", from Feb. 25, 1998 (B115924) Cal Court of Appeals judgment, p.3 EXHIBIT 9.

1. **Feb. 14, 1991** case KC03981 EXHIBIT 1, Complaint for Breach of Contract and Fraud – to correct error or omission under (Cal) Gov't Code Sec. 20180. PERS request for judgment on the pleading was initially denied, then after request for reconsideration, was granted on Oct. 14,1992, EXHIBITS 2, 9.

2. Jan. 25, 1994 case B077855 EXHIBIT 2, Cal Court of Appeals AFFIRMED, because of untimely filing, but found, " Appellant makes a valid point in arguing that plaintiff's pleading. .as plaintiff states facts entitling him to some type of relief.

. 	3.  Apr. 12, 1994 case S038365   EXHIBIT 3, Cal Supreme Court, IN BANK Denied petition for review.

4.  Sept. 5, 1995 EXHIBIT 4, In letter, Dep. Gen. Counsel K. Gillan, wanted the case tried in court, to quote: p.2 "We cannot grant your request. . .We cannot change this position unless and until we are ordered to do so by a court. . I sincerely urge you to seek the counsel of an attorney. .

5  Apr. 18, 1996   EXHIBITS 5. In letter, Dep. Exec. Officer and Gen. Counsel Koppes, supported, Deputy Gen. Counsel Gillan, argued in determining membership that the employer's contributions are NOT "normal contributions".,p.1.

12

**Notice.** PERS's arguments were wrong, because the employer's contributions are explicit "normal contributions" as shown in the complaint.

6. **Jan. 10, 1997** case KC 0024567 EXHIBIT 6, Complaint for Declaratory Relief, whether the employer's contributions are "normal contributions" under statutes Gov't Code Sec. 20027 (new 20053) Normal contributions and Gov't Code Sec. 20750.1 ( new 20795) Miscellaneous members. . normal contributions.

7. Aug. 11, 1997 EXHIBIT 7, Superior Court ORDER, ". . this proceeding is barred by doctrine of res judicata. . ", p.2.

8. Sept. 19, 1997 EXHIBIT 8, p.2 Superior Court Order , "Employer's contributions to the system are not 'normal contributions' as defined in Gov't Code Sec. 20053 and 20011 ." (See Table of authorities, for 2nd part) which is wrong. Employer's contributions are explicit "normal contributions", which is the title. Later Court Orders wrongly used the above wrong decision as basis of res judicata.

**Notice.** During the hearing on Aug. 22,1997, I read the statute on whether the employer's contributions are normal contributions, then I asked the Hon. Judge McVittie whether the employers' contributions are normal contributions. He said NO, so I said, Your Honor, but that is not consistent with the law. Then he said, I know, but I have to give a decision I feel comfortable with. Then he said, you know how to appeal.

9. Feb. 25, 1998 case B115924 EXHIBIT 9, Cal Court of Appeals Affirmed.

10. May 13, 1998 case S069199 EXHIBIT 10. Cal Supreme Court Denied petition for review.

11. May 1998 case 98-5585 EXHIBIT 11, U.S. Supreme Court, filed was

13

petition for writ of certiorari, later Denied the petition and then Denied petition for rehearing, 142 L.Ed 2d 210.

12.   Mar. 12, 1999 EXHIBIT 12, In his letter , Sen. Staff Counsel Plasencia argued wrongly interpreting statute Gov't Code Sec. 21259, ". . after you received a refund. . . you were no longer a 'member' of CalPERS." But PERS was wrong because the law (Cal) Gov't Code Sec. 21203(new 21259) is mandatory. After I was 50 years old and qualified to retire, ". . after a member has qualified as to age and service . . .nothing shall deprive him or her of right to retirement allowance.. ." And I am still a PERS member because the employer's contributions to the retirement fund on my behalf have remained in deposit with PERS.

13.   **Apr. 30, 1999** case KC030508 EXHIBIT 13. Complaint on Intentional Tort on violation of Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement. p.1.

14.   July 12, 1999 case KC030508 EXHIBIT 14. Superior Court ORDER . Dismissed, ". .complaint is barred by doctrine of res judicata. . .".   Also on July 12,1999. Prefiling Order.

15. **Sept. 17, 1999** case 99-09457 EXHIBIT 15, Petition For Leave Of Presiding Judge Of Court Where Any Litigation Against Defendant PERS Is Proposed To Be Filed For Call For Determination Of Identical Question Of Law, Which The Superior Court Refused To Interpret Because Of Its Claim That The Action Is Barred By Doctrine Of Res Judicata And The Superior Court Dismissed The Action, on issue: whether PERS's alternative offer for the withdrawal of the accumulated member contributions to deprive plaintiff of retirement allowance a violation of statute Cal Gov't Code Sec. 21203 (new 21259)   Nonforfeiture after qualification for retirement.

14

16.   Dec. 8, 1999 case 99-09457 EXHIBIT 16. District Court Order dismissed action for lack of subject matter jurisdiction under 11th Amendment. .in absence of consent of suit, without prejudice. p.5.

17.   **Oct. 27, 2003.** CV03-07673 EXHIBIT 17, Complaint for Declaratory Relief Under Amendment Fourteen Of Constitution On Cal Retirement Laws PERS Wrongly Interpreted, And Cal Courts Wrongly Interpreted Or Refused To Interpret By Reason Of Res Judicata, on 3 issues: whether PERS's alternative offer for the withdrawal of the accumulated member contributions to deprive plaintiff of lifetime retirement allowance a violation of statute Cal Gov't Code Sec.21203 (new 21259) Nonforfeiture after qualification for retirement, and whether the employer's contributions are "normal contributions" under statutes Cal Gov't Code Sec. 20027 (new 20053) Normal contributions, and Gov't Code Sec. 20750.1 (new 20795) Miscellaneous members. .normal contribution.

18.   Feb. 25, 2004 case CV03-07673 EXHIBIT 18. 1ST Plaintiff's Request for Entry of Default.

19.   May 6, 2004 EXHIBIT 19.   2nd Plaintiff's Request for Entry of Default.

20-   Jun. 25, 2004. EXHIBIT 20. District Court Order Dismissed complaint without prejudice, because "Plaintiff failed to file an application for entry of default".

**Notice.** This order was very wrong, because there were two prior   applications for entry of default on Feb. 25,2004 and May 6,2004 EXHIBITS 18 & 19..

21.   **July 30, 2004.** Case 04-06315 EXHIBIT 21. Complaint For Declaratory Relief Under Amendment Fourteen Of Constitution On Cal Retirement Laws PERS Wrongly Interpreted, And The Cal Courts Wrongly Interpreted Or Refused To

Interpret By Reason Of Res Judicata, on 3 issues: whether the alternative offer of PERS for the withdrawal of the accumulated member contributions to deprive me of lifetime retirement allowance a violation of statute (Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement, and whether the employer's contributions are "normal contributions" under statutes (Cal) Gov't Code Sec. 20027 (new 20053) Normal contributions and (Cal) Gov't Code Sec. 20750.1 (new 20795) Miscellaneous members. .normal contributions.

21A   Aug. 12, 2004 EXHIBIT 21A. U.S. Dist. Judge Flor.- Marie Cooper recused.

22.   Oct. 18, 2004 CV04-06315 EXHIBIT 22. DEFAULT BY CLERK.

23,   Nov. 9, 2004 EXHIBIT 23, Application for Default Judgment.

24   Dec. 8, 2004 EXHIBIT 24. Minute Order Denying application for default judgment, for lack of acknowledgment of receipt required by FRCP for mailing services of summons and complaint.. Note: Minute Order not signed by Judge violates Cal Code of Civ. Proc. Sec. 581(d) and is invalid.

**Notice**: This order was wrong, because there was DEFAULT already,

25. Feb. 22, 2006 case 05-55232 EXHIBIT 25. U.S. Court of Appeals judgment: lack of jurisdiction, because "district court's Order did not end proceeding".

26.   Apr. 13, 2006 CV04-06315 EXHIBIT 26. District Court's Motion To Relieve Defendant From Default.

27.   May 11, 2006 EXHIBIT 27. MINUTE ORDER RELIEVING DEFENDANT FROM DEFAULT,   Note: This Minute ORDER not signed by a judge violates Cal Code of Civ. Proc. Sec. 581(d)

16

28.   June 2, 2006 CV04-06315 EXHIBIT 28 Order Dismissing action for failure to properly serve defendant without prejudice.

29. **June 14, 2006.** case CV 06-3696 EXHIBIT 29. Complaint for Declaratory Relief Under Amendment 14 Of Constitution On Cal Retirement Laws PERS Wrongly Interpreted, And The Cal Courts Wrongly Interpreted Or Refused To Interpret By Reason Of Res Judicata, on 3 issues, whether the alternative offer of PERS for the withdrawal of the accumulated member contributions to deprive me of lifetime retirement allowance a violation of Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement, and whether the employer's contributions to the retirement fund are "normal contributions" under Gov't Code Sec. 20027 (new 20053) Normal contributions and Gov't Code Sec. 20750.1 (new 20795) Miscellaneous members. .normal contributions.

30.   Sept. 25, 2006. Case CV06-3696 EXHIBIT 30. ORDER OF DISMISSAL, is quoted:

> A) p.6 1) Court lacks subject matter jurisdiction because CalPERS is a state agency entitled to immunity under Eleventh Amendment. .in absence of consent of suit, and p.7, 2) Plaintiff's claims are barred under doctrine of res judicata by plaintiff's prior lawsuits seeking pension benefits.

> B)  .. If plaintiff wishes to file a complaint against CalPERS with this Court, he must first file a motion for leave to file a complaint.

Nov.14, 2006. CA Case 06-56415 Appellant's Brief and Appellant's Excerpts of Record filed.

31.   May 23, 2007 case 06-56415 EXHIBIT 31. U.S. Court of Appeals AFFIRMED.

17

32.   Jun 4, 2007 case 06-56415 EXHIBIT 32. Appellant's Petition for Rehearing is quoted:

> Res Judicata does not apply, because the law on declaratory relief is a cumulative remedy based upon the same facts in the same or new action in Cal Code of Civil Procedure Sec. 1062. **Cumulative remedy**   (Please, see provision on Table of Authorities.)

33.   July 5, 2007. EXHIBIT 33. U.S. Court of Appeals ORDER is quoted:

> The petition for panel rehearing is denied. No further filings will be accepted in this closed appeal.

**Notice.**   Circuit R 28-1(b) Prior appeals should not be referred to.

**Notice.** This order was wrong, because it denied rehearing and did not respond to the issue of res judicata in my APPELLANT'S PETITION FOR REHEARING , even if the panel decision conflicts with statute Cal Code of Civil Procedure Sec. 1062, thus violating RULES on rehearing, FRAP 35.

34.   EXHIBIT 34. DETERMINING PENSION BENEFITS AND REDEPOSITING WITHDRAWALS.
Cal Gov't Code Sec. 21354.3 defines an applicable method of calculating pensions for local miscellaneous members. After payment of the withdrawal, the Accumulated Pension from May 1982 to December 2016 is $2,831,975.84 , and the monthly pension starting in January 2017 is $5,308.97 accruing and accumulating.

35.   Sept. 14, 07 EXHIBIT 35 Typical letters to 44 judges of Court of Appeals regarding violation of FRAP 35(b) (A) for not responding to issue of res judicata in Appellant 's Petition for Rehearing.

18

36.   July 14, 08 Case no. 06-3696 EXHIBIT 36. Motion For Leave To File A Complaint For Declaratory Relief

36A. July 15, 08 EXHIBIT 36A. NOTICE OF DOCUMENT DISCREPANCIES

Judge Collins Ordered document to be filed, signed; then changed her mind, and Ordered document Not to be filed, unsigned, because of no proof of service. Note: Motion For Leave to File A Complaint was for the Judge's judgment only needing no proof of service. Anyway, a Motion was served with proof of service.

39A.   Sep 4, 08 EXHIBIT 39A. EX PARTE APPLICATION

39.   Sep 4, 08   EXHIBIT 39 EXPARTE ORDER DENIED Application

40.   Jan 6, 09 Case no. CV09-056 EXHIBIT 40 COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT 14 OF CONSTITUTION WITH CAL CODE OF CIVIL PROC.SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA with 3 issues: whether employer's contributions are "normal contributions under Gov't Code Sec. 20691 Payment of member Normal contributions. .; violation of Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement; and violation of lending laws Gov't Code Sec 20654 (new 20750) Redeposit of withdrawals and other lending laws.

43. Jan 28, 09 EXHBIT 43 MOTION UNDER L.R. 7-17 RESUBMISSION FOR LEAVE TO FILE A COMPLAINT FOR DECLARATORY RELIEF . . WITH CAL CODE OF CIV. PROC. SEC. 1062 CUMULATIVE REMEDY BASED ON THE SAME FACTS WHICH OVEFRCOME RES JUDICATA citing: (Cal) Code of Civil Proc. Sec 657 **Relief available on motion for new trial**

)9

44.  Feb 2, 09 EXHIBIT 44 NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT, to quote:

>   Motion for leave to file a complaint for declaratory relief.
>   Disqualification of justices, judges, or mag judges.
>   Court order is needed to file a complaint.
>   Written authorization from Chief Judge is required before filing of any document.
>
>   IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above reference matter.  (Signed   Judge A.B. Collins) Jan. 29, 2009"

**NOTICE**: Plaintiff is not a vexatious litigant, because the issues in the complaint are new and never determined by any court..   See TABLE OF AUTHORITIES.

45.  Feb 23, 09 Case no CV09-056 EXHIBIT 45 Request For Authorization To File A Motion For Leave To File A Complaint , or To File A. Complaint.

46.  Mar 3, 09 EXHIBIT 46. Minute Order DENIED Plaintiff's Request For Authorization To File A Complaint with court entry of judgment Mar.5,09.

47.  Mar 12, 09 EXHIBIT 47 Request for Reconsideration for authorization to file a complaint, citing violation of Amendment 13, prohibition of slavery, an new issue.

48.  Mar 16, 09 EXHIBIT 48 Minute Order Denying reconsideration

49A.  Apr 9, 09 EXHIBIT 49A Letter to all judges of Court of Appeals for request for exercise of its supervisory power over district court judge whose judgment is against the law for not disqualifying herself under Title 28 Sec 455..

20

49. Apr 23, 09 EXHIBIT 49  From Court of Appeals, Complaint of judicial misconduct Docket No. 09-90071 against Chief District Judge Collins

50. May 11, 09 EXHIBIT 50 APPELLANT'S INFORMAL BRIEF.

53. Sep 24, 09 EXHIBIT 53 REQUEST FOR COURT TO STATE IF CITED LAW TITLE 28 SEC. 455 DISAQUALIFICATION OF JUSTICES, JUDGES OR MAG JUDGES APPLIES, citing Chief Justice John Roberts and Justice Sotomayor.
.   54. Sep 24. 09 EXHIBIT 54 Notice and Order Re Filing by Vexatious Litigant, by Chief Judge Collins, to quote: "No filings are to be accepted in this case by plaintiff or anyone. ." an abuse of discretion showing prejudice..

55. Nov 10, 09 EXHIBIT 55 Judicial Misconduct Order : DISMISSED

59. Jan 11, 10 EXHIBIT 59 Judicial Council Order, AFFIRMED (by 10 judges)

60. Jan 19, 10 EXHIBIT 60 09-55595 Court of Appeals Order, " . .questions raised. . insubstantial"    "All pending requests are denied as moot."    Affirmed.
.  65.  Mar 22, 10 EXHIBIT 65 **Returned** COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT 14. . WITH CAL CODE OF CIV. PROC.1062

66.  Mar 22, 10 EXHIBIT 66, NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Chief Judge Collins, to quote: " Complaint. Court order is needed to file a new action."

71. Apr 21, 10 EXHIBIT 71 **Returned** Complaint For Declaratory Relief with Cal Code of Civ. 1062, overcoming res judicata.

**72.** Apr 22. 10 EXHIBIT 72 NOTICE AND ORDER RE FILING BY. ."Motion for Leave to File a New Complaint" "Court order is needed to file a new action."

21

73. Apr 28, 10 EXHIBIT 73 Motion for Leave to File a New Complaint

74. Apr 28, May 4, 10 EXHIBIT 74 **Returned** Complaint for Declaratory Relief with Cal Code of Civ. Proc. Sec 1062   overcoming res judicata

75. Apr 28, 10 EXHIBIT 75 NOTICE AND ORDER, identical as EXHIBIT 72.

76. May 10, 10 EXHIBIT 76 Motion for Reconsideration For Leave to File a New Complaint. Pres, Obama is quoted: **Rule of Law.**

**77.** May 10, 10 EXHIBIT 77 NOTICE AND ORDER RE FILING BY **VEXATIOUS LITIGANT** by Chief Judge A. Collins to quote: "Written authorization from chief judge is required before filing of any document" Note: This unusual restrictive requirement is proof of prejudice.

**79.**   Jun 24, 10 EXHIBIT 79 PETITION (TO JUDICIAL CONFERENCE OF US) UNDER 28 U.S.C. SEC. 357 & 358 TO REVERSE OR OVERTURN THE JUDICIAL COUNCIL ( OF 10 JUDGES) ORDER OF JAN. 11, 2010 REGARDING JUDICIAL MISCONDUCT AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B. COLLINS FOR NOT DISQUALYING HERSELF UNDER 28 U.S.C. SEC. 455 FOR PLAINTIFF TO FILE A COMPLAINT

81. May 6, 11 EXHIBIT 81 REQUEST FOR AUTHORIZATION FOR LEAVE TO FILE A NEW COMPLAINT

82 May 12, 11 EXHIBIT 82 NOTICE AND ORDER. .by Judge   Otero (unsigned)

87. Jun 28, 11 EXHIBIT 87 REQUEST FOR COURT ORDER FOR LEAVE TO FILE A NEW COMPLAINT

22

88. Jun 30, 11 EXHIBIT 88 NOTICE AND ORDER by Judge King: "No showing made that new proposed action is different from prior action".

89. Jul 12, 11 EXHIBIT 89 MOTION FOR RECONSIDERATION FOR COURT ORDER FOR LEAVE TO FILE A NEW COMPLAINT showing in detail issues in proposed complaint are new and different from prior actions.

90.  July 14. 11 EXHIBIT 90 ORDER STRIKING FILED DOCUMENTS FROM THE RECORD by Chief Judge Collins

91.  July 21, 11 EXHIBIT 91 MOTION FOR LEAVE TO FILE A NEW COMPLAINT; THE ORDER OF JUDGE KING SHOULD BE RESPECTED, ". .QUESTION: **ARE THE ISSUES – ISSUE I, ISSUE II, ISSUE III AND ISSUE IV IN THE COMPLAINT, OR CAUSES OF ACTION FRIVOLOUS? . .**Your Honor Judge . .Collins, because your order declared me a vexatious litigant, the above question requires your answer, please? A direct question, but not answered.

92. Jul 25, 11 EXHIBIT 92 NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT, "Complaint/Petition . may not file the document . ." by Chief Judge Audrey Collins

93. Aug 3, 11 EXHIBIT 93 REQUEST FOR RECONSIDERATION OF MOTION FOR LEAVE TO FILE A NEW COMPLAINT: THE ORDER OF JUDGE KING SHOULD BE RESPECTED

94.  Aug 3, 11 EXHIBIT 94 NOTICE AND ORDER RE FILING by Chief Judge A. Collins, .".Court order is needed to file a new action. Court order is needed . in subsequent pleadings"

23

95.   Aug 11, 11 EXHIBIT 95 Letter to Judicial Conference of US reporting of Order Striking of Filed Document from Record

96A.   Aug 23, 11 EXHIBIT 96A **Returned** Complaint for Declaratory Relief

98A. Sept. 2, 11 EXHIBIT 98A Motion: Stop Using Vexatious Litigant Form. Request for Leave to File a Complaint. Title 28 USC 351(c) Chief judge whose conduct is complained of is disqualified for transmittal of complaint.

98B.   Sep 2, 11 EXHIBIT 98B **Returned** Complaint, same as EXHIBIT 96A.

100. Sep 6, 11 EXHIBIT 100 Notice and Order, by Chief Judge Collins. ." plaintiff may not file documents presented.."

101,   Sep 16, 11 EXHIBIT 101 Letter to Judicial Conference for violation of Title 28 Sec 351(c) Transmittal of complaint to a different judge

104.   Oct 11, 11 EXHIBIT 104 Letter to Clerk Terry Nafisi. . . has responsibility to enforce . .Title 28 Sec. 351 (c) Transmittal of complaint must go to a different judge,.

107. Oct. 24, 11. EXHIBIT 107 Motion For Leave To File A Complaint

107A.   Oct. 24, 11 EXHIBIT 107A **Returned** Complaint For Declaratory Relief Under Cal Code of Civ. Proc. 1062.

108.   Oct. 26, 11 EXHIBIT 108 Notice And Order..". .plaintiff may not file documents"

109.   Nov. 3. 11 EXHIBIT 109 Motion For Reconsideration. .citing Title 28 Sec. 354 (b)(2)(B). .misconduct not amenable to resolution, 28 USC Sec 355 impeachment. ., and 28 USC Sec. 352(2) . .appropriate corrective action. .

24

110. Nov. 3, 11 EXHIBIT 110 Notice And Order by Chief Judge Collins, ". .Court order is needed to file new action" ."Plaintiff may not file document presented."

113. Dec. 5, 11 EXHIBIT 113 Motion. .To File A Complaint With Title 28 Sec. 359. Restriction of Judge Collins whose conduct is the subject of investigation.

114. Dec, 5, 11 EXHIBIT 114 Notice And Order.by Chief Judge Collins, " ,.plaintiff may not file the documents presented. "
Notice: Judge Collins did not disqualify herself.

116. Dec. 19, 11 EXHIBIT 116 Letter to Judicial Conference of U.S. on judicial misconduct , violations of Title 28 Sec 351(c) Transmittal to a different judge, ; Title 28 Sec. 359 Restriction of judge whose conduct is the subject of investigation.

120. Feb. 23, 12 EXHIBIT 120 Motion To File A Complaint Under Title 28 Sec.1654 . . .With Same Right As Counsel, therefore, court orders that required, "Court order is required to file new action", and ". .plaintiff may not file document presented", restricting plaintiff's rights, violate the law.

122. Feb. 27, 12 EXHIBIT 122 NOTICE AND ORDER by Chief Judge Collins, " ..plaintiff may not file the documents presented. ."

129. **May 2, 12** 12CV1179 EXHIBIT 129 Complaint for Declaratory Relief Under Cal Code of Civ. Proc. Sec. 1062 In New Or Same Action Based On The Same Facts Which Overcomes Rea Judicata with no prior judgments on new issues p.3-5: ISSUE I, ISSUE III, and ISSUE IV, and, with prior wrong judgment on ISSUE II.

145 Sept 11, 12 Defendant's Motion to Dismiss

25

151   Sept 25, 12 EXHIBIT 151 Plaintiff's Objection to Dismiss

152.   Sep 27, 12 EXHIBIT 152 Defendant's PERS Status Report p.3, "CalPERS prefers to have settlement conference conducted by . . others than the judge . .assigned. ."

153.   Sept. 29. 12 EHIBIT 153 Plaintiff's Status Report

162.   Oct 25, 12 EXHIBIT 162 Magistrate Judge FINDING AND RECOMMENDATION , Notice: NOT FILED, INVALID under p.9 Cal. Code of Civ. Proc. Sec. 581d.

165. Nov. 9, 12 EMAIL from Dep. Atty. Brenda Ray, " Because of . . recommendation to dismiss, client will not entertain settlement at this juncture."

176.   Dec 19, 12 EXHIBIT 176 Dismissal ORDER by Chief Judge C. Morrison England Jr. was NOT "FILED", INVALID under p.9 Cal Code of Civil Proc. Sec. 581d.

186   Feb 11. 2013 EXHIBIT 186 No. 13-15084 Appellant's Brief to US Court of Appeals

187   May 10, 2013 EXHIBIT 187 Appellee's Answering Brief

188   May 21, 2013 EXHIBIT 188 Appellant's Reply Brief

195.   Jun 19, 2013 EXHIBIT 195 Court of Appeals Memorandum, AFFIRMED

196.   Jun 25, 2013 EXHIBIT 196 Petition for Panel Rehearing

201.   Nov. , 2013 EXHIBIT 201 ORDER denied Panel Rehearing.

291.   July 17. 2017 EXHIBIT 291 Motion For New Judgement Because Prior Dismissal Order Not Filed Is Invalid, Per Cal Code of Civ. Proc. Sec. 581(d)

26

305.   Sept. 26, 2017 EXHIBIT 305 ORDER denying motion, by Magistrate Judge Nueman without authority

313   Jan 29, 2018 EXHIBIT 313 Letter to Atty. General Becerra requesting settlement

320   Mar 21, 2018 EXHIBIT 320 US Court of Appeals for Federal Circuit/ Petition For Motion For Relief

321   Mar 26, 2018 EXHIBIT 321 Letter from Federal Circuit transferring Petition to US District15084."   Regarding   ". . . post-judgment order entered on Sept. 27. 2017, the appeal is dismissed because the magistrate judge's September 27, 2017 order denying appellant's motion to enter a new judgment was not a final appealable order with dispositive effect. .".

329   Apr 25. 2018 EXHIBIT 320 Court of Appeals ORDER , dismissed

330   May 9, 2018 EXHIBIT 330 PETITION   FOR PANAL REHEARING, to quote:

"NOTICE:   The dismissal order of December 19, 2012 was not FILED and therefore void or invalid per Cal Code of Civ. Proc. 581 (d) and the appeal No. 13-15084 that is based on the void ORDER of December 19, 2012 is therefore void.".

"NOTICE: Relief is available when final judgment is void and no time limitation is required to file relief under FRAP (60) and therefore appeal is timely, To quote:.

GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER OF PROCEEDNG

(4) the judgment is void. "

27

"NOTICE:  Magistrate Judge Newman, without authority and in violation of law 28 USC 636 (A)(B), rendered judgment ORDER on the motion for new judgment denying motion, which ORDER is fraud."

"NOTICE: . . Federal Rule of Civ. Proc. Sec. 60. OTHER POWER TO GRANT RELIEF      3) set aside a judgment for fraud in the court. "

332   May 17, 2018 EXHIBIT 332 MANDATE

"The judgment of this court, entered April 25, 2018, takes effect this date."

333   May 21, 2018 EXHIBIT 333 Re-MANDATE objection to MANDATE

"Federal Rule of Appeal Procedure.41(b) is the right procedure, to quote:

**When Issued.** The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition".

336 May 31. 2018 Order showing misplaced Petition for panel rehearing

346   Oct 2, 2019 EXHIBIT 346 Appeal ORDER closed case, giving its reasons, to quote:

"The court's April 25, 2018 order dismissed this appeal for lack of jurisdiction and the mandate issued May 17, 2018.  . . .The motion to recall the mandate is denied because there are no 'extraordinary circumstances' to support such relief." Notice: The court failed to consider the mandate law in the PETITION FOR PANEL REHEARING and the Re-MANDATE and that is fraud in the court (FRAP 60) and that is violation of the Code of Conduct for U.S Judges, Canon 2, A Judge Should Avoid Impropriety . , ,A judge should respect and comply with the law. .

28

## CONCLUSION

On p.4- 6 in this Complaint, ISSUE I regarding Cal Gov't Code Sec. 20691, employer's contributions are normal contribution; ISSUE II Cal Gov"t Code Sec. 21203 (new 21259)  Non forfeiture after qualification; ISSUE III on loan laws, Cal  Gov't Code Sec. 21203 (new20654) which allows withdrawals as loans, and ISSUE IV, Amendment 13, prohibition of slavery, are new and have no prior judgments that determined from any court, so res judicata does not apply to these issues in declaratory relief action in new or same action based on the same facts, Code of Civ. Proc. Sec. 1062, see p,7.

STATUTE OF LIMITATION DOES NOT APPLY under Cal Gov't Code Sec. 20181(new 20164) , see p.6.

On Sept. 27, 2012 EXHIBIT 152 on Defendant's  p.3 STATUS REPORT, PERS wanted settlement,   Plaintiff appreciates it very much if Honorable Judge will encourage settlement which Defendant PERS wanted. Defendant PERS just pays me the values asked for in the complaint and that settles everything.

(Cal) Code of Civil Proc. Sec. 657  **Relief available on motion for new trial with material causes for** newly discovered evidence: the Cal Constitution Article 3, Sec. 6 (d), see p.10, provides any resident can sue state and therefore state agencies, so there is no immunity under 11 Amendment that is the ground for dismissal of the judgment of Dec. 19, 2012..

FEDERAL RULE OF APPEAL PROC. SEC 60, GROUNDS FOR RELIEF

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . .;

29

(4) the judgment is void;

The new discovered evidence,   California Constitution Article 3 voided the judgment of 11th Amendment immunity of .December 19, 2012 with no tme limitation to file relief.

From the foregoing, res judicata does not apply in declaratory relief action, this Court has jurisdiction, see on p. 1-3. for the many above reasons cited. CalPERS is in violations of the California public employees' retirement laws, the equal protection clause of Amendment Fourteen and Amendment 13, on p.6 prohibition of slavery. Therefore, Defendant Board of Administration, PERS shall pay Plaintiff Barroga the accumulated pensions, see EXHIBIT 34, in the amount of $3,565,573.45 up to December 2018 and a monthly pension of $6,192.39 starting from January 2019, accruing and accumulating.

The Complaint for declaratory relief is entitled precedence because Defendant PERS is a state agency, under Cal Code of Civ. Proc. Sec. 1062.5(2), to quote:

The action shall be set for trial at the earliest possible date and shall take precedence over all cases other than those in which the state is a party.

Date: May 22,2019                          Respectfully submitted,

                                           Lucio A. Barroga
                                           Lucio A. Barroga

ATTACHED ARE THE CITED EXHIBITS , Vol. I, & Vol. II. The first page bottom   of documents has its date.

30

# UNITED STATES DISTRICT COURT
## EASTERN  DISTRICT OF CALIFORNIA

## CASE  NO.

### LUCIO A. BARROGA

### V.

## BOARD OF ADMINISTRATION
## CAL PUBLIC EMPLOYEES' RETIREMENT SYSTEM (PERS)

LUCIO A. BARROGA, PRO SE
. P.O.BOX  2516
LONG BEACH, CA 90801
TEL  562-243-1024

EXHIBIT YOL J

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELE. ( ) | FOR COURT USE ONLY |
|---|---|---|
| RICHARD H. KOPPES, Chief Counsel<br>F. JAVIER PLASENCIA, Staff Counsel<br>PUBLIC EMPLOYEES' RETIREMENT SYSTEM<br>Lincoln Plaza, 400 "P" St.<br>Sacramento, CA 94229-2707 | 916-326-3666 | ORIGINAL FILED<br>FEB 14 1991<br>EAST |

ATTORNEY FOR (NAME): Public Employees' Retirement System

Insert name of court, judicial district or branch court, if any, and post office and street address:

SUPERIOR COURT
400 Civic Center Plaza , Pomona, CA 91766

PLAINTIFF:
LUCIO A. BARROGA
363 N. Calera Ave., Apt. 80
Azusa, CA 91702

DEFENDANT:
BOARD OF ADMINISTRATION
PUBLIC EMPLOYEES' RETIREMENT SYSTEM
Lincoln Plaza, 400 "P" St., Sacramento, CA 94229-2707

☐ DOES 1 TO ___

| CONTRACT<br>☒ COMPLAINT   ☐ CROSS-COMPLAINT | CASE NUMBER<br>KC003981 |
|---|---|

1. This pleading, including attachments and exhibits, consists of the following number of pages: __15__

2. a. Each plaintiff named above is a competent adult • Yes
   ☐ Except plaintiff (name):

   ☐ a corporation qualified to do business in California
   ☐ an unincorporated entity (describe):
   ☐ other (specify):

   b. ☐ Plaintiff (name):
   ☐ has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):
   ☐ has complied with all licensing requirements as a licensed (specify): _____

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 2c.

3. a. Each defendant named above is a natural person
   ☒ Except defendant (name):                    ☐ Except defendant (name):

   ☐ a business organization, form unknown        ☐ a business organization, form-unknown
   ☐ a corporation                                ☐ a corporation
   ☐ an unincorporated entity (describe):         ☐ an unincorporated entity (describe):

   ☒ a public entity (describe):                  ☐ a public entity (describe):
       PUBLIC EMPLOYEES' RETIREMENT SYSTEM
   ☐ other (specify):                             ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.

   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 3c.
   ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If used as a cross-complaint, plaintiff means cross-complainant and defendant means

FEB 14, 1989
91

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| COMPLAINT ON DENIAL OF RETIREMENT BENEFITS FROM PERS | |

**COMPLAINT—Contract**

Page tw

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because (specify):

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☐ judicial district because
    a. ☐ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☐ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other (specify): Plaintiff lives here.

7. ☐ The following paragraphs of this pleading are alleged on information and belief (specify paragraph numbers):
COMPLAINTS:

8. ☒ Other: 1.) PERS deprives me of retirement benefits derived from employer's contributions remaining in deposit with PERS in my behalf.
2.) PERS terminated my membership, even if the employer's contributions still remains with PERS.
3.) PERS deprives me of lifetime pension derived from personal contributions, withdrawn when PERS omitted to offer other available alternatives in which withdrawal could be had and reesposited with pension benefits, and military payments it is still the pension for life.

9. The following causes of action are attached and the statements above apply to each: (Each complaint must have one or more causes of action attached.)
    ☒ Breach of Contract
    ☒ Other (specify): Fraud.
         ☐ Common Counts

10. PLAINTIFF PRAYS
For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☐ damages of $_____
    ☒ interest on the damages ☐ according to proof ☐ at the rate of _____ percent per year from (date):
    ☒ attorney fees ☐ of $_____ ☐ according to proof.
    ☒ other (specify): 1.) Pension derived from employer's contributions.

2.) Reesposit of withdrawn contributions by deducting from pension benefits applied retroactively until there is full payment , then pension will start to me. - to correct errors and omission under Govr. Code Sec. 20180.

3.) Court cost and any. required by court.

Lucio A. Barrogan
    (Type or print name)

_____
(Signature of plaintiff or attorney)

Date: February 14 ,1991

(If you wish to verify this pleading, affix a verification.)

Ex 2  1/25/94
Appeal Judgment

NOT TO BE PUBLISHED

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| LUCIO A. BARROGA, | B077855 |
| Plaintiff and Appellant, | (Super. Ct. No. KC003981) |
| v. | |
| BOARD OF ADMINISTRATION, PUBLIC EMPLOYEES' RETIREMENT SYSTEM, | **COURT OF APPEAL - SECOND Dist.** **F I L E D** **JAN 25 1994** JOSEPH A. LANE        Clerk |
| Defendant and Respondent. | Deputy Clerk |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Gregory C. O'Brien and Theodore D. Piatt, Judges.  Affirmed.

Lucio A. Barroga, in pro. per., for Plaintiff and Appellant.

Richard H. Koppes, General Counsel, and F. Javier Plasencia, Senior Staff Counsel, for Defendant and Respondent.

Jan 25, 1994

EXH 2.
P.1,2, 5,6,7

2.

The trial court gave judgment on the pleadings to respondent Board of Administration, California Public Employees' Retirement System (PERS) on the grounds that appellant Lucio Barroga had failed to follow the proper procedure for obtaining review of respondent's decision to deny appellant monthly pension benefits.  Barroga had filed a suit for damages against PERS instead of filing a petition for a writ of mandate.  Barroga --who is acting in propria persona-- later sought to litigate the substantive issues raised in his complaint by way of a post-judgment motion for reconsideration, without success.

We affirm.

## FACTS

Appellant was an employee of the City of El Segundo from 1969 until 1977.  In 1979, appellant asked respondent for a refund of his retirement monies.  Respondent remitted appellant's contributions of nearly $10,000 to him, and terminated his membership in PERS.  In 1988, appellant wrote to respondent and stated that he withdrew his contributions by mistake, that he wanted respondent to treat its refund of his monies as a loan.  He also applied for retirement benefits.  Respondent informed appellant that the refund could not be treated as a loan, and that appellant was not

5.

before the matter is submitted for decision.  (Code Civ.
Proc., § 632.)

Here, the matter heard by the court on March 29,
1993, lasted less than one day and was immediately ruled
upon.  Appellant failed to make a request for a statement of
decision until April 2, 1993.  Accordingly, his request was
untimely as a matter of law, and was properly denied.

## 3.  Motion for Reconsideration

The motion appellant sought to have reconsidered was
essentially an effort by appellant to have the trial court
reach the substantive issues raised by his case.  Appellant's
motion was akin to a trial brief.  However, by the time the
trial court heard appellant's motion, and his later motion
for reconsideration, it had already determined that
appellant's case had to be dismissed on procedural grounds
because appellant's only remedy was a petition for a writ of
mandamus, rather than a complaint for breach of contract and
fraud.

Appellant makes a valid point in arguing that a
plaintiff's pleading need not be in the form of a petition
for mandamus or certiorari to defeat a general demurrer, so
long as the plaintiff states facts entitling him to some type
of relief.  (Boren v. State Personnel Board (1951) 37 Cal.2d

6.

634, 637-638; Scott v. City of Indian Wells (1972) 6 Cal.3d
541, 546.)  A motion for judgment on the pleadings is like a
demurrer.   (People v. $20,000 U.S. Currency (1991) 235
Cal.App.3d 682, 689.)

         Unfortunately for appellant, he failed to take a
timely appeal from the judgment against him.  Judgment in
favor of respondent was rendered on December 23, 1992, and
notice of entry of judgment pursuant to Code of Civil
Procedure section 664.5 was served on appellant on January 6,
1993.  Appellant had 60 days after the date of service of the
notice of entry of judgment in which to appeal the judgment
against him.  (Cal. Rules of Court, rule 2(a).)  He did not
do so.  Instead, he made several ineffectual post-judgment
motions attempting to litigate the merits of his claims even
after the trial court rejected his case on procedural grounds.

         We have no jurisdiction to review the trial court's
ruling rejecting appellant's case on procedural grounds.
Appellant's failure timely to appeal the judgment deprives us
of that power.  Appellant's post-judgment attempts to
litigate the substantive issues posed by his case are
unavailing.

7.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

BOREN, P.J.

We concur:

FUKUTO, J.

NOTT, J.

Ex 4   4/12/94
Supreme Ct. IN BANK

Second Appellate District, Division Two, No. BO77855
S038365

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

# IN BANK

LUCIO A. BARROGA, Appellant

v.

BOARD OF ADMINISTRATION PERS, Respondent

**SUPREME COURT**
**FILED**

APR 1 2 1994

Robert Wandruff Clerk

DEPUTY

Appellant's petition for review DENIED.

**LUCAS**

Chief Justice

EXH 3

APR. 12, 1994

*Ex 41  9/5/95*
*PERS Gillan*

**≡PERS**

**Legal Office**
P.O. Box 942707
Sacramento, CA 94229-2707
Telecommunications Device for the Deaf - (916) 326-3240
(916) 326-3673
Telecopier: (916) 326-3659

September 5, 1995

Lucio A. Barroga
P.O. Box 662006
Mar Vista, CA 90066

Re:   Appeal of Lucio A. Barroga Regarding Cancellation of Refund and
      Request to Redeposit for a Retirement Allowance

Dear Mr. Barroga:

This is a follow-up to our meeting of August 21, 1995, and your letter of August 22,
1995. As we discussed when we met, PERS is applying the Public Employees'
Retirement Law in making its decision regarding your request. Among those
decisions, supported by law, are decisions of who qualifies to be a "member" of PERS
and what happens to that person when he or she withdraws their member
contributions. PERS is applying these laws the same way to you as it has to all other
people, like you, who have withdrawn their member contributions.

Unfortunately, you misunderstand the statutes as they apply to you. You also point to
one sentence out of a paragraph where the court of appeal discusses a procedural
matter, and you take it out of context to suggest that the court said that you are
entitled to some type of relief. In my view, your interpretation of that sentence is
wrong. As you recall, the court denied your request. Had the court actually thought
that you were entitled to relief, the court would have granted your request.

"Normal contributions" means contributions required to be paid by the member. As
the statute states, it also includes contributions required to be paid by a member
which are in fact paid on behalf of a member by an employer. In your case, your
employer was not required to, and did not, pay any "member" contributions on your
behalf; you had to pay them yourself. Your employer only paid the "employer"
contributions that it was required to pay under the law. Those types of "member"
contributions, whether paid by you or your employer, are considered normal
contributions. However, "employer" paid contributions, which are always paid by the
employer, are not "normal contributions." All normal contributions to your credit were
paid to you in response to your request for a refund. Upon this payment, you ceased
to be a "member" of PERS.

*Sept. 5, 1995*

*EXH #*
*4*
*p 1, 2*

Lucio A. Barroga                        2                      September 5, 1995

You should also recall that your case was heard by an administrative law judge and he
ruled that PERS was correct in its application of the law.

We cannot grant your request since it is contrary to the Public Employees' Retirement
Law, as well as the orders of all of the courts who have, to date, ruled on the matter.
We cannot change this position unless and until we are ordered to do so by a court.

Mr. Barroga, as I said in our meeting on August 21, I sincerely urge you to seek the
counsel of an attorney.

Sincerely,

KAYLA J. GILLAN
Deputy General Counsel

KJG:FPV:cm

*EX 5  4/18/96*

*PERS - KOPPES*

**PERS**

**Legal Office**
P.O. Box 942707
Sacramento, CA 94229-2707
Telecommunications Device for the Deaf - (916) 326-3240
(916)  326-3673
Telecopier: (916) 326-3659

April 18, 1996

Lucio Barroga
P.O. Box 662006
Mar Vista, CA 90066

Re:   In the Matter of the Application of Lucio A. Barroga for Cancellation
      of Refund and Redeposit of Contributions Withdrawn from PERS,
      LUCIO A. BARROGA, Respondent, and CITY OF EL SEGUNDO,
      Respondent. Case No. 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, OAH No. L-49409

Dear Mr. Barroga:

I am in receipt of your letter dated February 8, 1996. I have reviewed your letter, the authority that you cite and the attachments. In reviewing the applicable law, I must inform you that employer contributions are not considered "normal contributions" under the law. I have also read the correspondence from Deputy General Counsel, Kayla J. Gillan, and Senior Staff Counsel, F. Javier Plasencia, and I agree with their interpretation and explanations provided regarding "normal contributions".

In 1979, you requested a lump sum payment at retirement and you withdrew your "normal contributions" (i.e. those contributions that you paid into the system). The contributions made by an employer are not "normal contributions" and cannot be withdrawn from PERS. Also, the employer contributions do not remain on account of a member when they withdraw their normal contributions, as you did. In response to your election to receive a lump sum payment, PERS provided you a refund and informed you that your membership in the retirement system was terminated. It was not until approximately ten years later that you claimed that a mistake occurred and that you wished to have your refund to be considered a loan and be redeposited with PERS. This was not an option then or now. Redepositing a refund is not an option unless you become a PERS member again, and redeposit while you are a PERS member. You have never become a PERS member since your membership was terminated in 1979, consequently, you have never had the option of redepositing your refund.

It is unfortunate that I cannot provide you with a more favorable response, however, the Public Employees' Retirement Law does not allow PERS to do what you request. I do not believe that I nor anyone else at PERS can assist you anymore on this matter.

*EXH 5*

*P1,2*

*Apr 18, 1996.*

Lucio Barroga                                - 2 -                                April 18, 1996

I also note that previous correspondence to you from the legal office suggest that you seek the assistance of an attorney to review your case. I urge you to do the same, although I believe that their review of this matter will provide you with a similar interpretation of the law.

Very truly yours,

RICHARD H. KOPPES
Deputy Executive Officer and General Counsel

cc:    Kayla J. Gillan

*Ex 6*
*1/10/97*
*KC 2:45.67 - ComplainT*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE | FOR COURT USE ONLY |
|---|---|---|
| KAYLA J. GILLAN, General Counsel PUBLIC EMPLOYEES' RETIREMENT SYSTEM Lincoln Plaza, 400 "P" Street, Sacramento, CA 94229 | | |

ATTORNEY FOR (NAME):

insert name of court, judicial district or branch court, if any, and post office and street address:

SUPERIOR COURT
400 CIVIC CENTER PLAZA, POMONA, CA??? 1766

*STATUS CONFERENCE SET ON*
*SEP 11 1997*
*IN DEPT. EAST 0 AT 8:30 A*

*ORIGINAL FILED*
*JAN 10 1997*
*SUPERIOR COURT*

PLAINTIFF:
LUCIO A. BARROGA
375 N. CITRUS AVE. # 679
AZUSA, CA 91702

DEFENDANT: KAYLA J. GILLAN, General Counsel
BOARD OF ADMINISTRATION
PUBLIC EMPLOYEES' RETIREMENT SYSTEM
LINCOLN PLAZA, 400 "P" Street, SACRAMENTO, CA 94229

☐ DOES 1 TO _____

| | CONTRACT FOR DECLARATORY RELIEF | CASE NUMBER: |
|---|---|---|
| ☒ COMPLAINT  ☐ CROSS-COMPLAINT | | KC024567 |

1. This pleading, including attachments and exhibits, consists of the following number of pages: __8+20=28__

2. a. Each plaintiff named above is a competent adult  Yes.
   ☐ Except plaintiff (name):

      ☐ a corporation qualified to do business in California
      ☐ an unincorporated entity (describe):
      ☐ other (specify):

   b. ☐ Plaintiff (name):
      ☐ has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):
      ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 2c.

3. a. Each defendant named above is a natural person
   ☐ Except defendant (name):                          ☐ Except defendant (name):

      ☐ a business organization, form unknown          ☐ a business organization, form unknown
      ☐ a corporation                                  ☐ a corporation
      ☐ an unincorporated entity (describe):           ☐ an unincorporated entity (describe):

      ☒ a public entity (describe):                    ☐ a public entity (describe):
      PUBLIC EMPLOYEES' RETIREMENT SYSTEM
      ☐ other (specify):                               ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

*EXH 6*
*P.1, 2*

*Jan 10, 1997*

| SHORT TITLE: BARROGA v. BOARD OF ADMINISTRATION PUBLIC EMPLOYEES' RETIREMENT SYSTEM | CASE NUMBER: |
|---|---|

## COMPLAINT—Contract

Page two

4. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because (specify):

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☐ judicial district because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☒ other (specify): Plaintiff lives here

7. ☒ The following paragraphs of this pleading are alleged on information and belief (specify paragraph numbers):
An actual controversy has arisen between plaintiff and defendant PERS

8. ☐ Other: relating to their legal rights and duties because plaintiff contends and defendant PERS dispute that: the contributions which the employer is required to pay on behalf of the member are "normal contributions" under definition of Government Code Sec. 20027, second paragraph, with "employer" defined under Gov't Code Sec. 20011, and "member" defined under Gov't Code Sec. 20013,(the above cited Sec. numbers are in 1st cause of action, page 3); and under Gov't Code Sec. 20750.1 (in 2nd cause of action, page 3).

9. The following causes of action are attached and the statements above apply to each: (Each complaint must have one or more causes of action attached.)
   ☒ Breach of Contract  Declaratory Relief  ☐ Common Counts
   ☐ Other (specify):  (3)

10. PLAINTIFF PRAYS
For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   ☒ damages of $120,894.69 Accumulated pension from Aug.1983 to Dec. 1996.
   ☒ interest on the damages ☒ according to proof ☐ at the rate of ___ 8 ___ percent per year
   from (date): Aug.1983; 10% interest paid to PERS on unpaid balance of
   ☐ attorney fees ☐ of $_____ ☐ according to proof. withdrawn contributions,5/79-7/
   ☒ other (specify): Monthly pension of $812.06 (Eight hundred twelve + 6/100)
                from Jan. 1997, accruing and accumulating.
A declaration that the employer contributions are "normal contribu-
tions"; plaintiff Barroga is a member of PERS and is entitled
monthly pension and redeposit of withdrawn contributions.
And for such other relief and cost which the Court may deem just
and proper.

Lucio A. Barroga      January 10,1997      Lucio A. Barroga
   (Type or print name)                          (Signature of plaintiff or attorney)

(If you wish to verify it      affix a verification.)

EX7
8/11/97
Sup. of Order -
Summary
Judgment

1  DANIEL E. LUNGREN, Attorney General
   of the State of California
2  FLOYD SHIMOMURA,
   Senior Assistant Attorney General
3  LINDA CABATIC,
   Supervising Deputy Attorney General
4  CHRISTOPHER C. FOLEY,                      ORIGINAL FILED
   Deputy Attorney General
5  JON M. ICHINAGA, Bar No. 137290            AUG 1 1 1997
   Deputy Attorney General
6  300 South Spring St.
   Los Angeles, CA 90013
7  Telephone: (213) 897-7594
   Fax: (213) 897-1071
8
   Attorneys for Defendants Public Employees'
9  Retirement System and Kayla A. Gillan

10

11          SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          COUNTY OF LOS ANGELES - EAST COURT DISTRICT

13  LUCIO A. BARROGA,                )  Case No. KC 024567
    375 N. Citrus Ave. #679          )
14  Azusa, CA 91702                  )  [PROPOSED] ORDER GRANTING
                                     )  DEFENDANTS' MOTION FOR
15          Plaintiff,               )  SUMMARY JUDGMENT AND DENYING
                                     )  PLAINTIFFS' MOTION
16          v.                       )
                                     )  Date: N/A
17  KAYLA J. GILLAN, General Counsel )  Dept: "O"
    BOARD OF ADMINISTRATION          )  Time: N/A
18  PUBLIC EMPLOYEES' RETIREMENT     )  Date Filed: 1/10/97
    SYSTEM Lincoln Plaza, 400 "P" Street, )  Trial Date: None Set
19  SACRAMENTO, CA 94229,            )
                                     )  Honorable William J. McVittie
20          Defendants.              )
                                     )
21

22      The motions by the Public Employees' Retirement System ("PERS") and Kayla J.

23  Gillan ("Gillan") ("defendants") and by plaintiff Lucio Barroga for summary judgment

24  came on regularly for hearing before this Court in Department O, the Honorable William

25  J. McVittie, Judge presiding. Jon M. Ichinaga, Deputy Attorney General, appeared as

26  attorney for defendants and Lucio A. Barroga appeared in pro per.

27      After full consideration of the evidence, separate statements of each party, and the     EXH
                                                                                                  #1
28  authorities submitted by the parties, as well as counsel's oral argument, the Court finds    #1-3

Aug. 11, 1997

there is no triable issue of material fact in this action and that the defendants are entitled
to judgment as a matter of law for the following reasons:

1.   The rights which Mr. Barroga seeks to vindicate in this proceeding, were the
subject of an administrative hearing conducted on or about May 3, 1990. ("the PERS
administrative proceeding"). After hearing the evidence the Administrative Law Judge
issued a written decision, finding against Mr. Barroga, and deciding Mr. Barroga was not
entitled to redeposit withdrawn contributions in order to obtain a PERS' pension. (Exhibit
"B" to Request For Judicial Notice).

2.   Mr. Barroga appealed the decision of PERS by filing the action entitled, Barroga
v. Board of Administration Public Employees Retirement System, KC 003981, in this
Court on or about February 14, 1991 ("the prior proceeding").

3.   Pursuant to a motion by PERS, in the prior proceeding, this Court granted
judgment on the pleadings in favor of PERS. (Exhibit "G", to The Request For Judicial
Notice).

4.   Although Mr. Barroga filed an appeal, the Court of Appeal found that Mr.
Barroga failed to perfect his appeal in a timely manner and, accordingly, the judgment of
the Superior Court became final. (Exhibit "A", to the Request for Judicial Notice).

5.   Mr. Barroga initiated the present proceeding on or about January 10, 1997. The
allegations of Mr. Barroga's complaint establish that he seeks to relitigate the same factual
and legal issues which were the subject of the prior proceeding.

6.   In response to PERS' motion for summary judgment, Mr. Barroga submitted the
following documents:  Appellant's Appendix in Lieu of Court's Transcript; Respondent
Public Employees' Retirement System's Brief; Declaration of Javier Plascencia in Support
of Motion For Time Extension To File Respondent PERS' Brief; A copy of the Court of
Appeal Decision. These documents do not establish a triable issue of material fact.

7.   Barroga's motion for summary judgment lacks merit because the undisputed
facts establish that upon separation from the City of El Segundo he received all of his
normal contributions and thus ceased being a PERS member. In the absence of any

1  evidence establishing that Barroga remains a member of PERS, he is not entitled to

2  redeposit his contributions.

3  Accordingly, this proceeding is barred by the doctrine of res judicata or collateral

4  estoppel which bar litigation of the issues previously and finally decided in the PERS'

5  administrative proceeding and, in any event, Barroga's position is erroneous as a matter of

6  law.

7  IT IS THEREFORE ORDERED, that PERS' and Gillan's Motion For Summary

8  Judgment is granted and judgment shall be entered forthwith in favor of PERS and Gillan

9  and against Barroga. Barroga's motion for summary judgment is denied.

10

11  AUG 11 1997

12  Dated: July 12, 1997

13  Honorable William J. McVittie
    JUDGE OF THE SUPERIOR COURT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX 8
9/19/97
Sup-Order

1   DANIEL E. LUNGREN, Attorney General
    of the State of California
2   FLOYD SHIMOMURA,
    Senior Assistant Attorney General
3   LINDA CABATIC,
    Supervising Deputy Attorney General
4   CHRISTOPHER C. FOLEY,
    Deputy Attorney General
5   JON M. ICHINAGA, Bar No. 137290
    Deputy Attorney General
6   300 South Spring St.
    Los Angeles, CA  90013
7   Telephone: (213) 897-7594
    Fax: (213) 897-1071
8
    Attorneys for Defendants, Public Employees'
9   Retirement System

CONFORMED COPY

ORIGINAL FILED

SEP 1 9 1997

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              COUNTY OF LOS ANGELES · EAST COURT DISTRICT

13   LUCIO A. BARROGA,                    ) Case No. KC 024567
     375 N. Citrus Ave. #679             )
14   Azusa, CA  91702                    ) [PROPOSED] ORDER DENYING
                                         ) PLAINTIFF LUCIO A. BARROGA'S
15                Plaintiff,             ) MOTION TO VACATE COURT'S
                                         ) RULING ENTERED JULY 10, 1997
16          v.                           ) GRANTING DEFENDANT'S MOTION
                                         ) AND DENYING PLAINTIFF'S MOTION
17   KAYLA J. GILLAN, General Counsel    ) FOR SUMMARY JUDGMENT BECAUSE
     BOARD OF ADMINISTRATION             ) OF ERRONEOUS LEGAL BASIS, CCP
18   PUBLIC EMPLOYEES' RETIREMENT        ) 663; FOR A NEW JUDGMENT BE
     SYSTEM Lincoln Plaza, 400 "P" Street, ) ENTERED THAT PLAINTIFF'S MOTION
19   SACRAMENTO, CA 94229,              ) FOR SUMMARY JUDGMENT IS
                                         ) GRANTED, AND DEFENDANT'S
20                Defendants.            ) MOTION FOR SUMMARY JUDGMENT
                                         ) IS DENIED
21   ─────────────────────────────
                                         Date:  N/A
22                                       Dept:  "O"
                                         Time:  N/A
23                                       Date Filed 1/10/97
                                         Trial: N/A
24

25                                                              8

26

27                       Sept 19, 1997                    EXH: 8

28                                                        p1-2

1             Plaintiff Lucio A. Barroga's ("plaintiff") Motion to Vacate Court's Ruling

2    Entered July 10, 1997 Granting Defendant's Motion and Denying Plaintiff's Motion for

3    Summary Judgment Because of Erroneous Legal Basis, CCP 663; for a New Judgment Be

4    Entered that Plaintiff's Motion for Summary Judgment is Granted, and Defendant's Motion

5    for Summary Judgment is Denied ("the motion") came on regularly for hearing on August

6    22, 1997 in Department "O" of the Los Angeles County Superior Court, the Honorable

7    William J. McVittie, presiding. Plaintiff appeared in pro per and defendants Public

8    Employees' Retirement System and Kayla J. Gillan ("defendants") appeared and were

9    represented by Daniel E. Lungren, Attorney General of the State of California by Jon M.

10   Ichinaga, Deputy Attorney General.

11            After considering all of the papers filed by both plaintiff and defendants, and

12   upon hearing the argument of counsel, the court denies the motion. The court finds that

13   plaintiff is not currently a member of the Public Employees' Retirement System ("PERS")

14   because upon separation from PERS-covered employment, he elected to receive all of the

15   contributions which he made into the system pursuant to Government Code section 20340.

16   Employer contributions to the system are not "normal contributions" as defined in

17   Government Code sections 20053 and 20011. Accordingly, because plaintiff is not currently

18   a member of PERS, plaintiff is ineligible to participate in the redeposit program as required

19   by Government Code section 20750.

20           For all of these reasons, and for all of the reasons set forth in the Order

21   Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion filed on

22   August 11, 1997, the motion is denied.

23           It is so ordered.

24         SEP 1 9 1997

25   Dated:_____

26

27

28

                Honorable William J. McVittie
                Judge of the Superior Court of
                California

*Exp 3/25/98*
*Ct. of Appeal*

<u>NOT TO BE PUBLISHED</u>

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| LUCIO A. BARROGA, | B115924 |
| Plaintiff and Appellant, | (Super. Ct. No. KC024567) |
| v. | |
| KAYLA J. GILLAN et al., | |
| Defendants and Respondents. | |

COURT OF APPEAL · SECOND DIST.

F I L E D

FEB 25 1998 *(1998)*

JOSEPH A. LANE            Clerk

Deputy Clerk

APPEAL from a judgment of the Superior Court of Los Angeles County, William J. McVittie, Judge. Affirmed.

Lucio A. Barroga, in pro. per., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Linda Cabatic, Senior Assistant Attorney General, and Jon M. Ichinaga, Deputy Attorney General, for Defendants and Respondents.

*Feb. 25, 1998*

*EXH 9*

*p 1,2,3,8*

EX10   5/13/98
Cal Supreme Ct.
Denied

Second Appellate District, Division Four, No. B115924
S069199

IN THE SUPREME COURT OF CALIFORNIA

LUCIO A. BARROGA, Appellant

v.

KAYLA J. GILLAN Et Al., Respondents

SUPREME COURT
FILED

MAY 13 1998

Robert Wandrum Clerk

DEPUTY

Appellant's petition for review DENIED.

GEORGE

Chief Justice

May 13, 1998                    EXH 10

EX 11
U-S- Supreme Court

U.S. SUPREME COURT REPORTS                142 L Ed 2d

**No. 98-5584. Michael Bautista, Petitioner v United States.**

525 US 911, 142 L Ed 2d 210, 1998 US LEXIS 6227, 119 S Ct 255.

October 5, 1998. Petition for writ of certiorari to the United States Court of Appeals for the Tenth Circuit denied.

Same case below, 145 F3d 1140.

**No. 98-5585. Lucio A. Barroga, Petitioner v Kayla J. Gillan, et al.**

525 US 911, 142 L Ed 2d 210, 1998 US LEXIS 6228, 119 S Ct 255, reh den 525 US 1049, 142 L Ed 2d 551, 1998 US LEXIS 7866, 119 S Ct 610.

October 5, 1998. Petition for writ of certiorari to the Court of Appeal of California, Second Appellate District, denied.

**No. 98-5586. Jimmie Lee Kennedy, aka James Kornegay, Petitioner v United States.**

525 US 911, 142 L Ed 2d 210, 1998 US LEXIS 6229, 119 S Ct 255.

October 5, 1998. Petition for writ of certiorari to the United States Court of Appeals for the District of Columbia Circuit denied.

Same case below, 328 US App DC 190, 133 F3d 53.

**No. 98-5591. Abelardo Samboy, Petitioner v United States.**

525 US 912, 142 L Ed 2d 210, 1998 US LEXIS 6230, 119 S Ct 256.

October 5, 1998. Petition for writ of certiorari to the United States Court of Appeals for the Second Circuit denied.

210

**No. 98-5592. Thomas J. Paul, Jr., Petitioner v Commissioner of Internal Revenue.**

525 US 912, 142 L Ed 2d 210, 1998 US LEXIS 6231, 119 S Ct 256.

October 5, 1998. Petition for writ of certiorari to the United States Court of Appeals for the Third Circuit denied.

**No. 98-5595. Darryl Jerome Bryant and Gabriel Miguel Torrens, Petitioners v United States.**

525 US 912, 142 L Ed 2d 210, 1998 US LEXIS 6232, 119 S Ct 256.

October 5, 1998. Petition for writ of certiorari to the United States Court of Appeals for the Fourth Circuit denied.

Same case below, 155 F3d 563.

**No. 98-5597. Charles Crehore, Petitioner v United States.**

525 US 912, 142 L Ed 2d 210, 1998 US LEXIS 6233, 119 S Ct 256, reh den 525 US 998, 142 L Ed 2d 420, 1998 US LEXIS 7252, 119 S Ct 467.

October 5, 1998. Petition for writ of certiorari to the United States Court of Appeals for the Sixth Circuit denied.

Same case below, 148 F3d 577.

**No. 98-5600. Dennis R. Reagan, Petitioner v United States.**

525 US 912, 142 L Ed 2d 210, 1998 US LEXIS 6234, 119 S Ct 256.

October 5, 1998. Petition for writ of certiorari to the United States Court of Appeals for the Third Circuit denied.

Same case below, 129 F3d 1257.

**No. 98-5604. E tioner v C. California tions, et al.**

525 US 912, LEXIS 6235, 1

October 5, certiorari to t Appeals for th

Same case b

**No. 98-5606. tioner v ture.**

525 US 91: LEXIS 6236.

October 5, certiorari to Appeals for t

**No. 98-561( Petitione den.**

525 US 9: LEXIS 6237

October . certiorari t vada denie

**No. 98-56 tioner v cal Cent**

525 US : LEXIS 62: US 1036, LEXIS 75(

October certiorari Court of .

Same c

EXH 11

*EX 12*
*1/12/99*
*PERS 6/Tex. Plasencia . . .*

**≡PERS**

Legal Office
P.O. Box 942707
Sacramento, CA 94229-2707
Telecommunications Device for the Deaf - (916) 326-3240
(916) 326-3673
FAX (916) 326-3659

March 12, 1999

Lucio A. Barroga
844 W. Eight Street
Stockton, CA 95206

      Re:  In the Matter of the Application of *Lucio A. Barroga for Cancellation of*
          *Refund and Redeposit of Contributions Withdrawn from CalPERS*

Dear Mr. Barroga:

CalPERS' General Counsel, Kayla J. Gillan, has asked me to review and respond to
your letters of March 3 and March 4, 1999.  Pursuant to your letters, you are again
requesting a retirement allowance from CalPERS, urging that Government Code
section 21259 grants you that right.  That section reads, in part, as follows:

> Subject to compliance with this part, after a member has qualified as
> to . . . age and service for retirement for service, nothing shall deprive [him]
> or her of the right to a retirement allowance as determined under this part.

The aforementioned statute explicitly states that "Subject to compliance" nothing shall
deprive the member of a retirement allowance.  As you have been previously informed,
after you received a refund of the member contributions, you were no longer a
"member" of CalPERS.  Also, by having withdrawn your contributions and no longer
employed by a CalPERS' covered agency, you were no longer eligible (and therefore
not in compliance) with the Public Employees' Retirement Law to receive a retirement
allowance.  You must understand that after you requested and received a refund of
your member contributions, you were no longer a member of CalPERS.   ll

We have carefully considered your request and find no merit in your argument.  Again,
we must reiterate that given the facts and the law in your situation, you are not entitled
to any relief.  As you are well aware, you have taken this matter through the judicial
system up to the U.S. Supreme Court and no court has granted the relief that you
request.  This matter is now closed in the Legal Office.

Sincerely,

F. JAVIER PLASENCIA
Senior Staff Counsel

*Mar 12, 1999*

*EXH 12*

Ex 13  4-30-99
Complaint
intentional Tort

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE: | FOR COURT USE ONLY |
|---|---|---|

LUCIO A. BARROGA
375 N. CITRUS AVE. #679
AZUSA, CA 91702
Te. 626-806-4069

**ATTORNEY FOR (NAME):**

Insert name of court, judicial district or branch court, if any, and post office and street address:

SUPERIOR COURT - EAST DISTRICT
400 CIVIC CENTER PLAZA, POMONA, CA 91766

**PLAINTIFF:**
LUCIO A. BARROGA
375 N. CITRUS AVE. #679
AZUSA, CA 91702

**DEFENDANT:**
BOARD OF ADMINISTRATION
PUBLIC EMPLOYEES' RETIREMENT SYSTEM
LINCOLN PLAZA, 400 "P" STREET, SACRAMENTO, CA 95814

☐ DOES 1 TO ___

**ORIGINAL FILED**

**APR 3 0 1999**

**SUPERIOR COURT**

## CONTRACT

☒ COMPLAINT  ☐ CROSS-COMPLAINT

CASE NUMBER:

**KC030508**
37

1. This pleading, including attachments and exhibits, consists of the following number of pages: **37**

2. a. Each plaintiff named above is a competent adult  **Yes.**
   ☐ Except plaintiff (name):

      ☐ a corporation qualified to do business in California **CASE ASSIGNED FOR**
      ☐ an unincorporated entity (describe): **ALL PURPOSES TO:**
      ☐ other (specify): **JUDGE ROBERT A. DUKES**
         **DEPT. R**

   b. ☐ Plaintiff (name):
      ☐ has complied with the fictitious business name laws and is doing business under the fictitious name
        of (specify):
      ☐ has complied with all licensing requirements as a licensed (specify):

   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 2c.

3. a. Each defendant named above is a natural person
   ☒ Except defendant (name):          ☐ Except defendant (name):

      ☐ a business organization, form unknown    ☐ a business organization, form unknown
      ☐ a corporation                            ☐ a corporation
      ☐ an unincorporated entity (describe):     ☐ an unincorporated entity (describe):

      ☒ a public entity (describe):              ☐ a public entity (describe):
      PUBLIC EMPLOYEES' RETIREMENT SYSTEM
      ☐ other (specify):                         ☐ other (specify):

   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint—
      Attachment 3c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)   Apr. 30, 1999   EXH 13

| SHORT TITLE: BARROGA VS. | BOARD OF ADMINISTRATION PUBLIC EMPLOYEES' RETIREMENT SYSTEM | CASE NUMBER: |
|---|---|---|

## COMPLAINT—Contract

Page two

4. ☐ Plaintiff is required to comply with a claims statute, and
    a. ☐ plaintiff has complied with applicable claims statutes, or
    b. ☐ plaintiff is excused from complying because (specify):

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☐ judicial district because
    a. ☐ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☐ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☒ other (specify): Plaintiff lives here.

7. ☒ The following paragraphs of this pleading are alleged on information and belief (specify paragraph numbers):
After plaintiff has qualified for retirement in April 1979, being
8. ☐ Other: 50 years old on Apr. 22,1979, the law provides exclusive
retirement allowance for plaintiff. Is PERS's alternative offer of
the withdrawal of the accumulated member contributions to deprive
plaintiff of retirement allowance a violation of Gov't Code Sec.
21203(new 21259). Nonforfeiture after qualification for retirement,
Subject to compliance with this part, after a member has qualified
as to. .age and service for retirement for service, nothing shall
deprive (him) or her of retirement allowance under this part?

9. The following causes of action are attached and the statements above apply to each: (Each complaint must have
one or more causes of action attached.)
    ☐ Breach of Contract           ☐ Common Counts
    ☒ Other (specify): Intentional Tort.

10. PLAINTIFF PRAYS
For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ damages of $ 162,060.10 Accumulated pensions from Aug.1983 to Dec.1998.
    ☒ interest on the damages ☐ according to proof ☒ at the rate of __8__ percent per year
    from (date): Aug.1983; 10% interest paid to PERS on unpaid balance of
    ☐ attorney fees ☐ of $ _____ ☐ according to proof withdrawn contributions,5/79~7/83.
    ☒ other (specify): Monthly pension of $947.18 (Nine hundred fourty seven
+ 18/100) from Jan.1999, accruing and accumulating.
    A declaration that PERS violated Gov't Code Sec. 21203(new 21259)
Nonforfeiture after qualification for retirement, and therefore
plaintiff shall recover losses and damages from defendant PERS
pursuant to Civil Code Sec. 3281 Damages; person suffering detriment.

Lucio A. Barroga    Date: April 30, 1999   *Lucio A. Barroga*
(Type or print name)                    (Signature of plaintiff or attorney)

(If you wish to verify this pleading, affix a verification.)

Ex 14 7/12/99
Order, Dismissal
KC30508

ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT

JUL 1 2 1999

JOHN A. CLARKE, EXECUTIVE OFFICER

BY D. LLOYD, DEPUTY

1  BILL LOCKYER, Attorney General
   of the State of California
2  LINDA CABATIC, Senior Assistant
   Attorney General
3  PAUL DOBSON, Supervising Deputy Attorney General
   KYUNGAH SUK, State Bar No. 179192
4  Deputy Attorney General
   300 South Spring Street, Room 5212
5  Los Angeles, California  90013
   Telephone: (213) 897-9176
6  Fax: (213) 897-9395

7  Attorneys for Defendant, Board of Administration
   Public Employees Retirement System

8

9       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          FOR THE COUNTY OF LOS ANGELES

11  LUCIO A. BARROGA            )   Case No.: KC030508
                                )
12              Plaintiff,      )
                                )
13      vs.                     )   [PROPOSED] ORDER OF DISMISSAL
                                )   FOLLOWING SUSTAINING OF
14                              )   DEMURRER WITHOUT LEAVE TO
    BOARD OF ADMINISTRATION PUBLIC )  AMEND (CCP Section 581 (f) (1))
15  EMPLOYEES' RETIREMENT SYSTEM, )
                                )
16              Defendant.      )
                                )
17

18

19       DEFENDANT Board of Administration Public Employees' Retirement System's

20  demurrer to the Complaint and Motion for a Prefiling Order Prohibiting Filing of New Litigation

21  came on regularly for hearing on July 1, 1999 in Department "R" of the above-entitled court,

22  before the Hon. Robert A. Dukes, Judge.

23       Plaintiff LUCIO A. BARROGA appeared in propria persona, Kyungah Suk,

24  Deputy Attorney General, appeared as counsel for defendants. The demurrer was submitted to the

25  court for decision. The court having considered the written and oral arguments and being fully

26  advised in the matter, IT IS HEREBY ORDERED that the demurrer is sustained, without leave to

27  amend, on the following grounds:

                                July 12, 1999              EXH 14
28                                                         P1.

1   1. The complaint is barred by the doctrine of Res Judicata.

2   The case is dismissed pursuant to Code of Civil Procedure § 581 (f) (1).

3   JUL 12 1999

4   Dated: July 2, 1999

Hon. Robert A. Dukes,
Judge of the Superior Court

[PROPOSED] ORDER OF DISMISSAL FOLLOWING SUSTAINING OF DEMURRER WITHOUT LEAVE TO
AMEND (CCP Section 581 (f) (1))

*Petition for leave to*
*09457*



1  LUCIO A. BARROGA
   375 N. CITRUS AVE. #679
2  AZUSA, CA 91702
   Tel 606-806-4069
3

4
   ATTORNEYS FOR PLAINTIFF(S)
5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  _____DIVISION

11

12     LUCIO A. BARROGA,
                                          99-09457
13                                        00-09457 MC
14         PLAINTIFF                CASE NO._____

15         v.                      PETITION FOR "LEAVE OF
                                   PRESIDING JUDGE OF COURT
16                                 WHERE ANY LITIGATION AGAINST
            -v-                    . .DEFENDANT (PERS) IS
17  BOARD OF ADMINISTRATION, Cal   PROPOSED TO BE FILED",
    PUBLIC EMPLOYEES' RETIREMENT SYSTEM  (From Cal Superior Court
18     (PERS),                     Prefiling Order filed July 12,
                                   1999, Case No. KC030508;),
19         DEFENDANT(S)            FOR CALL FOR DETERMINATION OF
                                   IDENTICAL QUESTION OF LAW,
20                                 WHICH THE SUPERIOR COURT
                                   REFUSED TO INTERPRET BECAUSE
21                                 OF ITS CLAIM THAT THE ACTION
                                   IS BARRED BY DOCTRINE OF RES
22  _____      JUDICATA, AND THE SUPERIOR COURT
                                   DISMISSED THE ACTION.
23

24

25     MEMORANDUM OF POINTS AND AUTHORITIES

26     1.) A complaint in the California (Cal) Superior Court, filed

27  on April 30,1999,. case No. KC030508, had a cause of action for

28  interpretation of the law. After plaintiff has qualified for : 15

Petition

1   retirement in April 1979 with the Cal Public Employees' Retirement
2   System (PERS), being 50 years old on Apr. 22,1979 (already 70 years
3   old), the law provides exclusive retirement allowance for retirees
4   such as plaintiff. Is PERS's alternative offer of the withdrawal
5   of the accumulated member contributions to deprive plaintiff of the
6   retirement allowance, a violation of the statute?;

7        Cal.Government Code Sec. 21203 (new 21259) Nonforfeiture ···
8        after qualification for retirement
9        Subject to compliance with this part; after a member has
10       qualified as:to . .age and service for  retirement for servic-
11       vice, nothing shall deprive (him) or her of retirement allo-
12       vance under this part. See EXHIBIT I- Complaint.

13       2.) A Notice of Defendant CalPERS' Demurrer; Memorandum of: .
14   Points and Authorities, dated June 8,1999 argued, "plaintiff fails
15   to state a cause of action because his action is barred by the
16   doctrine of res judicata." See EXHIBIT 2- Demurrer.

17       3.) A Notice of Defendant CalPERS' Motion for Prefiling Order
18   Prohibiting Filing of New Litigation, dated Jun 8,1999. EXHIBIT 3.

19       4.) Plaintiff's Opposition to Defendant PERS' Deumurrer to the
20   Complaint, KC030508, filed Jun 17,1999, argued that res judicata
21   does not apply for the  following reasons, see EXHIBIT 4;

22       (1) The issue on the complaint is new and have not been
23   determined or tried in Court before . Cal Code of Civ. Proc.;1911.)
24   Judgement item adjudged. .

25       (2) Because of the controversy on the interpretation of the
26   statutes, (Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture
27   after qualification for retirement, res judicata does not apply.
28   Original action is gurranteed by law. . Cal Code of Civ. Pro. 1060.

1 Claim of Retirement Allowance Unlawfully Deprived by PERS' Alter-
2 native Offer For The Withdrawal Of The Accumulated Member Contri-
3 butions At Retirement, of which alternative offer is a violation
4 of statute, Cal Gov't Code Sec. 21203(new 21259) Nonforfeiture
5 after qualification for retirement.

6

7   8.) I request that earliest consideration is given because
8 I am already 70 years old, which is given preference under Cal
9 Code of Civ. Pro. Sec. 36, and the state agencies are parties,
10 CalPERS and the State Attorney General, which normally are CalPERS'
11 attorneys, have precedence over others, Cal Code of Civ. Proc.
12 Sec. 1062.5.
13 Date:   September 15,1999          Respectfully submitted,
14                                    Lucio A. Barroga
15                                    Lucio A. Barroga
16 EXHIBITS NUMBERS:
17 1. Complaint in Cal Superior Court, KC030508 filed Apr. 30,1999
        with attached letter from Cal PERS General Councel Gillan by
18      Sen. Staff Counsel Javier Plasencia dated Mar. 12,1999.
        as EXHIBIT 8.
19 2. June 8,1999 Notice of Defendant CalPERS'Demurrer.
3. June 8,1999 Notice of Defendant CalPERS' Motion for Prefiling
20      Order Prohibiting Filing of New Litigation
4. June 17,1999 Plaintiff's Opposition to Defendant PERS' Demurrer
21      to the Complaint
5. June 17,1999 Plaintiff's Answer to Defendant PERS' Motion for
22      Prefiling Order Prohibiting Filing of New Litigation
6. Order of Dismissal Following Sustaining of Demurrer Without
23      Leave to Amend, filed July 12,1999.
7. July 12,1999  Prefiling Order To Prohibit Plaintiff From Filing
24      New Litigation, which provides to obtain leave of the presid-
        ing judge where litigation is proposed to be filed.
25
26 8. Mar. 12,1999 letter from CalPERS General Counsel Gillan, by
27      Sen. Staff Counsel Javier Plasencia, see EXHIBIT 1.
28                        Page 5

Ex 16 /X 15 8/99
Order Granting Dismissal
Defendant

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED

DEC - 8 1999

ENT JS-6

ENTERED
CLERK, U.S. DISTRICT COURT

DEC - 9 1999

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

                          Plaintiff,

        v.

BOARD OF ADMINISTRATION,
CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

                          Defendant.

CV 99-9457 ABC (RCx)

ORDER GRANTING DEFENDANTS'
MOTION PURSUANT TO FED. R. CIV.
P. 12(b)(1)

        After reviewing the materials submitted by the parties and the

case file, it is hereby ORDERED that Defendants' motion pursuant to

Fed. R. Civ. P. 12(b)(1) is GRANTED.

//
//
//          Docketed
//          Copies / NTC Sent
//          JS - 5 / JS - 6
//          JS - 2 / JS - 3
//          CLSD
//

Dec. 8, 1999

DEC - 9 1999

EX A1
P 15, 6

1   Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923) (district
2   courts may not exercise appellate jurisdiction over state courts);
3   Allah v. Superior Court of State of California, 871 F.2d 887, 891 (9th
4   Cir. 1989);   Worldwide Church of God v. McNair, 805 F.2d 888, 890-91
5   (9th Cir. 1986);   see also 28 U.S.C. § 1257.   Furthermore, where
6   allegations underlying a state court's judicial decision are
7   "inextricably intertwined" with issues presented to a federal court,
8   the federal court has no jurisdiction over those issues, even if those
9   challenges include constitutional claims.   Feldman, 460 U.S. at 486.
10  A "federal claim is inextricably intertwined with the state-court
11  judgment if the federal claim succeeds only to the extent that the
12  state court wrongly decided the issues before it."   Pennzoil Co. v.
13  Texaco, Inc. 481 U.S. 1, 25 (1987) (Marshall, J., concurring in the
14  judgment.)

15      Plaintiff requests that we review the "identical question of law"
16  passed upon by the Los Angeles Superior Court.   (See Pl.'s Pet. at 1,
17  4-5.)   As such, Plaintiff asked this Court to engage in appellate
18  review over the judgment of the Los Angeles Superior Court.   Rooker-
19  Feldman prohibits this Court, or any other federal trial court, from
20  so doing.   Accordingly, this Court lacks jurisdiction over Plaintiff's
21  claim.

22  C.   Eleventh Amendment Immunity

23      "It is clear, of course, that in the absence of consent a suit in
24  which the State or one of its agencies or departments is named as the
25  defendant is proscribed by the Eleventh Amendment."   Pennhurst State
26  School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984).
27  "This jurisdictional bar applies regardless of the nature of the

28                                  5

1 | relief sought." *Id.*

2 | Plaintiff, however, argues that he can sue Defendant in state
3 | court because a suit challenging the constitutionality of a state
4 | official's action is not one against the State. *See id.*, at 102-103
5 | (noting that a federal court can enjoin prospective conduct by state
6 | officials that would violate the Constitution). But Plaintiff makes
7 | no showing that Defendant is a state official and not a state agency.
8 | Moreover, Plaintiff is *not* asking this Court to enjoin prospective
9 | acts. He seeks a declaration concerning prior conduct and damages
10 | based on that prior conduct. Thus, Plaintiff's suit would be barred
11 | by the Eleventh Amendment, even if Defendant were a state official.
12 | *See id.* Accordingly, the Eleventh Amendment precludes this Court from
13 | hearing Plaintiff's claim.

14 | III.   Conclusion

15 | For the reasons articulated herein, the Court GRANTS Defendant's
16 | motion and ORDERS Plaintiff's action dismissed with prejudice for lack
17 | of subject matter jurisdiction.

18 |
19 |
20 | SO ORDERED.
21 | DATED:   Dec 1, 1999

22 |
23 |
24 | AUDREY B. COLLINS
     UNITED STATES DISTRICT JUDGE
25 |
26 |
27 |
28 | 6

Complaint 7678

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel. 626-806-4069

FILED
CLERK, U.S. DISTRICT COURT

OCT 27 2003

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

10:00
issue
20 days
summons

**ATTORNEYS FOR PLAINTIFF(S)**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

_____ DIVISION

LUCIO A. BARROGA,

**PLAINTIFFS)**

-v-

BOARD OF ADMINISTRATION, Cal
PUBLIC EMPLOYEES' RETIREMENT SYSTEM
(PERS),

**DEFENDANT(S)**

CASE NO. C003-7673-RJK(RLA)

**COMPLAINT FOR_____**

DECLARATORY RELIEF UNDER
AMENDMENT FOURTEEN OF CONSTI-
TUTION ON CAL RETIREMENT LAWS
PERS WRONGLY INTERPRETED,
AND THE CAL COURTS WRONGLY
INTERPRETED OR REFUSED TO
INTERPRET BY REASON OF RES
JUDICATA.

MEMORANDUM OF POINTS AND AUTHORITIES

1. The US District Court has jurisdiction of this case under the
equal protection clause of the constitution amendment fourteen.

2. This complaint for declaratory relief seeks for
interpretation of the California (Cal) public employees'
retirement laws which the Cal Public Employees' Retirement System,

P.1.2
17
EXH 17

ENTER ON ICMS

OCT 30 2003

Oct. 27, 2003

(PERS) wrongly interpreted, and which the Cal courts wrongly
interpreted or refused to interpret by their reason of res
judicata, thus denying plaintiff me retirement benefits from
PERS. And on the same question of law, the US District Court
Order, (EXHIBIT 3M) case no. 99-09457ABC(RCx)(item 26), dismissed
a complaint for lack of subject matter jurisdiction under the
constitution amendment eleven. The issue: whether PERS violated
Cal Government (Gov't) Code Section (Sec.) 21203(new 21259)
Nonforfeiture after qualification for retirement.(Superior Court
case no. KC03508 dismissed by res judicata, EXHIBIT 3M-6).

And earlier issues of denied by res judicata complaint for
declaratory relief (Superior Court case no. KC24567) [EXHIBIT 1M-
APPENDIX(AP.) E] are added for consideration, which issues are:
whether the employer's contributions to PERS retirement funds are
"normal contributions" under statutes Cal Gov't Code Sec. 20027
(new 20053) Normal contributions, and Cal Gov't Code Sec. 20750.1
(new 20795) . .normal contributions. . These issues determine
membership to PERS and qualification for retirement benefits.
3.   Supporting precedents from USCA, constitution amendment 14,
Sec. 1 that US district court has jurisdiction, are quoted:

   A) State action, for purpose of this clause, may emanate
      from rulings of administrative and regulatory agencies as
      well as from legislative or judicial action. Moose Lodge
      No. 107 v. Irvis, Pa. 1972, 92 S.Ct. 1965, 407 US 163, 32
      L.Ed.2d 627.

   B)  State has obligation to insure that actions of its
       agencies do not deprive any person of equal protection of
       law. U.S. v. State of Tex.,D.C.Tex.1970, 321 F.Supp. 1043,

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel. 626-806-4069

~~~~ FEB 25 FH 1:41
RT
L.F.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,           )   Case No. CV03- 7673 ABC (RCx)
                            )
        Plaintiff           )   PLAINTIFF'S REQUEST FOR ENTRY
                            )        OF DEFAULT
        v.                  )
                            )
BOARD OF ADMINISTRATION,    )
CALIFORNIA PUBLIC EMPLOYEES')
RETIREMENT SYSTEM (PERS),   )
                            )
        Defendants          )

PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

SUMMONS AND COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT
FOURTEEN OF CONSTITUTION ON CAL RETIREMENT LAWS PERS WRONGLY
INTERPRETED, AND THE CAL COURTS WRONGLY INTERPRETED OR REFUSED TO
INTERPRET BY REASON OF RES JUDICATA, were served to Defendant
Board of Administration, Cal Public Employees' Retirement System,
by first class mail on October 27,2003. The Summons requires an
answer to the complaint within 20 days after service, but
defendant has defaulted by its failure to answer. Therefore,
plaintiff requests entry of default against Defendant Board of
Administration, California Public Employees' Retirement System.

Date: February 25, 2004          Respectfully submitted,

                                 Lucio A. Barroga
                                 Lucio A. Barroga, Plaintiff

18
EXH 18
p.1

Feb 25, 2004

Ex 19 5/6/04
Request for Entry
of Default

1  LUCIO A. BARROGA
2  P.O. BOX 2325
   GLENDORA, CA 91740
3  Tel. 626-806-4069

4

5

6

7

8

9

10

11

12

13

14

15

FILED

2004 MAY -6 PM 1:36
CLERK U. S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,                      )
                                       )
        Plaintiff                      )  Case No. CV03- 7673 ABC (RCx)
                                       )
        V.                             )  PLAINTIFF'S REQUEST FOR ENTRY
                                       )            OF DEFAULT
BOARD OF ADMINISTRATION,               )
CALIFORNIA PUBLIC EMPLOYEES'           )
RETIREMENT SYSTEM (PERS),              )
                                       )
        Defendant(s)                   )
                                       )

16  PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

17  SUMMONS AND COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT

18  FOURTEEN OF CONSTITUTION ON CAL RETIREMENT LAWS PERS WRONGLY

19  INTERPRETED, AND THE CAL COURTS WRONGLY INTERPRETED OR REFUSED TO

20  INTERPRET BY REASON OF RES JUDICATA, were served to Defendant

21  Board of Administration, Cal Public Employees' Retirement System,

22  by first class mail on October 27, 2003. The Summons requires an

23  answer to the complaint within 20 days after service, but

24  defendant has defaulted by its failure to answer. Also, the Court

25  Order docketed on Feb. 12, 2004, is quoted:

26      The Court will consider as a satisfactory response the filing

27      of the following on or before the date shown above (March

28      3, 2004).

Page 1   May 6, 2004

19
EXH 1
EXH 1
p4 2

1

2    Answer by defendants Board of Admin Cal Public. .-

3        Stipulation and Order extending time to respond to

4            complaint

5    Defendant PERS did not response to the Court order.

6        Therefore, plaintiff requests entry of default against

7    Defendant Board of Administration, California Public Employees'

8    Retirement System.

     Date: May 6 ,2004                    Respectfully submitted,

9                                          Lucio A. Barroga Plaintiff
                                           Lucio A. Barroga, Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              Page 2

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK, U.S. DISTRICT COURT

JUN
JUN 25 2004

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

Plaintiff,

v.

BOARD OF ADMINISTRATION,
CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

Defendant.

CV 03-7673 ABC (RCx)

ORDER DISMISSING COMPLAINT



ENTERED
CLERK, U.S. DISTRICT COURT

JUL 13 2004

CENTRAL DISTRICT OF CALIFORNIA
BY mG DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

On October 27, 2003, Lucio A. Barroga ("Plaintiff") filed a complaint in this case. Since then, Plaintiff has requested entry of default judgment on five separate occasions. However, despite being informed by the Clerk of Court that his requests have been premature due to his failure to file an application for entry of default, Plaintiff continues to file requests for entry of default judgment.

On April 28, 2004, the Court ordered Plaintiff to file an application for entry of default, as required by Federal Rule of Civil



Jun 25, 2004

P.20
EXH 2A

1  Procedure 55(a).  The Court indicated that failure to file an

2  application for entry of default by May 28, 2004 would constitute

3  consent to dismissal of Plaintiff's case.

4      Plaintiff failed to file an application for entry of default.

5  Accordingly, the Court DISMISSES Plaintiff's WITHOUT PREJUDICE to his

6  refiling within twenty-one (21) days of the entry of this Order.[1]

7

8

9      SO ORDERED.

10  DATED:      June 25, 2004

11

12                                          Audrey B. Collins
                                           **AUDREY B. COLLINS**
13                                    **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26      [1]Although the Court dismisses the suit without prejudice, should

27  Plaintiff fail to comply with Federal Rule of Civil Procedure 55(a) in
   a subsequent suit, the Court will dismiss Plaintiff's complaint with

28  prejudice.

2

EX 21A — 8-12-04 std, (per recusal)

SEND

FILED
CLERK, U S. DISTRICT COURT

AUG 1 2 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

PLAINTIFF(S).

v.

BOARD OF ADMINISTRATION, CALIFORNIA.
PUBLIC EMPLOYEES' RETIREMENT SYSTEM,

DEFENDANT(S).

CASE NUMBER: CV 04-6315 FMC (Ex)

ORDER TO REASSIGN CASE DUE TO
SELF-RECUSAL PURSUANT TO
SECTION 3.3 OF GENERAL ORDER 224

The undersigned Judge, to whom the above-entitled case was assigned, is hereby of the opinion that he or she should not preside over said case, by reason of *[please use additional sheets if necessary]*:

The undersigned Judge is a participant in CALPERS.

_____

_____

_____

IT IS HEREBY ORDERED that this case be reassigned by the Clerk in accordance with Section 3.3 of General Order 224.

This self-recusal has been Ordered:

☒ within 120 days of the Court being assigned said case.

☐ after 120 days of the Court being assigned said case.

Dated: 8-11-04

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

## NOTICE TO COUNSEL FROM CLERK:

This case has been reassigned to Judge ____ R. Gary Klausner ____, On all documents subsequently filed in this case, please substitute the initials ____ RGK ____ after the case number in place of the initials of the prior Judge so that the case number will read: CV 04-6315 RGK (Ex).

This is very important because documents are routed to the assigned Judge by means of the initials.

CV-52 (10/98)     ORDER TO REASSIGN CASE DUE TO SELF-RECUSAL (Sec. 3.3 of GO 224)

21A
EXH
1.

ENTERED ON CM _____

EX 2# 7/30/04

Con 15 ...

Original

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel. 626-806-4069

ATTORNEYS FOR PLAINTIFF(S)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

_____ DIVISION

04 JUL 30 AM 11: 27
U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED

LUCIO A. BARROGA,

**PLAINTIFFS)**

-v-

BOARD OF ADMINISTRATION, Cal
PUBLIC EMPLOYEES' RETIREMENT SYSTEM
(PERS) ,
**DEFENDANT(S)**

CASE NO. 04 - 06315 RJK (Ex)

THREE-JUDGE COURT
COMPLAINT FOR_____

DECLARATORY RELIEF UNDER
AMENDMENT FOURTEEN OF CONSTI-
TUTION ON CAL RETIREMENT LAWS
PERS WRONGLY INTERPRETED,
AND THE CAL COURTS WRONGLY
INTERPRETED OR REFUSED TO
INTERPRET BY REASON OF RES
JUDICATA.

DOCKETED ON CM

AUG - 4 2004

BY _____ 019

MEMORANDUM OF POINTS AND AUTHORITIES

1. The US District Court has jurisdiction of this case under the

equal protection clause of the constitution amendment fourteen.

2. This complaint for declaratory relief seeks for

interpretation of the California (Cal) public employees'

retirement laws which the Cal Public Employees' Retirement System

Jul 30, 2004

- 2/ EXH

(PERS) wrongly interpreted, and which the Cal courts wrongly
interpreted or refused to interpret by their reason of res
judicata, thus denying plaintiff me retirement benefits from
PERS. And on the same question of law, the US District Court
Order, (EXHIBIT 3M) case no. 99-09457ABC(RCx)(item 26), dismissed
a complaint for lack of subject matter jurisdiction under the
constitution amendment eleven. The issue: whether PERS violated
Cal Government (Gov't) Code Section (Sec.) 21203(new 21259)
Nonforfeiture after qualification for retirement.(Superior Court
case no. KCO3508 dismissed by res judicata, EXHIBIT 3M-6).

And earlier issues of denied by res judicata complaint for
declaratory relief (Superior Court case no. KC24567) [EXHIBIT 1M-
APPENDIX(AP.) E] are added for consideration, which issues are:
whether the employer's contributions to PERS retirement funds are
"normal contributions" under statutes Cal Gov't Code Sec. 20027
(new 20053) Normal contributions, and Cal Gov't Code Sec. 20750.1
(new 20795) . .normal contributions. . These issues determine
membership to PERS and qualification for retirement benefits.
3. Supporting precedents from USCA, constitution amendment 14,
Sec. 1 that US district court has jurisdiction, are quoted:

A) State action, for purpose of this clause, may emanate
from rulings of administrative and regulatory agencies as
well as from legislative or judicial action. Moose Lodge
No. 107 v. Irvis, Pa. 1972, 92 S.Ct. 1965, 407 US 163, 32
L.Ed.2d 627.

B) State has obligation to insure that actions of its
agencies do not deprive any person of equal protection of
law. U.S. v. State of Tex.,D.C.Tex.1970, 321 F.Supp. 1043,

1 | contributions, p2.

2 | 30. PERS reply letter dated Aug. 5,2003 by legal Staff Counsel
3 | William J. Gersten, (EXHIBIT 7M) stated, "As your appeal is long
4 | ago final, we cannot entertain your renewed request."
5 | 31. My reply letter of Aug. 21,2003 (EXHIBIT 8M) stated, the
6 | statute of limitation of this case does not apply, citing Cal
7 | Gov't Code Sec. 20181(new 20164), "In cases where the system owes
8 | money to a member or beneficiary, the period of limitation shall
9 | not apply."

10 |

11 | .

12 | 32. PERS response of Aug. 28,2003 (EXHIBIT 9M) stated, "The
13 | legal doctrine of res judicata, or in simple terms, finality of
14 | litigation, precludes you from again raising your claim. ."
15 | 33. Therefore, plaintiff is taking a declaratory relief action
16 | for interpretation of the Cal Public Employees' retirement laws,
17 | which PERS wrongly interpreted, and the state courts wrongly
18 | interpreted or dismissed by reason of res judicata, in violation
19 | of the equal protection clause of amendment 14 of the
20 | constitution.

21 |                   DECLARATORY RELIEF ISSUES
22 | 34. ISSUE I: (From item 12, complaint for declaratory relief,
23 | case no. KC024567, EXHIBIT 1M-AP. E).

24 |     Are the employer's contributions to the Cal Public Employees
25 | Retirement System, "normal contributions" under the following
26 | statute?

27 |     Cal Government Code Section 20027(new 20053) Normal
28 |     . contributions

RX 22   10/18/04
Default by Clerk

SEND

FILED
CLERK, U.S. DISTRICT COURT

OCT 18 2004

CENTRAL DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO A BARROGA | **CASE NUMBER** |
| | CV04-6315 ABC(RCx) |
| **PLAINTIFF(S)** | |
| v. | |
| BOARD OF ADMINISTRATION, CALIFORNIA PUBLIC EMPLOYEES RETIREMENT SYSTEM | **DEFAULT BY CLERK** **F.R.Civ.P. 55(a)** |
| **DEFENDANT(S)** | |

It appearing from the records in the above-entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

BOARD OF ADMINISTRATION CALIFORNIA

PUBLIC EMPLOYEES RETIREMENT SYSTEM

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

Clerk, U. S. District Court

DOCKETED ON CM

13 2004

10/18/2004

Date

By  Eleanor B Lopez

Deputy Clerk

CV-37 (10-01)          DEFAULT BY CLERK F.R.Civ.P. 55(a)

Oct 18, 2004

APPlication for Default Vudgment    Not    Original

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel. 626-806-4069

2004 NOV -9 PH 2:31

CLERK
CENT...   US COURT
CALIF.
BY

FILED
CLERK U S DISTRICT COURT

NOV - 9 2004

CENTRAL DISTRICT OF CALIFORNIA
BY
DEPU

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO A. BARROGA, | ) Case No. CV04-6315 ABC (RCx) |
| Plaintiff | ) THREE-JUDGE COURT |
| | ) |
| v. | ) APPLICATION FOR DEFAULT JUDGMENT |
| | ) BY THE COURT |
| BOARD OF ADMINISTRATION, CAL | ) (Fed. Rules Civ. Proc. 55 b2) |
| PUBLIC EMPLOYEES' RETIREMENT | ) |
| SYSTEM (PERS), | ) |
| | ) |
| Defendant(s) | ) |

Summons and complaint were served to Defendant Board of
Administration, Cal Public Employees' Retirement System by first
class mail on July 30, 2004. The Summons required an answer to the
complaint within 20 days after service, but defendant has
defaulted by its failure to answer. A default on defendant was
entered on Oct. 18, 2004

Therefore, Plaintiff submits application for default judgment
by the court under FRCP 55b2.

Enclosed is Affidavit On Amount Due In Recovery ~~DOCKETED ON CM~~

Benefits, and Proposed Default Judgment.

NOV 17 2004

Date: November 9, 2004    Respectfully submitted,
                          Lucio A. Barroga
                          Lucio A. Barroga, Plaintiff    BY:    011

Attached: Affidavit On Amount Due In Recovery Of Pension Benefits    23

        Proposed Default Judgment (separate file)    EXH
                                                      2

        PROOF OF SERVICE & MAIL RECEIPTS 11/9/04

                    Nov, 9, 2004

*Ex 24 [8 12/8/04*
*Order, defective service*

*Printy Sand*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

**Case No.:** CV 04-6315 ABC (RCx)     **Date:** December 7, 2004

**Title:**  Lucio A. Barroga v. Board of Administration, California Public Employees' Retirement System

---

**DOCKET ENTRY**

---

**PRESENT:** Hon. Audrey B. Collins, United States District Judge

Daphne Alex                Not Present
Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None                        None

**PROCEEDINGS:**   Order Re: Plaintiff's Application for Default Judgment (In Chambers)

On November 9, 2004, Lucio A. Barroga ("Plaintiff") filed an application for default judgment. On November 29, 2004, California Public Employees' Retirement System ("Defendant") opposed the application on the grounds that Plaintiff never served Defendant with the summons and complaint. Plaintiff filed a reply on December 6, 2004. The Court finds the matter appropriate for submission without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 13, 2004 is VACATED. Upon consideration of the parties' submissions and the case file, the Court DENIES Plaintiff's application for default judgment.

Federal Rule of Civil Procedure Rule ("FRCP") 4(j) sets forth the means of effecting service of a summons and complaint on a state or other governmental organization:

> Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the

*24 EXH 2-4*

*Dec 8, 2004*

*DEC - 8 2004*

summons and of the complaint to its chief
executive officer or by serving the summons and
complaint in the manner prescribed by the law of
that state for the service of summons or other
like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2).

Thus, service that is effective under California law is also
effective under the FRCP. Under California law, service may be
effected by: (1) personal delivery of a copy of the summons and
complaint (Cal. Civ. Proc. § 415.10); (2) substituted service to
someone at the defendant's dwelling, usual place of abode, usual
place of business, or usual mailing address by leaving a copy of
the summons and complaint and thereafter mailing a copy of the
summons and complaint (Cal. Civ. Proc. § 415.20(a)-(b)); (3) by
mail service coupled with acknowledgment of receipt and a return
envelope addressed to the sender, postage prepaid (Cal. Civ.
Proc. § 415.30); or (4) by publication (Cal. Civ. Proc. §.
415.50).

The Court finds that Plaintiff's service of the summons and
complaint on Defendant was defective. In order for mail by
service to be effective in California, the summons and complaint
must be accompanied by: (1) notice and acknowledgment of receipt
of summons; and (2) a return envelope addressed to the sender,
postage prepaid. Here, Plaintiff failed to include an
acknowledgment of receipt of service with his mailing of the
summons and complaint, and Defendant never executed any such
acknowledgment. See Declaration of William J. Gersten ¶ 2.
Moreover, Plaintiff fails to provide an acknowledgment of receipt
executed by Defendant.[1]

A federal court may not exercise personal jurisdiction over
a defendant unless that defendant has been served in accordance
with the FRCP. See Jackson, et al. v. Hayakawa, et al., 682 F.2d
1344, 1347 (9th Cir. 1982). Moreover, the fact that a defendant
has actual notice of an action or is named in a complaint does
not confer personal jurisdiction without proper service pursuant
to FRCP 4. See Benny v. Pipes, et al., 799 F.2d 489, 492 (9th
Cir. 1986). Because Plaintiff's service was defective, the Court
lacks personal jurisdiction over Defendant, and Plaintiff's
application for default judgment is DENIED.

---

[1] In his reply, Plaintiff submits a receipt to show that
the summons and complaint were sent via certified mail. However,
this is different from the acknowledgment of receipt required by
FRCP 4.

2

Ex 25/se2/19/
CA Memo Dismissal

i

## NOT FOR PUBLICATION

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

LUCIO A. BARROGA,

       Plaintiff - Appellant,

   v.

BOARD OF ADMININSTRATION
CALIFORNIA PUBLIC RETIREMENT
SYSTEM,

       Defendant - Appellee.

No. 05-55232

D.C. No. CV-04-06315-ABC

MEMORANDUM *

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted February 13, 2006 **

Before:    FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

    Lucio A. Barroga appeals pro se from the district court's order denying his

request that a three-judge panel of the district court consider whether he properly

---

   *    This disposition is not appropriate for publication and may not be
cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

   **   The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

*EXH*
*I-5*

*P,2*

Feb. 22, 2006

served the summons and complaint. Barroga's request-for a three-judge panel

followed the district judge's denial of Barroga's motion for entry of default

judgment. As the district court's order did not end the proceedings, and is not an

appealable interlocutory order, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

2

EX 26 - 4/13/2006
Kf. Motion To.
Relieve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ✓
Send ✓
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only—

Case No.   CV 04-6315 ABC (RCx)                           Date   April 11, 2006

Title   Lucio A. Barroga v. Board of Administration, California Public Employees' Retirement System

Priority Set

Present: The
Honorable         Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                          None

Proceedings:      ORDER RE: SCHEDULING CONFERENCE AND COURT'S MOTION
                  TO RELIEVE DEFENDANT FROM DEFAULT (In Chambers)

It has come to the Court's attention that several matters related
to this case must be addressed, in order for this Court to control its
docket and ensure as just, speedy, and inexpensive a determination in
this matter as possible, given the unnecessarily drawn-out history of
these proceedings.

First, on March 10, 2006, the Court issued an Order re:
Conference, setting a pretrial/scheduling conference for May 1, 2006.
On April 10, 2006, Plaintiff Lucio Barroga ("Plaintiff") filed a Joint
Rule 26(f) Report in response to the Court's Order. However, the
Order re: Conference was issued in error, as this Court had previously
held that it lacked jurisdiction over Defendant Board of
Administration, California Public Employees' Retirement System
("Defendant"), due to Plaintiff's failure to properly serve Defendant
with the summons and complaint. (See Order Denying Plaintiff's
Application for Default Judgment, Dec. 7, 2004).

DOCKETED ON C
APR 13 2006
BY

Accordingly, the Court hereby STRIKES the following 1) the
Court's Order re: Conference, issued on March 10, 2006; and 2)
Plaintiff's Joint Rule 26(f) Report, filed on April 10, 2006.  The 26
Court further VACATES the scheduling conference set for May 1, 2006. E x

Second, the Court notes its extreme displeasure in the fact that 2
Defendant has taken absolutely no action to remove the default entered
against it in this case almost eighteen months ago. As the Court
stated in its Order of December 20, 2004, "Defendant should note that
default was entered by the clerk on October 18, 2004. Accordingly
Defendant must seek relief from the entry of default before filing any
other motions, including a motion to dismiss."  (Order Denying

P,

Apr. 13, 2006          CIVIL MINUTES - GENERAL          26 . of 3

EX 27 5/16/06
Order Relieving Default

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-6315 ABC (RCx) Date May 15, 2006

Title Lucio A. Barroga v. Board of Administration, California Public Employees' Retirement System

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

Present: The Honorable Audrey B. Collins

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: None

Attorneys Present for Defendants: None

**Proceedings:** ORDER RELIEVING DEFENDANT FROM DEFAULT AND ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED (In Chambers)

On April 11, 2006, this Court issued an Order in which it moved, sua sponte, to set aside the entry of default against Defendant CalPERS ("Defendant") in this case, on the grounds that the default was void for lack of jurisdiction. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 352 (9th Cir. 1999)(holding that a district court may vacate a default judgment on its own motion); Fed. R. Civ. Pro. 55(c). Plaintiff filed an opposition to the Court's motion on 2006. Defendant, by special appearance, filed a reply on May 10, 2006, in support of the Court's motion.

FILED CLERK, U.S. DISTRICT COURT MAY 1 6 2006 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

Having considered the materials submitted by the parties and the case file, the Court GRANTS the motion to set aside the default. Plaintiff has not provided any evidence to justify reconsideration of this Court's prior finding that Defendant has not been properly served, nor has Plaintiff re-served Defendant. Accordingly, the Court hereby VACATES the default entered against Defendant on October 18, 2004.

DOCKETED ON CM MAY 1 6 2006 BY 003

In light of the foregoing, the Court further ORDERS Plaintiff to SHOW CAUSE in writing no later than **Tuesday, May 30, 2006** why this action should not be dismissed for failure to properly serve Defendant. As set forth in this Court's prior order of December 7, 2004, proper service pursuant to both California law and the FRCP may be effected by: (1) personal delivery of a copy of the summons and complaint (Cal. Civ. Proc. § 415.10); (2) substituted service to someone at the defendant's dwelling, usual place of abode, usual place of business, or usual mailing address by leaving a copy of the summons and complaint and thereafter mailing a copy of the summons and

60

EXH 27 P1, 2

May 11, 2006

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   CV 04-6315 ABC (RCx)                     Date   May 15, 2006

Title   Lucio A. Barroga v. Board of Administration, California Public Employees' Retirement System

complaint (Cal. Civ. Proc. § 415.20(a)−(b); (3) by mail service coupled with acknowledgment of receipt and a return envelope addressed to the sender, postage prepaid (Cal. Civ. Proc. § 415.30); or (4) by publication (Cal. Civ. Proc. § 415.50). Plaintiff continues to assert in his opposition to the instant motion that his prior service by mail was proper, and again attaches a receipt to show that the summons and complaint were sent via certified mail. The Court reminds Plaintiff that proof of mailing is not the same as the acknowledgment of receipt, executed by Defendant, required by FRCP 4.

Plaintiff's response to this Order may be either proof that Plaintiff has properly served Defendant, or a separate writing. The Court advises Plaintiff that the Court will not again reconsider its prior finding that Plaintiff's previous service of Defendant was defective, thus any further argument regarding such prior service will be disregarded. The failure to file a response by the deadline ordered herein shall be deemed Plaintiff's consent to dismissal of this action. In that case, the Court shall dismiss this action without further notice.[1]

**IT IS SO ORDERED.**

Initials of Preparer   D.H

---

[1] The Court again reminds Defendant that it might wish to consider bringing a motion to dismiss on all appropriate grounds if it seeks to secure dismissal with prejudice.

*Dismissal Order*
*Failure To serve*

ENTERED
CLERK, U.S. DISTRICT COURT

JUN - 2 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S DISTRICT COURT

JUN - 1 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

___ Docketed
___ Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO A. BARROGA, | CASE NO.: CV 04-6315 ABC (RCx) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROPERLY SERVE DEFENDANT |
| v. | |
| BOARD OF ADMINISTRATION, CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM (PERS), | |
| Defendant. | |

DOCKETED ON CM

JUN - 2 2006

BY                 004

On May 15, 2006, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to properly serve Defendant. Plaintiff filed his response to the Court's Order to Show Cause ("OSC") on May 30, 2006. As discussed below, the Court finds that Plaintiff's response does not satisfy the Court's OSC, and therefore DISMISSES this action WITHOUT PREJUDICE.

In his response, Plaintiff continues to assert that he properly served the summons and complaint upon Defendant by certified mail on July 30, 2004. In support of this argument, Plaintiff again attaches both the receipt to show that the summons and complaint were sent via certified mail and the return receipt signed on August 2, 2004. *EXH 28*

*Jun 2, 2006 :*                                      *p1.3*

1 acknowledgment executed by Defendant.  In fact, Plaintiff has not even
2 *alleged* that he provided Defendant with the required form, instead
3 continuing to insist that the certified mail return receipt
4 constitutes the required acknowledgment of receipt.  However, despite
5 Plaintiff's unsupported assertions to the contrary, a postal service
6 return receipt does not suffice as a substitute for an executed
7 acknowledgment required under § 415.30.  See Tandy Corp. v. Superior
8 Court, 117 Cal. App. 3d. 911, 913 (1981).

9        Accordingly, in light of Plaintiff's failure to meet the
10 requirements of § 415.30, this Court held on December 7, 2004 that
11 Plaintiff's service of the summons and complaint on Defendant was
12 defective and that this Court therefore lacked personal jurisdiction
13 over Defendant.  In the face of Plaintiff's continued insistence that
14 he properly served Defendant, this Court reiterated its prior holding
15 that such service was defective on December 20, 2004 and again on May
16 15, 2006.  However, despite these repeated warnings by this Court,
17 Plaintiff has failed to take any additional steps to properly serve
18 Defendant or to offer any additional evidence that the initial service
19 was proper.  Therefore, the Court finds that Plaintiff has failed to
20 sufficiently respond to the OSC.  The Court hereby DISMISSES this
21 action, WITHOUT PREJUDICE.

22

23 SO ORDERED.

24

25 DATED:        June 1, 2006

26

27                                    AUDREY B. COLLINS
                                      UNITED STATES DISTRICT JUDGE
28

3

Ex. 29, 6/14/06
Complaint

1   LUCIO A. BARROGA
2   P.O. BOX 2325
    GLENDORA, CA 91740
3   TEL NO. 626-367-5858

                                                    [stamp: FILED
                                                    U.S. DISTRICT COURT
                                                    JUN 14 2006
                                                    JUN
                                                    CENTRAL DISTRICT OF CALIFORNIA
                                                    DEPUTY]

4

5   **ATTORNEYS FOR PLAINTIFF(S)**

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                  _____DIVISION

11

12          LUCIO A. BARROGA,

13                                          CV 06-3696
                                            CV 06- 3696
14              **PLAINTIFFS)**             CASE NO._____STO(VBKx)

15                                          **COMPLAINT FOR_____**

16                                          DECLARATORY RELIEF UNDER
            -v-                             AMENDMENT FOURTEEN OF CONSTI-
17          BOARD OF ADMINISTRATION, Cal    TUTION ON CAL RETIREMENT LAWS
    PUBLIC EMPLOYEES' RETIREMENT SYSTEM     PERS WRONGLY INTERPRETED,
18          (PERS),                         AND THE CAL COURTS WRONGLY
                                            INTERPRETED OR REFUSED TO
19              **DEFENDANT(S)**            INTERPRET BY REASON OF RES
                                            JUDICATA.
20

21

22   _____

23          MEMORANDUM OF POINTS AND AUTHORITIES

24   1.   The US District Court has jurisdiction of this case under the

25   equal protection clause of the constitution amendment fourteen.

26   2.   This complaint for declaratory relief seeks for            EXH

27   interpretation of the California (Cal) public employees'         29

28   retirement laws which the Cal Public Employees' Retirement System
            Jun 14, 2006    Page 1                              P1,2

(PERS) wrongly interpreted, and which the Cal courts wrongly
interpreted or refused to interpret by their reason of res
judicata, thus denying plaintiff me retirement benefits from
PERS. And on the same question of law, the US District Court
Order, (EXHIBIT 3M) case no. 99-09457ABC(RCx)(item 26), dismissed
a complaint for lack of subject matter jurisdiction under the
constitution amendment eleven. The issue: whether PERS violated
Cal Government (Gov't) Code Section (Sec.) 21203(new 21259)
Nonforfeiture after qualification for retirement.(Superior Court
case no. KC03508 dismissed by res judicata, EXHIBIT 3M-6).

And earlier issues of denied by res judicata complaint for
declaratory relief (Superior Court case no. KC24567) [EXHIBIT 1M-
APPENDIX(AP.) E] are added for consideration, which issues are:
whether the employer's contributions to PERS retirement funds are
"normal contributions" under statutes Cal Gov't Code Sec. 20027
(new 20053) Normal contributions, and Cal Gov't Code Sec. 20750.1
(new 20795) . .normal contributions. . These issues determine
membership to PERS and qualification for retirement benefits.
3. Supporting precedents from USCA, constitution amendment 14,
Sec. 1 that US district court has jurisdiction, are quoted:

A) State action, for purpose of this clause, may emanate
from rulings of administrative and regulatory agencies as
well as from legislative or judicial action. Moose Lodge
No. 107 v. Irvis, Pa. 1972, 92 S.Ct. 1965, 407 US 163, 32
L.Ed.2d 627.

B) State has obligation to insure that actions of its
agencies do not deprive any person of equal protection of
law. U.S. v. State of Tex.,D.C.Tex.1970, 321 F.Supp. 1043,

Ex 30
9/25/06

```
1    [ENTERED                Priority
      CLERK. U.S. DISTRICT COURT   Send
2                                  Enter
      SEP 26 2006                  Closed
3                                  JS-5/JS-6
      CENTRAL DISTRICT OF CALIFORNIA  JS-2/JS-3
4     BY          DEPUTY            Scan Only
```



5    **THIS CONSTITUTES NOTICE OF ENTRY**
6    **AS REQUIRED BY FRCP, RULE 77(d).**

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                                     )    CASE NO.: CV 06-3696 ABC (RCx)
11   LUCIO A. BARROGA,                 )
                                       )
12                Plaintiff,           )    ORDER DISMISSING ACTION AND
                                       )    PROHIBITING PLAINTIFF FROM FILING
13        v.                           )    FUTURE ACTIONS AGAINST CALPERS
                                       )
14   BOARD OF ADMINISTRATION,          )
     CALIFORNIA PUBLIC EMPLOYEES'      )
15   RETIREMENT SYSTEM (CalPERS),      )
                                       )
16                                     )
                  Defendant.           )
17   ─────────────────────────────

18        Pending before this Court are two motions filed by Defendant
19   Board of Administration, California Public Employees' Retirement
20   System ("CalPERS"). The first, CalPERS' Motion to Dismiss was filed
21   on August 31, 2006 and set for hearing on September 25, 2006. The
22   second, CalPERS' Motion for Sanctions Prohibiting Plaintiff from
23   Filing Future Actions Against CalPERS, was also filed on August 31,
24   2006 and set for hearing on September 25, 2006.[1] The Court found the
25   matters appropriate for consideration without oral argument and took

26   ─────────────────────────────
27        [1] Additionally, on September 1, 2006 Plaintiff filed a Request
     for Entry of Default. The Court finds that the Request for Entry of
28   Default is moot in light of the Court's dismissal of Plaintiff's case.
     Thus, the Request for Entry of Default is DENIED.
```

Sept. 25, 2006

EXH
30

1 the motions under submission on September 15, 2006 and September 21,
2 2006, respectively.

3       After considering the materials submitted by the parties and the
4 case file, and for the reasons indicated below, the Court hereby
5 GRANTS CalPERS' Motion to Dismiss.  The Court also GRANTS CalPERS'
6 Motion for Sanctions Prohibiting Plaintiff from Filing Future Actions
7 Against CalPERS.

8 I.     FACTUAL AND PROCEDURAL HISTORY

9       By this Order, the Court imposes upon Lucio Barroga ("Plaintiff")
10 sanctions barring him from filing future lawsuits in the Central
11 District of California against CalPERS without first obtaining leave
12 of court.  Given the nature of this sanction, the Court finds it
13 necessary to give a detailed accounting of the facts and circumstances
14 that brought Plaintiff to this point.

15       Plaintiff's claims stem from his participation in a retirement
16 system maintained by CalPERS as a result of his employment by the City
17 of El Segundo from 1969 to 1977.  After qualifying for retirement
18 benefits in April 1979, Plaintiff accepted CalPERS' offer to withdraw
19 the accumulated member contribution and withdrew nearly $10,000.00.
20 This action terminated his membership in the retirement system.  In
21 1988, Plaintiff wrote to CalPERS and requested retirement benefits.
22 Plaintiff contended that he had mistakenly withdrawn his
23 contributions, and that he wanted CalPERS to treat his withdrawal as a
24 loan - i.e., that Plaintiff wanted to repay the money previously
25 withdrawn and then become eligible to receive a pension.

26       CalPERS denied Plaintiff's request and informed him that because
27 he was not a member of CalPERS, he could not re-deposit the money
28 previously withdrawn.  CalPERS also informed Plaintiff that

                                    2

1  Plaintiff's withdrawal of his accumulated member contribution could
2  not be treated as a loan.  Plaintiff appealed this decision at an
3  administrative hearing.

4       After losing the administrative hearing and subsequent
5  administrative appeal, in 1991 Plaintiff filed a lawsuit against
6  CalPERS in California Superior Court.  Barroga v. CalPERS, Case No.
7  KC003981.  Plaintiff asserted claims for breach of contract and fraud
8  against CalPERS. .CalPERS' answer asserted the affirmative defense
9  that Plaintiff's sole remedy was a petition for administrative
10 mandamus under Cal. Code Civ. Proc. §1094.5.  The Superior Court
11 agreed and granted judgment on the pleadings.  Plaintiff appealed this
12 decision to the California Court of Appeal, which affirmed the
13 decision of the Superior Court in an unpublished opinion filed in
14 January 1994.  Barroga v. CalPERS, Case No. BO77855.  Plaintiff then
15 appealed to the California Supreme Court which denied Plaintiff's
16 petition for review on April 12, 1994.  Barroga v. CalPERS, Case. No.
17 S038365.

18      In January 1997, Plaintiff filed a declaratory relief action
19 against CalPERS in Superior Court, making essentially the same claims
20 he had already made in his administrative action and the first lawsuit
21 in the Superior Court.  Barroga v. Gillian, et al., Case No. KC024567.
22 Plaintiff and CalPERS filed cross-motions for summary judgment, and
23 the court ruled in CalPERS favor.  Plaintiff again appealed the
24 decision from the Superior Court to the California Court of Appeals.
25 The Court of Appeals affirmed the decision of the Superior Court in
26 February 1998.  Barroga v. Gillian, et al., Case No. B115924.
27 Plaintiff then filed a petition for review which was denied by the
28 California Supreme Court in May 1998.  Barroga v. Gillian, et al.,

1   the issue of whether Plaintiff is entitled to a pension.  CalPERS

2   filed the instant Motion to Dismiss and Motion for Sanctions

3   Prohibiting Plaintiff From Filing Future Actions Against CalPERS on

4   August 31, 2005.  Plaintiff opposed both motions on September 11,

5   2006.

6   II.   DISCUSSION

7         A.   The Court GRANTS CalPERS' Motion To Dismiss.

8              1.   The Court lacks subject matter jurisdiction because
                    CalPERS is a state agency entitled to immunity under
9                   the Eleventh Amendment.

10        CalPERS argues that Plaintiff's complaint should be dismissed

11  pursuant to Fed. R. Civ. Proc. 12(b)(1) because this Court does not

12  have subject matter jurisdiction over Plaintiff's claims.  CalPERS

13  contends that the Court is lacking subject matter jurisdiction because

14  CalPERS is entitled to immunity under the Eleventh Amendment to the

15  United States Constitution.  The Court agrees.

16        Plaintiff claims that this Court has jurisdiction in this case

17  "under Amendment Fourteen, because CalPERS and the California Superior

18  Court wrongly interpreted the public employees' retirement laws to

19  deprive Plaintiff of lifetime pension."  (Opposition at p. 5).

20        However, as this Court previously explained to Plaintiff, this

21  Court does not have jurisdiction to hear a claim against CalPERS as

22  CalPERS is a state agency entitled to immunity under the Eleventh

23  Amendment.  See Order Granting Defendants' Motion Pursuant to Fed. R.

24  Civ. P. 12(b)(1), December 9, 1999, Barroga v. CalPERS, Case No. CV

25  99-9457.  As the Court explained in its December 9, 1999 Order, "[i]t

26  is clear, of course, that in the absence of consent a suit in which

27  the State or one of its agencies or departments is named as the

28  defendant is proscribed by the Eleventh Amendment."  Id., citing

6

1 <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1084).

2 "This jurisdictional bar applies regardless of the nature of the

3 relief sought." <u>Id.</u> Thus, because CalPERS is a state agency, CalPERS

4 is clearly immune under the Eleventh Amendment from suit in federal

5 court. ·<u>See City of Anaheim v. State of California et al.</u>, 189 Cal.

6 App. 3d 1478. 1482 (1987).[2]

7     Therefore, as this Court lacks subject matter jurisdiction to her

8 Plaintiff's claim against CalPERS, the Court GRANTS CalPERS' motion

9 and DISMISSES Plaintiff's claims WITH PREJUDICE.

10         **2.    Plaintiff's claims are barred under the doctrine of res**
              **judicata by Plaintiff's prior lawsuits seeking pension**

11               **benefits.**

12     Though the lack of subject matter jurisdiction provides

13 sufficient grounds for dismissing Plaintiff's claims, for the sake of

14 completeness and clarity the Court will also address the parties'

15 arguments regarding res judicata.[3]

16 _____

17     [2] Further, to the extent that Plaintiff may be attempting to re-
hash its previous argument that this Court should review the various

18 decisions made by the Los Angeles Superior Court and/or the California
Court of Appeals, the Court again refers Plaintiff to its December 9,

19 1999 Order. In that Order, the Court explained that a United States
District Court has no authority to review the final determinations of

20 a state court. Further, this Court does not have jurisdiction to
decide issues that are "inextricably intertwined" with a state court

21 judgment. <u>See e.g., Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 25

22 (1987). Such determinations may be reviewed only by the United States
Supreme Court. <u>District of Columbia Court of Appeals v. Feldman</u>, 460

23 U.S. 462, 482 (1983). Therefore, to the extent that Plaintiff seeks
to have this Court review the previous decisions by the Los Angeles

24 Superior Court or the California Courts of Appeals, this Court lacks
·jurisdiction. <u>See</u> Order Granting Defendants' Motion Pursuant to Fed.

25 R. Civ. P. 12(b)(1), December 9, 1999, <u>Barroga v. CalPERS</u>, Case No. CV
99-9457.

26

27     [3] CalPERS also contends that Plaintiff failed to properly serve
the summons and complaint, and thus the complaint should be dismissed

28 pursuant to Fed. R. Civ. Pro. 12(b)(5). This Court has on several
                                          (continued...)

**B.    The Court GRANTS CalPERS' Motion For Sanctions Prohibiting Plaintiff From Filing Future Actions Against CalPERS.**

CalPERS argues that this Court has authority under Fed. R. Civ. Proc. 11 to sanction Plaintiff by preventing Plaintiff from filing future actions without leave of court.  CalPERS cites <u>Ketchum v. Cruz</u> in support of this proposition.  <u>Ketchum v. Cruz, M.D.</u>, 775 F. Supp. 1399 (Dist. Colo. 1991) (plaintiff, pro se, filed numerous repetitive actions to the district court resulting in the district court ordering that the plaintiff could no longer initiate a civil action unless he was either represented by an attorney or first obtained leave of court to file the action pro se).

The Court agrees that it has authority to issue a sanction of this sort under Fed. R. Civ. Proc. 11.  Further, the Court also has the authority to issue pre-filing injunctions pursuant to 28 U.S.C. §1651.  <u>See Wood v. Santa Barbara Chamber of Commerce, Inc.</u>, 705 F.2d 1515, 1524 (9th Cir. 1983) ("district courts do have the power to reinforce the effects of [collateral estoppel and res judicata] by issuing an injunction against repetitive litigation"), <u>cert. denied</u>, 465 U.S. 1081 (1984).  "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  <u>Tripati v. Beauman</u>, 878 F.2d 351, 352 (10th Cir. 1989); see also <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1147-48 (9th Cir. 1990); <u>Johns v. Town of Los Gatos</u>, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993); <u>In re Oliver</u>, 682 F.2d 443, 445 (3d Cir. 1982); <u>In re Hartford Textile Group</u>, 681 F.2d 895, 897 (2d Cir. 1982).

An injunction preventing the relitigation of claims has the effect of restricting an individual's access to the court system.  As

10

1    It is ORDERED that the Clerk of this Court shall not accept for
2  filing any further complaints by Plaintiff Lucio A. Barroga against
3  CalPERS without first obtaining leave from a Judge of this Court. If
4  Plaintiff wishes to file a complaint against CalPERS with this Court,
5  he must first file a motion for leave to file a complaint. Plaintiff
6  must submit a copy of this order and a copy of the proposed complaint
7  with any such motion. If the Court does not grant Plaintiff written
8  permission to file a complaint within 30 days of the date of his
9  motion, permission will be deemed denied.

10

11  IT IS SO ORDERED.

12

13  DATED:        Sept 25, 2006

14                                        _Audrey B Collins_

15                                        AUDREY B. COLLINS
                                          UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28

13

*EX 31*
*5/23/07*
*CA Memo*

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**MAY 23 2007**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

---

LUCIO A. BARROGA,

    Plaintiff - Appellant,

    v.

BOARD OF ADMINISTRATION OF
THE CALIFORNIA EMPLOYEES'
RETIREMENT SYSTEM,

    Defendant - Appellee.

No. 06-56415

D.C. No. CV-06-03696-ABC

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted May 16, 2007 [**]

Before:    PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

Lucio A. Barroga appeals pro se from the district court's judgment

dismissing his action and prohibiting him from filing future actions against the

---

[*]    This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

*2 1*

*EXH 31*

*May 23, 2007*

*P 1.2*

California Public Employees' Retirement System ("CalPERS"). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals based on res

judicata. *See Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th

Cir. 1997). We review for an abuse of discretion the imposition of a pre-filing

review order. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). We

affirm.

The district court properly concluded this action was barred by res judicata

because it restated claims raised in Barroga's prior lawsuits seeking pension

benefits from CalPERS. *See Western Radio,* 123 F.3d at 1192 (doctrine of res

judicata serves to bar a claim where there is an identity of claims, a final judgment

on the merits, and an identity of parties).

The district court did not abuse its discretion in imposing a pre-filing review

order, where the district court gave Barroga notice and an opportunity to respond,

developed a record for review, made findings regarding Barroga's prior harassing

and frivolous lawsuits, and narrowly tailored the remedy. *See De Long*, 912 F.2d

at 1147-48.

Barroga's remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

2

EX 32
Petition for
Rehearing

CASE NO. 06-56415

IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

LUCIO A. BARROGA           V.           BOARD OF ADMINISTRATION,
                                        CALIFORNIA PUBLIC EMPLOYEES'
      Plaintiff-Appellant              RETIREMENT SYSTEM (PERS)

                                            Defendant-Appellee


            ON APPEAL FROM U.S. DISTRICT COURT,
              CENTRAL DISTRICT OF CALIFORNIA
CASE NO.   CV-06-03696 ABC The Honorable Judge Audrey B. Collins


          APPELLANT'S PETITION FOR REHEARING
          (Fed. R. App. P. 40; 9th Cir. R. 40-1)


PRO SE
LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
TEL. 626-367-5858


Jun 4, 2007

EXH 32

P'

Notes: (p is page on EXCERPTS OF RECORD)
(Bp is BRIEF page)

06-56415

PETITION FOR REHEARING

GROUND FOR REHEARING

1) A material point of fact or law overlooked in the

decision.

*filed May 23, 2007*

In its AFFIRMED decision, the Court of Appeal is quoted:

> The district court properly concluded this action was barred
> by res judicata because it restated claims raised in
> Barroga's prior lawsuits seeking pension benefits from
> CalPERS. . . (doctrine of res judicata serves to bar a claim
> where there is an identity of claims, final judgment on the
> merits, and identity of parties).

Res judicata does not apply, because the law on declaratory

relief is a cumulative remedy based upon the same facts in the

same or new action, to quote:

> (Cal) Code of Civil Procedure 1062. **Cumulative remedy**
>     The remedies provided by this chapter are cumulative, and
> shall not be construed as restricting any remedy,
> provisional or otherwise, provided by law for the benefit of
> any party to such action, and no judgment under this chapter
> shall preclude any party from obtaining additional relief
> based upon the same facts.

Precedent is quoted:
> Party seeking declaratory relief will not be barred from
> seeking coerceive relief by further proceedings in the same
> or new action. Lortz v. Connell (1969) 78 Cal. Rptr. 6, 273
> C.A.2d 286.

Therefore res jucicata does not apply.

2) An apparent conflict with another decision of this Court

of Appeals, from Moore's Federal Practice 3d Ed., as precedent:

> Gregory v. Brown, 844 F.2d 664, 666( 9th Cir. 1988) (new
> evidence of disability was sufficient to avoid claim
> preclusion based on prior determination of administrative
> law judge that claimant was not entitled to Social Security
> disability benefits).

3) From Moore's Federal Practice 3D, Sec. 57.102(2), "under

Declaratory Relief Act, . . .abuse of discretion standard of review

*Order, closed Appeal*



FILED

JUL 05 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIO A. BARROGA,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>BOARD OF ADMINISTRATION OF THE<br>CALIFORNIA EMPLOYEES'<br>RETIREMENT SYSTEM,<br><br>    Defendant - Appellee. | No. 06-56415<br><br>DC # CV-06-03696-ABC<br>Central California<br>(Los Angeles)<br><br><br>ORDER |

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges

The petition for panel rehearing is denied.

No further filings will be accepted in this closed appeal.

*July 5, 2007*

*EXH 33*

## DETERMINING PENSION BENEFITS AND REDEPOSITING WITHDRAWALS

Gov't Code Sec. 21354.3 Combined current and prior service pensions; local miscellaneous members; here attached with tabulation of ages and fraction, defines an applicable method of calculating pension for local miscellaneous members, to quote:

> The combined current and prior service pensions for local miscellaneous members is a pension . . to equal the fraction of one-fiftieth of the member's final compensation set forth opposite the member's age at retirement. .to the following table, multiplied by the numbers of years of current and prior service.

2) Therefore, the pension at age 50 (when the $10,000 withdrawal was made in April 1979) equals to fraction. . 1.000 from table, of 1/50 of $1733 final compensation, multiplied by 8.223 years of service ,

      1979 Pension = 1.000 of 1/50 of $1733 X 8.223
                   = 1.000 X 1/50 X $1733 X 8.223
                   = $285.01 per month starting in May 1979.

3) The $1733 final monthly compensation can be found from PERS's response to discovery dated May 1, 1992, item 4, showing yearly gross income in three months from 1/77 to 3/77 equal to $5,199 divided by 3 equals $1733 per month. At the bottom of the same page, PERS used 8.223 as the number of years of plaintiff's service. The attached Calculation of Payment of $10,000 withdrawal shows interest of 10% of unpaid balance. The Calculation of Accumulated Pension shows also interest of 10%.

4) After withdrawal was fully paid, the Accumulated Pensions from May 1982 to December 2018 is $3,565,573.45, and the monthly pension starting January 2019 is :$6,192.39 accruing and accumulating.

Attached: Cal Gov't Code Sec. 21354.3 and CALCULATIONS OF PAYMENT OF $10,000 WITYDRAWAL and CALCULATION OF ACCUMULATED PENSIONS



States ☞64.1(3).
Westlaw Topic No. 360.
C.J.S. States §§ 113 to 116, 118.

## § 21354.3. Combined current and prior service pensions; local miscellaneous members

(a) The combined current and prior service pensions for a local miscellaneous member is a pension derived from the contributions of the employer

86

sufficient, when added to the service retirement annuity that is derived from the accumulated normal contributions of the member at the date of retirement, to equal the fraction of one-fiftieth of the member's final compensation set forth opposite the member's age at retirement, taken to the preceding completed quarter year, in the following table, multiplied by the number of years of current and prior service except service in a category of membership other than that of local miscellaneous member with which the member is entitled to be credited at retirement:

| Age at Retirement | Fraction |
|---|---|
| 50 | 1.0000 |
| 50¼ | 1.0125 |
| 50½ | 1.0250 |
| 50¾ | 1.0375 |
| 51 | 1.0500 |
| 51¼ | 1.0625 |
| 51½ | 1.0750 |
| 51¾ | 1.0875 |
| 52 | 1.1000 |
| 52¼ | 1.1125 |
| 52½ | 1.1250 |
| 52¾ | 1.1375 |
| 53 | 1.1500 |
| 53¼ | 1.1625 |
| 53½ | 1.1750 |
| 53¾ | 1.1875 |
| 54 | 1.2000 |
| 54¼ | 1.2125 |
| 54½ | 1.2250 |
| 54¾ | 1.2375 |
| 55 | 1.2500 |
| 55¼ | 1.2625 |
| 55½ | 1.2750 |
| 55¾ | 1.2875 |
| 56 | 1.3000 |
| 56¼ | 1.3125 |
| 56½ | 1.3250 |
| 56¾ | 1.3375 |
| 57 | 1.3500 |
| 57¼ | 1.3625 |
| 57½ | 1.3750 |
| 57¾ | 1.3875 |
| 58 | 1.4000 |
| 58¼ | 1.4125 |
| 58½ | 1.4250 |
| 58¾ | 1.4375 |
| 59 | 1.4500 |
| 59¼ | 1.4625 |
| 59½ | 1.4750 |
| 59¾ | 1.4875 |
| 60 and over | 1.5000 |

(b) The fraction specified in the above table shall be reduced by one-third as applied to that part of final compensation that does not exceed four hundred dollars ($400) per month for all services of a member any of whose service has

## I. REPAYMENT

| | Period | No. of Months | 8% Increase Yly Pension | Monthly Pension | Year Total Pension | Balance | 10% Interest | Total Balance $10,000 |
|---|---|---|---|---|---|---|---|---|
| 1 | Mar–Dec 79 | 8 | | $285.01 | $2,280.08 | $7,719.92 | $771.79 | $8,491.71 |
| 2 | Jan–Dec 80 | 12 | $22.80 | $307.81 | $3,693.72 | $4,798.19 | $479.82 | $5,278.01 |
| 3 | Jan–Dec 81 | 12 | $24.62 | $332.43 | $3,989.16 | $1,288.85 | $128.88 | $1,417.73 |
| 4 | Jan–Apr 82 | 4 | $26.59 | $359.02 | $436.08 | $18.35 | | |

## II. CALCULATION OF ACCUMULATED PENSIONS

| | Period | No. | 3 | 4 | 5 | 6 | 10% Interest | Accumulated Total |
|---|---|---|---|---|---|---|---|---|
| 4 | May–Dec 82 | 8 | | $359.02 | $2,872.16 | | $2,872.16 | $2,872.16 |
| 5 | Jan–Dec 83 | 12 | $28.72 | $387.74 | $4,652.88 | | $781.23 | $7,812.26 |
| 6 | Jan–Dec 84 | 12 | $31.02 | $418.76 | $5,025.12 | | $781.23 | $13,618.61 |
| 7 | Jan–Dec 85 | 12 | $33.50 | $452.26 | $5,427.12 | | $1,361.86 | $20,407.54 |
| 8 | Jan–Dec 86 | 12 | $36.18 | $488.44 | $5,861.28 | | $2,040.76 | $28,309.63 |
| 9 | Jan–Dec 87 | 12 | $39.08 | $527.52 | $6,330.24 | | $2,830.97 | $37,470.84 |
| 10 | Jan–Dec 88 | 12 | $42.20 | $569.72 | $6,836.64 | | $3,747.08 | $48,054.56 |
| 11 | Jan–Dec 89 | 12 | $45.58 | $615.30 | $7,383.60 | | $4,805.46 | $60,243.62 |
| 12 | Jan–Dec 90 | 12 | $49.22 | $664.52 | $7,974.24 | | $6,024.36 | $74,242.22 |
| 13 | Jan–Dec 91 | 12 | $53.16 | $717.68 | $8,612.16 | | $7,424.22 | $90,278.60 |
| 14 | Jan–Dec 92 | 12 | $57.41 | $775.07 | $9,301.08 | | $9,027.86 | $108,657.54 |
| 15 | Jan–Dec 93 | 12 | $62.01 | $837.10 | $10,045.20 | | $10,865.75 | $129,573.49 |
| 16 | Jan–Dec 94 | 12 | $66.97 | $904.07 | $10,848.84 | | $12,951.35 | $153,373.68 |
| 17 | Jan–Dec 95 | 12 | $72.33 | $976.40 | $11,716.80 | | $15,331.37 | $180,361.85 |
| 18 | Jan–Dec 96 | 12 | $78.11 | $1,054.51 | $12,654.12 | | $18,036.19 | $211,052.16 |
| 19 | Jan–Dec 97 | 12 | $84.36 | $1,138.87 | $13,666.44 | | $21,105.22 | $245,823.82 |
| 20 | Jan–Dec 98 | 12 | $91.11 | $1,229.98 | $14,759.76 | | $24,582.38 | $285,165.96 |
| 21 | Jan–Dec 99 | 12 | $98.40 | $1,328.38 | $15,940.56 | | $28,516.60 | $329,623.12 |
| 22 | Jan–Dec 00 | 12 | $106.27 | $1,434.65 | $17,215.80 | | $32,962.34 | $379,801.33 |
| 23 | Jan–Dec 01 | 12 | $114.77 | $1,549.42 | $18,593.04 | | $37,980.12 | $436,374.39 |
| 24 | Jan–Dec 02 | 12 | $123.95 | $1,673.37 | $20,080.44 | | $43,637.44 | $500,092.27 |
| 25 | Jan–Dec 03 | 12 | $133.77 | $1,807.24 | $21,686.88 | | $50,089.23 | $571,788.38 |
| 26 | Jan–Dec 04 | 12 | $144.68 | $1,951.82 | $23,421.84 | | $57,178.84 | $652,389.06 |
| 27 | Jan–Dec 05 | 12 | $156.15 | $2,107.97 | $25,295.64 | | $65,238.91 | $742,923.61 |
| 28 | Jan–Dec 06 | 12 | $168.64 | $2,276.61 | $27,319.32 | | $74,292.36 | $844,535.29 |
| 29 | Jan–Dec 07 | 12 | $182.13 | $2,458.74 | $29,504.88 | | $84,453.53 | $958,492.70 |
| 30 | Jan–Dec 08 | 12 | $196.70 | $2,655.44 | $31,865.28 | | $95,849.37 | $1,086,208.35 |
| 31 | Jan–Dec 09 | 12 | $212.44 | $2,867.88 | $34,414.55 | | $108,620.84 | $1,229,243.75 |
| 32 | Jan–Dec 10 | 12 | $229.43 | $3,097.31 | $37,167.72 | | $122,924.37 | $1,389,335.84 |
| 33 | Jan–Dec 11 | 12 | $247.78 | $3,345.07 | $40,141.08 | | $138,933.58 | $1,568,410.50 |
| 34 | Jan 12 | | $267.60 | $3,612.69 | | | | |

Page # 3

CALCULATION OF ACCUMULATED PENSION

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| 33 Jan-Dec 11: | 12 | :$247.78 | :$3,345.09 | : | :$40,141.08 | :$138,933.58 | :$1,568,410.50 |
| 34 Jan-Dec 12: | 12 | :$267.60 | :$3,612.69 | : | :$43,352.28 | :$156,841.05 | :$1,768,603.83 |
| 35 Jan-Dec 13: | 12 | :$289.01 | :$3,901.70 | : | :$46,820.40 | :$176,850.38 | :$1,992,284.61 |
| 36 Jan-Dec 14: | 12 | :$312.14 | :$4,213.84 | : | :$50,566.08 | :$199,228.46 | :$2,242,079.15 |
| 37 Jan-Dec 15: | 12 | :$337.11 | :$4,550.95 | : | :$54,611.40 | :$224,207.91 | :$2,520,897.56 |
| 38 Jan-Dec 16: | 12 | :$364.76 | :$4,915.71 | : | :$58,988.52 | :$252,089.76 | :$2,831,975.84 |
| 39 Jan   2017: | 1 | :$393.26 | :$5,308.97 | | | | |

| 38 Jan-Dec 16 : | 12 | :$364.76 | :$4,915.71 | : | :$58,988.52 | :$252,089.76 | :$2,831,975.84 |
| 39 Jan-Dec 17 : | 12 | :$393.26 | :$5,308.97 | : | :$63,707.64 | :$283,197.58 | :$3,178,881.06 |
| 40 Jan-Dec 18 : | 12 | :$424.72 | :$5,733.69 | : | :$68,804.28 | :$317,888.11 | :$3,565,573.45 |
| 41 Jan   19 : | 1 | :$458.70 | :$6,192.39 | : | | | |

Ex 35
9/14/07 Letter to Ct of Appeal

P.O. Box 2325
Glendora, CA 91740
September 14, 2007

Honorable Judges of Court of Appeals for the 9th Circuit
Senior Judge Cynthia Holcomb Hall
603 Court of Appeals
125 S. Grand Ave.
Pasadena, CA  91105

                RE: CASE NO. 06-56415
                    BARROGA  V.  BOARD OF ADMINISTRATION, PERS
Sir/Madam:

I am bringing my case directly to the Honorable Judges for
review, because of the way my APPELLANT'S PETITION FOR REHEARING
was responded, and APPELLANT'S PETITION FOR REHEARING EN BANC
rejected to get filed by Clerk's office - in a way that far
departed from accepted and usual course of judicial proceedings,
or sanctioned as to call for exercise of this Court's supervisory
power.
    Important records are the following:
Nov. 14, 2006 served was Appellant Brief and Appellant's Excerpts
of Record.
Dec. 19, 2006 served was Appellee's Brief.
Dec. 29, 2006 was Appellant's Reply Brief.
Filed May 23, 2007 Court of Appeals Memerandum of AFFIRMED,
is quoted:

    This district court properly concluded this action was
    barred by res judicata. . . AFFIRMED

Served Jun. 4,2007 is Appellant's Petition for Rehearing, to
quote:

    Res judicata does not apply, because the law on declaratory
    relief is a cumulative remedy based upon the same facts
    in the same or new action, to quote:
      (Cal) Code of Civil Procedure 1062. **Cumulative remedy**
    -  The remedies provided by this chapter are cumulative,
    and shall not be construed as restricting any remedy,
    provisional or otherwise, provided by law for the benefit
    of any party to such action, and no judgment under this
    chapter shall preclude any party from obtaining additional
    relief based upon the same facts.

    Precedent is in Petition for Rehearing, p 1, in case Lortz
v. Connell (1969) 78 Cal. Rptr. 6, 273 C.A. 2d 286.

Filed July 5, 2007 is Court of Appeals ORDER, to quote:

                    Page 1  Sept. 14, 2007

EXH 35
p1,2
37,

Attorney for Plaintiff
LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel. 626-367-5858

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LUCIO A. BARROGA,

PLAINTIFF(S)

V.

BOARD OF ADMINISTRATION, CAL
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

DEFENDANT(S)

CASE NUMBER CV06-3696

MOTION FOR LEAVE TO FILE A
COMPLAINT FOR DECLARATORY RELIEF
UNDER AMENDMENT FOURTEEN OF
CONSTITUTION WITH CAL CODE OF CIVIL
PROC. SEC. 1062 CUMULATIVE REMEDY
ON NEW OR SAME ACTION BASED ON
THE SAME FACTS WHICH OVERCOMES
RES JUDICATA REGARDING DEFENDANT
PERS'S VIOLATIONS OF RETIREMENT
LAWS

Date and Time: Aug. 4, 2008 10:01 AM
Place: Dept. Roybal bldg. 680
Judge: Hon. Audrey B. Collins

MEMORANDUM OF POINTS AND AUTHORITIES

RECEIVED
BUT NOT FILED

JUL 4 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY_____ DEPUTY

The ORDER OF DISMISSAL of Sept. 25, 2006 by the Hon. Judge Audrey
CV06-3696 ABC

B. Collins is quoted:

1. The Court lacks subject matter jurisdiction because CalPERS is a state

agency entitled to immunity under the Eleventh Amendment...in absence

of consent of suit.

2. Plaintiff's claims are barred under the doctrine of res judicata by

Plaintiff's prior lawsuits seeking pension benefits.

If plaintiff wishes to file a complaint against CalPERS with this Court, he

must first file a motion for leave to file a complaint.

EXH 36

1

1

Jul 14, 2008

36 A 7/15/06
No document
Discrepancy

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge    ABC

From: C. Powers                Deputy Clerk    Date Received: 7/14/08

Case No.: CV06-3696    Case Title: Barroga v. Board of Administration CA +

Document Entitled: Motion for Leave to File a Complaint For Declaratory Relief

Upon the submission of the attached document(s), it was noted that the following discrepancies with the

CLERK, U.S. DISTRICT COURT
JUL 15 2008
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

D/b

☐ Local Rule 11-3.1    Document not legible
☐ Local Rule 11-3.8    Lacking name, address, phone and facsimile numbers
☐ Local Rule 11-3.9    No copy provided for judge
☐ Local Rule 19-1    Complaint/Petition includes more than ten (10) lines of fictitiously named parties
☐ Local Rule 15-1    Proposed amended pleading not under separate cover
☐ Local Rule 11-6    Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8    Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1    No Certification of Interested Parties and/or no copies
☐ Local Rule 6-1    Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1    Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2    Statement of genuine issues of material fact lacking
☐ Local Rule 7-19.1    Notice to other parties of ex parte application lacking
☐ Local Rule 16-6    Pretrial conference order not signed by all counsel
☒ FRCvP Rule 5(d)    No proof of service attached to document    No proof of service
☒ Other:    See Amended Complaint — no leave to file a 2nd Amended Complaint

Note: Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☒ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date    U.S. District Judge / U.S. Magistrate Judge

☒ The document is NOT to be filed, but instead REJECTED, and is ORDERED returned to counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have not been filed with the Court.

7-15-08    AUDREY COLLINS
Date    U.S. District Judge / U.S. Magistrate Judge

*The term "counsel" is used herein also includes any pro se party. See Local Rule 1-3.

CV-104A (03/03)    NOTICE OF DOCUMENT DISCREPANCIES

EXH 36 A
2.B

G-20    U.S. GOVERNMENT PRINTING OFFICE 2003 672-379

July 15, 2008

9-A-08
Ex Parte Order

Attorneys for Plaintiff(s)
LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel: 626-367-5858

FILED
CLERK, U.S. DISTRICT COURT

SEP - 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ D.A.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

PLAINTIFF(S)

v.

BOARD OF ADMINISTRATION, CAL
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

DEFENDANT(S).

CASE NUMBER CV06-3696 ABC (RCx)
EX PARTE *PROPOSED*
ORDER VACATING MINUTE ORDER DATED
AUGUST 26,2008 DENYING PLAINTIFF'S
MOTION TO RECONSIDER AND VACATE
MINUTE ORDER DATED AUG. 13,2008
DENYING MOTION TO FILE A COMPLAINT
AND VACATING MINUTE ORDER OF
AUG. 13,2008, AND GRANTING
PLAINTIFF'S MOTION TO FILE A
COMPLAINT

Upon consideration of Plaintiff's Ex Parte Application filed

on September 4,2008 seeking EX PARTE ORDER to vacate Minute

Order dated August 26,2008 Denying Plaintiff's Motion to

Reconsider and Vacate Minute Order Dated Aug. 13,2008 Denying

Motion to File a Complaint, and to vacate Minute Order of Aug.

13,2008 Denying Motion to File a Complaint, and to grant

Plaintiff's Motion to File a Complaint,

IT IS HEREBY ORDERED:

   1. The Minute Order of August 26,2008 Denying Plaintiff's

   Motion to Reconsider and Vacate Minute Order of August

   13,2008 Denying Motion to File a Complaint is VACATED.

   2. The Minute Order of August 13,2008 Denying Motion to File

   a Complaint is VACATED.

   3. Plaintiff's Motion to File a Complaint is GRANTED.

Dated:  9/4/08

**DENIED**

U.S District Judge

Sept 4, 2008

EXH 39

Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
TEL  626-367-5858

2008 SEP -4  AM 11:48

CLERK U.S. ...
CENTRAL DIST. OF ...
LOS ANGELES

By...

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

PLAINTIFF(S)

v.

BOARD OF ADMINISTRATION, CAL
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

DEFENDANT(S).

CASE NUMBER CV06-3696 ABC (RCx)

EX PARTE APPLICATION (L.R. 7-19)

~~Date and Time:~~
Place: Roybal Bldg. 680
Judge: Hon. Audrey B. Collins

MEMORANDUM OF POINTS AND AUTHORITIES

REASONS FOR SEEKING EX PARTE ORDER TO VACATE MINUTE ORDER DATED AUGUST 26,2008 DENYING PLAINTIFF'S MOTION TO RECONSIDER AND VACATE MINUTE ORDER DATED AUG. 13,2008 DENYING MOTION TO FILE A COMPLAINT, AND TO VACATE MINUTE ORDER DATED AUG. 13,2008: "Manifest showing of failure to consider material facts presented to the Court before such decision" (L.R. 7-18(c) for DENYING Plaintiff's Motions.

First, the Minute Order dated Aug. 26,2008 giving its reason for DENYING Plaintiff's "Motion to Reconsider and Vacate Minute Order Dated Aug. 13,2008 DENYING Motion for Leave to File a Complaint for Declaratory Relief under Amendment Fourteen of Constitution with Cal Code of Civil Pro. Sec. 1062 Cumulative Remedy on New or Same Action Based on the Same Facts Which Overcome Res Judicata Regarding Defendant PERS's Violation of Retirement Laws", is quoted:

The Court expects no opposition because Plaintiff has not served Defendant. The Court finds this matter appropriate

EXH39A
P1-3
Sept 4, 2008  Page 1

Payment of member normal contributions by contracting agencies or
school employer?

On ISSUE III, the Court should interpret if PERS violated its
lending laws.

A copy of motion was served to defendant. Attached is proof
of service by mail filed Aug. 18,2008, and an amended proof of
service filed Aug. 19,2008, showing certified mail receipt. U.S.
Postal Service delivery to Attorney General was on 08/20/08.

Again, the Court has jurisdiction under Amendment Fourteen of
Constitution, Title 28 § 1331 Federal question, and also under
Eleventh Amendment of Constitution, because, there was consent of
suit by PERS, when on Sept. 5,1995 letter, EXHIBIT 4, Dep. Gen.
Counsel K. Gillan stated, ". .until we are ordered to do so by a
court". . "I urge you to seek. .an attorney." This overcomes the
Court's objection, "in absence of consent of suit".

On Local Rule 7-15 and Fed. R. Civ. Prc. 78, there can be
"motions without oral hearing" but "upon brief written statements
of reasons in support and opposition," which were none.

From the foregoing, the Court should issue an Ex Parte Order
Vacating Minute Order dated Aug. 26,2008 Denying Plaintiff's
Motion to Reconsider and Vacate Minute Order of Aug. 13,2008,
should vacate the Minute Order of Aug. 13,2008 Denying Motion to
File a Complaint, and should grant the Motion to File a
Complaint. A proposed Order is here attached.

Date: September 4, 2008        Respectfully submitted:
                               Lucio A. Barroga

Attached: Proofs of service and Postal Service Delivery
Proposed EX PARTE ORDER
Defendant's Attorneys address

                           Page 3



Attorneys for Plaintiff(s)

**LUCIO A. BARROGA**
**P.O. BOX2325**
**GLENDORA, CA 91740**
**Tel 626-367-5858**

Fee
Paid

FILED
CLERK, U.S. DISTRICT COURT

JAN - 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

LUCIO A. BARROGA,

PLAINTIFF(S)

v.

BOARD OF ADMINISTRATION, CAL
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

DEFENDANT(S).

CASE NUMBER

CV09  00056 SJO (SSx)

COMPLAINT FOR DECLARATORY
RELIEF UNDER AMENDMENT FOURTEEN
OF CONSTITUTION WITH CAL CDDE OF
CIVIL PROC. SEC. 1062 ON NEW OR
SAME ACTION BASED ON THE SAME
FACTS WHICH OVERCOMES RES JUDICATA
AND WITH NEW ISSUES

## MEMORANDUM OF POINTS AND AUTHORITIES

### JURISDICTION

I/S
20

The U.S. District Court has jurisdiction of this case under amendment fourteen
of constitution. Supporting precedent from USCA constitution amendment 14,
Sec. 1, are quoted:

A) State action, for purpose of this clause, may emanate from rulings of
administrative and regulatory agencies as well as from legislative or
judicial actions. Moose Lodge No. 107 v. Irvis, Pa. 1972, 92 S.Ct. 1965, 407
US 163, 32 L.Ed. 2d 627.

B) State has obligation to insure that actions of its agencies do not deprive
any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F.
Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441,
certiorari denied 92 S. Ct. 675, 404 U.S. 1016, 30 L.Ed. 2d 663.

Jan 6, 2009

40

C) The action of state courts and judicial officers in their official capacities is
to be regarded as action of state within this amendment. Shelly v.
Kraemer, Mich. & Mo. 1948, 68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1161.

State judges are members of PERS, even the Hon. U.S. District Court Judge
Florence –Marie Cooper recused herself on this case, because she was a
"participant of CalPERS". EXHIBIT 1A .The U.S. Court of Appeals MEMORANDUM
of May 23,2007, EXHIBIT 31 stated ,"We have jurisdiction under 28 U.S.C. Sec.
1291", so should the District Court. And PERS wanted to settle in court, when on
Sept.5,1995, EXHIBIT 4, Dep. Gen. Counsel K. Gillan said ". .until we are ordered
to do so by a court". . ."I urge you to seek, . . . an attorney".
Therefore, the District Court has jurisdiction also under Amendment 11,
because PERS wanted the case tried in court.

RES JUDICATA DOES NOT APPLY

RES JUDICATA does not apply, because the law on declaratory relief is a
cumulative remedy based on the same facts in the same or new action, to quote:

(Cal) Code of Civil Procedure Sec. 1062. **Cumulative remedy**

The remedies provided by this chapter are cumulative, and shall not be
construed as restricting any remedy, provisional or otherwise, provided by
law for the benefit of any party to such action, and no judgment under this
chapter shall preclude any party from obtaining additional relief based
upon the same facts

Precedent:

2

Party seeking declaratory relief **will not** be barred from seeking coerceive relief by further proceedings in the **same** or new action. Lortz v. Connell (1969) 78 Cal Rptr. 5, 275 C.A. 2d **286.**

## ISSUES  (SUMMARY, see pages 15 to 17)

**1,**   Whether employer's contributions **to the** retirement fund on behalf of members are normal contributions under **Gov't** Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer** (Please see Table of Authorities for provision) **– to** determine membership.

**2,**  Whether PERS's offer for the **withdrawal of the** member contributions after plaintiff's reaching 50 years old to deprive **plaintiff** of lifetime retirement allowance is a violation of statute Gov't Code **Sec. 21203 (new 21259)** Nonforfeiture after qualification for retirement

3. Whether PERS denial to consider the withdrawn member contributions as a loan, a violation of the lending laws which allow withdrawals as loan, Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawal,. .interest; Gov't Code Sec. 20211 (20202) Natural disaster relief loan, Gov't Code Sec. 20208.5 (new 20203) Security loan, and Gov't Code Sec. 20215 (new 20200) Home financing program.

## TABLE OF AUTHORITIES

RES JUDICATA DOES NOT APPLY BECAUSE THE LAW ON DECLARATORTY RELIEF IS A CUMULATIVE REMEDY BASED UPON THE SAME FACTS IN THE SAME OR NEW ACTION, THUS THE DISMISSAL CONFLICTS WITH THE LAW.

(Cal) Code of Civil Procedure Sec. 1062. **Cumulative remedy**

3

Motion L.R. 7-17 }
Resubmission, Disqualification

Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel  626-367-5858

1

2

3    UNITED STATES DISTRICT COURT
     CENTRAL DISTRICT OF CALIFORNIA

4

5    LUCIO A. BARROGA,            CASE NUMBER CY09-056AB

6          PLAINTIFF(S)

7             v.                  MOTION UNDER L.R. 7-17 RESUBMIS-
                                  SION FOR LEAVE TO FILE A
     BOARD OF ADMINISTRATION,     COMPLAINT FOR DECLARATORY RELIEF
8    CAL PUBLIC EMPLOYEES'        UNDER AMENDMENT FOURTEEN OF
     RETIREMENT SYSTEM (PERS),    CONSTITUTION WITH CAL CODE OF
9          DEFENDANT(S).          CIVIL PROC. SEC. 1062 CUMULATIVE
                                  REMEDY BASED ON THE SAME FACTS IN A
10                                NEW OR THE SAME ACTION WHICH
                                  OVERCOMES RES JUDICATA
11

12                               Time and Date:
                                 Place:
13                               Judge:

(Pages // to /4 is Motion DENIED and is resubmitted.)

Title 28 Sec. 455 **Disqualification of justices, judges or**

**magistrate judges**

(a) Any justice, judge, or magistrate judge of the United

States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned.

L. R 7-17  **Resubmission of Motion Previously Acted**

**Upon**

If any motion, application or petition has been made to any judge

of this Court and has been denied, . . .any subsequent motion for the

same relief. . whether upon the same or any allegedly different state of    EXH A3

1 Jan 29, 2009    P1-3  #A A

facts, shall be presented. . If presented to a   different judge, it shall be

the duty of the moving party to file and serve a declaration setting

forth the material facts and circumstances as to each *prior* motion, including

the date and judge involved in the prior motion, the ruling, decision or

order made, and the new or different facts or circumstances claimed to

warrant relief.

L.R. 7-18 **Motion for reconsideration** .

A motion for reconsideration of the decision on any motion may be

made  only on grounds of (c) manifest showing of a failure  to

consider material facts presented to the Court before such decision.

"Cal Code of Civil Procedure Sec.657 **Relief available on motion**

**for new trial, causes. . .**

"1.. .abuse of discretion .. . .

"4. Newly discovered evidence, material for the party making the

application, which he could not, with reasonable diligence, have discovered

and produce at the trial.

"6 Insufficiency of evidence to justify the verdict or other decision, or

the verdict or other decision is against the law,

"7. Error in law . . "

It is against the law to close the case because of  res judicata and

2

lack of subject matter jurisdiction, because res judicata does not apply in declaratory relief action with new discovered law,  Cal Code of Civil Proc. Sec. 1062 **Cumulative remedy** based on the same facts in new or same action. And the Court has jurisdiction under Amendment 14 of Constitution, and Amendment 11, because PERS wanted this case tried in court.

Plaintiff is not a vexatious litigant.

Filed on June 14,2006 was a COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT FOURTEEN OF CONSTITUTION ON CAL RETIREMENT LAWS PERS WRONGLY INTERPRETED, AND THE CAL COURTS WRONGLY INTERPRETED OR REFUSED TO , INTERPRET BY REASON OF RES JUDICATA on 3 issues: whether the employer's contributions to the retirement fund on behalf of members  are "normal contributions" under (Government) Gov't Code Sec. 20027 (new 20053) Normal contributions and Gov't Code Sec. 20750.1 (new 20795) Miscellaneous members ..normal contributions, and whether the alternative offer of PERS for the withdrawal of the accumulated member contributions to deprive plaintiff of lifetime retirement allowance a violation of Gov't Code Sec 21203 (new 21259) Nonforfeiture after qualification for retirement, (EXHIBIT 27 attached to proposed COMPLAINT.)

Filed Sept. 25,2006 is ORDER OF DISMISSAL to the Complaint,

*3*

Notice of Order
Vexatious

LODGED

FILED

2009 JAN 28 PM 1:57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

2009 FEB -2 PM 12:46

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Lucio A. Barroga

PLAINTIFF(S)

v.

Board Of Administration, et al;

DEFENDANT(S).

CASE NUMBER

CV09-56-ABC

### NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☒ Other  Motion for leave to file a complaint for declaratory relief. Disqualification of justices, judges or mag judges.

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing of any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☐ Court order is needed to file a new action.
☒ Court order is needed to file subsequent pleadings.
☒ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

====================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_____Jan. 29, 2009_____          _____[signature]_____          EXH 44
Date                              United States District Judge / Magistrate Judge

NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

CV-115 (5/99)

Feb. 2, 2009

2/2 3/09

Request for authorization

Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel 626-367-5858

255 East Temple St. N
Robal Bldg., U.S. District Court
Los Angeles, CA 90012

NOT TO BE FILED

mailed 2/2/09

1
2
3
4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

5  LUCIO A. BARROGA,

6              PLAINTIFF(S)

7         v.

8  BOARD OF ADMINISTRATION,
   CAL PUBLIC EMPLOYEES'
9  RETIREMENT SYSTEM (PERS),
                DEFENDANT(S)

10
11

CASE NUMBER  CV09-056

( To CHIEF JUDGE:
( REQUEST FOR AUTHORIZATION TO FILE
( A MOTION FOR LEAVE TO FILE A
( COMPLAINT, OR TO FILE A COMPLAINT
(
(
(

REQUEST FOR AUTHORIZATION TO FILE A MOTION FOR LEAVE

TO FILE A COMPLAINT, OR TO FILE A COMPLAINT

Feb. 02,09 NOTICE AND ORDER RE FILING BY VEXATIOUS

LITIGANT on Motion for leave to file a complaint for declaratory relief.

Disqualification of justices, judges, mag judges, is quoted:

1. "Court order is needed to file subsequent pleadings"

2. "Written authorization from Chief Judge is required before filing of

any document."

VEXATIOUS LITIGATION is defined by Barron's Law dictionary, as

"**civil action** shown to have been instituted maliciously and without

**probable cause,** and one which maybe protected against by **injunction**".

*1*

EXH 45
P1,2,3,6

Feb. 23, 2009

This case is NOT vexatious litigation, and plaintiff is NOT a vexatious litigant, because the causes of action are valid. The letters dated Sept.5,1995 by Deputy General Counsel Kayla Gillan, EXHIBIT 4, and Apr.18,1996 by Deputy Executive Officer and General Counsel Richard Koppes, EXHIBIT 5, here attached shows there are genuine issues.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS AND WHICH REMAIN IN DEPOSIT WITH PERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, CAL GOV'T CODE SEC. 20691? (to determine membership and qualification for pension).

(Cal)_ Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer**

. . .The payment shall be reported simply as normal contributions and shall be credited to member accounts,

(Cal) Gov't Code Sec. 20390 (new 20340) Condition of cessation

A person ceases to be a member:

(b) if he or she is paid his or her "normal contributions",

Because the employer's contributions in my behalf, which have remained in deposit with PERS, are clear and explicit "normal contributions", therefore I am still a members of PERS, and I am entitled

*2*

3/1/2-
3/3/09
Minute Order
Denying Authorize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-0056 SJO (SSx) | | Date | March 3, 2009 |
|---|---|---|---|---|

| Title | Barroga v. Board of Administration, California Public Employees' Retirement System |
|---|---|

| Present: The Honorable | Audrey B. Collins, Chief Judge | |
|---|---|---|
| Daphne Alex | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

            None                                                    None

Proceedings:        Re: PLAINTIFF'S REQUEST FOR AUTHORIZATION TO FILE A
                    COMPLAINT (In Chambers)

The Court is in receipt of Plaintiff's request to file a new complaint, which is hereby DENIED.

IT IS SO ORDERED.

                                                    : _____
                            Initials of Preparer    AB for DA

                                                    Exh 46

Mar 3, 2009

*Request Reconsideration*



255 East Temple St., Rm 680
Roybal Bldg., U.S. District Court
Los Angeles, CA 90012

Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel 626-367-5858

NOT TO BE FILED

CLERK, U.S. DISTRICT COURT
FILED
MAR 12 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3  **UNITED STATES DISTRICT COURT**
4  **CENTRAL DISTRICT OF CALIFORNIA**
5  LUCIO A. BARROGA,                    **CASE NUMBER** CV09-056
6                PLAINTIFF(S)
7         v.                           )To CHIEF JUDGE AUDREY B. COLLINS:
                                       )REQUEST FOR RECONSIDERATION
8  BOARD OF ADMINISTRATION,            )OF MAR. 3,2009 MINUTE ORDER
   CAL PUBLIC EMPLOYEES'              )DENYING PLAINTIFF'S REQUEST FOR
9  RETIREMENT SYSTEM (PERS),          )AUTHORIZATION TO FILE A COMPLAINT
                DEFENDANT(S).          )
10
11

REQUEST FOR RECONSIDERATION OF MAR. 3,2009 MINUTE

ORDER DENYING PLAINTIFF'S REQUEST FOR AUTHORIZATION

TO FILE A COMPLAINT

It is requested that the Mar. 2,2009 REQUEST FOR AUTHORIZATION

TO FILE A COMPLAINT be read again.

The ORDER DENYING the Plaintiff's REQUEST FOR

AUTHORIZSATION TO FILE A COMPLAINT violated the Judge own

ruling on the September 25,2006 Dismissal Order , to quote:

"..under Ninth Circuit test, 'any restrictive prefiling order must be as

narrowly tailored as possible'.. . Here, under the Court's order, Plaintiff will

be required to submit to a pre-filing review before being allowed to file

Mar 12, 2009                    EXH 47
                                 p.1,2

future cases against CalPERS in the Central District.."

The issue, the employer's contributions to the retirement fund on my behalf have remained in deposit with PERS, and PERS has deprive me of benefits derived from that employer's contributions. I had worked and toiled for the employer's contributions, and being deprived of benefit from the fruit of my labor is slavery. The U.S. Constitution, Amendment 13 prohibits slavery. And as protector of the constitution, the courts should not allow any form of slavery.

From the foregoing, this REQUEST FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR AUTHORIZATION TO FILE A COMPLAINT should be granted.

Date. March  *11* ,2009                    Respectfully submitted:

                                           *Lucio A. Barroga*
                                           Lucio A. Barroga, Plaintiff

Attached:

Mar. 3,2009 Minute Order Denying Request For Authorization To

File A Complaint

2

CIVIL MINUTES - GENERAL

| Case No. | CV 09-056 SJO (RCx) | Date | March 16, 2009 |
|---|---|---|---|

| Title | Barroga v. Board of Administration, California Public Employees' Retirement System |
|---|---|

---

| Present: The Honorable | Audrey B. Collins, Chief Judge | |
|---|---|---|

| Daphne Alex | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:    Re: PLAINTIFF'S REQUEST FOR AUTHORIZATION TO FILE A
COMPLAINT (In Chambers)

The Court is in receipt of Plaintiff's request for reconsideration of the Court's minute order denying his request to file a complaint against CalPERS, issued on March 5, 2009. The motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

| | : |
|---|---|
| Initials of Preparer | DA |

*EX# 48*

*Mar 16, 2009*

*Letter to*
4/9/09
*Ct. of Appeal*



FILED
CLERK, U.S. DISTRICT COURT

APR - 9 2009

CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

APR 0 9 2009

FILED
DOCKETED
DATE          INITIAL

P.O. Box 2325
Glendora, CA 91740
April 7 ,2009

Honorable Judges of the Court of Appeals of the 9th Circuit

Judge Cynthia Holcomb Hall
U.S. Court of Appeals Bldg.
125 S, Grand Ave.
Pasadena, CA 91109

RE: Lucio A Barroga v    Board of Administration.,
                         Cal Public Employees' Retirement
                         System  (PERS)
                         Case CV09-056  SJO (SS)

Your Honor:

I am bringing my case directly to you, the Honorable Judges for
request for your exercise of the Court of Appeals's supervisory
power over district court judge whose judgment is against the law.

I wanted to file a complaint, and after her repeatedly failure to
consider material facts, cited in my Jan 28,2009 Case 09-056
EXHIBIT 43 Motion Under L.R. 7-17 Resubmission For Leave To
File A Complaint For Declaratory Relief Under Amendment 14 Of
Constitution With Cal Code Of Civil Proc. Sec. 1062 **Cumulative
Remedy** Based On The Same Facts In New Or Same Action
Which Overcomes Res Judicata is:

         Title 28  Sec. 455 **Disqualification of justices, judges,
         or magistrate judges**
         Any justice, judge, or magistrate judge of the United States
         shall disqualify himself in any proceeding in which his
         impartiality might reasonably be questioned.
Against law, instead of disqualifying herself according to law,

Apr. 9, 2009

ExH 49A

Judge Audrey B. Collins issued a NOTICE AND ORDER RE
FILING BY VEXATIOUS LITIGANT filed Jan 28,2009
EXHIBIT 44  , restricting the filing of any document, to quote:
      Motion for leave to file a complaint for declaratory relief.
   Disqualification of justices, judges or mag judges.
      Court order is needed to file subsequent pleadings.
      Written authorization from Chief Judge is required before
filing of any document.
  A Mar 3,2009 Minute ORDER DENIED a Request For
Authorization To File A Complaint of Mar. 2, 2009,EXHIBIT 46.
Then, a Mar 16,2009 Minute ORDER DENIED a Request For
Reconsideration To File a Complaint of Mar 11, 2009.

    During the senate hearing for his confirmation, the Hon.
Chief Justice  John Roberts said: judgment strictly under the law
and "without fear or favor".

## FACTS

    After reaching 50 years old and retirable in 1979, I submitted an
application for retirement pension from previous services with the
City of El Segundo, and later I went to Sacramento PERS office to
follow up my application. PERS offered me two choices: to
receive a monthly pension of $135, or 2) as alternative, to receive a
lump sum of my member contributions (approx, 7% of salaries),
but the employer's contributions on my behalf (approx. 7.75% of
salaries under Gov't Code Sec. 20750.1 (new 20795)), will remain
with PERS. I received approximately $10,000 of my accumulated
member contributions, with the employer's contribution on my
behalf remaining in deposit with PERS.
    Later in some years, I requested that the offered monthly
pension shall pay and redeposit for the withdrawn member
contributions as a loan which PERS maliciously omitted to inform
the monthly pension can redeposit per statute (Cal) Gov't Code
Sec. 20654 (new 20750) Redeposit Of Withdrawals, and  when  the
loan or withdrawal is fully paid with interest, then monthly pension

*2*

will start to me. But PERS claimed the employer's contributions which have remained with PERS are not "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a member of PERS, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws.

ISSUES
    Proof that I am still a PERS member, because the employer contributions on my behalf have remained in deposit with PERS.

    (Cal) Gov't Code Sec. 20390 (new 20340) Condition of cessation
        A person ceases to be a member:
    (b) if he or she is paid his or her "normal contributions".

    Therefore, IF the employer's contributions which remain in deposit with PERS are "normal contributions",  then I am still a PERS member.
    ISSUE I: ARE THE EMPLOYERS'S CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL) GOV'T CODE SEC. 20691?
        (Cal) Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer**
        Notwithstanding any other provision of law, a contracting agency or school employer  may pay all or a portion of the normal contributions required to be paid by a member.  . The payment shall be reported simply as normal contributions and shall be credited to member accounts.
    The employer's contributions are explicit "normal contributions", therefore I am still a PERS member, entitled retirement benefits.

3

ISSUE II:  IS PERS'S ALTERNATIVE OFFER FOR THE WITHDRAWAL OF THE ACCUMULATED  MEMBER CONTRIBUTIONS TO DEPRIVE PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE AFTER  PLAINTIFF HAD QUALFIED FOR RETIREMENT AFTER REACHING 50 YEARS OLD, A VIOLATION OF (CAL) GOV'T CODE SEC, 21203 (NEW 21259)?

(Cal) Gov't Code Sec. 21203 (new 21259) Nonforefeiture after qualification for retirement

Subject to compliance with this part, after a member has qualified as to . .age and service for retirement for service, nothing shall deprive him or her of the right to retirement allowance as determined under this part.

ISSUE III :  IS PERS'S DENIAL FOR CONSIDERING THE WITHDRAWN MEMBER CONTRIBUTIONS AS A LOAN A VIOLATION OF PERS'S LOAN LAWS WHICH ALLOW WITHDRAWALS AS A LOAN?  OR DISCRIMINATORY?

(Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals, interest. .

. .member may file an election with the board to redeposit in the retirement fund, in lump sum or by installment payment (1) an amount equal to the accumulated contributions.. .withdrawn,  and  (2) an amount equal to the interest. .and (3) if he or she elects to redeposit in other than one sum, interest on the unpaid balance at date of election to redeposit.

(Cal) Gov' t Code Sec. 20211 (new 20202) Natural disaster relief loan.

(Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

(Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

(Cal) Gov't Code Sec. 20201 Secured home loan.

4

ISSUE IV: CONSTITUTION, AMENDMENT 13 IS VIOLATED. PERS HAS DENIED PLAINTIFF RETIREMENT BENEFITS DERIVED FROM THE EMPLOYER'S CONTRI BUTION WHICH REMAIN IN DEPOSIT WITH PERS, WHICH EMPLOYERS CONTRIBUTIONS PLAINTIFF HAD WORKED AND TOILED FOR.

**Amendment 13, Section 1.** Neither slavery nor involuntary servitude . . .shall exist within the United States, . .

If any of the ISSUES is yes, then I am entitled retirement benefits and the redeposit of the withdrawn contributions.

OTHER CITED AUTHOIRITIES
STATUTE OF LIMITATION

(Cal) Gov't Code Sec. 20181(new 20164) Duration of obligation; limitation of actions

(b)(2) In cases where the system owes money to a member or beneficiary, the period of limitation shall not apply

RES JUDICATA DOES NOT APPLY UNDER DECLARATORY RELIEF LAW

(Cal) Code of Civil Proc. Sec. 1062 **Cumulative remedy** The remedies provided by this chapter are cumulative , and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts.

PLAINTIFF IS NOT A VEXATIOUS LITIGANT, BECAUSE THE CAUSES OF ACTION OR ISSUES ARE VALID AND ARE NOT FRIVOLOUS. From Barron's Law Dictionary is quoted:

**VEXATIOUS LITIGATION** is **civil actions** shown to have been instituted maliciously and without **probable cause. . .**

**L.R. 7-17 RESUBMISSION Of Motion Previously Acted Upon** If any motion, application or petition has been made to any judge of this Court and has been denied. . .any subsequent motion for the same relief . .whether upon the same or any

*5*

4/23/09
Judicial Misconduct

OFFICE OF THE CIRCUIT EXECUTIVE

## UNITED STATES COURTS FOR THE NINTH CIRCUIT

JAMES R. BROWNING UNITED STATES COURTHOUSE
95 SEVENTH STREET
POST OFFICE BOX 193939
SAN FRANCISCO, CA 94119-3939

CATHY A. CATTERSON,
CIRCUIT & COURT OF APPEALS EXECUTIVE
PHONE: (415) 355-8000

April 23, 2009

Lucio A. Barroga
P.O. Box 2325
Glendora, CA 91740

Re: Complaint of Judicial Misconduct No. 09-90071

Dear Mr. Barroga:

We have received the complaint of judicial misconduct filed pursuant to 28 U.S.C. § 351(a) against Chief District Judge Collins. Docket Number 09-90071 has been assigned to this matter.

Pursuant to the Rules for Judicial-Conduct and Judicial-Disability Proceedings, a copy of the complaint has been forwarded to Chief Judge Kozinski, Chief Judge Collins, and Judge G. H. King .

Very truly yours,

Cathy A. Catterson

CAC/gb

Apr. 23, 2009

EXH 49
p1-9

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

Lucio A. Barroga                         CASE NO. CVO9-056
Appellant                                USCA9 NO. 09-55595

        vs.

Board of Administration
Cal Public Employees' Retirement System (PERS)

### APPELLANT'S INFORMAL BRIEF

(Please see the attached Notice of Appeal, (N of Ap) which is part
of this Appellant's Informal Brief. EXHIBITS are attached to
Notice of Appeal.)

**1) Jurisdiction** (See N of Ap, p 6)

U.S. DISTRICT COURT HAS JURISDICTION UNDER:

   A) U.S. Constitution, Amendment 14, Sec. 1., Precedent:
     Moose Lodge No.107 v. Irvis, Pa 1972, 92 S.Ct. 1965.

   B) U.S. Constitution, Amendment 11, with consent of suit.
PERS wanted this case to be tried in court. See EXHIBIT 4.

   C) U.S. Constitution Amendment 13, prohibition of slavery.

Timeliness of Appeal

Dates of entry of orders:

   Entered Mar 5, 2009 Minute ORDER Denied Plaintiff's Request
For Authorization To File A Compliant, EXHIBIT 46, attached is
court entry of judgment.

   Mar 16,2009 Minute ORDER Denied Plaintiff's Request For
Reconsideration Of Court's Minute Order of Mar 5,2009,
EXHIBIT 48, attached is court entry of judgment..

May 11, 2009

EXB 50

Date Notice of Appeal: Submitted Apr 7,2009, received Apr. 9, 2009.

## 2) What are the facts of your case?
FACTS (See N of Ap, p 2)

After reaching 50 years old and retirable in 1979, I submitted an application for retirement pension from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up my application. PERS offered me two choices: to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 (new 20795)), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the employer's contribution on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit Of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are not "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a member of PERS, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws.

## 3) What did you ask the district court to do? (See  N of Ap, p 1)
I wanted to file a new complaint, so I submitted and resubmitted motions for leave to file a complaint., but Judge. Collins denied my motions, (see also earlier EXHIBIT 36.)

2

Filed in Jan 28,2009 Case CV09-056, EXHIBIT 43, Motion Under L.R. 7-17 Resubmission For Leave To File A Complaint For Declaratory Relief Under Amendment 14 Of Constitution With Cal Code Of Civ. Proc. 1062 **Cumulative remedy** Based On The Same Facts In New Or Same Action Which Overcomes Res Judicata., of which Complaint, EXHIBIT 40, was filed Jan 6,2009.

Cited is Title 28 Sec. 455 **Disqualification of justices, judges, or magistrate judges.**

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Against law, instead of disqualifying herself according to law, Judge Audrey B. Collins issued a Notice And Order Re Filing By Vexatious Litigant filed Feb 2,2009 EXHIBIT 44, restricting the filing of any document, to quote:

> Motion for leave to file a complaint for declaratory relief. Disqualification of justices, judges, or mag judges.
> Court order is needed to file subsequent pleadings.
> Written authorization from Chief Judge is required before filing of any document.

An EXHIBIT 46 Mar 3,2009 Minute ORDER DENIED A Request For Authorization To File A Complaint of Mar. 2,009. Then, an EXHIBIT 48, Mar 16,2009 Minute ORDER DENIED a Request For Reconsideration For Authorization To File A Complaint filed Mar 12,2009, EXHIBIT 47.

**4) State the claim or claims you raised at the district court and supporting authorities.**

CLAIMS OR ISSUES ON COMPLAINT (See N of Ap, p 3 to 5).

Proof that I am still a PERS member, because the employer contributions on my behalf have remained in deposit with PERS.

> (Cal) Gov't Code Sec. 20390 (new 20340) Condition of cessation
> A person ceases to be a member:

*3*



Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel 626-367-5858

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

SEP 2 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

                              PLAINTIFF(S)

        v.

BOARD OF ADMINISTRATION,
CAL PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

                              DEFENDANT(S).

CASE NUMBER   CV09-056

REQUEST FOR COURT TO STATE IF THE
CITED LAW TITLE 28 SEC. 455
DISQUALIFICATION OF JUSTICES,
JUDGES OR MAGISTRATE JUDGES APPLIES
AND IS RESPECTED TO ALLOW FILING
OF A NEW COMPLAINT

REQUEST FOR COURT TO STATE IF THE CITED LAW TITLE 28 SEC 455 DISQUALIFICATION OF JUSTICES, JUDGES OR MAGISTRATE JUDGES APPLIES AND IS RESPECTED TO ALLOW FILING OF A NEW COMPLAINT

At the senate confirmation hearing, U.S. Supreme Court Chief Justice John Roberts said: judgment strictly under the law and "without fear or favor"

At the senate confirmation hearing, U.S. Supreme Court Justice Sonia Sotomayor said: apply the law to the facts; apply the command of the law.

This is regarding my request to file a new complaint.

The dismissal order of case CV06-3696 EXHIBIT 30 filed Sept. 25, 2006 is quoted:

        If plaintiff wishes to file a complaint against Cal PERS with this Court, he must first file a motion for leave to file a complaint.

EXHIBIT 51 filed July 8, 2009 Notice and Order Re Filing by Vexatious Litigant is quoted, in respond for my earlier request on July 2, 2009 to file this new complaint:

        Court order is needed to file a new action.

EXHIBIT 52 filed Sept 2, 2009 Notice and Order Re Filing by Vexatious

Sept. 2 A, 2009

EXHIBIT 53

Litigant . .again for my request to file a new complaint is quoted:

Court order is needed to file a new complaint.

Plaintiff is not a vexatious litigant, because the causes of action are valid and not frivolous. From Barron's Law Dictionary is quoted:

**VEXATIOUS LITIGATION** is **civil actions** shown to have been instituted maliciously and without **probable cause. .**

The court clerk refused to file the complaint for leave of court order from different judge even if a different judge is clear, and wanted a clearer explanation, because of misunderstanding of who will issue the "Court order (is) needed to file a new action", whether a different judge, but not Chief Judge Collins who issued EXHIBITS 51 and 52 Orders. By answer of yes or no as in supreme court issues:

IS A DIFFERENT JUDGE TO ISSUE THE ORDER NEEDED TO FILE A NEW ACTION AS CALLED FOR IN EXHIBITS 51 AND 52?

At the senate confirmation hearing, a senator asked if she will disqualify herself, citing Title 28 Sec.455 **Disqualification of justices, judges or magistrate judges,**

Any justice, judge, or magistrate judge of the United State shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

U.S. Court of Appeals Judge (now Justice) Sonia Sotomayor answered, Yes, she will disqualify herself.

If the court clerk chooses to assign this request to Chief Judge Collins, can I please also asked the same question?

YOUR HONOR, CHIEF JUDGE AUDREY B. COLLINS, CITED EARLIER IN EXHIBIT 43 FILED JAN. 28, 2009 IS TITLE 28 SEC. 455 DISAQUALIFICATION OF JUSTICES, JUDGES OR MAGISTRATE JUDGES, WILL YOU DISQUALIFY YOURSELF IN THIS CASE BARROGA V. PERS?

From the foregoing, this request, if Title 28 Sec. 455 applies and be

2

respected to allow filing of new complaint should be granted.

Date: September 24, 2009                    Respectfully submitted,

*Lucio A. Barroga*
Lucio A. Barroga

Attached;
Complaint for declaratory relief
EXHIBIT 43 and EXHIBIT 52

*3*

EX 54  9/24/09  Ct. Order
LODGED

2009 SEP 24  AM 11: 47
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

FILED
CLERK US DISTRICT COURT

SEP 24 2009

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | CASE NUMBER |
| PLAINTIFF(S) | CV09-56 ABC |
| v. | |
| Board of Administration, Cal Public Employees' Retirement System (PERS) | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter.  Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☒ Written authorization from the Chief Judge is required before filing of any document.
☒ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=====================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_____9/24/09_____                    _____
Date                                 United States District Judge / Magistrate Judge

EXH 54

CV-115 (5/99)        **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

Sept. 24, 2009

FILED

JUDICIAL COUNCIL

NOV 10 2009

OF THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE COMPLAINT OF          No. 09-90071

JUDICIAL MISCONDUCT         ORDER

KOZINSKI, Chief Judge:

Complainant alleges that the district judge assigned to several of his civil

cases made various improper substantive and procedural rulings, including

declaring complainant a vexatious litigant.  These charges relate directly to the

merits of the judge's rulings and must therefore be dismissed.  See 28 U.S.C.

§ 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B).  A misconduct complaint is

not the proper vehicle for challenging the merits of a judge's rulings.  See In re

Charge of Judicial Misconduct, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant's requests to file a new complaint and recuse the judge are not

cognizable under the misconduct complaint procedure.  See Judicial-Conduct Rule

(h); In re Charge of Judicial Misconduct, 567 F.3d 429, 431 (9th Cir. Jud. Council

2009).

**DISMISSED.**

Nov, 10, 2009

EXH 55

**FILED**

JUDICIAL COUNCIL

OF THE NINTH CIRCUIT

JAN 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE COMPLAINT OF

JUDICIAL MISCONDUCT

No. 09-90071
**ORDER**

Before:  **KOZINSKI**, Chief Judge, **HUG, THOMAS, MCKEOWN,
GOULD,** and **RAWLINSON**, Circuit Judges, **GONZALEZ** and
**HUNT**, Chief District Judges, and **HATTER** and **WHALEY**, District
Judges*

Pursuant to Article V of the Rules for Judicial-Conduct and Judicial-Disability Proceedings under 28 U.S.C. § 352(c), complainant has filed a petition for review of the order of the Chief Judge entered on November 10, 2009, dismissing the complaint against a district judge of this circuit.

We have carefully reviewed the record and the authorities cited by the Chief Judge in his order of dismissal. We conclude there is no basis for overturning the order of dismissal.

For the reasons stated by the Chief Judge and based upon the controlling authority cited in support thereof, we affirm.

* Hon. Audrey B. Collins did not participate in the consideration of this matter.

Jan 11, 2010

EX 57
9

*Ex 60*
*1/19/10 9. Appeal Order*

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Edited by Foxit Reader
Copyright(C) by Foxit Corporation,2005-2009
For Evaluation Only.

| | |
|---|---|
| LUCIO A. BARROGA, | No. 09-55595 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00056-ABC Central District of California, Los Angeles |
| v. | |
| BOARD OF ADMINISTRATION OF THE CALIFORNIA EMPLOYEES RETIREMENT SYSTEM, | ORDER |
| Defendant - Appellee. | |

Before: SILVERMAN, PAEZ and BEA, Circuit Judges.

A review of the record and the opening brief indicates that the questions

raised in this appeal are so insubstantial as not to require further argument. *See*

*United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating

standard).

Accordingly, we summarily affirm the district court's judgment.

All pending requests are denied as moot.

**AFFIRMED.**

AT/MOATT

*Jan 19, 2090*

*EXH: 60*

Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel  No. 626-367-5858

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCIO A, BARROGA, | CASE NUMBER |
| **PLAINTIFF(S)** | COMPLAINT FOR DECLARATORY |
| v. | )RELIEF UNDER AMENDMENT FOURTEEN |
| BOARD OF ADMINISTRATION, CAL | )OF CONSTITUTION WITH CAL CODE OF |
| PUBLIC EMPLOYEES' | )CIVIL PROC. SEC. 1062 ON NEW OR |
| RETIREMENT SYSTEM (PERS), | )SAME ACTION BASED ON THE SAME |
| | )FACTS WHICH OVERCOMES RES JUDICATA |
| **DEFENDANT(S).** | )REGARDING DEFENDANT PERS VIOLATIONS |
| | )OF RETIREMENT LAWS |

## MEMORANDUM OF POINTS AND AUTHORITIES

### THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

A)   U.S. Constitution Amendment Fourteen. Supporting precedent, from

USCA Constitution Amendment 14, Sec. 1, to quote precedent:

a) State action, for purpose of this clause, may emanate from rulings

administrative and regulatory agencies as well as from legislative or

judicial actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965,

407 US 163, 32 L.Ed. 2d 627.

DUI
NOT FILED

MAR 22 2010

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**Note:**  EXHIBIT 60 Jan 19,2010 Court of Appeals Order:." . questions raised in
this appeal are so insubstantial. . .All pending requests are denied as moot."

EXHIBIT 60A Feb 2010 Court of Appeals Mandate

Mar 22, 2010



RECEIVED & RETURNED
CLERK. U.S. DISTRICT COURT

MAR 2 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

EXH 65
p1-84

/

b)   State has obligation to insure that actions of its agencies do not deprive any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F. Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441, certiorari denied 92 S. Ct. 675,   404 U.S. 1016,   30 L.Ed. 2d 663.

c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948,   68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

B)   Constitution, Amendment 11, because PERS wanted this case tried in court. See EXHIBIT 4. Dep. Gen. Counsel Gillan said, " unless and until we are ordered to do so by a court ".   " I .. urge you to seek, . an attorney".

C) Constitution, Amendment 13, prohibition of slavery. ISSUE IV.

D) State judges are members of PERS, even the Hon. U.S. District Court Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A .

FACTS

After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of

2

salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws.

ISSUES

Proof that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS, to quote:

(Cal) Gov't Code Sec. 20390 (new 20340)   Condition of cessation

A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit with PERS are "normal contributions", then I am still a PERS member.

3

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL) GOV'T CODE SEC. 20691?

(Cal) Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer**

Notwithstanding any other provision of law, a contracting agency or school employer may pay all or a portion of the normal contributions required to be paid by a member.  . The payment shall be reported simply as normal contributions and shall be credited to member accounts.

The employer's contributions are explicit "normal contributions", therefore I am still a PERS member, entitled retirement benefits.


ISSUE II:   IS PERS'S ALTERNATIVE OFFER FOR THE WITHDRAWAL OF THE ACCUMULATED MEMBER CONTRIBUTIONS TO DEPRIVE PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE AFTER PLAINTIFF HAD QUALFIED FOR RETIREMENT AFTER REACHING 50 YEARS OLD, A VIOLATION OF (CAL) GOV'T CODE SEC. 21203 (NEW 21259)?

(Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement

Subject to compliance with this part, after a member has qualified as to . .age and service for retirement for service, nothing shall deprive him or her of the right to retirement allowance as determined under this part.

ISSUE III :   IS PERS'S DENIAL FOR CONSIDERING THE WITHDRAWN MEMBER CONTRIBUTIONS AS LOANS A VIOLATION OF PERS'S LOAN LAWS WHICH ALLOW WITHDRAWALS AS LOANS?    OR DISCRIMINATORY?

4

(Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals, interest. .

. .member may file an election with the board to redeposit in the retirement fund, in lump sum or by installment payment (1) an amount equal to the accumulated contributions.. .withdrawn, and   (2) an amount equal to the interest. .,and (3) if he or she elects to redeposit in other than one sum, interest on the unpaid balance at date of election to redeposit.

(Cal) Gov' t Code Sec. 20211 (new 20202) Natural disaster relief loan.

(Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

(Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

(Cal) Gov't Code Sec. 20201   Secured home loan.

ISSUE IV: CONSTITUTION, AMENDMENT 13 IS VIOLATED. PERS HAS DENIED PLAINTIFF RETIREMENT BENEFITS DERIVED FROM THE EMPLOYER'S CONTRIBUTION WHICH HAVE REMAINED IN DEPOSIT WITH PERS, WHICH EMPLOYER'S CONTRIBUTIONS PLAINTIFF HAD WORKED AND TOILED FOR.

**Amendment 13, Section 1.** Neither slavery nor involuntary servitude . . .shall exist within the United States, . .

If any of the ISSUES is YES, in fact, all are yes, then I am entitled retirement benefits and the redeposit of the withdrawn contributions.

TABLE OF OTHER CITED AUTHORITIES

RETIREMENT ALLOWANCE STATUTE BUT WHICH PERS DISOBEYTED

(Cal) Gov't Code Sec. 20393 (new 20731) . .retirement allowance. . After qualification of the member for retirement by reason of   age,. . the

5

member shall be entitled to receive a retirement allowance   based upon the amount of member's accumulated contributions and service , . .and on the employer's contributions held for the member   and calculated in the same manner as for the other members . . .

## STATUTE OF LIMITATION

(Cal) Gov't Code Sec. 20181 (new 20164) Duration of obligation; limitation of actions

(b)(2) In cases where the system owes money to a member or beneficiary, the period of limitation shall not apply.

## MEMBER

(Cal) Gov't Code Sec. 20013 (new 20370) Member . .

"Member" means an employee who has qualified for membership in this system and on whose behalf an employer has become obligated to pay contributions.

## RES JUDICATA DOES NOT APPLY UNER DECLARATORY RELIEF LAW

(Cal) Code of Civil Proc. Sec. 1062 **Cumulative remedy**

  The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts.

## RELIEF AVAILABLE ON MOTION FOR NEW TRIAL

6

2010 MAR 22 AM 11: 16

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | CASE NUMBER |
| | CV09-56 SJO (SSx) |
| PLAINTIFF(S) | |
| v. | |
| Board of Administration, et al. | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=================================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

___3/22/2010___                    _____
Date                               United States District Judge / Magistrate Judge

1 66

EXH66

Mar 22, 2010

Ex: 71 4/28/10 Complaint 1-25



Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel  626-367-5858

1

2

3

4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

5

LUCIO A. BARROGA,                          CASE NUMBER

6                              PLAINTIFF(S)      COMPLAINT FOR DECLARATORY
                                                ) RELIEF UNDER AMENDMENT FOURTEEN OF
7                          v.                   ) CONSTITUTION WITH CAL CODE OF
BOARD OF ADMINISTRATION, CAL                    ) CIVIL PROC. SEC. 1062 CUMULATIVE
8   PUBLIC EMPLOYEES'                            ) REMEDY ON NEW OR SAME ACTION BASED
RETIREMENT SYSTEM (PERS),                        ) ON THE SAME FACTS WHICH OVERCOMES
9                              DEFENDANT(S).)    ) RES JUDICATA REGARDING DEFENDANT
                                                ) PERS'S VIOLATIONS OF RETIREMENT
10                                              ) LAWS
11

MEMORANDUM OF POINTS AND AUTHORITIES

THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

   A)  U.S. Constitution Amendment Fourteen. Supporting precedents, from

USCA, Constitution Amendment 14, Sec. 1, to quote precedents:

     a) State action, for purpose of this clause, may emanate from rulings
of administrative and regulatory agencies as well as from legislative or
judicial actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965,
407 US 163, 32 L.Ed. 2d 627.

_____

**Note:**   EXHIBIT 60 Jan 19,2010 Court of Appeals Order:.." . questions raised in
this appeal are so insubstantial. . .All pending requests are denied as moot."

EXHIBIT 60A Feb 10,2010 Court of Appeals Mandate



Apr. 21, 2010

EXH 71

1

b)   State has obligation to insure that actions of its agencies do not deprive any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F. Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441, certiorari denied 92 S. Ct. 675,   404 U.S. 1016,   30 L.Ed. 2d 663.

c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948,   68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

B)   Constitution, Amendment 11, because PERS wanted this case tried in court. See EXHIBIT 4. Dep. Gen. Counsel Gillan said, " unless and until we are ordered to do so by a court ".    " I .. urge you to seek, . an attorney".

C) Constitution, Amendment 13, prohibition of slavery. ISSUE IV.

D) State judges are members of PERS, even the Hon. U.S. District Court Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A . Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgement not consistent with the law, and said "you know how to appeal. ."

FACTS

After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I

received approximately $10,000 of my accumulated member contributions, with the employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws.

ISSUES

Proof that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS, to quote:

(Cal) Gov't Code Sec. 20390 (new 20340)   Condition of cessation

A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL

3

CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL) GOV'T
CODE SEC. 20691?

> (Cal) Gov't Code Sec. 20691.   **Payment of member normal**
> **contributions by contracting agencies or school employer**
>     Notwithstanding any other provision of law, a contracting agency or
> school employer may pay all or a portion of the normal contributions
> required to be paid by a member.   . The payment shall be reported simply
> as normal contributions and shall be credited to member accounts.

The employer's contributions are explicit "normal contributions", therefore I am
still a PERS member, entitled retirement benefits.


ISSUE II:   IS PERS'S ALTERNATIVE OFFER FOR THE WITHDRAWAL
OF THE ACCUMULATED MEMBER CONTRIBUTIONS TO DEPRIVE
PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE AFTER PLAINTIFF HAD
QUALFIED FOR RETIREMENT AFTER REACHING 50 YEARS OLD, A
VIOLATION OF (CAL) GOV'T CODE SEC. 21203 (NEW 21259)?

> (Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification
> for retirement
>     Subject to compliance with this part, after a member has qualified as to
> . .age and service for retirement for service, nothing shall deprive him or
> her of the right to retirement allowance as determined under this part.

ISSUE III :   IS PERS'S DENIAL FOR CONSIDERING THE WITHDRAWN
MEMBER CONTRIBUTIONS AS LOANS A VIOLATION OF PERS'S LOAN
LAWS WHICH ALLOW WITHDRAWALS AS LOANS?     OR DISCRIMINATORY?

> (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals,
> interest. .

4

. .member may file an election with the board to redeposit in the retirement fund, in lump sum or by installment payment (1) an amount equal to the accumulated contributions.. .withdrawn, and   (2) an amount equal to the interest. .,and (3) if he or she elects to redeposit in other than one sum, interest on the unpaid balance at date of election to redeposit.

(Cal) Gov' t Code Sec. 20211 (new 20202) Natural disaster relief loan.

(Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

(Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

(Cal) Gov't Code Sec. 20201   Secured home loan.

ISSUE IV: CONSTITUTION, AMENDMENT 13 IS VIOLATED. PERS HAS DENIED PLAINTIFF RETIREMENT BENEFITS DERIVED FROM THE EMPLOYER'S CONTRIBUTION WHICH HAVE REMAINED IN DEPOSIT WITH PERS, WHICH EMPLOYER'S CONTRIBUTIONS PLAINTIFF HAD WORKED AND TOILED FOR.

**Amendment 13, Section 1.** Neither slavery nor involuntary servitude . . .shall exist within the United States, . .

If any of the ISSUES is YES, in fact, all are yes, then I am entitled retirement benefits and the redeposit of the withdrawn contributions.

TABLE OF OTHER CITED AUTHORITIES

RETIREMENT ALLOWANCE STATUTE BUT WHICH PERS DISOBEYTED

(Cal) Gov't Code Sec. 20393 (new 20731) . .retirement allowance. . After qualification of the member for retirement by reason of   age,. . the member shall be entitled to receive a retirement allowance   based upon the amount of member's accumulated contributions and service , . .and on

*5*

LODGED

2010 APR 21  AM 10: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

CLERK, U.S. DISTRICT COURT

APR 22 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | **CASE NUMBER** |
| | CV09-56 SJO (SSx) |
| **PLAINTIFF(S)** | |
| v. | |
| Board of Administration, et al. | **NOTICE AND ORDER RE FILING BY** |
| | **VEXATIOUS LITIGANT** |
| **DEFENDANT(S).** | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter.  Attached for your review is a copy of:

☒  Complaint / Petition
☒  Other Motion for Leave to File a New Complaint

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐  Bond in the amount of $_____ must be posted with the filing af any new action.
☐  No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒  Court order is needed to file a new action.
☐  Court order is needed to file subsequent pleadings.
☐  Written authorization from the Chief Judge is required before filing of any document.
☐  No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐  Other _____

==================================================================================================

IT IS HEREBY ORDERED that plaintiff

☐  may
☒  may not

file the document presented in the above-referenced matter.

_____4/22/10_____          Acting Chief  _____
Date                                    United States District Judge / Magistrate Judge

                                        Judge KING said this 4/27/10 10:30      EXH 72

Apr. 22, 2012

CV-115 (5/99)

Ex 73



Attorneys for Plaintiff(s)
LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel 626-367- 5858

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

PLAINTIFF(S)

v.

BOARD OF ADMINISTRATION CAL
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

DEFENDANT(S).

CASE NUMBER CV09-056 ABC

) MOTION FOR LEAVE TO FILE A NEW
) COMPLAINT
)
)
)

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

MAY - 4 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

MEMORANDUM OF POINTS AND AUTHORITIES

MOTION FOR LEAVE TO FILE A NEW COMPLAINT

The dismissal ORDER by Hon. Judge Audrey B.Collins of case no. CV06--3696,
EXHIBIT 30, filed Sept. 25,06 gave reasons for dismissal, to qoute:

1)    The Court lacks subject matter jurisdiction, because CalPERS is a state
agency entitled to immunity under the Eleventh Amendment . .in the absence of
consent (of) a suit.

2)    Plaintiff's claims are barred under the doctrine of res judicata by Plaintiff's
prior lawsuits seeking pension benefits.

If Plaintiff wishes to file a complaint against CalPERS with this Court, he
must first file a motion for leave to file a complaint.

ANSWERS ON JURISDICTION AND RES JUDICATA

The U..S. District Court has Jurisdiction under: (please see attached
COMPLAINT, p1,2 for complete explanation.)

Apr. 28, 2010                    1



RECEIVED
BUT
NOT FILED

APR 28 2010

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ExH. 73

3

A) Constitution Amendment 14, Sec. 1. Precedents: a) Moose Lodge No.107 v. Irvis, Pa. 1972, 92 S.Ct. 1965; b) U.S. v. State of Texas 1970, 404 U.S. 1016; c) Shelly v. Kraemer, Mich. & lMo. 1948, 68 S.Ct. 836

B) Constitution Amendment 11, because PERS wanted this case tried in court. EXHIBIT 4, Dep. Gen. Counsel Gillan said, ". .unless and untill we are ordered to do so by a court. ., . I urge you to seek an attorney"

C) Constitution Amendment 13, prohibition of slavery. I am entitled to benefits to the employer's contributions on my behalf to the retirement fund which I had worked and toiled for.

D) State judges are members of PERS. Even the Hon. U.S.District Judge Florence-Marie Cooper recused herself, because she was a "participant of CalPERS" EXHIBIT 21A. Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgement not consistent with the law, and said, "you know how to appeal. ."

RES JUDICATA DOES NOT APPLY IN DECLARATORY RELIEF ACTION, to quote:

(Cal) Code of Civil Proc. Sec. 1062 **Cumulative remedy**

The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts.

EXHBIT 36, filed Jul 14, 08 MOTION FOR LEAVE TO FILE A COMPLAINT FOR DECLARATORY RELIEF ., ..WITH CAL CODE OF CIVIL PROC. 1060 CUMULATIVE REMEDY. .BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA. .

EXHIBIT 36A, filled Jul 18, 08 Notice of Document Discrepancies is quoted,

"The document is to be filed and processed. . (Signed) Audrey Collins , U.S. District Judge". Then later, "The document is NOT to be filed". Unsigned.

EXHIBIT 37, filed Aug. 13, 08 CIVIL MINUTES ORDER is quoted:

2



Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel  626-367-5858

1

2

3          UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA

4

5   LUCIO A. BARROGA,                    CASE NUMBER

6                    PLAINTIFF(S)      COMPLAINT FOR DECLARATORY
                                     ) RELIEF UNDER AMENDMENT FOURTEEN OF
7              v,                    ) CONSTITUTION WITH CAL CODE OF
    BOARD OF ADMINISTRATION, CAL     ) CIVIL PROC. SEC. 1062 CUMULATIVE
    PUBLIC EMPLOYEES'                ) REMEDY ON NEW OR SAME ACTION BASED
8   RETIREMENT SYSTEM (PERS),        ) ON THE SAME FACTS WHICH OVERCOMES
9                    DEFENDANT(S).   ) RES JUDICATA REGARDING DEFENDANT
                                     ) PERS'S VIOLATIONS OF RETIREMENT
10                                   ) LAWS

11

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT

MAY - 4 2010

CENTRAL DISTRICT OF CALIF
BY                    DEPUTY

## MEMORANDUM OF POINTS AND AUTHORITIES

## THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

   A)   U.S. Constitution Amendment Fourteen. Supporting precedents, from
USCA, Constitution Amendment 14, Sec. 1, to quote precedents:

        a) State action, for purpose of this clause, may emanate from rulings
of administrative and regulatory agencies as well as from legislative or
judicial actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965,
407 US 163, 32 L.Ed. 2d 627.

─────────────────────────────────

**Note:**   EXHIBIT 60 Jan 19,2010 Court of Appeals Order:.." . questions raised in
this appeal are so insubstantial. . .All pending requests are denied as moot."

EXHIBIT 60A Feb 10,2010 Court of Appeals Mandate



Apr. 28, 2010      1

RECEIVED
BUT
NOT FILED

APR 28 2010

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

EXH 74
3A

b)   State has obligation to insure that actions of its agencies do not deprive any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F. Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441, certiorari denied 92 S. Ct. 675,   404 U.S. 1016,   30 L.Ed. 2d 663.

c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948,   68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

B)   Constitution, Amendment 11, because PERS wanted this case tried in court. See EXHIBIT 4. Dep. Gen. Counsel Gillan said, " unless and until we are ordered to do so by a court ".   " I .. urge you to seek, . an attorney".

C) Constitution, Amendment 13, prohibition of slavery. ISSUE IV.

D) State judges are members of PERS, even the Hon. U.S. District Court Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A . Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgement not consistent with the law, and said "you know how to appeal. ."

FACTS

After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I

2

received approximately $10,000 of my accumulated member contributions, with
the employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay
and redeposit for the withdrawn member contributions as a loan which PERS
maliciously omitted to inform the monthly pension can redeposit per statute (Cal)
Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the
loan or withdrawal is fully paid with interest, then monthly pension will start to me.
But PERS claimed the employer's contributions which have remained with PERS
are NOT  "normal contributions", therefore I ceased to be a member when the
member contributions were withdrawn, and I am not anymore entitled any
pension benefits. I have contended that I am still a PERS member, because the
employer's contributions on my behalf have remained in deposit with PERS and
are "normal contributions" under the laws.

ISSUES

Proof that I am still a PERS member, because the employer's contributions
on my behalf have remained in deposit with PERS, to quote:

(Cal) Gov't Code Sec. 20390 (new 20340)   Condition of cessation

A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit
with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE
RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL

*3*

EX 25 4/28/10

2010 APR 28 PM 1:46

CENT[...] DIST. OF CALIF.
LOS ANGELES

BY

FILED
CLERK, U.S DISTRICT COURT

APR 28 2010

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY
BY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LUCIO A. BARROGA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-056 SJO (SSx) |
| v. | |
| BOARD OF ADMINISTRATION, ET AL. | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☒ Other Motion for Leave to File a New Complaint _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=============================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_____4/28/2011_____
Date

_____A.B.Collins_____
United States District Judge / Magistrate Judge

EXHIBIT 75

CV-115 (5/99)

Apr. 28, 2010

5

Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX 2325
GLENDORA, CA 91740
Tel 626-367-5858

1

2

3

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

4

5 LUCIO A. BARROGA,

6

7   BOARD OF ADMINISTRATION, CAL
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM (PERS),

8

9

10

11

v.

PLAINTIFF(S)

DEFENDANT(S).

CASE NUMBER CV09-056 ABC

) MOTION FOR RECONSIDERATION OF
) NOTICE AND ORDER . .FILED APR. :
) 28, 2010 "THAT PLAINTIFF MAY NOT
) FILE   DOCUMENT   PRESENTED"
) (MOTION AND COMPLAINT).
)

MEMORANDUM OF POINTS AND AUTHORITIES

MOTION FOR RECONSIDERATION OF NOTICE AND ORDER. . FILED APR. 28,2010 "THAT PLAINTIFF MAY NOT FILE DOCUMENT PRESENTED" (MOTION AND COMPLAINT).

MOTION FOR LEAVE TO FILE A NEW COMPLAINT AND COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT FOURTEEN OF CONSTITUTION WITH CAL CODE OF CIVIL PRO. SEC.. 1062 CUMULATIVE REMEDY ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA. .   were "received but not filed" on April 28,2010 by the District Court., EXHIBITS 74, 75.

NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT filed Apr. 28, 2010 but mailed May 4,2010 is here attached as EXHIBIT 75 and is quoted:

Complaint /Petition

Motion for Leave to File a New Complaint.

IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above referenced matter.

May 10, 2010

EXH 76

5 76

LODGED

2010 MAY 10  AM 10: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

FILED
CLERK, U.S DISTRICT COURT

MAY 1 0 2010

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | CASE NUMBER |
| | CV09-56-ABC |
| PLAINTIFF(S) | |
| v. | |
| Board Of Administration, Cal Public Employees Retirement System ( Pers ) | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

_____, plaintiff, attempted to file a pleading in the above-referenced matter.  Attached for your review is a copy of:

☐  Complaint / Petition
☐  Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐  Bond in the amount of $_____ must be posted with the filing af any new action.
☐  No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☐  Court order is needed to file a new action.
☐  Court order is needed to file subsequent pleadings.
☒  Written authorization from the Chief Judge is required before filing of any document.
☐  No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐  Other _____

==============================================================================================

IT IS HEREBY ORDERED that plaintiff

☐  may
☒  may not

file the document presented in the above-referenced matter.

_____5/10/2010_____          _____QD Colian_____
Date                         United States District Judge / Magistrate Judge

                                                            EXH 77

May 10, 2010                                                  6

To: Judicial Conference of the United States
Administrative Office of the United States Courts
One Columbus Circle NE,
Washington, D.C. 20544


From: Lucio A. Barroga
P.O.Box 2325
Glendora, CA 91740

RE NO. 09- 90071 COMPLAINT OF JUDICIAL MISCONDUCT
(U.S. Court of Appeals of the 9th Circuit)

PETITION UNDER 28 U.S.C. SECS. 357 & 358 TO REVERSE OR
OVERTURN THE JUDICIAL COUNCIL (OF10 JUDGES) ORDER
OF JAN. 11, 2010 REGARDING JUDICIAL MISCONDUCT
AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B.
COLLINS, FOR NOT DISQUALIFYING HERSELF UNDER 28
U.S.C. SEC. 455 FOR PETITIONER TO FILE A COMPLAINT

> **28 U.S.C. Sec. 357 (a) Review of action of judicial council.** A
> complainant or judge aggrieved by an action of the judicial council
> . .may petition the Judicial Conference of the Unitred States for
> review thereof.

> **(Title) 28 U.S.C. Sec. 455. Disqualification of justices, judges,
> or magistrate judges**
> Any justice, judge, or magistrate judge of the United States shall
> disqualify himself in any proceeding in which his impartiality
> might reasonably be questioned.

I wanted to file a complaint, and after her repeatedly failure to
consider material facts, cited in my Jan 28, 2009 Case No. 09-056
EXHIBIT 43, Motion Under Local Rule 7-17 Resubmission For Leave
To File A Complaint For Declaratory Relief Under Amendment 14 of
Constitution With Cal Code Of Civil Proc. 1062 **Cumulative Remedy**

Jun 24, 2010            Ex 79

Based On The Same Facts In New Or Same Action Which Overcomes Res Judicata is: "Title 28 Sec 455 **Disqualification of justices, judges, or magistrate judges.**" (See definition above.)

Against law, instead of disqualifying herself according to law, Judge Audrey B. Collins issued a NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT filed Jan. 28, 2009, EXHIBIT 44, restricting the filing of any document, to quote:

Motion for leave to file a complaint for declaratory relief .
Disqualification of justices, judges, or mag judges
Court order is required for subsequent pleadings.

Written authorization from chief judge is required before filing of any document.

EXHIBIT 46, Mar 3,2009 Minute ORDER DENIED a Request For Authorization To File A Complaint of Mar 2,2009. Then, a Mar 16,2009 Minute ORDER DENIED a Request For Reconsideration To File A Complaint of Mar 11,2009. So, filed on April 9, 2009 EXHIBIT 49A, my letters to all judges of the Court of Appeals requested for their exercise of the Court of Appeals's supervisory power over a district court judge whose judgment is against the law. The Court of Appeals designated my letter as No 09-90071 Complaint of Judicial Misconduct and considered it a Notice of Appeal Case No.09-55595

FACTS

After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the employer's contributions on my behalf remaining in deposit with

PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws.

ISSUES

Proof that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS, to quote:

(Cal) Gov't Code Sec. 20390 (new 20340) Condition of cessation
A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".
Therefore, IF the employer's contributions which have remained in deposit with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL) GOV'T CODE SEC. 20691?

(Cal) Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer**
Notwithstanding any other provision of law, a contracting agency or school employer may pay all or a portion of the normal contributions required to be paid by a member.  . The payment shall be reported simply as normal contributions and shall be

3

credited to member accounts.

The employer's contributions are explicit "normal contributions", therefore I am still a PERS member, entitled retirement benefits.

ISSUE II:  IS PERS'S ALTERNATIVE OFFER FOR THE WITHDRAWAL OF THE ACCUMULATED MEMBER CONTRIBUTIONS TO DEPRIVE PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE AFTER PLAINTIFF HAD QUALFIED FOR RETIREMENT AFTER REACHING 50 YEARS OLD, A VIOLATION OF (CAL) GOV'T CODE SEC. 21203 (NEW 21259)?

(Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement

Subject to compliance with this part, after a member has qualified as to . .age and service for retirement for service, nothing shall deprive him or her of the right to retirement allowance as determined under this part.

ISSUE III:  IS PERS'S DENIAL FOR CONSIDERING THE WITHDRAWN MEMBER CONTRIBUTIONS AS LOANS A VIOLATION OF PERS'S LOAN LAWS WHICH ALLOW WITHDRAWALS AS LOANS?  OR  DISCRIMINATORY?

(Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals, interest. .

. .member may file an election with the board to redeposit in the retirement fund, in lump sum or by installment payment (1) an amount equal to the accumulated contributions.. .withdrawn, and (2) an amount equal to the interest. . ,and (3) if he or she elects to redeposit in other than one sum, interest on the unpaid balance at date of election to redeposit.

(Cal) Gov't Code Sec. 20211 (new 20202) Natural disaster relief loan.

(Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

(Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

(Cal) Gov't Code Sec. 20201 Secured home loan.

4

EX01 13-6-11
Request for Authorization to File

FILED

| 1 | Name: LUCIO A. BARROGA | |
|---|---|---|
| 2 | Address: P. O. BOX 117 | 2011 MAY -6 AM 10: 58 |
| 3 | SAN PEDRO, CA 90731 | CLERK U.S. DISTRICT COURT |
| 4 | Phone: 626-367-5858 | CENTRAL DIST. OF CALIF. LOS ANGELES |
| 5 | Fax: | BY |
| 6 | In Pro Per | |

7

**UNITED STATES DISTRICT COURT**

8   **CENTRAL DISTRICT OF CALIFORNIA**

| 9 | LUCIO A. BARROGA, | CASE NUMBER: CV09-056 |
|---|---|---|
| 10 | | |
| 11 | Plaintiff | |
| 12 | v. | |
| 13 | BOARD OF ADMINISTRATION, CAL PUBLIC EMPLOYEES' RETIREMENT | REQUEST FOR AUTHORIZATION FOR LEAVE TO FILE A NEW COMPLAINT |
| 14 | SYSTEM (PERS), | **TITLE OF PLEADING** |
| 15 | Defendant(s). | |

MEMORANDUM OF POINTS AND AUTHORITIES

On Jun 24, 2010, Plaintiff submitted to the Judicial Conference of the United States a PETITION UNDER 28 U.S.C. SEC. 357 & 358 TO REVERSE OR OVERTURN THE JUDICIAL COUNCIL (OF 10 JUDGES) ORDER OF JAN. 11,2010 REGARDING JUDICIAL MISCONDUCT AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B. COLLINS FOR NOT DISQUALIFYING HERSELF UNDER 28 U.S.C. SEC 455 FOR PETITIONER TO FILE A COMPLAINT. To quote :   EXHIBIT 79

**28 U.S.C. Sec. 357 (a) Review of action of judicial council.** A complainant or judge aggrieved by an action of the judicial council . .may petition the Judicial Conference of the United States for review thereof.

Plaintiff request authorization from the Chief Judge for leave to file a new complaint.

May 6, 2010                    Respectfully submitted,

                              Lucio A. Barroga

Attached: Complaint

                    May 6, 2010                    EXH 81

EX 82  5/12/11
Notice & Order

LODGED
CLERK U.S. DISTRICT COURT

MAI    6 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

FILED
CLERK U.S. DISTRICT COURT

MAY 1 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucio A. Barroga | CASE NUMBER |
|---|---|
|  | 2:09-cv-00056-SSx |
| PLAINTIFF(S) |  |
| v. |  |
| Board of Administration, California Public Employees' Retirement System | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). |  |

_____ Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

J    OTERO
S. JAMES

Date  5/7/11

United States District Judge / Magistrate Judge

CV-115 (5/99)

2   Received 5/24/11    May 12, 2011    EXH 82  82

!

LUCIO A. BARROGA                    !
P.O. BOX 117                        !
SAN PEDRO, CA 90733                 !
Tel. 626-367-5858                   !

PRO SE                              !

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,                   !    CASE NUMBER: CV 09-056

                    Plaintiff      !

                                    !    _____

BOARD OF ADMINISTRATION, CAL       ! REQUEST FOR COURT ORDER FOR LEAVE
PUBLIC EMPLOYEES' RETIREMENT        | TO FILE A NEW COMPLAINT
SYSTEM (PERS),                      !

                    Defendant  !

---

MEMORANDUM OF POINTS AND AUTHORITIES

On June 24, 2010, Plaintiff submitted to the Judicial Conference of the United
States a PETITION UNDER 28 U.S.C. SEC. 357 & 358 TO REVERSE OR OVERTURN THE
JUDICIAL COUNCIL (OF 10 JUDGES) ORDER OF JAN. 11,2010 REGARDING JUDICIAL
MISCONDUCT AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B. COLLINS FOR NOT
DISQUALIFYING HERSELF UNDER 28 U.S.C. SEC. 455 FOR PETITIONER TO FILE A
COMPLAINT, EXHIBIT 79.  To quote:

1

Jun 28, 2011

EXH 87

**28 U.S.C. Sec. 357 (a) Review of action of judicial council.** A complainant or judge aggrieved by an action of the judicial council . .may petition the Judicial Conference of the Unites States for review thereof

.    The ISSUES or CAUSES OF ACTION are valid and are not frivolous. Please see the 4 ISSUES on pages 4 to 6 in the Complaint. Barron's Law Dictionary is quoted:

**VEXATIOUS LITIGATION is civil action** shown to have been instituted maliciously and without **probable cause.. .**

At the senate confirmation hearing, U.S. Supreme Court Chief Justice John Roberts said, judgment strictly under the law and without "fear or favor".

At the senate confirmation hearing, when asked if she will disqualify herself under 28 U.S.C. Sec 455, U.S. Supreme Court Justice Sonia Sotomayor said, yes, she will dis qualify herself. And also she said, she will apply the command of the law, and apply the law to the facts.

President Barack Obama said in his speech, the RULE OF LAW.

From the foregoing, this Request for a Court Order for Leave to File a Complaint should be granted.

Date: June 28, 2011                          Respectfully submitted,

                                             *Lucio A. Barroga*
                                             Lucio A. Barroga

Attached: 1) COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC. SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOME RES JUDICATA, and 2) NOTICE AND ORDER filed June 20, 2011

LODGED

2011 JUN 28  AM 10: 50

CLERK U S DISTRICT COURT
CENTRAL DIST. C  CALIF
LOS ANGEL E

BY _____

V     JUN 30 2011

FILED

2011 JUN 30  AM 9: 50

CLERK U  DISTRICT COURT
CENTRAL DIST C  CALIF
LOS ANGE. E

BY _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | CASE NUMBER |
| | CV09-0056 ABC |
| **PLAINTIFF(S)** | |
| v. | |
| Board of Administration, et al | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| **DEFENDANT(S).** | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the
above-referenced matter.  Attached for your review is a copy of:

☒  Complaint / Petition
☐  Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading
without the following:

☐  Bond in the amount of $_____ must be posted with the filing of any new action.
☐  No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization
    from a U.S. district judge or magistrate judge.
☒  Court order is needed to file a new action.
☐  Court order is needed to file subsequent pleadings.
☐  Written authorization from the Chief Judge is required before filing of any document.
☐  No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐  Other _____

=======================================================================

IT IS HEREBY ORDERED that plaintiff

☐  may
☒  may not

file the document presented in the above-referenced matter. *No showing made that this
proposed action is different from prior action.*

_____          _____
Date  6/28/11                      United States District Judge / Magistrate Judge

EXH 88

Jun 30, 2011

Ex 9                89
Motion for reconsideration
                        2

LUCIO A. BARROGA
P.O. BOX 117
SAN PEDRO, CA 90733
Tel. 626-367-5858

PRO SE                        !

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

----------------------------------------------------------------

LUCIO A. BARROGA,                 !    CASE NUMBER: CV 09-056

                    Plaintiff     !    (Hon. Judge G. H.  King)

        v.                        !    _____

BOARD OF ADMINISTRATION, CAL      !  MOTION FOR RECONSIDERATION FOR
PUBLIC EMPLOYEES' RETIREMENT      !  COURT ORDER FOR LEAVE TO FILE A NEW
SYSTEM (PERS),                    !  COMPLAINT

                    Defendant  !

----------------------------------------------------------------

MEMORANDUM OF POINTS AND AUTHORITIES

PROPOSED COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC.

SEC 1062 ON NEW OR SAME ACTION BASED ON THE FACTS WHICH OVERCOME RES

JUDICATA is herewith attached.

NOTICE AND ORDER. .filed Jun 30, 2011 is quoted:

> Court order is needed to file a new action. . . .
>
> No showing made that new? proposed action is different from prior actions.

9

1     Jul 12, 2011   EXH 89

PRIOR COMPLAINTS WITH CAUSES OF ACTION AND JUDGMENTS

COMPLAINT, EXHIBIT1, Feb 14, 91, For Breach of Contract and Fraud.

CAUSE OF ACTION: Redeposit of withdrawn contribution – to correct errors and omission under Gov't Code Sec. 20180.

JUDGMENT: EXHIBIT 2, Jan 25, 94, Court of Appeals, Judgment to PERS for plaintiff's failure to follow proper procedure.

COMPLAINT, EXHIBIT 6, Jan 10, 97, For Declaratory Relief.

CAUSES OF ACTION OR ISSUES: Whether the employer's contributions are "normal contribution" under Gov't Code Sec. 20027 and Gov't Code Sec. 20750.1.

JUDGMENT: EXHIBIT 7, Aug 11, 97, Proceeding barred by res judicata, and EXHIBIT 8 Sep 19, 97, Employer's contributions are NOT "normal contributions" under Gov't Code Secs. 20053 and 20011, and accordingly, plaintiff is not a PERS member, and is ineligible to redeposit under Gov't Code Sec. 20750.

COMPLAINT, EXHIBIT 13, Apr 30, 99, On Intentional Tort

CAUSE OF ACTION: Violation of Gov't Code Sec 21203 (new 21259) Nonforfeiture of right to retirement allowance after qualification for retirement

JUDGMENT: EXLHIBIT 14, Jul 12, 99, Complaint is barred by Res Judicata.

PETITION, EXHIBIT 15, Sept 17, 99. (Case 99-09457) For Leave For Determination of Question of Law.

2

CAUSE OF ACTION: For Interpretation If There is Violation of Gov't Code Sec. 21203(new 21259) Nonforfeiture of right to retirement allowance after qualification for retirement, which Superior Court Judge refused to interpret by reason of res judicata.

JUDGMEMT: EXHIBIT 16, Dec 8,99, U.S. District Court Dismissed , lack of jurisdiction.

COMPLAINT: EXHIBIT 17, Oct 27,03, For Declaratory Relief with 3 issues.

CAUSES OF ACTION OR ISSUES: 1) Violation of (Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement, 2) whether employer's contributions to the retirement fund on behalf of members are "normal contributions "under Gov't Code Sec. 20027(new 20053) Normal contributions, and 3) under Gov't Code Sec. 20750.1(new 20795). .normal contributions.

EXHIBIT 18, Feb 25,04, and EXHIBIT 19, May 6,04, Two Request for Entry of Default.

JUDGMENT: EXHIBIT 20, Jun 25, 04, ORDER – Dismissed - Failed to File Request For Entry of Default, (which was wrong, because there were two prior request.)

COMPLAINT, EXHIBIT 21, Jul 30, 04, For Declaratory Relief with 3 issues.

CAUSES OF ACTION OR ISSUES: Same issues as in COMPLAINT of EXHIBIT 17.

EXHIBIT 22, Oct 18, 04, DEFAULT by Clerk.

JUDGMENT: EXHIBIT 28, Jun 2, 06, ORDER – Dismissed for failure to properly serve.

COMPLAINT: EXHIBIT 29, Jun 14, 06, For Declaratory Relief with 3 issues.

CAUSES OF ACTION: Same 3 issues as in COMPLAINTS EXHIBIT 17 and EXHIBIT 21.

3 From Complaint

EX 90 7-14-11 Order striking documents

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucio A. Barroga | CASE NUMBER |
|---|---|
| | CV 09-0056 UA |
| **PLAINTIFF(S)** | |
| v. | |
| Board of Administration, et al. | **ORDER STRIKING FILED DOCUMENTS FROM THE RECORD** |
| **DEFENDANT(S).** | |

WHEREAS, the documents listed below were improperly filed for the following reason(s)
Plaintiff has been declared a vexatious litigant and a court order is needed to file a new action or subsequent pleading.
_____
_____

IT IS HEREBY ORDERED that the documents shall be stricken from the record and shall not be considered by the Court:

| **Document Entitled** | **Filed** |
|---|---|
| Motion for reconsideration of Court order for leave to file a new A/C | July 12, 2011 |
| | |
| | |
| | |
| | |

IT IS FURTHER ORDERED that the documents shall not be returned to the filing party; however, the Clerk shall note on the case docket that the documents are stricken from the record.

1D

July 14, 2011
Date

*Andrey B. Collins*

United States District Judge/Magistrate Judge

EXH 90

Jul 14, 2011

Ex 91 7-21-11 Motion for leave to file: One of Judge King Respected.

Case 2:19-cv-00921-MCE-KJN   Document 1   Filed 05/22/19   Page 174 of 382

LUCIO A. BARROGA                                    !
P.O. BOX 117                                        !
SAN PEDRO, CA 90733                                 !
Tel. 626-367-5858                                   !

PRO SE                                              !

LODGED

                    **UNITED STATES DISTRICT COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**

LUCIO A. BARROGA,                    !    CASE NUMBER: CV 09-056  ABC

                        Plaintiff    !    (Hon. Chief Judge Audrey B. Collins)

            v.                       !  _____

BOARD OF ADMINISTRATION, CAL         !  MOTION FOR LEAVE TO FILE A NEW
PUBLIC EMPLOYEES' RETIREMENT         !  COMPLAINT: THE ORDER OF JUDGE KING
SYSTEM (PERS),                       !  SHOUILD BE RESPECTED.

                        Defendant    !
--------------------------------------------------------------------------------

MEMORANDUM OF POINTS AND AUTHORITIES

    The ORDER STRIKING THE FILED DOCUMENTS FROM THE RECORD by Hon Judge

Audrey B. Collins filed July 14, 2011 is quoted:

        WHEREAS, the document listed below were improperly filed for the

    following reason(s)(:) Plaintiff has been declared a vexatious litigant and a

    court order is needed to file a new action or subsequent pleading.

/f

                                    /  Jul 21, 2011    EXH 91

IT IS HEREBY ORDERED that the documents shall be stricken from the record and shall not be considered by this Court:

**Document entitled:** Motion for reconsideration of Court order for leave to file a new A/C. **Filed:** July 12, 2011.

IT IS FURTHER ORDERED that the documents shall not be returned to the filing party; however, the Clerk shall note on the case docket that the documents are stricken from the record.

July 14, 2011                    (Signed)  Audrey B. Collins

United States District Judge

Note, the Motion For Reconsideration Of Court Order For Leave To File A New Complaint filed July 12, 2011 was a response to Hon. Judge G.H. King to his NOTICE AND ORDER. . filed Jun 30, 2011, to quote, "No showing made that new proposed action is different from prior actions." The Motion For Reconsideration, following the proposed complaint, showed in details the 4 ISSUES or CAUSES OF ACTION are new and different from the prior actions, satisfying the requirements of Judge King. The Judgment of Judge King should be respected. Therefore, it is requested that the Motion For Reconsideration should be reinstated and be considered, a copy of which is here attached..

BECAUSE " VEXATIOUS LITIGANT" IS THE REASON IN THE COURT ORDER FILED 7/14/11 FOR STRIKING THE MOTION FOR RECONSIDERATION, THE FOLLOWING IS PROOF THAT PLAINTIFF IS NOT A VEXATIOUS LITIGANT:

Baron's Law Dictionary is quoted:

2

**VEXATIOUS LITIGATION is civil action** shown to have been instituted maliciously and without **probable cause. . .**

QUESTION: **ARE THE ISSUES – ISSUE I, ISSUE II, ISSUE III AND ISSUE IV IN THE COMPLAINT, OR CAUSES OF ACTION FRIVOLOUS?**

The 4 ISSUES, supported by law and the Constitution, are in pages 3 to 6 in the proposed complaint which 3 to 6 pages are here attached, and copies of the proposed complaint are in the Court file, having not returned.

Your Honor Judge Audrey B. Collins, because your order declared me a vexatious litigant, the above question requires your answer, please?

President Barack Obama said in his speech: RULE OF LAW

U.S. Supreme Court Chief Justice John Roberts at the senate confirmation hearing said: Judgment strictly under the law, and "without fear or favor".

From the foregoing, this Motion For Leave To File A New Complaint; The Order Of Judge King Should Be Respected, should be granted.

Date: July 2 /, 2011                           Respectfully submitted:

                                               *Lucio A. Barroga*
                                               Lucio A. Barroga

Attached: 1) Notice and Order by Judge King filed June 30,11

2) Order Stricking Filed Documents From The Record by Judge Collins filed Jul 14,11

3) MOTION FOR RECONSIDERATION FOR COURT ORDER FOR LEAVE TO FILE A NEW COMPLAINT *filed 6/12/11*

4) Pages 3 to 6 of Proposed Complaint For Declaratory Relief Under Cal Code Of Civil Proc. Sec. 1062 On New Or Same Action Based On The Same Facts Which Overcome

3

Res Judicata lodged July 12, 11. (Note: the complete proposed Complaint is in Court files, and was not returned to me.)

(Note: On Monday, July 18, 2011 on the Court building, why did the receiving clerk, a Mexican lady, refused to give me a copy of the Court Order, but required me to get a copy from the document room on the opposite side of the same floor? And why is the case number CV 09-056 UA, but not with the initial of Judge Collins's name, ABC who signed the order? Is there a change of processing lately?)

*Order was not stamped FILED*

LODGED

2011 JUL 21 AM 10: 58

CLERK U.S DIST. COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

FILED
CLERK, U.S. DISTRICT COURT

JUL 25 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | CASE NUMBER |
| | CV09-56-ABC |
| PLAINTIFF(S) | |
| v. | |
| Board Of Administration, et al; | **NOTICE AND ORDER RE FILING BY** |
| | **VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the
above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading
without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization
from a U.S. district judge or magistrate judge.
☐ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

============================================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

7/25/2011
Date

_Audry B. Collins_
United States District Judge / Magistrate Judge

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

CV-115 (5/99)

Jul 25, 2011                    Ex 92

LUCIO A. BARROGA
P.O. BOX 2006
LOS ANGELES, CA 90066
Tel. 626-367-5858

PRO SE

LODGED

2011 AUG -3 AM ...

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

----------------------------------------------------------------------------

LUCIO A. BARROGA,                    !    CASE NUMBER: CV 09-056 ABC

                    Plaintiff        !

        v.                           !_____

BOARD OF ADMINISTRATION, CAL         ! REQUEST FOR RECONSIDERATION OF
PUBLIC EMPLOYEES' RETIREMENT         ! MOTION FOR LEAVE TO FILE A NEW
SYSTEM (PERS),                       ! COMPLAINT: THE ORDER OF JUDGE
                    Defendant        ! KING SHOULD BE RESPECTED

----------------------------------------------------------------------------

MEMORANDUM OF POINTS AND AUTHORITIES

On plaintiff's Motion For Leave To File A New Complaint: The Order Of Judge

King Should Be Respected lodged July 21, 2011, the NOTICE AND ORDER. .by

Chief Judge Collins filed July 25,2011 is quoted:

Complaint/Petition

IT IS HEREBY ORDERED that plaintiff may not file the document presented

in the above-referenced matter.

Aug 3, 2011   EXH 93

Date: 7/25/2011                                    (Signed) Audrey B. Collins

                                                   United States District Judge

It is requested that the Order of Hon. Judge King should be respected, and my

answer to his requirements, the MOTION FOR RECONSIDERATION FOR COURT

ORDER FOR LEAVE TO FILE A NEW COMPLAINT should not be stricken out and

should be considered. And I am not a vexatious litigant, and for the Honorable

Judge for not answering the QUESTION: **ARE THE ISSUES – ISSUE I, ISSUE II, ISSUE**

**III AND ISSUE IV IN THE COMPLAINT, OR CAUSES OF ACTION  FRIVOLOUS?,**

therefore is meant that the issues are not frivolous, and proof that I am not

vexatious litigant.

From the foregoing this Request For Reconsideration Of Motion For Leave To

File A New Complaint. . lodged July 21, 2011 should be granted.

Date: August  3 ,2011                    Respectfully submitted,

                                         *Lucio A. Barroga*
                                         Lucio A. Barroga

Attached: Notice and Order filed July 25, 2011    *EXH 92*

Motion For Leave To File A New Complaint: The Order Of Judge King Should Be
Respected lodge July 21,2011.                                *EXH 91*

(Note: It is very noticeable that the Judge's signatures of the last two orderS are in
very broad lines, compared to her fine line signatures of prior orders.)

2

LODGED

2011 AUG -3 AM 11: 30

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

FILED
CLERK, U.S. DISTRICT COURT

AUG ≈ 3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucia A. Barroga | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-00056-UA |
| v. Board of Administration, et al., | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the
above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☒ Other  Request for Reconsideration of Motion for Leave to File a New Complaint _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading
without the following:

☐ Bond in the amount of $_____ must be posted with the filing of any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization
  from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☒ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

========================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

P/

_____
Date  8/3/2011

_____
United States District Judge / Magistrate Judge

CV-115 (5/99)

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

Aug 3, 2011                    EXH 94

To: Judicial Conference of the United States
Administrative Office of the United States Courts
One Columbus Circle NE,
Washington, D.C. 20544

From: Lucio A., Barroga
P.O. Box 2006
Los Angeles, CA 90066
Tel. 626-367-5858
August *11*, 2011

RE DOCKET 09-90071 COMPLAINT OF JUDICIAL MISCONDUCT
(U.S. Court of Appeals of the 9th Circuit)

   A PETITION UNDER 28 U.S.C. UNDER 357 & 358 TO REVERSE OR OVERTURN
THE JUDICIAL COUNCIL ORDER (OF TEN JUDGES) ON JAN. 11, 2010 REGARDING
JUDICIAL MISCONDUCT AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B.
COLLINS FOR NOT DISQUALIFYING HERSELF  UNDER  28 U.S.C. SEC. 455 FOR
PETITIONER TO FILE A COMPLAINT was served on June 24, 2010.

   On a REQUEST FOR COURT ORDER FOR LEAVE TO FILE A NEW COMPLAINT
lodged Jun 28, 2011,  with  a PROPOSED COMPLAINT FOR DECLARATORY RELIEF
UNDER CAL CODE OF CIVIL PROC. SEC. 1062 ON NEW OR SAME ACTION BASED ON
THE SAME FACTS WHICH OVERCOMES RES JUDICATA , NOTICE AND ORDER. .
EXHIBIT 88, by Judge King filed June 30, 2011, is quoted ,

      Complaint/Petition
      Court order is needed to file a new action.
      . . . *No showing made that new proposed action is different from prior*
      *actions.*

   In response to Judge King's requirements, filed July 12, 2011 is EXHIBIT 89
MOTION FOR RECONSIDERATION FOR COURT ORDER FOR LEAVE TO FILE A NEW
COMPLAINT, showing in details that the causes of action or issues in the new
proposed Complaint are new and different from the prior actions.

   Filed July 14, 2011, is EXHIBIT 90 ORDER STRIKING FILED DOCUMENTS FROM
THE RECORD by Order of Chief Judge Collins, to quote:

Aug 11, 2011

Ex 95

WHERE AS, the documents listed below were improperly filed for the following reason(s) Plaintiff has been declared a vexatious litigant and court order is needed to file a new action or subsequent pleading.

IT IS HEREBY ORDERED that the documents shall be stricken from the record and shall not be considered by the Court.

**Document entitled:** Motion for reconsideration of Court order to file a new A/C, **Filed:** July 12, 2011.

July 14, 2011                    (Signed) Audrey B. Collins
   .                              United States District Judge

This action of Judge Collins striking the Motion for Reconsideration which is a response to Judge King's requirement is another violation of Judge Collins for not disqualifying herself under U.S.C. 28 Sec. 455 of which a complaint is pending before the Judicial Conference of the United States for not allowing plaintiff to file a complaint.

Lodged July 21, filed Jul 25, 2011 is EXHIBIT 91, MOTION FOR LEAVE TO FILE A NEW COMPLAINT : THE ORDER OF JUDGE KING SHOULD BE RESPECTED, to quote :

BECAUSE " VEXATIOUS LITIGANT" IS THE REASON IN THE COURT ORDER FILED 7/14/11 FOR STRIKING THE MOTION FOR RECONSIDERATION, THE FOLLOWING IS PROOF THAT PLAINTIFF IS NOT A VEXATIOUS LITIGANT.

Barron's Law Dictionary is quoted:

**VEXATIOUS LITIGATION is civil action** shown to have been instituted maliciously without **probable cause. . .**

QUESTION: **ARE THE ISSUES – ISSUE I, ISSUE II, ISSUEIII AND ISSUE IV IN THECOMPLAINT, OR CAUSES OF ACTION FRIVOLOUS?**

The 4 ISSUES, supported by law and the Constitution are in pages 3 to 6 in the proposed complaint of which pages 3 to 6 are here attached. .

Your Honor Judge Audrey B. Collins, because your order declared me a vexatious litigant, the above question requires your answer, please?

President Barack Obama said in his speech: the RULE OF LAW.

2

Judge Collins did not response to the direct question whether plaintiff is a vexatious litigant as shown on her Notice and Order filed Jul 25, 2011 EXHIBIT 92, another violation of U.S.C. 28 Sec, 455 for not responding to the question to disqualify herself, for plaintiff to file a complaint. Judge Collins does not even respect judgment of a peer, Judge King.

Filed Aug 3, 2011 EXHIBIT 93 is REQUEST FOR RECONSIDERATION OF MOTION FOR LEAVE TO FILE A COMPLAINT: THE ORDER OF JUDGE KING SHOULD BE RESPECTED.

Filed Aug. 3, 2011 is NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

Again, this Order from Chief Judge Collins did not respect the judgment of Judge King.

IT IS AGAINST LAW AND IS A JUDICIAL MIS CONDUCT TO DISMISS A COMPLAINT THAT IS NOT FRIVOLOUS

> 28 U.S.C. Sec. 352 **(b) Action by chief judge following a review.** After expeditiously reviewing a complaint,. . (a) the chief by written order stating his or her reasons, may (1) dismiss the complaint (A) if the chief judge finds the complaint to be . . .(iii) frivolous. . or lacking sufficient evidence to raise an inference that misconduct has occurred.

From the foregoing judicial misconduct, the Judicial Conference of the U.S. should therefore disqualify Chief Judge Collins and allow Judge King to consider or act to the Plaintiff's response to his requirements and permit or grant plaintiff to file a new complaint.

Date: August //, 2011                    Respectfully submitted

                                         *Lucio A. Barroga*
                                         Lucio A. Barroga

Attached: EXHIBIT 88 Filed Jun 30,2011 Notice and Order by Judge George King.

EXHIBIT 89 filed July 12, 2011 MOTION FOR RECONSIDERATION FOR COURT ORDER FOR LEAVE TO FILE NEW COMPLAINT (Response to Judge King.)

EXHIBIT 90 filed Aug 3, 2011 ORDER STRIKING FILED DOCUMENTS FROM THE RECORD by Chief Judge Collins

3




LUCIO A. BARROGA                                    !
P. O. BOX 662006                                    !
LOS ANGELES, CA 90066                               !
Tel 626-367 -5858                                   !

PRO SE                                              !  -

RECEIVED & RETURNED
CLERK, U.S. DISTRICT COURT
AUG 23 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

--------------------------------------------------------------------

.   LUCIO A. BARROGA,            !   CASE NO. CV09-056            -

                    Plaintiff    ! COMPLAINT FOR DECLARATORY
                                 ! RELIEF UNDER CAL CODE OF CIVIL
          V.                     ! PROC. SEC. 1062 ON NEW OR SAME
BOARD OF ADMINISTRATION,         ! ACTION BASED ON THE SAME FACTS
CAL PUBLIC EMPLOYEES'            ! WHICH   OVERCOMES RES .
RETIREMENT SYSEM (PERS),         ! JU DICATA . ...

                    Defendant(s)  !

LODGED
CLERK, U.S. DISTRICT COURT
AUG 2 2 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

### MEMORANDUM OF POINTS AND AUTHORITIES

THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

A)   U.S. Constitution Amendment Fourteen. Supporting precedents, from
USCA, Constitution Amendment 14, Sec. 1, to quote precedents:

a) State action, for purpose of this clause, may emanate from rulings of
administrative and regulatory agencies as well as from legislative or judicial
actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965, 407 US 163,
32 L.Ed.2d 627



LODGED
CLERK, U.S. DISTRICT COURT
SEP - 2 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

b)  State has obligation to insure that actions of its agencies do not
deprive any person of equal protection of laws. U.S. v. State of Tex. 1970,
321 F. Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441,

Aug 23, 2011      EXH 96A
                       98B

certiorari denied 92 S. Ct. 675,   404 U.S. 1016,   30 L.Ed. 2d 663.

c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948,   68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

B)   Constitution, Amendment 11, because PERS wanted this case tried in court. See EXHIBIT 4. Dep. Gen. Counsel Gillan said, " unless and until we are ordered to do so by a court ".   " I .. urge you to seek, . an attorney".

C) Constitution, Amendment 13, prohibition of slavery. ISSUE IV, for PERS denying me benefits derived from employer's contributions I had worked and toiled for.

D) State judges are members of PERS, even the Hon. U.S. District Court. Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A . Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgment not consistent with the law, and said "you know how to appeal. ."

FACTS

After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the

2

employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws.

ISSUES

Proof that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS, to quote:

(Cal) Gov't Code Sec. 20390 (new 20340)   Condition of cessation

A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL)

3

EX 97

LODGED

2011 AUG 22 AM 10: 14
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

CLERK, U.S. DISTRICT COURT

AUG 23 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

_____
                    PLAINTIFF(S)

v.

Board Of Administration, et al;

_____
                    DEFENDANT(S)

| CASE NUMBER |
|---|
| CV09-56-ABC |

## NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

_____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☒ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=========================================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_____8/23/11_____
Date

_____
United States District Judge / Magistrate Judge

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

CV-115 (5/99)

Aug 23, 2011                    EXH 97

97 A

LUCIO A. BARROGA

P. O. BOX 662006

LOS ANGELES, CA 90066

Tel. 626-367-5858

PRO

LODGED

2011 SEP -2 PM 12: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,                    ! CASE NUMBER: CV 09- 056

       Plaintiff          !_____

        V.                       ! MOTION: STOP USING VEXATIOUS

BOARD OF ADMINISTRATION, CAL        ! LITIGANT FORM; REQUEST FOR LEAVE

PUBLIC EMPLOYEES' RETIREMENT         ! TO FILE A COMPLAINT

SYSTEM (PERS),                       !

       Defendant(s)    !

MEMORANDUM OF POINTS AND AUTHORITIES

ON June 24, 2010, Plaintiff served the Judicial Conference of the United States
a PETITION UNDER 28 U.S.C. SEC. 357 & 358 TO REVERSE OR OVERTURN THE
JUDICIAL COUNCIL (OF 10 JUDGES) ORDER OF JAN. 10, 2010 REGARDING JUDICIAL
MISCONDUCT AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B. COLLINS FOR
NOT DISQUALIFYING HERSELF UNDER 28 U.S.C. SEC. 455 FOR PETITIONER TO FILE
A COMPLAINT. EXHIBIT 79, to quote:

> **28 U.S.C. Sec. 357 (a) Review of action of judicial council.** A complainant or
> judge aggrieved by an action of the judicial council, may petition the
> Judicial Conference of the United States for review thereof.

1 Sep 2, 2011    EXH 98A

IT IS AGAINST LAW AND A JUDICIAL MISCONDUCT TO DISMISS A COMPLAINT THAT IS NOT FRIVOLOUS.

> 28 U.S.C. SEC 352 **(b) Action by chief judge (of Court of Appeals) following a review.** After expeditiously reviewing a complaint. .(a) the chief judge by written order stating his or her reasons, may- **(1)** dismiss the complaint **(A)** if the chief judge finds the complaint to be . .

> (iii) frivolous . .or lacking sufficient evidence to raise an inference that misconduct has occurred.

From the foregoing, this Motion: Stop Using Vexatious Litigant Form; Request for Leave to File a Complaint should be granted.

Date: September 2 , 2011                    Respectfully submitted:

                                            *Lucio A. Barroga*
                                            Lucio A. Barroga

Attached: Complaint

Part of Complaint, Pages 3 to 6 filed Aug 23, 2011.
*Order 8/23/11 & Motion for leave to file*

Note: During the senate confirmation hearing, U.S. Supreme Court Chief Justice John Roberts said, judgment strictly under the law and "without fear or favor".

Pres. Barack Obama said in his speech, the RULE OF LAW.

3

EX 97 9/6/11 Order
Case 2:09-cv-00056-U. Document 44 Filed 09/06/11 Page 1 of 1 Page ID #:912
Case 2:19-cv-00921-MCE-KJN Document 1 Filed 05/22/19 Page 191 of 382

LODGED

2011 SEP -2 PM 12: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED
CLERK, U.S DISTRICT COURT

SEP - 6 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LUCIO A. BARROGA, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV 09-0056 UA |
| v. | |
| BOARD OF ADMINISTRATION, CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

LUCIO A. BARROGA _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☒ Other MOTION; STOP USING VEXATIOUS LIGITANT FORM; REQUEST FOR LEAVE TO FILE A COMPLAINT

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☒ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=======================================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

Date: _Sep 6, 2011_

_Aury B Collin_
United States District Judge / Magistrate Judge

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

CV-115 (5/99)

Sep. 6, 2011                                    EX 100

*EX 101 9-16-11, Jud. Conf.*

To: Judicial Conference of the United States
Administrative Office of the United States Courts
One Columbus Circle NE
Washington , D.C. 20544

From: Lucio A. Barroga
P.O.Box 662006
Los Angeles, CA 90066
Tel. 626-367-5858
September /6 , 2011

RE: DOCKET 09-90071 COMPLAINT OF JUDICIAL MISCONDUCT
(U.S. Court of Appeals of the 9th Circuit)

Pending in the Judicial Conference of the United States is A PETITION UNDER
28 U.S.C. SEC. 357 & 358 TO REVERSE OR OVERTURN THE JUDICIAL COUNCIL
ORDER (OF TEN JUDGES) ON JAN. 11, 2010 REGARDING JUDICIAL MISCONDUCT
AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B. COLLINS FOR NOT
DISQUALIFYING HERSELF UNDER 28 U.S.C. SEC. 455 FOR PETITIONER TO FILE A
COMPLAINT which PETITION was served on June 24, 2010.

Lodged on Sept. 2, 2011 and returned Sept. 6, 2011, EXHIBIT 99, MOTION:
STOP USING VEXATIOUS LITIGANT FORM; REQUEST FOR LEAVE TO FILE A
COMPLAINT is quoted:

   A JUDGE WHOSE CONDUCT IS COMPLAINED OF IS DISQUALIFIED FOR
   TRANSMITTAL OF COMPLAINT

   Title 28 Sec. 351(c) Transmittal of complaint . . .if the conduct complained
   of is that of the chief judge, (transmittal) to that circuit judge in regular
   active service next senior in date of commission. . .

   NO VEXATIOUS LITIGANT, BECAUSE THE CAUSES OF ACTION ARE NOT
   FRIVOLOUS

                          1
                                        EXH 101
                     Sep 16, 2011

AND IT IS AGAINST LAW AND A JUDICIAL MISCONDUCT TO DISMISS A COMPLAINT THAT IS NOT FRIVOLOUS

Please, read the attached Motion.

In the NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT filed Sept. 6, 2011, EXHIBIT 100, Chief Judge Collins again did not disqualify herself, even if the law specifically prohibit a judge whose conduct is  complained of to transmittal of the complaint. The ORDER is here attached and is quoted:

Other. MOTION: STOP USING VEXATIOUS LITIGANT FORM; REQUEST FOR LEAVE TO FILE A COMPLAINT

IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter.   (Signed) Audrey B. Collins, United States District Judge, Sept. 6, 2011.

Against law, Judge Collins does not disqualify herself under 28 U.S.C. Sec 455 Disqualification of justices, judges and magistrate judges, and now Title 28 Sec 351 (c) Transmittal of complaint – a judicial misconduct. From the foregoing, the Judicial Conference of the United States should issue an order to disqualify Judge Collins, and do something for her to comply with the law to allow me to file a complaint.

Date: September 16, 2011                   Respectfully submitted:

                                           Lucio A. Barroga

Attached: MOTION: STOP USING VEXATIOUS LITIGANT FORM; REQUEST FOR LEAVE TO FILE A COMPLAINT  Lodged Sept. 2, 2011.  EXHIBIT 99

NOTICE AND ORDER . . filed Sept. 6, 2011.  EXHIBIT 100

COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIV. PROC. 1062. .filed Aug 23. 2011 (First 8 pages only.)   EXHIBIT 88

2

```
          MARINA DEL REY POST OFFICE
          MARINA DEL REY, California
                  902929998
               0544850301 -0095
 09/16/2011    (310)306-4533      11:30:13 AM

                    Sales Receipt
 Product            Sale  Unit          Final
 Description        Qty  Price          Price

 Photo              1    $1.59          $1.59
 Document
 Mailer 9.75"
 x 12.25"
 (Chipboard)
 WASHINGTON DC 20544                     $2.28
 Zone-8 First-Class
 Large Env
 7.60 oz.
 Expected Delivery: Mon 09/19/11
 Certified                               $2.85
 Label #:         70111150000097983244
                                        --------
     Issue PVI:                          $5.13


 Total:                                  $6.72

 Paid by:
 Cash                                    $7.00
 Change Due:                            -$0.28
 ********************************************
 ********************************************
 BRIGHTEN SOMEONE'S MAILBOX. Greeting cards
 available for purchase at select Post
 Offices.
 ********************************************
 ********************************************

 Order stamps at usps.com/shop or call
 1-800-Stamp24.  Go to usps.com/clicknship
 to print shipping labels with postage.
 For other information call 1-800-ASK-USPS.
 ********************************************
 Get your mail when and where you want it
 with a secure Post Office Box. Sign up for
 a box online at usps.com/poboxes.
 ********************************************
 ********************************************


 Bill#: 1000502822447
 Clerk: 15

    All sales final on stamps and postage
    Refunds for guaranted services only
         Thank you for your business
 ********************************************
 ********************************************
        HELP US SERVE YOU BETTER

    Go to: https://postalexperience.com/Pos

      TELL US ABOUT YOUR RECENT
            POSTAL EXPERIENCE

        YOUR OPINION COUNTS
 ********************************************
 ********************************************
```

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com₈

WASHINGTON DC 205

| | | |
|---|---|---|
| Postage | $ | $2.28 | 0301 |
| Certified Fee | | $2.85 | 15 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $5.13 | 09/16/2011 |

Sent To _JUDICIAL CONFERENCE OF U.S._
Street, Apt. No.
or PO Box No. _One Columbus Circle NE_
City, State, ZIP+4 _Washington, D.C. 20544_

PS Form 3800, August 2006                    See Reverse for Instructions

7011 1150 0000 9798 3244

EX 10/11/16

CLERK, U.S. DISTRICT COURT

OCT 1 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

To: TERRY NAFISI, Clerk of Court and District Executive
U.S District Court
312 N. Spring St. Rm. G8
Los Angeles, CA 90012

From: Lucio A. Barroga
P.O. Box 662006, Los Angeles, CA 90066
Tel. 626-367-5858

RE: Case CV09 -056 Barroga v. Board of Administration, PERS

Sir/madam:

On Sept 22, 2011, I wanted to file a COMPLANT and under the law Title 28 Sec 351 (c) the clerk shall transmit the complaint to a different judge, but not to chief Judge Collins, because there is a complaint of judicial misconduct against her for not disqualifying herself under Title 28 Sec. 455 Disqualification of justices, judges or magistrate judges for plaintiff to file a complaint.

Last Friday, October 7, Manager of Public Intake Section Sharon Magee called me by phone to tell that there will be no response to my letter to you dated Sept. 22 ,2011, copy of which is here attached. But I still have a later letter to you dated Oct. 6. 2011, and I expect a reply. Ms. Magee said the subject was dealt with already in my meeting a week earlier with them, Ms. Sharron Magee and Rhonda, the earlier Manager whom I understand Ms. Magee replaced. In that meeting, she tried to contact the Court of Appeals regarding the ruling of judicial misconduct. So, as the ruling was part of the files on the complaint for declaratory relief, I showed them the Court of Appeals Chief Judge Kozinski's Order, the Judicial Council (of 10 judges) Order, EXHIBIT 57 here attached, and my last letter of complaint to the Judicial Conference of the United States, At that meeting, because the Orders were not favorable on the judicial misconduct complaint, Ms. Magee said the complaint against PERS that I wanted to file must go to Chief Judge Collins. But, every prior complaint against PERS and motion for leave to file a complaint that was submitted was denied by Judge Collins, ( the receiving clerks stamped the motions and complaints as "LODGED" then returned to me, Michelle

Oct 11, 2011                          EX 104

Murray and Chris (the colored guy) refused my pleadings to stamped the documents as "FILED". Is that not prejudicial?). There is still a pending complaint of judicial misconduct under Title 28 Sec. 455 Disqualification of justices, judges, or magistrate judges against Chief Judge Collins in the Judicial Conference, which emanates from the Complaint for Declaratory Relief, therefore the complaint should be transmitted to a different judge.   These two complaints are interrelated to each other as one. An action to any of the two affect the other. Therefore, the clerk must follow the law under Title 28 Sec. 351 (c) that transmittal of the Complaint for Declaratory Relief must go to a different judge. Under Title 28 Sec. 352 (2) an appropriate corrective action will end the judicial misconduct proceedings. And the corrective action is that the complaint against PERS must be tried by a different judge. On the other hand, every denial for the complaint for declaratory relief is a push nearer to congress where there is a potential impeachment. Why take that unnecessary risk?

Chief Judge Collins.s declaration that I am a vexatious litigant is wrong, because the issues or causes of action in the Complaint for Declaratory Relief are not frivolous. In fact, I cited the fact that to dismiss a complaint that is not frivolous is judicial misconduct.

From the foregoing, again, you have the responsibility to enforce the law, Title 28 Sec 351 (c) that transmittal of the complaint must go to different judge,  To quote:

Title 28 Sec 351 (c) Transmittal of complaint. . the clerk. ..if the conduct complained of is that of the chief judge, (transmittal) to the circuit judge in regular active service next in date of commission. .

Your earliest response is appreciated, or please call me to let me know when I can file the complaint.

Date: October //, 2011                    Respectfully submitted,

                                           Lucio A. Barroga

2

Attached: EXHIBIT 57 IN RE COMPLAINT OF JUDICIAL MISCONDUCT
Letter to  Terry Nafisi, Clerk of Court dated Sept 22, 2011

Note: The processing of my complaint and motions by the receiving clerks
consisted by the following: The clerk gets a print-out from the computer a NOTICE
AND ORDER RE FILING BY VEXATIOUS LITIGANT form, She or he then marked "x"
on "Court order is needed to file a new action." and  "Court order is needed to file
subsequent pleadings" The precooked orders were then submitted to the Judge
for signature, with the "IT IS HEREBY ORDERED that plaintiff may not file the
document presented. . "

3

LUCIO A. BARROGA       !
P. O. BOX 662006       !
LOS ANGELES, CA 90066  !
Tel 626-367 -5858      !

PRO SE                 !

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

-------------------------------------------------------------------

LUCIO A. BARROGA,          !  CASE NO. CV09-056  *A&L*

         Plaintiff   ! COMPLAINT FOR DECLARATORY
                     ! RELIEF UNDER CAL CODE OF CIVIL
         V.          ! PROC. SEC. 1062 ON NEW OR SAME
BOARD OF ADMINISTRATION,   ! ACTION BASED ON THE SAME FACTS
CAL PUBLIC EMPLOYEES'      ! WHICH   OVERCOMES RES
RETIREMENT SYSEM (PERS),   ! JU DICATA .

         Defendant(s)   !

LODGED
CLERK, U.S. DISTRICT COURT

**OCT 2 4 2011**

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

---

## MEMORANDUM OF POINTS AND AUTHORITIES

THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

    A)   U.S. Constitution Amendment Fourteen. Supporting precedents, from USCA, Constitution Amendment 14, Sec. 1, to quote precedents:

        a) State action, for purpose of this clause, may emanate from rulings of administrative and regulatory agencies as well as from legislative or judicial actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965, 407 US 163,

        b)   State has obligation to insure that actions of its agencies do not deprive any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F. Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441,

---

Note: Title 28 Sec.351(c) Transmittal of complaint to chief judge is prohibited because of judicial misconduct complaint. See page 8.

*Oct. 24, 2011*

*Ex 107*

*7*

certiorari denied 92 S. Ct. 675, 404 U.S. 1016, 30 L.Ed. 2d 663.

    c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948, 68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

    B) Constitution, Amendment 11, because PERS wanted this case tried in court. See EXHIBIT 4. Dep. Gen. Counsel Gillan said, " unless and until we are ordered to do so by a court ". " I .. urge you to seek, . an attorney".

    C) Constitution, Amendment 13, prohibition of slavery. ISSUE IV, for PERS denying me benefits derived from employer's contributions I had worked and toiled for.

    D) State judges are members of PERS, even the Hon. U.S. District Court. Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A . Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgment not consistent with the law, and said "you know how to appeal. ."

## FACTS

    After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the

2

employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws.

ISSUES

Proof that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS, to quote:

(Cal) Gov't Code Sec. 20390 (new 20340)   Condition of cessation

A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL)

3

LODGED
CLERK, U.S. DISTRICT COURT

OCT 2 4 2011

BY _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 6 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | **CASE NUMBER** |
| | CV 09-56 UA |
| **PLAINTIFF(S)** | |
| v. | |
| Board of Adminstration, et al. | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| **DEFENDANT(S).** | |

_____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=====================================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_____10 / 2 6/2011_____          _____ Aug B Coleen _____
Date                             United States District Judge / Magistrate Judge

---

NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

CV-115 (5/99)

Oct. 26, 2011          EXH 108

LUCIO A. BARROGA                              !
P.O. BOX 662006                               !
LOS ANGELES, CA 90066
Tel. 626-367-5858                             !

PRO SE _____

.                  **UNITED STATES DISTRICT COURT**

.                  **CENTRAL DISTRICT OF CALIFORNIA**     -----

-------------------------------------------------------------------------- .

LUCIO A. BARROGA,             !    CASE NUMBER: CV 09-056 *ABC*

.              Plaintiff   !  _____

          V.             !  MOTION FOR RECONSIDERATION OF

BOARD OF ADMINISTRATION, CAL   ! NOTICE AND ORDER DENYING MOTION

PUBLIC EMPLOYEES' RETIREMENT   ! FOR LEAVE TO FILE A COMPLAINT

SYSTEM (PERS),             !

.           Defendant  !

--------------------------------------------------------------------------

MEMORANDUM OF POINTS AND AUTHORITIES

   NOTICE AND ORDER filed Oct. 26, 2011 denied an Oct, 24, 2011 MOTION FOR
LEAVE TO FILE A COMPLANT of which the COMPLAINT for declaratory was attached.
This MOTION request reconsideration of the NOTICE AND ORDER.

   At the senate confirmation hearing of Justice Sonia Sotomayor, a senator asked
her if she will disqualify herself, citing:

> Title 28 Sec. 455 **Disqualification of justices, judges, or magistrate judges.**
> Any justice, judge or magistrate judge of the United States shall disqualify
> himself in any proceeding in which his impartiality might reasonably be
> questioned.

(Then) Judge Sotomayor said, yes, she will disqualify herself.

WHAT OTHER JUDGE SAID TO THE COMPLAINT

_____

                              /  NOV 3, 2011  EXH 109

On June 30, 2011, EXHIBIT 88, NOTICE AND ORDER by Judge King, stated,              .
.        "No showing made that new proposed action is different from prior action"

On July 12, 2011, EXHIBIT 89, MOTION FOR RECONSIDERATION. answering Judge King's ORDER. .showed in details that issues in the present complaint are different from the issues in prior complaints. But on July 14, 2011, EXHIBIT 90, ORDER BY JUDGE COLLINS., is STRIKING FILED DOCUMENT (MOTION FOR RECONSIDERATION) FROM THE RECORD.

The above succeeding documents proved that a different judge like Judge King would permit the trial of the case, but which a new trial the Hon. Judge Collins does not permit and even stroked out response. Is that not prejudicial?.

But a misconduct that is not amenable to resolution, from Title 28 Sec 354 (b) (2) (B), can eventually reach the congress where there is potential impeachment under Title 28 Sec. 355. But again, under Title 28  Sec. 352 (2), an appropriate corrective action such as allowing the case be tried by another judge, will end the proceedings on judicial misconduct.   So, why take that unnecessary risk?

From the foregoing, this MOTION FOR RECONSIDERATION OF NOTICE AND ORDER should be granted, and therefore grant the Oct. 24 Motion for Leave to File a Complaint.

Date: November $3$ , 2011                     Respectfully submitted;
                                              *Lucio A. Barroga*
                                              Lucio A. Barroga

Attached:

EXHIBIT 88, EXHIBIT 89, & EXHIBIT 90.

Note: I have not received a copy of the NOTICE AND ORDER from the mail. I saw it on the computer at the court. Why does the receiving Clerk (Chris, the colored guy) refused to give me just a copy of the NOTICE AND ORDER. And why can I not buy the only page I need in the copying office, but they demand me to buy the entire documents, in this case 261 pages, when I need only the ORDER of one page.

*Shannon Magee instructed to issue Order*

2

LODGED

2011 NOV -3 PM 12: 18

CLERK U.S. DIST. CALIF.
CENTRAL LOS ANGELES

BY _____

FILED
CLERK, U.S. DISTRICT COURT

NOV - 3 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | **CASE NUMBER** |
| | CV09-56-ABC |
| **PLAINTIFF(S)** | |
| v. | |
| Board Of Administration, et al; | **NOTICE AND ORDER RE FILING BY** |
| | **VEXATIOUS LITIGANT** |
| **DEFENDANT(S).** | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☒ Other _Motion for reconsideration of notice and order denying motion for leave to file a complaint._

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

===============================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_11/3/2011_
Date

_[signature]_
United States District Judge / Magistrate Judge

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

CV-115 (5/99)

NoV. 3, 2011          EXH 110

LUCIO A. BARROGA                    !
P.O. BOX 662006                     !
LOS ANGELES, CA 90066               !
Tel. 626-367-5858                   !

PRO SE                              !

LODGED

2011 DEC -5   AM 10:
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIFORNIA
LOS ANGELES
BY:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

---

LUCIO A. BARROGA,              !    CASE NUMBER: CV 09-056

                Plaintiff      !

        v.                     !   _____

BOARD OF ADMINISTRATION, CAL   !   MOTION FOR LEAVE TO FILE A
PUBLIC EMPLOYEES' RETIREMENT   !   COMPLAINT WITH TITLE 28 SEC. 359
SYSTEM (PERS),                 !

                Defendant .    !

---

MEMORANDUM OF POINTS AND AUTHORITIES

Pending In the Judicial Conference of the United States is a PETITION UNDER
TITLE 28 SEC 357 AND 358 TO REVERSE OR OVERTURN A JUDICIAL COUNCIL ORDER
(OF 10 JUDGES) OF JAN. 11, 2010  REGARDING JUDICIAL MISCONDUCT AGAINST
DISTRICT CHIEF JUDGE AUDREY B. COLLINS FOR NOT DISQUALIFYING HERSELF
UNDER TITLE 28 SEC 455 FOR PETITIONER TO FILE A COMPLAINT.

Filed Nov. 3, 2011 is NOTICE AND ORDER . :by Judge Collins Denying
Reconsideration of NOTICE AND ORDER Denying Motion For Leave To File A
Complaint. For years, so many Motions For Leave To File A Complaint and
subsequent Motions for reconsideration were denied by Judge Collins. And the

/                       EXH 11# 3
              DCC 5, 2011  11/3

Clerk's Public Intake Office always forward the motions to Judge Collins against my objections demanding for a different judge. And Motion For Reconsideration, in response to ORDER by a different judge denying Motion For Leave To File A Complaint because of some requirements were canceled or stricken out from the record. Notice, an earlier EXHIBIT 36A Notice of Document Discrepancies by Judge Collins initially Granted a Motion For Leave to File a Complaint.

But under Title 28 Sec. 359 is Restriction that no judge whose conduct is the subject of investigation can sit in judgment to a complaint for declaratory relief that is the cause of the investigation.

From the foregoing, this motion for leave to file a complaint should be granted, and a different judge can try this case.

Date: December 5, 2011                    Respectfully,

                                          *Lucio A. Barroga*
                                          Lucio A. Barroga

Attached: 1) EXHIBIT 36A Notice of Document Discrepancies showing initial approval by Judge Collins of Motion For Leave To File A Complaint.

2) Notice and Order filed Nov. 3, 2011

3) Complaint for Declaratory Relief under Cal Code of Civ. Proc. Sec.1062

2

LODGED

2011 DEC -5 AM 10: 14

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

FILED
CLERK, U.S DISTRICT COURT

DEC - 5 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA.

| | |
|---|---|
| Lucio A. Barroga | **CASE NUMBER** |
| | CV09-00056-UA |
| **PLAINTIFF(S)** | |
| v. | |
| Board of Administration, et al., | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| **DEFENDANT(S).** | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☒ Other _Motion for leave to file a complaint with title 28 SEC. 359; Proposed complaint_

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=====================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_____1/5/ 2011_____                    _____
Date                                        United States District Judge / Magistrate Judge

NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT            EXH 114

Dec 5, 2011

To: Judicial Conference of the United States
Administrative Office of the United States Courts
One Columbus Circle NE
Washington, D.C. 20544

From: Lucio A. Barroga
P.O. Box 662006
Los Angeles , CA 90066
Email Address: luciobarroga@yahoo.com
Date: December 19 2011

RE: DOCKET NO.  09-90071 COMPLAINT OF JUDICIAL MISCONDUCT
(U.S. COURT OF APPEALS OF 9TH CIRCUIT)

Sir/Madam:

   Pending in the Judicial Conference of the United States is a PETITION under 28 U.S.C.
Sec. 357 & 358 TO REVERSE OR OVERTURN THE JUDICIAL COUNCIL ORDER (OF 10
JUDGES) OF JAN. 11, 2010 REGARDING JUDICIAL MISCONDUCT AGAINST DISTRICT
COURT CHIEF JUDGE AUDREY B. COLLINS FOR NOT DISQUALIFYING HERSELF UNDER 28
U.S.C. SEC. 455 FOR PETITIONER TI FILE A COMPLAINT, which PETITION was served on
June 24, 2010. To quote a precedent:

> Under this section requiring  judge to disqualify himself when his impartiality
> might reasonably be questioned, actual demonstrated prejudice need not exist in
> order for judge to be required to recuse himself. U.S. v. Miranne, C.A.5  (La)
> 1982, 688 F.2d 980, certiorari denied 103 S.Ct 736, 459 U.S. 1109, 74 L.Ed2d 959
> Judges  49(1)

REPORT OF THE LATEST MISCONDUCTS OF CHIEF JUDGE COLLINS

VIOLATION OF TITLE 28 SEC. 351(c)

> Title 28 Sec. 351 (c) Transmittal of complaint . .clerk  . .if the conduct complaint
> of is that of the chief judge, (transmittal) to circuit judge in regular active service
> next in date of commission. . .

1
Dec. 19, 2011

Ex 116

In EXHIBIT 107, on MOTION FOR LEAVE TO FILE A COMPLAINT with Title 28 Sec. 351(c), lodged Oct. 24, 2011, Chief Judge Collins did not disqualify herself.  but instead, issued NOTICE AND ORDER . .EXHBIT 108  filed Oct. 26.2008 denying the motion and violating Tile 28 Sec. 351(c).

VIOLATION OF TITLE 28 SEC. 359

> Title 28 Sec. 359 Restriction . . No judge whose conduct is the subject of investigation . . .shall serve upon a special committee , upon a judicial council. .(in this case, to sit in judgment to a complaint for declaratory relief that is the cause of investigation,)

In EXHIBIT 113, on MOTION FOR LEAVE TO FILE A COMPLAINT WITH TITLE 28 SEC. 359, lodged Dec. 5, 2011, Chief Judge Collins did not disqualify herself, but instead, issued EXHIBIT 114, a NOTICE AND ORDER filed Dec. 5, 2011 denying motion, and violating Title 28 Sec. 359.

From the foregoing, for not disqualifying herself under the cited laws, the Judicial Conference of America  should act to correct an injustice.

Respectfully submitted:

Lucio A. Barroga

Attached: EXHIBIT 107 Oct. 24, 2011 Motion for Leave to File a Complaint
EXHIBIT 108 Oct. 26, 2011 Notice and Order
EXHIBIT 113 Dec. 5, 2011 Motion for Leave to File a Complaint with Title 28 Sec 359.
EXHIBIT 114 Dec. 5 2011 Notice and Order

2

UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF CALIFORNIA


CASE  NO.

LUCIO A. BARROGA

V.

BOARD OF ADMINISTRATION

CAL PUBLIC EMPLOYEES' RETIREMENT SYSTEM (PERS)


LUCIO A. BARROGA, PRO SE

. P.O.BOX  2516

LONG BEACH, CA 90801

TEL  562-243-1024


$EXHIBIT \; VOL \; II$

LODGED

LUCIO A. BARROGA
P.O. BOX 662006
LOS ANGELES, CA 90066
Tel. 626-367-5858

2012 FEB 23 AM 10: 24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

PRO SE

BY_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

----------------------------------------------------------------

LUCIO A. BARROGA,

                          Plaintiff

            V.

BOARD OF ADMINISTRATION, CAL
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM (PERS),

                          Defendant

! CASE NUMBER: CV 09-056

!

!

! _____

! MOTION TO FILE A COMPLAINT UNDER
! TITLE 28 SEC. 1654 TO PLEAD AND
! CONDUCT OWN CASE PERSONALLY
! WITH THE SAME RIGHT AS COUNSEL

----------------------------------------------------------------

MEMORANDUM OF POINTS AND AUTHORITIES

Title 28 Sec. 1654. In all courts of the United States the parties may plead and
conduct their own cases personally or by counsel as, by the rules of such
courts, respectively, are permitted to manage and conduct causes therein.

Under the above law, a person can conduct personally his or her complaint on
the court with the same right as a counsel. Therefore, the dismissal order EXHIBIT
30 that required plaintiff "must first file a motion for leave to file a complaint" and
the subsequent court orders, such as EXHIBITS 54, 72, 75, 77, 94, 100 that required
"court order is needed to file new action", restricting plaintiff's rights to act that
are accorded a counsel, violate the law,

/ Feb 23, 2012    EX 120

Also, plaintiff is not a vexatious litigant, because the causes of action are valid and are not frivolous. (see causes of action or ISSUES in pages 3 to 5 in COMPLAINT.) From Barron's Law Dictionary:

> **VEXATIOUS LITIGATION** is **civil action** shown to have been instituted maliciously and without **probable cause. . .**

From the foregoing, therefore plaintiff's complaint for declaratory relief should be filed and processed without "court order is needed to file new action", because restricting plaintiff's rights to act that are accorded a counsel, violates the law. Pres. Obama cited the "RULE OF LAW" to apply..

Date:  February 23, 2012                    Respectfully submitted,

                                            *Lucio A. Barroga*
                                            Lucio A. Barroga

Attached: Complaint For Declaratory Relief

2

LODGED
CLERK, U.S. DISTRICT COURT

FEB 23 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

FEB 27 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucio A. Barroga | CASE NUMBER |
|---|---|
| | CV09-0056 UA |
| PLAINTIFF(S) | |
| v. | |
| Board of Administration, California Public Employees' Retirement System | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing of any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

==================================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_2 / 27 / 2012_
Date

_a.Rolie_
United States District Judge / Magistrate Judge

CV-115 (5/99)

NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT

EXH 122

Feb 27, 2012

LUCIO A. BARROGA   *4502*   !
~~P. O. BOX 662006~~   *PISSARD ST.* !
~~LOS ANGELES, CA 90066~~   *STOCKTON*
Tel 626-367-5858   *CA 95206*

PRO SE   !

**ORIGINAL**
**FILED**

MAY   2 2012

**CLERK, U.S. DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
BY _____
DEPUTY CLERK

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

---

. LUCIO A. BARROGA,    ! CASE NO.  1 2 CV 1179 MCE

                                                    KTN

              Plaintiff   ! COMPLAINT FOR DECLARATORY   PS
                          ! RELIEF UNDER CAL CODE OF CIVIL
          V.              ! PROC. SEC. 1062 ON NEW OR SAME
BOARD OF ADMINISTRATION,  ! ACTION BASED ON THE SAME FACTS
CAL PUBLIC EMPLOYEES'     ! WHICH   OVERCOMES RES.
RETIREMENT SYSEM (PERS),  ! JUDICATA . ..

              Defendant(s)  !

---

### MEMORANDUM OF POINTS AND AUTHORITIES

THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

A)   U.S. Constitution Amendment Fourteen. Supporting precedents, from USCA, Constitution Amendment 14, Sec. 1, to quote precedents:

a) State action, for purpose of this clause, may emanate from rulings of administrative and regulatory agencies as well as from legislative or judicial actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965, 407 US 163,

b)   State has obligation to insure that actions of its agencies do not deprive any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F. Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441, certiorari denied 92 S. Ct. 675,   404 U.S. 1016,   30 L.Ed. 2d 663.

1
1-10, 22-25   May 2, 2012

*EXH 129*

c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948, 68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

B) Constitution, Amendment 11, because PERS wanted this case tried in court. See EXHIBIT 4. Dep. Gen. Counsel Gillan said, " unless and until we are ordered to do so by a court ".   " I .. urge you to seek, . an attorney".

C) Constitution, Amendment 13, prohibition of slavery. ISSUE IV, for PERS denying me benefits derived from employer's contributions I had worked and toiled for.

D) State judges are members of PERS, even the Hon. U.S. District Court Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A . Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgment not consistent with the law, and said "you know how to appeal. ."

FACTS

After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the employer's contributions on my behalf remaining in deposit with PERS.

2

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws, and therefore I am entitled retirement benefits.

ISSUES

Proof that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS, to quote:

(Cal) Gov't Code Sec. 20390 (new 20340)   Condition of cessation

A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL) GOV'T CODE SEC. 20691? (New Issue, different from prior Issues)

3

(Cal) Gov't Code Sec. 20691.  **Payment of member normal contributions by contracting agencies or school employer**

Notwithstanding any other provision of law, a contracting agency or school employer may pay all or a portion of the normal contributions required to be paid by a member.   . The payment shall be reported simply as normal contributions and shall be credited to member accounts.

The employer's contributions are explicit "normal contributions", therefore I am still a PERS member, entitled retirement benefits.

ISSUE II:   IS PERS'S ALTERNATIVE OFFER FOR THE WITHDRAWAL OF THE ACCUMULATED MEMBER CONTRIBUTIONS TO DEPRIVE PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE AFTER PLAINTIFF HAD QUALFIED FOR RETIREMENT AFTER REACHING 50 YEARS OLD, A VIOLATION OF (CAL) GOV'T CODE SEC. 21203 (NEW 21259)?

(Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement

Subject to compliance with this part, after a member has qualified as to . .age and service for retirement for service, nothing shall deprive him or her of the right to retirement allowance as determined under this part.

ISSUE III :  IS PERS'S DENIAL FOR CONSIDERING THE WITHDRAWN MEMBER CONTRIBUTIONS AS LOANS A VIOLATION OF PERS'S LOAN LAWS WHICH ALLOW WITHDRAWALS AS LOANS?   OR DISCRIMINATORY?

(Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals, interest. .

4

. .member may file an election with the board to redeposit in the retirement fund, in lump sum or by installment payment (1) an amount equal to the accumulated contributions.. .withdrawn, and   (2) an amount equal to the interest. .,and (3) if he or she elects to redeposit in other than one sum, interest on the unpaid balance at date of election to redeposit.

(Cal) Gov' t Code Sec. 20211 (new 20202) Natural disaster relief loan.

(Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

(Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

(Cal) Gov't Code Sec. 20201   Secured home loan.

ISSUE IV: CONSTITUTION, AMENDMENT 13 IS VIOLATED. PERS HAS DENIED PLAINTIFF RETIREMENT BENEFITS DERIVED FROM THE EMPLOYER'S CONTRIBUTION WHICH HAVE REMAINED IN DEPOSIT WITH PERS, WHICH EMPLOYER'S CONTRIBUTIONS PLAINTIFF HAD WORKED AND TOILED FOR, to quote:

**Amendment 13, Section 1.** Neither slavery nor involuntary servitude . . .shall exist within the United States, . .

If any of the ISSUES is YES, in fact, all are yes, then I am entitled retirement benefits and the redeposit of the withdrawn contributions.

TABLE OF OTHER CITED AUTHORITIES

RETIREMENT ALLOWANCE STATUTE BUT WHICH PERS DISOBEYTED

(Cal) Gov't Code Sec. 20393 (new 20731) . .retirement allowance. . After qualification of the member for retirement by reason of age,. . the member shall be entitled to receive a retirement allowance based upon the amount of member's accumulated contributions and service , . .and on the employer's contributions held for the member and calculated in the same

5

manner as for the other members . . .

## STATUTE OF LIMITATION

(Cal) Gov't Code Sec. 20181 (new 20164) Duration of obligation; limitation of actions

(b)(2) In cases where the system owes money to a member or beneficiary, the period of limitation shall not apply.

## MEMBER

(Cal) Gov't Code Sec. 20013 (new 20370) Member . .

"Member" means an employee who has qualified for membership in this system and on whose behalf an employer has become obligated to pay contributions.

## RES JUDICATA DOES NOT APPLY UNDER DECLARATORY RELIEF LAW

(Cal) Code of Civil Proc. Sec. 1062 **Cumulative remedy**

The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts.

## RELIEF AVAILABLE ON MOTION FOR NEW TRIAL

(Cal) Code of Civil Proc. Sec. 657   **Relief available on motion for new trial, causes. .**

1. abuse of discretion.. .

6

4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

6. Insufficiency of evidence to justify the. . decision, or the decision is against the law.

7. Error in law

EXPLICIT "NORMAL CONTRIBUTIONS", BUT THE COURT SAID IT IS NOT, AND WRONGLY USED AS BASIS FOR RES JUDICATA (Former ISSUE)

(Cal) Gov't Sec 20027 (new 20053) **Normal contributions**

(2nd Part) "Normal contributions" also include contributions required to be paid by a member that are in fact paid on behalf of member by an employer as defined in Sec. 20011 (new 20030) (In EXHIBITS 6, 17, 21, 29)

PLAINTIFF IS NOT VEXATIOUS LITIGANT, BECAUSE THE CAUSES OF ACTION ARE VALID AND ARE NOT FRIVOLOUS.   Barron's Law Dictionary is quoted:

**VEXATIOUS LITIGATION**  is **civil action** shown to have been instituted maliciously and without **probable cause . . .**

FEDERAL RULES

**L.R. 7-17 RESUBMISSION Of Motion Previously Acted Upon For Same Relief**

If any motion, application or petition has been made to any judge of this Court and has been denied. . .any subsequent motion for the same relief. .whether upon the same or any allegedly different state of facts, shall be presented. . If presented to a different judge, it shall be the duty of the

*7*

moving party to file and serve a declaration setting forth the material facts and circumstances **as to each prior motion** . . claimed to warrant relief.(emphasis added.)

DISQUALIFICATION OF JUSTICES, JUDGES, OR MAGISTRATE JUDGES

Title 28   Sec. 455 **Disqualification of justices, judges, or magistrate judges**

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

IT IS AGAINST LAW AND IS A JUDICIAL MISCONDUCT TO DISMISS A COMPLAINT THAT IS **NOT FRIVOLOUS**

28 U.S.C. Sec. 352 **(b) Action by chief judge (of Court of Appeals) following review.** After expeditiously reviewing a complaint. .(a) the chief judge by written order stating his or her reasons, may- **(1)** dismiss the complaint **(A)** if the chief judge finds the complaint to be . .

**(iii)** frivolous. .or lacking sufficient evidence to raise an inference that misconduct has occurred. .

QUESTION: **ARE THE ISSUES - ISSUE I, ISSUE II, ISSUE III, AND ISSUE IV IN THE COMPLAINT, OR CAUSES OF ACTION FRIVOLOUS?** The answer is **NO**, therefore, plaintiff being called a vexatious litigant by Hon. Chief Judge Collins is wrong.

RESTRICTION OF JUDGE WHOSE CONDUCT IS THE SUBJECT OF INVESTIGATION

Title 28 Sec. 359 (a) Restriction on Individuals Who Are Subject of Investigation.

*8*

No judge whose conduct is the subject of investigation shall serve upon special committee. . .upon a judicial council. .(in this case, to serve in judgment to a complaint for declaratory relief that is the cause of investigation.)

## TRANSMITTAL OF COMPLAINT TO A DIFFERENT JUDGE

Title 28 Sec. 351 (c) Transmittal of complaint. . clerk . .if the conduct complaint of is that of the chief judge, (transmittal) to the circuit judge in regular active service next senior in date of commission. .

PLAINTIFF, PERMITTED TO   CONDUCT HIS CASE PERSONALLY UNDER TITLE 28 SEC. 1654, IS ACCORDED THE SAME RIGHT AS COUNSEL THEREFORE RESTRICTING PLAINTIFF TO FILE A COMPLAINT IS VIOLATION OF THE LAW IN SUCH NUMEROUS NOTICES AND ORDERS, IN EXHIBITS  44, 54, 66, 72, 75, 77, 90, 92, 94, 97, 100, 108, 110, 114, & 122.

Title 28 Sec. 1654: In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein.

## PROCEDURAL BACKGROUND

After a May 3,1990 administrative hearing (EXHIBIT 7), an administrative law judge determined on Sept. 21,1990, "the evidence failed to establish that respondent is eligible to redeposit his retirement contributions. .",  from Feb. 25, 1998 (B115924) Cal Court of Appeals judgment, EXHIBIT 9.

**Feb. 14,1991** case KC03981 EXHIBIT 1, Complaint for Breach of Contract and Fraud – to correct error or omission under (Cal) Gov't Code Sec. 20180. PERS

*9*

request for judgment on the pleading was initially denied, then after request for reconsideration, was granted on Oct. 14,1992, EXHIBITS 2, 9.

Jan. 25,1994 case B077855 EXHIBIT 2, Cal Court of Appeals AFFIRMED, because of untimely filing, but found, " Appellant makes a valid point in arguing that plaintiff's pleading. .as plaintiff states facts entitling him to some type of relief. .".

Apr. 12,1994 case S038365 EXHIBIT 3, Cal Supreme Court, IN BANk Denied petition for review.

Sept. 5,1995 and Apr. 18,1996 EXHIBITS 4, 5. In letters, Dep. Gen. Counsel Gillan and Dep. Exec. Officer and Gen. Counsel Koppes respectively argued in determining membership that the employer's contributions are NOT "normal contributions".

**Notice.** PERS's arguments were wrong, because the employer's contributions are explicit "normal contributions" as shown in the complaint.

**Jan. 10,1997** case KC 0024567 EXHIBIT 6, Complaint for Declaratory Relief, whether the employer's contributions are "normal contributions" under statutes Gov't Code Sec. 20027 (new 20053) Normal contributions and Gov't Code Sec. 20750.1 ( new 20795) Miscellaneous members. . normal contributions.

Aug. 11,1997 EXHIBIT 7, Superior Court ORDER, ". . this proceeding is barred by doctrine of res judicata. . "

Sept. 19,1997 EXHIBIT 8, Superior Court Order , "Employer's contributions to the system are not 'normal contributions' as defined in Gov't Code Sec. 20053 and 20011 ." (See Table of authorities, for 2nd part which is wrong. Employer's contributions are explicit "normal contributions", which is the title. Later Court

/0

Orders wrongly used the above wrong decision as basis of res judicata.)

**Notice.** During the hearing on Aug. 22,1997, I read the statute on whether the employer's contributions are normal contributions, then I asked the Hon. Judge McVittie whether the employers' contributions are normal contributions. He said NO, so I said, Your Honor, but that is not consistent with the law. Then he said, I know, but I have to give a decision I feel comfortable with. Then he said, you know how to appeal.

Feb. 25,1998 case B115924 EXHIBIT 9, Cal Court of Appeals Affirmed.

May 13,1998 case S069199 EXHIBIT 10. Cal Supreme Court Denied petition for review.

May 1998 case 98-5585 EXHIBIT 11, U.S. Supreme Court, filed was petition for writ of certiorari, later Denied the petition and then Denied petition for rehearing, 142 L.Ed 2d 210.

Mar. 12,1999 EXHIBIT 12, In his letter, Sen. Staff Counsel Plasencia argued wrongly interpreting statute Gov't Code Sec. 21259, ". . after you received a refund. . . you were no longer a 'member' of CalPERS."

**Notice.** PERS abused its discretion, because the law (Cal) Gov't Code Sec. 21203(new 21259) is mandatory. After I was 50 years old and qualified to retire, ". . after a member has qualified as to age and service . . .nothing shall deprive him or her of right to retirement allowance.. ."

**Apr. 30,1999** case KC030508 EXHIBIT 13. Complaint on Intentional Tort on violation of Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement.

*//*

July 12,1999 case KC030508 EXHIBIT 14. Superior Court ORDER . "Dismissed", ". .complaint is barred by doctrine of res judicata. . .".   Also on July 12,1999  Prefiling Order .

**Sept. 17,1999** case 99-09457  EXHIBIT 15,   Petition For Leave Of Presiding Judge Of Court Where Any Litigation Against Defendant PERS Is Proposed To Be Filed For Call For Determination Of Identical Question Of Law, Which The Superior Court Refused To Interpret Because Of Its Claim That The Action Is Barred By Doctrine Of Res Judicata And The Superior Court Dismissed The Action, on issue: whether PERS's alternative offer for the withdrawal of the accumulated member contributions to deprive plaintiff of retirement allowance a violation of statute Cal Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement.

Dec. 8,1999 case 99-09457 EXHIBIT 16. District Court Order dismissed action for lack of subject matter jurisdiction under 11th Amendment. .in absence of consent of suit, without prejudice.

**Oct. 27,2003.** CV03-07673  EXHIBIT 17, Complaint for Declaratory Relief Under Amendment Fourteen Of Constitution On Cal Retirement Laws PERS Wrongly Interpreted, And Cal Courts Wrongly Interpreted Or Refused To Interpret By Reason Of Res Judicata, on 3 issues: whether PERS's alternative offer for the withdrawal of the accumulated member contributions to deprive plaintiff of lifetime retirement allowance a violation of statute   Cal Gov't Code Sec.21203 (new 21259) Nonforfeiture after qualification for retirement, and whether the employer's contributions are "normal contributions" under statutes Cal Gov't Code Sec. 20027 (new 20053) Normal contributions, and Gov't Code Sec. 20750.1 (new 20795) Miscellaneous members. .normal contribution.

12

Feb. 25,2004 case CV03-07673 EXHIBIT 18. 1ST Plaintiff's Request for Entry of Default.

May 6,2004 EXHIBIT 19. 2nd Plaintiff's Request for Entry of Default.

Jun. 25,2004. EXHIBIT 20. District Court Order Dismissed complaint without prejudice, because "Plaintiff failed to file an application for entry of default".

**Notice.** This order was very wrong, because there were two prior applications for entry of default on Feb. 25,2004 and May 6,2004 EXHIBITS 18 & 19..

**July 30,2004.** Case 04-06315  EXHIBIT 21. Complaint For Declaratory Relief Under Amendment Fourteen Of Constitution On Cal Retirement Laws PERS Wrongly Interpreted, And The Cal Courts Wrongly Interpreted Or Refused To Interpret By Reason Of Res Judicata, on 3 issues: whether the alternative offer of PERS for the withdrawal of the accumulated member contributions to deprive me of lifetime retirement allowance a violation of statute  (Cal) Gov't Code  Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement, and whether the employer's contributions are "normal contributions" under statutes (Cal) Gov't Code Sec. 20027 (new 20053) Normal contributions and (Cal) Gov't Code Sec. 20750.1 (new 20795) Miscellaneous members. .normal contributions.

Aug. 12,2004 EXHIBIT 21A. U.S. Dist. Judge Flor.- Marie Cooper recused

Oct. 18,2004 CV04-06315 EXHIBIT 22. DEFAULT BY CLERK.

Nov. 9,2004 EXHIBIT 23, Application for Default Judgment.

Dec. 8, 2004 EXHIBIT 24. Minute Order Denying application for default judgment, for lack of acknowledgment of receipt required by FRCP for mailing services of summons and complaint..

13

**Notice**: This order was wrong, because there was DEFAULT already,

Feb. 22,2006 case 05-55232 EXHIBIT 25. U.S. Court of Appeals judgment: lack of jurisdiction, because "district court's Order did not end proceeding".

Apr. 13,2006 CV04-06315 EXHIBIT 26. District Court's Motion To Relieve Defendant From Default.

May 16,2006 case CV04 06315 EXHIBIT 27. District Court Minute Order Vacating the default because of improper mail service for the summons and complaint.

**Notice.** This procedure was wrong because the motion to relieve should have been tried by another judge. And the rush to relieve defendant from default was anomalous, clear prejudicial and abuse of discretion.

June 2,2006 CV04-06315 EXHIBIT 28   Order Dismissing action for failure to properly serve defendant without prejudice.

**June 14,2006.** case CV 06-3696 EXHIBIT 29. Complaint for Declaratory Relief Under Amendment 14 Of Constitution On Cal Retirement Laws PERS Wrongly Interpreted, And The Cal Courts Wrongly Interpreted Or Refused To Interpret By Reason Of Res Judicata, on 3 issues, whether the alternative offer of PERS for the withdrawal of the accumulated member contributions to deprive me of lifetime retirement allowance a violation of Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement, and whether the employer's contributions to the retirement fund are "normal contributions" under Gov't Code Sec. 20027 (new 20053) Normal contributions and Gov't Code Sec. 20750.1 (new 20795) Miscellaneous members. .normal contributions.

*14*

Sept. 25,2006. Case CV06-3696 EXHIBIT 30. ORDER OF DISMISSAL,   is quoted:

> A) 1) Court lacks subject matter jurisdiction because CalPERS is a state agency entitled to immunity under Eleventh Amendment. .in absence of consent of suit, and 2) Plaintiff's claims are barred under doctrine of res judicata by plaintiff's prior lawsuits seeking pension benefits.

> B)  .. If plaintiff wishes to file a complaint against CalPERS with this Court, he must first file a motion for leave to file a complaint.

Nov.14,2006. CA Case 06-56415   Appellant's Brief and Appellant's Excerpts of Record filed.

May 23,2007  case 06-56415 EXHIBIT 31. U.S. Court of Appeals AFFIRMED, is quoted:

> The district court properly concluded this action was barred by res judicata, because it restated claims raised in Barroga's prior lawsuits seeking pension benefits from CalPERS.

Jun 4,2007 case 06-56415 EXHIBIT 32. Appellant's Petition for Rehearing is quoted:

> Res Judicata does not apply, because the law on declaratory relief is a cumulative remedy based upon the same facts in the same or new action in Cal Code of Civil Procedure Sec. 1062. **Cumulative remedy**   (Please, see provision on Table of Authorities.)

July 5,2007. EXHIBIT 33. U.S. Court of Appeals ORDER is quoted:

*15*

The petition for panel rehearing is denied. No further filings will be accepted in this closed appeal.

**Notice.**   Circuit R 28-1(b) Prior appeals should not be referred to.

**Notice.** This order was wrong, because it denied rehearing and did not respond to the issue of res judicata in my APPELLANT'S PETITION FOR REHEARING , even if the panel decision conflicts with statute Cal Code of Civil Procedure Sec. 1062, thus violating RULES on rehearing, FRAP 35.

Also, the panel violated its Ninth Circuit test, "any restrictive prefiling order must be narrowly tailored as possible." In a later action, I requested that the panel members disqualify themselves (Title 28 Sec 455.)

EXHIBIT 34. Determining Pension Benefits and Redepositing Withdrawals .

Cal Gov't Code Sec. 21354.3, attached to EXHIBIT 34, defines an applicable method of calculating pensions for local miscellaneous members. After payment of the withdrawal, the Accumulated Pension from May 1982 to December 2011 is $1,569,410.50, and the monthly pension starting in January 2012 is $3,612.69 accruing and accumulating.

Sept. 14, 07 EXHIBIT 35 Typical letters to 44 judges of Court of Appeals regarding violation of FRAP 35(b) (A) for not responding to issue of res judicata in Appellant 's Petition for Rehearing.

July 14, 08 Case no. 06-3696 EXHIBIT 36. Motion For Leave To File A Complaint For Declaratory Relief Under Constitution Amendment 14 With Cal Code Of Civil Proc. Sec. 1062 Cumulative Remedy On New Or Same Action Based On The Same Facts Which Overcomes Res Judicata

*16*

July 15,08 EXHIBIT 36A. NOTICE OF DOCUMENT DISCREPANCIES.

Judge Collins Ordered document to be filed, signed; then abruptly changed her mind, and Ordered, "The document is **NOT** to be filed, but instead, **REJECTED**. "., unsigned, because of no proof of service, which was not required.

Note: Motion For Leave to File A Complaint was for the Judge's judgment only, and does not need proof of service. Anyway, a Motion was served with proof of service.

Sep 4, 08 EXHIBIT 39A. EX PARTE APPLICATiON

Sep 4, 08 EXHIBIT 39. EXPARTE ORDER DENIED Application

Jan 6, 09 Case no. CV09-056 EXHIBIT 40 **RETURNED** COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT 14 OF CONSTITUTION WITH CAL CODE OF CIVIL PROC.SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA with 3 issues: whether employer's contributions are "normal contributions under Gov't Code Sec. 20691 Payment of member Normal contributions. .; violation of Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement; and violation of lending laws Gov't Code Sec 20654 (new 20750) Redeposit of withdrawals and other lending laws.

Jan 28, 09 EXHIBIT 43 Case no. CV09-056 MOTION UNDER L.R. 7-17 RESUBMISSION FOR LEAVE TO FILE A COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT 14 OF CONSTITUTION WITH CAL CODE OF CIV. PROC. SEC. 1062 CUMULATIVE REMEDY BASED ON THE SAME FACTS IN NEW OR SAME ACTION WHICH OVERCOMES RES JUDICATA citing:

*17*

Title 28 Sec 455 **Disqualification of justices, judges, or magistrate judges** (see provision on Table of Authorities).

**L.R. 7-17 Resubmission Of Motion Previously Acted Upon (to a different judge)** (see provision on Table of Authorities)

(Cal) Code of Civil Proc. Sec 657 **Relief available on motion for new trial** (provision on Table of Authorities).

Feb 2, 09 EXHIBIT 44   NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT, to quote:

> Motion for leave to file a complaint for declaratory relief.
> Disqualification of justices, judges, or mag judges.
> Court order is needed to file a complaint.
> Written authorization from Chief Judge is required before filing of any document.
>
> IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above reference matter.  (Signed   Judge A.B. Collins)  Jan. 29,2009"

**NOTICE**: Plaintiff is not a vexatious litigant, because the causes of action are not frivolous.  See TABLE OF AUTHORITIES.

Feb 23, 09 Case no CV09-056 EXHIBIT 45 Request For Authorization To File A Motion For Leave To File A Complaint , or To File A. Complaint.

Mar 3, 09 EXHIBIT 46. Minute Order DENIED Plaintiff's Request For Authorization To File A Complaint with court entry of judgment Mar.5,09.

Mar 12,09 EXHIBIT 47 Request for Reconsideration for authorization to file a complaint, citing violation of Amendment 13, prohibition of slavery, an new issue.

Mar 16,09 EXHIBIT 48 Minute Order Denying reconsideration

Apr 9,09 EXHIBIT 49A Letter to all judges of Court of Appeals for request for exercise of its supervisory power over district court judge whose judgment is against the law for not disqualifying herself under Title 28 Sec 455..

Apr 23,09 EXHIBIT 49  From Court of Appeals, Complaint of judicial misconduct Docket No. 09-90071 against Chief District Judge Collins

May 11, 09 EXHIBIT 50 APPELLANT'S INFORMAL BRIEF.

Sep 24,09 EXHBIIT 53 REQUEST FOR COURT TO STATE IF CITED LAW TITLE 28 SEC. 455 DISAQUALIFICATION OF JUSTICES, JUDGES OR MAG JUDGES APPLIES, citing Chief Justice John Roberts and Justice Sotomayor. .

Sep 24.09 EXHIBIT 54 Notice and Order Re Filing by Vexatious Litigant, "No filings are to be accepted in this case by plaintiff or anyone. ." an abuse of discretion.

Nov 10,09 EXHIBIT 55 Judicial Misconduct Order : DISMISSED

Jan 11,10 EXHIBIT 59 Judicial Council Order , AFFIRMED (by 10 judges)

Jan 19,10 EXHIBIT 60 09-55595 Court of Appeals Order, " . .questions raised. . insubstantial"  "All pending requests are denied as moot." Affirmed.

Feb 10,10 EXHIBIT 60A Court of Appeals Mandate

Mar 22, 10 EXHIBIT 65 **Returned** COMPLAINT FOR DECLARATORY RELIEF UNDER AMENDMENT 14. . WITH CAL CODE OF CIV. PROC.1062

*19*

Mar 22, 10 EXHIBIT 66, NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT, to quote: ". . plaintiff may not file the document presented. ."

Apr 21, 10 EXHIBIT 71 **Returned** Complaint For Declaratory Relief with Cal Code of Civ. Proc.1062, overcoming res judicata.

Apr 22. 10 EXHIBIT 72 NOTICE AND ORDER RE FILING BY. ."Motion for Leave to File a New Complaint" "Court order is needed to file a new action."

Apr 28, 10 EXHIBIT 73 Motion for Leave to File a New Complaint

Apr 28, May 4, 10 EXHIBIT 74 **Returned** Complaint for Declaratory Relief with Cal Code of Civ. Proc. Sec 1062  overcoming res judicata

Apr 28, 10 EXHIBIT 75 NOTICE AND ORDER, identical as EXHIBIT 72.

May 10, 10 EXHIBIT 76 Motion for Reconsideration For Leave to File a New Complaint. Pres, Obama is quoted: **Rule of Law.**

May 10, 10 EXHIBIT 77 NOTICE AND ORDER RE FILING BY VEXATIOUS. ."Written authorization from chief judge is required before filing of any document". **"**plaintiff may not file the document presented. ."

Jun 24, 10 EXHIBIT 79 PETITION (TO JUDICIAL CONFERENCE OF US) UNDER 28 U.S.C. SEC. 357 & 358 TO REVERSE OR OVERTURN THE JUDICIAL COUNCIL ( OF 10 JUDGES) ORDER OF JAN. 11, 2010 REGARDING JUDICIAL MISCONDUCT AGAINST DISTRICT COURT CHIEF JUDGE AUDREY B. COLLINS FOR NOT DISQUALYING HERSELF UNDER 28 U.S.C. SEC. 455 FOR PLAINTIFF TO FILE A COMPLAINT

May 6, 11 EXHIBIT 81 REQUEST FOR AUTHORIZATION FOR LEAVE TO

*20*

FILE A NEW COMPLAINT

May 12, 11 EXHIBIT 82 NOTICE AND ORDER. .by Judge Otero (unsigned)

Jun 28, 11 EXHIBIT 87 REQUEST FOR COURT ORDER FOR LEAVE TO FILE A NEW COMPLAINT

Jun 30, 11 EXHIBIT 88 NOTICE AND ORDER by Judge King, "No showing made that new proposed action is different from prior action".

Jul 12, 11 EXHIBIT 89 MOTION FOR RECONSIDERATION FOR COURT ORDER FOR LEAVE TO FILE A NEW COMPLAINT showing in detail issues in proposed complaint are new and different from prior actions.

July 14. 11 EXHIBIT 90 ORDER STRIKING FILED DOCUMENTS FROM THE RECORD by Chief Judge Collins

July 21, 11 EXHIBIT 91 MOTION FOR LEAVE TO FILE A NEW COMPLAINT; THE ORDER OF JUDGE KING SHOULD BE RESPECTED, ". .QUESTION: **ARE THE ISSUES – ISSUE I, ISSUE II, ISSUE III AND ISSUE IV IN THE COMPLAINT, OR CAUSES OF ACTION FRIVOLOUS?** . .Your Honor Judge . .Collins, because your order declared me a vexatious litigant, the above question requires your answer, please? A direct question, but not answered.

Jul 25, 11 EXHIBIT 92 NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT, "Complaint/Petition . . .plaintiff may not file the document presented.. ." by Judge Collins

Aug 3, 11 EXHIBIT 93 REQUEST FOR RECONSIDERATION OF MOTION FOR LEAVE TO FILE A NEW COMPLAINT: THE ORDER OF JUDGE KING SHOULD BE RESPECTED

21

Aug 3, 11 EXHIBIT 94 NOTICE AND ORDER RE FILING.by Judge Collins ."Court order is needed to file " ". .plaintiff may not file the document presented. ."

Aug 11, 11 EXHIBIT 95 Letter to Judicial Conference of US reporting of Order Striking of Filed Document from Record

Aug 23, 11 EXHIBIT 96A **Returned** Complaint for Declaratory Relief

Aug 23, 11 EXHIBIT 96B Motion for Leave to File a Complaint

Aug 23, 11 EXHIBIT 97 Notice and Order, "Court order is needed to file.."

Sep 2, 11 Returned EXHIBIT 98A Motion: Stop Using Vexatious Litigant Form; Request for Leave to File a Complaint, Title 28 Sec 351(c) Chief judge whose conduct is complained of is disqualified for transmittal of complaint

Sep 2, 11 EXHIBIT 98B **Returned** Complaint, same as EXHIBIT 96A.

Sep 6,11 EXHIBIT 100 Notice and Order, by Chief Judge Collins. .". .plaintiff may not file documents presented.."

Sep 16, 11 EXHIBIT 101 Letter to Judicial Conference for violation of Title 28 Sec 351(c) Transmittal of complaint to a different judge

Oct 11, 11 Exhibit 104 Letter to Clerk Terry Nafisi. . . has responsibility to enforce . .Title 28 Sec.351 (c) Transmittal of complaint must go to a different judge,.

Oct. 24.11 EXHIBIT 107 Motion For Leave To File A Complaint , citing Title 28 Sec. 351(c). . Transmittal of complaint to a different judge

Oct. 24, 11 EXHIBIT 107A **Returned** Complaint For Declaratory Relief Under Cal Code of Civ. Proc. 1062.

Oct. 26, 11 EXHIBIT 108 Notice And Order.by Judge Collins.". .plaintiff may not file the documents presented. ."

Nov. 3.11 EXHIBIT 109 Motion For Reconsideration. .citing Title 28 Sec. 354 (b)(2)(B). .misconduct not amenable to resolution, Sec 355impeachment. ., and Sec. 352(2). .appropriate corrective action. .

22

Nov. 3,11 ESXHIBIT 110 Notice And Order by Judge Collins.". .Court order is needed to file new action" ". .plaintiff may not file the document presented. ."

Nov. 28, 11 EXHIBIT 112 Letter to Clerk of Court

Dec. 5, 11 EXHIBIT 113 Motion. .To File A Complaint With Title 28 Sec. 359.

Restriction of Judge (Collins) whose conduct is the subject of investigation

Dec. 5, 11 **Returned** Complaint for Declaratory Relief (Same as EXHIBIT 107A).

Dec, 5, 11 EXHIBIT 114 Notice And Order.by Judge Collins, ", .plaintiff may not file the documents presented, ," Notice: Judge Collins did not disqualify herself.

Dec. 19,11 EXHIBIT 116 Letter to Judicial Conference of U.S. on judicial misconduct , violations of Title 28 Sec 351(c) Transmittal to a different judge, ; Title 28 Sec. 359 Restriction of judge whose conduct is the subject of investigation..

Feb. 23, 12 EXHIBIT 120 Motion To File A Complaint Under Title 28 Sec.1654 . Plaintiff with Same Right As Counsel, therefore, . .court orders, . . that required "Court order is required to file new action", and ". .plaintiff may not file the document presented", restricting plaintiff's rights, violate the law.

Feb. 27, 12 EXHIBIT 122 NOTICE AND ORDER by Judge Collins, " ..plaintiff may not file the documents presented. ."

## CONCLUSION

The District Court has jurisdiction of this case under 1) Amendment fourteen of Constitution, equal protection clause; 2) Amendment 11, because PERS wanted this case tried in court; 3) Amendment 13, for prohibition of a slavery; and 4) State judges are members of PERS, even the Hon. U.S. District Court Judge Florence –Marie Cooper recused herself, because she was a "participant of CalPERS." EXHIBIT 21A. Even Superior Court Judge McVittie knowingly gave a judgment not consistent with the law, and told me to appeal. See Notice on EXHIBIT 8.

23

RES JUDICATA does not apply, because the law on declaratory relief is a cumulative remedy based on the same facts in the same or new action in (Cal) Code of Civil Procedure 1062. **Cumulative remedy.** (see provision on Table of Authorities) . Under Title 28 Sec. 359 is Restriction of Judge whose conduct is the subject of investigation.. Under Title 28 Sec. 1654, plaintiff is accorded the same right as counsel, and therefore court orders restricting the right of plaintiff to file a complaint or plaintiff being called a vexatious litigant violates the law.

On the declaratory relief issues, in ISSUE I,   the employers' contributions are "normal contributions", clear and explicit , under Cal Gov't Code Sec. 20691 **Payment of member normal contributions by contracting agencies or school employer.** Therefore, I am still a member of PERS, and I am entitled retirement benefits and the redeposit of the withdrawn contributions. Notice, this present Issue is new and different from prior issues. The prior Issues in "normal contributions" in prior complaints are (Cal) Gov't Code Sec 20027 (new 20053), and (Cal) Gov't Code Sec. 20750.1 (new 20795), see EXHIBITS   6, 17, 21, & 29.

In ISSUE II, PERS's alternative offer for the withdrawal of the accumulated member contributions to deprive me of lifetime retirement allowance after I was qualified to retire after I was already 50 years old is a violation of statute Cal Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification. Notice, this is prior issue in prior complaints EXHIBITS  13, 15, 17, 21, & 29. But prior judgments were against the law.

In ISSUE III, PERS's denial for considering the withdrawn member contributions as a loan is a violation of PERS's loan laws that provide and allow withdrawals as loans such as Cal Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawal, . interest, and other loan laws, but does not allow my withdrawal as a

2 4

loan. In ISSUE IV, PERS violated Amendment 13 of Constitution which is prohibition of slavery, in denying plaintiff of benefits derived from the employer's contributions plaintiff had worked and toiled for. (In other states like Hawaii, the employees still receive pension benefits derived from the employer's contributions even if the members's contributions are withdrawn.)

From the foregoing, CalPERS is in violations of the California public employees' retirement laws and the equal protection clause of Amendment Fourteen of Constitution, and Amendment 13, prohibition of slavery. Therefore, plaintiff is entitled to recovery of accumulated pensions in the amount of $1,568,410.50  and a monthly pension of $3,612.69  starting from January 2012, accruing and accumulating, plus any amount the court finds reasonable and just.

I request that earliest consideration is given because I am already 83 years old, and I am already sickly which is given preference under Cal Code of Civ. Proc. 36, and the state agencies are parties, Cal PERS have precedent over others, Cal Code of Civ. Proc. Sec. 1062.5.

Date: May 2 ,2012                              Respectfully submitted,

                                               *Lucio A. Barroga*
                                               Lucio A. Barroga

EXHIBITS (EXH)

1. **Feb 14, 91** KC3981 Complaint for Breach of Contract and Fraud.

2. Jan 25, 94 B077855 Cal Court of Appeals Affirmed , untimely filing

3. Apr 12, 94 S038365 Cal Supreme Court IN BANK   Denied review

4. Sep  5, 95  Letter, PERS Dep. Gen. Counsel Gillan , "employers' contributions are not normal contributions."

25

*ER 172  7-24-12*

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   NIROMI W. PFEIFFER, State Bar No. 154216
    Supervising Deputy Attorney General
3   BRENDA A. RAY, State Bar No. 164564
    Deputy Attorney General
4     1300 I Street, Suite 125
     P.O. Box 944255
5     Sacramento, CA 94244-2550
     Telephone: (916) 324-5208
6     Fax: (916) 324-5567
     E-mail: Brenda.Ray@doj.ca.gov
7
   *Attorneys for Defendant, Public Employees'*
8  *Retirement System*

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

|  |  |
|---|---|
| **LUCIO A. BARROGA,** | 12 CV 1179 MCE-KJN |
| Plaintiff, | **DEFENDANT CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM'S STATUS REPORT** |
| v. | |
| **BOARD OF ADMINISTRATION CAL PUBLIC EMPLOYEES' RETIREMENT SYSTEM,** | Date:     October 4, 2012<br>Time:    10:00 a.m.<br>Courtroom: 25<br>Judge:   The Honorable Kendall J. Newman |
| Defendant. | |
| | Action Filed: May 2, 2012 |

      Defendant California Public Employees' Retirement System (CalPERS) submits the

following status report pursuant to the Court's May 2, 2012 Order:

     1.    CalPERS was personally served on August 21, 2012.

     2.    CalPERS knows of no additional party to be joined or served.

     3.    CalPERS noticed and filed a motion to dismiss the complaint on September 11, 2012,

on the grounds that it has immunity under the Eleventh Amendment to the United States

Constitution and the suit is barred by res judicata. The matter involves plaintiff's election in 1979

1

*Ex#152*

1 to withdraw his employment contributions from CalPERS. CalPERS remitted to plaintiff his

2 employee contributions of nearly $10,000 and terminated his membership from CalPERS. Almost

3 ten years later in 1988, plaintiff wrote to CalPERS requesting retirement benefits, asserting that

4 he had withdrawn his contributions by mistake. Plaintiff requested that CalPERS treat its

5 remittance of his employee contributions as a loan. CalPERS denied plaintiff's request, informing

6 him that, because he was not a current member of CalPERS, he was not eligible to redeposit his

7 contributions and that CalPERS' remittance to him could not be treated as a loan.

8    4.    The court lacks jurisdiction because CalPERS is immune from suit under the

9 Eleventh Amendment to the United States Constitution.

10   5.    CalPERS' motion to dismiss is to be heard on October 18, 2012 at 10:00 a.m. in

11 Courtroom 25.

12   6.    In the event CalPERS' motion to dismiss is granted, no discovery is necessary.

13   7.    Until the Court rules upon CalPERS' motion to dismiss, a scheduling order is

14 premature.

15   8.    No special procedures are necessary.

16   9.    If this matter goes to trial, CalPERS estimates it will take three days.

17   10.   No modificaitons to the standard pretrial procedures are anticipated.

18   11.   This matter is related to many previous matters filed by plaintiff in other venues, both

19 administrative, state, and federal. Those matters include:

20   • Board of Administration of CalPERS

21   • Los Angeles Superior Court (case numbers KC003981, KC024567, and KC030508),

22   • California District Court of Appeal for the Second Appellate District (case numbers
      B077855 and B115924),

23   • California Supreme Court (case numbers S038365 and S069199),

24
25   • United States District Court for the Central District of California (case numbers CV 99-
      9457, CV 03-7673, CV 04-06315, CV 06-03696, and CV 09-56),

26   • United States Court of Appeal for the Ninth Circuit (case numbers 05-55232, 06-56415,
27     and 09-55595), and

28   • United States Supreme Court (case number 98-5585).

2

1    12.    CalPERS does not anticipate requiring a settlement conference as it believes

2    plaintiff's claims are barred by res judicata.

3    13.    CalPERS prefers to have a settlement conference conducted by someone other than

4    the district court judge and magistrate judge assigned to this matter.

5    14.    CalPERS knows of no further matters that may add to the just and expeditious

6    disposition of this matter.

7

8    Dated:  September 27, 2012                              Respectfully submitted,

9                                                            KAMALA D. HARRIS
                                                             Attorney General of California
10                                                           NIROMI W. PFEIFFER
                                                             Supervising Deputy Attorney General

11

12

13                                                           BRENDA A. RAY
                                                             Deputy Attorney General
14                                                           *Attorneys for Defendant*
                                                             *Public Employees' Retirement System*

15   SA2012106864
     10958893.doc
16

17

18

19

20

21

22

23

24

25

26

27

28
                                               3

LUCIO A. BARROGA                          !
P.O. BOX 662006                           !
LOS ANGELES, CA 90066                     !
Tel. 626-367-5858                         !

PRO SE                                    !

---

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

---

LUCIO A. BARROGA,                    ! CASE NUMBER: 12CV 01179 MCE, KJN

       Plaintiff        !

       v.               ! _____

BOARD OF ADMINISTRATION, CAL         !     PLAINTIFFF'S  STATUS REPORT
PUBLIC EMPLOYEES' RETIREMENT         !
SYSTEM (PERS),                       !

       Defendant  !

---

STATUS REPORT

Plaintiff Lucio A. Barroga submits the following status report pursuant to Court Order of May 2, 2012:

1. Cal PERS was served on August 21, 2012.

2. There is no joinder of additional parties.

3. JURISDICTION is on page 1-2 of complaint.  FACTS are in page 4 of complaint. 4 ISSUES are in pages 3-5 of complaint;  Supporting Authorities are in pages 6-9 of complaint. Procedural Background are in pages 9-23 of complaint.

EXH 153

4. On Motion and scheduling, It defend on future rulings and order.

5. No special procedure is necessary.

6. Estimated trial time is probably 1 day or 2 days.

7. Simplicity of procedure is very clear. There are 4 new ISSUES , ISSUE I, ISSUE II, ISSUE III, and ISSUE IV in the Complaint to be answered by yes or no. Res judicata does not apply in declaratory relief case. The title is COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC. SEC 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA.

8. This case is related to prior cases. Los Angeles Superior Court cases ( KC03981,KC 024567, and KC 030508): California Court of Appeals ( B077855 and B115924) : California Supreme Court (S38365 and S0691199): US District Court, Central District: CV99-9457; CV03-7673; CV 06315: CV 038365 ; and CV 09-056); U.S. Court of Appeals (05-55232; 06-56415; and 09-55595)
U.S. Supreme Court 98-5585.

Date: Sept. 29, 2012

Respectfully submitted;

Lucio A. Barroga

1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUCIO A. BARROGA,

11            Plaintiff,                    No. 2:12-cv-01179 MCE KJN
                v.
12   BOARD OF ADMINISTRATION CAL
13   PUBLIC EMPLOYEES' RETIREMENT
     SYSTEM,                               FINDINGS AND  RECOMMENDATIONS
14            Defendant.
                                    /
15

16        Presently before the undersigned is the Board of Administration for the California

17   Public Employees' Retirement System's ("defendant") motion to dismiss plaintiff Lucio

18   Barroga's ("plaintiff") complaint on grounds that (1) plaintiff's claims are barred by the doctrine

19   of claim preclusion/res judicata and (2) this court lacks subject matter jurisdiction because

20   defendant is entitled to immunity under the Eleventh Amendment of the United States

21   Constitution. (Dkt. No. 21.) Plaintiff, who is proceeding without counsel in this action, filed a

22   written opposition to the pending motion to dismiss.[1] (Dkt. No. 23.) Also before the

23   undersigned are plaintiff's recent filings, styled as "Plaintiff's Motion for Judgment on the

24   Pleadings to be Heard Concurrently With Defendant's Motion to Dismiss" (Dkt. No. 28) and a

25   "Request for Observance of Cal. Code Of Civ. Proc. Sec. 1062.5(2) For Precedence

26

     ---
     [1]   This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                                     EXH 162
                                                     1,8,/3, 15,16

1               The Eleventh Amendment to the United States Constitution provides: "The

2    Judicial power of the United States shall not be construed to extend to any suit in law or equity,

3    commenced or prosecuted against one of the United States by Citizens of another State, or by

4    Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits federal courts

5    from hearing suits brought against a state by its own citizens or citizens of other states. Brooks

6    v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]bsent waiver

7    by the State or valid congressional override, the Eleventh Amendment bars a damages action

8    against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985); accord Pittman

9    v. Ore., Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2009); Henry v. County of Shasta,

10   132 F.3d 512, 517 (9th Cir. 1997). "It is clear, of course, that in the absence of consent a suit in

11   which the State or one of its agencies or departments is named as the defendant is proscribed by

12   the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984)

13   "This jurisdictional bar applies regardless of the nature of the relief sought." Id.

14              The Eleventh Amendment's prohibition applies not only to states, but also to state

15   agencies. E.g., Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding

16   that claims against the California Department of Corrections were barred by state immunity);

17   Durning v. Citibank, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (noting that the Eleventh

18   Amendment bars "federal courts from deciding virtually any case in which a state or the 'arm of

19   a state' is a defendant"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada

20   Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh

21   Amendment."). "In the absence of a waiver by the state or a valid congressional override,

22   '[u]nder the eleventh amendment, agencies of the state are immune from private damage actions

23   or suits for injunctive relief brought in federal court.'" Dittman v. California, 191 F.3d 1020,

24   1026 (9th Cir. 1999) (quoting Mitchell v. L.A. Cmty. College Dist., 861 F.2d 198, 201 (9th Cir.

25   1989)) (modification in original); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S.

26   89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or

8

1  "transactional nucleus of facts" test, just as the district court erroneously did in Brodheim. (See

2  Dkt. No. 21 at 11.) Additionally, what defendant does argue with respect to claim preclusion

3  does not necessarily otherwise demonstrate claim preclusion under the applicable "primary

4  rights" standard. Defendant claims that "plaintiff's complaint reveals that the instant action is yet

5  another attempt to rehash his entitlement to CalPERS retirement benefits which he has been

6  litigating for the last 21 years." (Id.) While this may be so, "different primary rights may be

7  violated by the same wrongful conduct," San Diego Police Officers' Ass'n, 568 F.3d at 734, and

8  defendant fails both to clearly articulate what "primary right" was at issue in Barroga I and to

9  clearly explain how plaintiff asserts that same "primary right" in this action. Accordingly,

10  defendant has failed to adequately demonstrate that claim preclusion is grounds for dismissing

11  this case at the pleading stage, and defendant's motion to dismiss is therefore partially denied.

12  See Corrie, 503 F.3d at 977 (holding that, at the pleading stage, the court must construe the

13  alleged facts in the light most favorable to the plaintiff).[7]

14  Notwithstanding the foregoing, as the undersigned stated during the hearing, it

15  appears very likely that defendant could sufficiently show claim preclusion in this case even

16  under the applicable "primary rights" analysis, perhaps if given the opportunity to file

17  supplemental briefing. However, given that the undersigned recommends dismissal of this case

18  on grounds of Eleventh Amendment immunity, no additional filings on this issue are necessary at

19  this time.

20  C.  Plaintiff's Other Filings

21  On October 12, 2012, plaintiff filed a motion styled as "Plaintiff's Motion for

22  Judgment on the Pleadings to be Heard Concurrently With Defendant's Motion to Dismiss."

23  (Dkt. No. 28.) The motion essentially summarizes the content of plaintiff's written opposition to

24

25  [7]  Claim preclusion is an affirmative defense. Taylor v. Sturgell, 553 U.S. 880, 907
(2008). Therefore, the party seeking to apply this doctrine bears the burden of proving the
26  existence of all of the required elements. Id.

13

1  precedence over other cases and that this case should be set for trial at the earliest date possible,

2  pursuant to California Code of Civil Procedure section 1062.6(2). (Id.) However, the California

3  Code of Civil Procedure is not applicable in federal court, where proceedings are governed by the

4  Federal Rules of Civil Procedure. Accordingly, plaintiff's request is denied. To the extent that

5  plaintiff requests that his case be heard in a timely manner, the undersigned ensures that this case

6  will proceed in accordance with the governing law.

7            D.     Sanctions

8            Defendant did not request sanctions in connection with the Motion to Dismiss,

9  and the undersigned will not sanction plaintiff at this time. (Dkt. No. 21.) However, given

10  plaintiff's history of repeatedly attempting to re-litigate the same case, recently in the Central

11  District and now in the Eastern District, all without any possible legal basis for doing so, and

12  given plaintiff's apparent disregard for court orders issued in the Central District requiring him to

13  seek leave before filing documents, all of which is apparent from the face of plaintiff's pleadings,

14  see footnotes 2-3 herein, the undersigned *shall* sanction plaintiff if he continues to attempt to re-

15  litigate the same case before the undersigned. Should plaintiff improperly file subsequent actions

16  before other judges in this district and/or in other courts, the undersigned encourages defendants

17  to request sanctions in those cases.

18  VI.    CONCLUSION

19            For the foregoing reasons, IT IS RECOMMENDED that:

20            1.     Defendant's motion to dismiss (Dkt. No. 21) be granted in part, and this

21  case be dismissed with prejudice on grounds of Eleventh Amendment immunity.

22            2.     Plaintiff's filing at Docket Number 28, styled as a Motion for Judgment on

23  the Pleadings, be denied as moot.

24            3.     Plaintiff's filing at Docket Number 29, styled as a "Request for

25  Observance of Cal. Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case," be

26  denied.

15

1          4.     The Clerk of Court be ordered to close this case.

2          These findings and recommendations are submitted to the United States District

3 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen

4 days after being served with these findings and recommendations, any party may file written

5 objections with the court and serve a copy on all parties. Such a document should be captioned

6 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

7 within the specified time may waive the right to appeal the District Court's order. Turner v.

8 Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

9 1991).

10          IT IS SO RECOMMENDED.

11 DATED: October 25, 2012

12

13                             KENDALL J. NEWMAN

14                             UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

                                    16

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

        Plaintiff,

       v.

BOARD OF ADMINISTRATION CAL
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM,

        Defendant.

_____/

No.  2:12-cv-01179-MCE-KJN-PS

ORDER

On October 26, 2012, the magistrate judge filed findings and recommendations (Dkt. No. 32) herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  On November 8, 2012, plaintiffs filed objections to the proposed findings and recommendations (Dkt. No. 36), which have been considered by the court.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).

EXH 176

1

1    As to any portion of the proposed findings of fact to which no objection has been made, the court

2    assumes its correctness and decides the motions on the applicable law.  See <u>Orand v. United</u>

3    <u>States</u>, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are

4    reviewed de novo.  See <u>Britt v. Simi Valley Unified School Dist.</u>, 708 F.2d 452, 454 (9th Cir.

5    1983).

6         The court has reviewed the applicable legal standards and, good cause appearing,

7    concludes that it is appropriate to adopt the proposed findings and recommendations in full.

8    Accordingly, IT IS ORDERED that:

9         1.  The Proposed Findings and Recommendations filed October 26, 2012, are

10    ADOPTED.

11         2.  Defendant's motion to dismiss (Dkt. No. 21) is granted in part, and this case is

12    dismissed with prejudice on grounds of Eleventh Amendment immunity.

13         3.  Plaintiff's filing at Docket Number 28, styled as a Motion for Judgment on the

14    Pleadings, is denied as moot.

15         4.  Plaintiff's filing at Docket Number 29, styled as a "Request for Observance of Cal.

16    Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case," is denied.

17         5.  Plaintiff's other filings at Docket Numbers 30, 33, 37, and 40, are all denied as moot.

18         6.  The Clerk of Court shall close this case and vacate all dates.

19    Dated:  December 19, 2012

20

21                                       MORRISON C. ENGLAND, JR., CHIEF JUDGE

                                       UNITED STATES DISTRICT JUDGE

22

23

24

25

26

2

CLERK, U.S. DISTRICT COURT

JAN 26 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

LUCIO A. BARROGA
P.O. BOX 2516
LONG BEACH, CA 90801
TEL. 310-962-7985
EMAIL: luciobarroga.yahoo.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LUCIO A. BARROGA, | ! CASE NO. CV09- 056 |
|---|---|
| Plaintiff | ! MOTION FOR RECONSIDERATION |
| V. | ! FOR REQUEST FOR AN ORDER TO |
| BOARD OF ADMINISTRATION, CAL PUBLIC | ! FILE A NEW COMPLAINT BECAUSE |
| EMPLOYEES' RETIREMENT SYSTEM (PERS), | ! CHIEF JUDGE KING'S ORDER WAS |
| Defendant | ! ALREADY ". . plaintiff may file. ." |
|  | ! LODGED JAN. 4, 2017 _____ |

### MEMORANDUM OF POINTS AND AUTHORITIES

Lodged January 4, 2017 is REQUEST FOR AN ORDER TO FILE A NEW COMPLAINT
BECAUSE CHIEF JUDGE KING'S ORDER WAS ALREADY . ". .plaintiff  may file
document (complaint) presented . ." FOR JUDGMENT UNDER CCP 170.

The following are order, complaints, motions or requests for an order to file a
complaint but were ignored.

!) Filed CV09- 056 Jan. 6, 2009  COPMLAINT FOR DECLARATORY RELIEF . . . ..
WITH CAL CODE OF CIVIL PROC . SEC. 1062 ON NEW OR SAME ACTION BASED ON
THE SAME FACTS WHICH OVERCOME RES JUDICATA  AND WITH NEW ISSUES

2) Filed 7/7/15  Chief Judge King's ORDER  is quoted:  " . . plaintiff may file the
   document (complaint) presented. . "

/

263

/

3)    Lodged Sept.20, 2016 COPMLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC . SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOME RES JUDICATA

ORDER filed Sept 22, 2016 is quoted: " Court order is needed to file a new action. . . plaintiff may not file the document (complaint) presented. ."

Notice: On my visit on the court Sept 22, 2016,  the lobby docket showed ". .plaintiff may file document (complaint) presented. . "

So I called the attention of this fact to Deputy Clerk Kris, then he produced a NOTICE AND ORDER showing, ". . plaintiff may not file a complaint. ."  Then the docket note was MODIFIED.


4) Lodged 9/26/16 MOTION FOR FILING OF COMPLAINT . . .BECAUSE IT WAS ALREADY ORDERED TO BE FILED BY HON. CHIEF JUDGE KING.

ORDER dated Sept. 26, 2016 but not filed is quoted: ". . Other Subsequent document.    . . .plaintiff may not file document presented. . "

5) Lodged 10/11/16 COPMLAINT FOR DECLARATORY RELIEF . . . .. WITH CAL CODE OF CIVIL PROC . SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOME RES JUDICATA  AND WITH NEW ISSUES

ORDER filed 10/14/16 is quoted:" Court order is needed to file a new action.  . . . plaintiff may not file the document (complaint) presented. . ."

6) Lodged 10/31/16 REQUEST FOR AN ORDER TO FILE A  NEW COMPLAINT BECAUSE CHIEF JUDGE KINGS'S ORDER WAS ALREADY ." .plaintiff may file document (complaint) presented . . "

2

Court of Appeals Chief Judge, to the Judicial Council of 10 Judge, to the Judicial Conference of the United States.

3.) Regarding jurisdiction, to quote USC **§ 1331:**

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States

4.) On a Sept. 22, 2016 visit to the Court, the docket showed "plaintiff may file a complaint," so the Deputy Clerk Kris was notified, then he produced an ORDER that says, plaintiff may not file a complaint. Soon the docket notes was MODIFIED. Presently, the word MODIFIED is not there any more.

5.) The decision of the Hon. Chief Judge King's ORDER filed July 7, 2015 that plaintiff may file a complaint should be respected.

From the foregoing, this MOTION FOR RECONSIDERATION FOR A REQUEST FOR AN ORDER TO FILE A NEW COMPLAINT should be granted.

Date: January 26, 2017                    Respectfully submitted:

Lucio A. Barroga

Attached:

Proposed ORDER furnished Jan . 4, 2017 for signature of Chief Judge.

ORDER signed by Chief Judge Virginia Phillips dated Jan. 4, 2017, but not FILED.

5



LODGED
9/20/16
CS



FILED
CLERK, U.S. DISTRICT COURT

SEP 22 2016

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucio A. Barroga | CASE NUMBER |
|---|---|
| | CV 09-56-ABC |
| PLAINTIFF(S) | |
| v. | |
| Board of Administration, California Public Employees' Retirement System | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

=========================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

Sept 20 2016
_____
Date

Virginia A. Phillips
_____
United States District Judge / Magistrate Judge

_____

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

CV-115 (5/99)

2 A 6 A

LUCIO A. BARROGA, PRO SE
P.O. BOX 66834
LOS ANGELES,, CA 90066
Tel 310-962-7985
EMAIL; luciobarroga@yahoo.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

---

LUCIO A. BARROGA,                ! CASE NO.

      Plaintiff             ! COMPLAINT FOR DECLARATORY
    V.                             ! RELIEF UNDER CAL CODE OF CIVIL
                    ! PROC. SEC. 1062 ON NEW OR SAME
BOARD OF ADMINISTRATION,          ! ACTION BASED ON THE SAME FACTS
CAL PUBLIC EMPLOYEES'             ! WHICH OVERCOMES RES JUDICATA .
RETIREMENT SYSEM (PERS),          !.
      Defendant(s)              !

---

### MEMORANDUM OF POINTS AND AUTHORITIES

### THE U.S. DISTRICT COURT HAS JURISDICTION UNDER:

A) Constitution, Amendment 13, prohibition of slavery. ISSUE IV, on p.6, is
violated for Defendant PERS denying me benefits derived from the employer's
contributions on my behalf which I had worked and toiled for

B) Statute of limitation shall not apply, p.7 Cal Gov't Code Sec. 20181(new
20164) is quoted:.

   Duration of obligation; limitation of actions

   (b)(2) In cases where the system owes money to a member or beneficiary, the
period of limitation shall not apply.

*1*

*148*

C)  U.S. Constitution Amendment Fourteen. Supporting precedents, from USCA, Constitution Amendment 14, Sec. 1, to quote precedents:

a) State action, for purpose of this clause, may emanate from rulings of administrative and regulatory agencies as well as from legislative or judicial actions. Moose Lodge No 107 v. Irvis , Pa. 1972, 92 S.Ct. 1965, 407 US 163,

b)   State has obligation to insure that actions of its agencies do not deprive any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F. Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441, certiorari denied 92 S. Ct. 675,    404 U.S. 1016,    30 L.Ed. 2d 663.

c) The action of state courts and judicial officers in their official capacities is to be regarded as action of state within this amendment. Shelly v. Kraemer, Mich. & Mo. 1948,    68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1116.

.    D)  Constitution, Amendment 11, because PERS wanted this case tried in court. See EXHIBIT 4, p.2, in letter, Dep. Gen. Counsel Gillan said,

We cannot grant your request . .We cannot change this position unless and until we are ordered to do so by a court . . .   I .. urge you to seek the counsel of an attorney.

This assertion overrides any claim of immunity by Eleventh Amendment.

E) State judges are members of PERS, even the Hon. U.S. District Court Judge Florence –Marie Cooper recused herself on this case, because she was a "participant of CalPERS". EXHIBIT 21A . Also, see **Notice** on EXHIBIT 8, Superior Court Judge McVittie gave judgment not consistent with the law, and said "you know how to appeal. ."

$2$

F) Defendant PERS wants settlement. EXHIBIT 152, p.3, Defendant's STATUS REPORT, to quote:

> 13. CalPERS prefers to have a settlement conference conducted by someone other than the district court judge and the magistrate judge assigned to this matter.

G) The EXHIBIT 176 DISMISSAL ORDER dated Dec. 19, 2012 by Chief Judge Morrison C. England was NOT "FILED" and therefore is "(in)effective for all purposes", or NOT effective for any purpose, and therefore invalid under Cal Code of Civ. Proc. Sec. 581d, on p.9, requiring new trial for same issues .
ALL SUBSEQUENT ACTIONS AFTER DISMISSAL ORDER ARE THEREFORE INVALID AND NOT EFFECTIVE FOR ANY PURPOSE, AND ARE STRIKEN FROM THE RECORD.

## FACTS

.    After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 [new 20795]), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal)

*3*

Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws, and therefore, I am entitled retirement benefits. .

ISSUES OR CAUSES OF ACTION

Proof that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS, to quote:

A person ceases to be a member :

(b) if he or she is paid his or her "normal contributions".

Therefore, IF the employer's contributions which have remained in deposit with PERS are "normal contributions", then I am still a PERS member.

ISSUE I: ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL) GOV'T CODE SEC. 20691? (New Issue, different from prior Issues)

(Cal) Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer**

Notwithstanding any other provision of law, a contracting agency or school employer may pay all or a portion of the normal contributions

4

LUCIO A. BARROGA, PRO SE
P.O. BOX 66834
LOS ANGELES,, CA 90066
Tel 310-962-7985
EMAIL; luciobarroga@yahoo.com

RECEIVED

SEP 26 2016

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

-------------------------------------------------------------------------

LUCIO A. BARROGA,

                    Plaintiff
          V.

BOARD OF ADMINISTRATION,
CAL  PUBLIC EMPLOYEES'
RETIREMENT SYSEM (PERS),
_____ Defendant(s)

! CASE NO.  $Z:09-CY-0056-YA$

! MOTION FOR FILING OF
! COMPLAINT FOR DECLARATORY
! RELIEF BECAUSE IT WAS .
! ALREADY  ORDERED TO BE
! FILED BY HON. CHIEF JUDGE .  ..
! KING _____

## MEMORANDUM OF POINTS AND AUTHORITIES

A  COMPLAINT FOR DECLARATORY RELIEF was lodged on Sept. 20, 2016

for filing which COMPLAINT has previously been ordered to be filed by the Hon.

Chief Judge King, copy of ORDERS are here attached.

I said it to Chief Judge King and I say it again that I strongly believed in justice

that Amendment 13, prohibition of slavery is violated by Defendant PERS for denying

me retirement benefits derived from the employer's contributions to the retirement

fund on my behalf which contributions I had worked and toiled for.

Date: Sept.  26 , 2016                    Respectfully submitted:

                                          Lucio A. Barroga

Attached : ORDERS of Chief Judge King

2.49

LODGED
9/26/16
CENTRAL DISTRICT OF CALIFORNIA
BY CS

VAP

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucio A. Barroga | CASE NUMBER |
| --- | --- |
| | CV09-56-ABC |
| PLAINTIFF(S) | |
| v. | |
| Board Of Administration, et al; | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☒ Other Subsequent document

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☐ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

════════════════════════════════════════════════════

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

9/12/16
_____
Date

_____
United States District Judge / Magistrate Judge

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

CV-115 (5/99)

Z 50



Attorneys for Plaintiff(s)

LUCIO A. BARROGA
P.O. BOX2056 66836
GLENDORA, CA 91740 Las Angeles
Tel 626-367-5858 CA90066
310-962-7985
JEE AMENDMENT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| LUCIO A. BARROGA, | CASE NUMBER |
| | CV09 00056 SSO (SSx) |
| PLAINTIFF(S) | |
| v. | COMPLAINT FOR DECLARATORY |
| BOARD OF ADMINISTRATION, CAL | RELIEF UNDER AMENDMENT FOURTEEN |
| PUBLIC EMPLOYEES' | OF CONSTITUTION WITH CAL CODE OF |
| RETIREMENT SYSTEM (PERS), | CIVIL PROC. SEC. 1062 ON NEW OR |
| | SAME ACTION BASED ON THE SAME |
| DEFENDANT(S). | FACTS WHICH OVERCOMES RES JUDICATA |
| | AND WITH NEW ISSUES |

## MEMORANDUM OF POINTS AND AUTHORITIES

**JURISDICTION**                    AMENDMENT IS ATTACHED.

The U.S. District Court has jurisdiction of this case under amendment fourteen

of constitution. Supporting precedent from USCA constitution amendment 14,

Sec. 1, are quoted:

A) State action, for purpose of this clause, may emanate from rulings of

administrative and regulatory agencies as well as from legislative or

judicial actions. Moose Lodge No. 107 v. Irvis, Pa. 1972, 92 S.Ct. 1965, 407

US 163, 32 L.Ed. 2d 627.

B) State has obligation to insure that actions of its agencies do not deprive

any person of equal protection of laws. U.S. v. State of Tex. 1970, 321 F.

Supp. 1043, supplemented 330 F. Supp. 235, affirmed 447 F. 2d. 441,

certiorari denied 92 S. Ct. 675, 404 U.S. 1016, 30 L.Ed. 2d 663

LODGED
CLERK, U.S. DISTRICT COURT
OCT 11 2016
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY
BY

251

C) The action of state courts and judicial officers in their official capacities is

to be regarded as action of state within this amendment. Shelly v.

Kraemer, Mich. & Mo. 1948, 68 S.Ct. 836, 334 U.S. 1, 912 L.Ed. 1161.

State judges are members of PERS, even the Hon. U.S. District Court Judge
Florence –Marie Cooper recused herself on this case, because she was a
"participant of CalPERS". EXHIBIT 1A .The U.S. Court of Appeals MEMORANDUM
of May 23,2007, EXHIBIT 31 stated ,"We have jurisdiction under 28 U.S.C. Sec.
1291", so should the District Court. And PERS wanted to settle in court, when on
Sept.5,1995, EXHIBIT 4, Dep. Gen. Counsel K. Gillan said ". .until we are ordered
to do so by a court". . "I urge you to seek, . . . an attorney".
Therefore, the District Court has jurisdiction also under Amendment 11,
because PERS wanted the case tried in court.

RES JUDICATA DOES NOT APPLY

RES JUDICATA does not apply, because the law on declaratory relief is a
cumulative remedy based on the same facts in the same or new action, to quote:

(Cal) Code of Civil Procedure Sec. 1062. **Cumulative remedy**

The remedies provided by this chapter are cumulative, and shall not be
construed as restricting any remedy, provisional or otherwise, provided by
law for the benefit of any party to such action, and no judgment under this
chapter shall preclude any party from obtaining additional relief based
upon the same facts

Precedent:

2

Party seeking declaratory relief will not be barred from seeking coerceive relief by further proceedings in the same or new action. Lortz v. Connell (1969) 78 Cal Rptr. 5, 275 C.A. 2d 286.

ISSUES   (SUMMARY, see pages 15 to 17)

1, Whether employer's contributions to the retirement fund on behalf of members are normal contributions under Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer** (Please see Table of Authorities for provision) - to determine membership.

2, Whether PERS's offer for the withdrawal of the member contributions after plaintiff's reaching 50 years old to deprive plaintiff of lifetime retirement allowance is a violation of statute Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement

3. Whether PERS denial to consider the withdrawn member contributions as a loan, a violation of the lending laws which allow withdrawals as loan, Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawal,. .interest; Gov't Code Sec. 20211 (20202) Natural disaster relief loan, Gov't Code Sec. 20208.5 (new 20203) Security loan, and Gov't Code Sec. 20215 (new 20200) Home financing program.

TABLE OF AUTHORITIES

RES JUDICATA DOES NOT APPLY BECAUSE THE LAW ON DECLARATORTY RELIEF IS A CUMULATIVE REMEDY BASED UPON THE SAME FACTS IN THE SAME OR NEW ACTION,  THUS THE DISMISSAL CONFLICTS WITH THE LAW.

(Cal) Code of Civil Procedure Sec. 1062. **Cumulative remedy**

3



LODGED
10/11/16
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY

TO VAP

FILED
CLERK, U.S. DISTRICT COURT

OCT 1 4 2016

CENTRAL DISTRICT OF CALIFORNIA
BY____ DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucio A. Barroga | CASE NUMBER |
| --- | --- |
| | CV09-56-UA |
| PLAINTIFF(S) | |
| v. | |
| Board of Administration, California Public Employees' Retirement System | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing af any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

========================================================================

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

Oct 12 2016
_____
Date

_____
United States District Judge / Magistrate Judge

252



LUCIO A. BARROGA, PRO SE
P.O. BOX 66834
LOS ANGELES,, CA 90066
Tel 310-962-7985
EMAIL; luciobarroga@yahoo.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
CV09-656

| | |
|---|---|
| LUCIO A. BARROGA, | ! CASE NO.    - |
| Plaintiff | ! REQUEST FOR AN ORDER TO |
| V. | ! FILE A NEW COMPLAINT |
| BOARD OF ADMINISTRATION, | ! BECAUSE CHIEF JUDGE KING'S |
| CAL PUBLIC EMPLOYEES' | ! ORDER WAS ALREADY, "plaintiff |
| RETIREMENT SYSEM (PERS), | ! may file document( (complaint) |
| | ! presented. ." |
| Defendant(s) | ! |

### MEMORANDUM OF POINTS AND AUTHORITIES

EX 210 FILED 7-7-15 NOTICE AND ORDER by Chief Judge King is quoted, "IT IS HEREBY ORDERED that plaintiff may file document (complaint) presented . . ".

Lodged on Sept. 20, 2016 is a COMPLAINT FOR DECLARATORY RELIEF with issues or causes of action that include ISSUE IV Amendment 13, prohibition of slavery is violated by Defendant PERS denying plaintiff benefits derived from the employer's contributions to the retirement fund on behalf of plaintiff.

On a visit to the court after Sept. 22, 2016, I called the attention of Receiving Deputy Clerk "Chris", that the lobby computer docket record showed, Sept. 22, 2016 ORDER, plaintiff may file a complaint with initial. Clerk Chris said no, he

1

253

then produced an ORDER filed Sept. 22, 2016 on the computer screen that said
Plaintiff may not file complaint, which is contrary to the docket record. On a
subsequent visit to the court, the docket record was MODIFIED, stating plaintiff
may not file a complaint. On my visit to the court on Oct. 25, 2016 the
modification further changed to add initial and date (shb) 9/30/16.

I disagree with Clerk Chris, because I believe a Chief Judge will respect the
judgement of a fellow Chief Judge on an issue that plaintiff may file a complaint.
Besides, Chief Judge King's judgment and the issue of violation of Amendment
13, prohibition of slavery call for appropriate consideration under Code of Conduct
Canons 2 and 3.

In this case where the docket record showed Sept. 22, 2016 ORDER with
initial before it was modified that plaintiff may file a complaint, the ruling should
stand that plaintiff may file a complaint.

EX 250  Dated 9/26/16  NOTICE AND ORDER by Hon. Chief Judge
Virginia A. Phillips is quoted:
.        " IT IS HEREBY ORDERED that plaintiff may not file (subsequent} .
.        document presented. ."
NOTICE:  This ORDER was not filed by stamp FILED, the standard method, is
this a bogus ORDER? Under Cal Code of Civ. Proc. Sec. 581d, written orders
signed by the court but not FILED is ineffective for any purpose. I think the
Honorable Judge should take a look on the procedure on these orders.

EX 242 Filed 10/14/16 NOTICE AND ORDER by Chief Judge Virginia A.
Phillips is quoted:

Court order is needed to file a new action

2

IT IS HEREBY ORERED that plaintiff may not file the document (complaint) presented. . .

Repeating, Constitution Amendment 13, Prohibition of slavery is an issue of the complaint, of which Amendment 13 is violated by Defendant PERS's denying plaintiff retirement benefits derived from the employers' contributions to the retirement fund on behalf of plaintiff which contributions plaintiff had worked and toiled for.

And again, the Honorable Chief Judge King ordered plaintiff to file a complaint.

From the foregoing, an ORDER that is required needed for plaintiff to file a new /action complaint by the ORDER filed Oct. 14, 2016 should be granted. Specially, it was already earlier granted as shown on the Sept. 22, 2016 docket record before it was modified that plaintiff may file a complaint. For a new action /complaint as required by the ORDER filed Oct. 14, 2016, I request that the Honorable Chief Judge Phillips grants the filing of the complaint lodged Sept 20, 2016 COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC. SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVEECOMES RES JUDICATA.

Date: October 3 /, 2016                    Respectfully submitted:

                                           Lucio A. Barroga, Pro See

Attached:   1-7 pages of COMPLAINT
Filed 7/07/15 Chief Judge King's ORDER
Filed Sept. 22, 2016 Chief Judge Phillips's ORDER
Dated Sept. 26, 2016 Chief Judge Phillips's ORDER
Filed Oct. 14, 2016 Chief Judge Phillips ORDER

3

LODGED
CLERK, U.S. DISTRICT COURT

OCT 3 1 2016

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

NOV 7 2016

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Lucio A. Barroga | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:09-cv-00056-UA |
| v. | |
| Board of Administration, California Public Employees' Retirement System | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☒ Complaint / Petition
☐ Other _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐ Bond in the amount of $_____ must be posted with the filing of any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☐ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

_____
Date

_____
United States District Judge / Magistrate Judge

265



CLERK, U.S. DISTRICT COURT

LODGED

NOV 22 2016

CENTRAL...

LUCIO A. BARROGA
P.O. BOX 66834
LOS ANGELES, CA 90066
TEL 310 – 962 – 7985
EMAIL: luciobarroga@yahoo.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,                                 ! CASE NO. 6Y09 - 056

         Plaintiff                          !

                               ! REQUEST FOR AN ORDER TO FILE A NEW .

        V.                                 ! COMPLAINT BECAUSE CHIEF JUDGE KING'S.

BOARD OF ADMINISTRATION CAL           ! ORDER  WAS ALREADY, "Plaintiff may file

PUBLIC EMPLOYEES' RETIREMENT         ! document (complaint) presented. ."

SYSTEM (PERS),                                    !

              Defendant         !_____

### MEMORANDUM OF POINTS AND AUTHORITIES

Filed Nov. 7, 2016, initialed but not signed, is NOTICE AND ORDER , to quote:

Court order is needed to file a new action.        IT IS HEREBY ORDERED  that
Plaintiff may not file the document presented. .

The above ORDER FILED with initial of judge but no signature  is invalid

because it violates Cal Code of  Civil Proc.  Sec. 581d, to quote:

All dismissals ordered by the court shall be in the form of a written order
signed by the court and filed in the action and those orders when so filed
shall constitute judgments and be effective for all purposes, and the clerk
shall note those judgments in the register

2 56

The Honorable Chief Judge Virginia A. Phillips normally signs her ORDERS, so she should investigate and stop the misconduct of someone usurping her power in the ORDER without her signature.

The COMPLAINT has new three issues:

1) New ISSUE I regarding Cal Gov't Code Sec. 20691 Employers' contributions to the retirement fund on behalf of members, whether "normal contributions".

2) New ISSUE III regarding Cal Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawal and other loan laws, for PERS denial for considering the withdrawn member contributions as loans violating loan laws.

3) New ISSUE IV regarding violation of Amendment 13, prohibition of slavery for Defendant PERS denying plaintiff retirement benefits derived from the employer's contributions to the retirement fund on behalf of plaintiff,

4) And prior ISSUE II regarding violation of Cal Gov't Code Sec. 20203(21259) Nonforfeiture after qualification, to quote: "nothing shall deprive him or her of right to retirement allowance", with prior judgment but wrong judgment.

An ORDER to file a new complaint should be granted for the following reasons:

1) The Honorable Chief Judge King's familiarity of the issues and his ORDER already was, "Plaintiff may file the documents/complaint presented. ." should respected.

2) Violation of vexatious litigant law, Cal Code of Civ. Proc. Sec. 391, for being called vexatious litigant by former Chief Judge Audrey Collins, in one litigation , Barroga V. Brd. of Adminis. PERS, repeatedly denying in years the filing of new

2

complaint with new issues that were never determined in any court before, and new issues that are meritorious and not frivolous, to quote Sec 391:

 (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.

(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay. (Also see footnote below).

3) On my visit to the court after Sept. 22, 2016, the court lobby computer docket showed, that Sept. 22, 2016 ORDER, plaintiff may file a complaint with initial. On this fact, I called the attention of Deputy Clerk "Chris", but he said no, then he produced on the computer screen an ORDER that showed plaintiff may not file a complaint, which was contrary to the docket record. Then the docket record was MODIFIED with ORDER plaintiff may not file a complaint. The original docket record on Sept. 22 ORDER that plaintiff may file a complaint should be followed.

4) With the new ISSUES including ISSUE IV Violation of Amendment 13, prohibition of slavery, the court has jurisdiction, to quote:

## 28 USC § 1331.
### Federal question
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States

 From the foregoing, this REQUEST FOR AN ORDER TO FILE A NEW COMPLAINT should be granted.

Date: November 22, 2016                    Respectfully submitted:

                                    Lucio A. Barroga

3

*Lucio A. Barroga*
Lucio A. Barroga

Attached:

Chief Judge King's ORDER, filed Jul 7, 2015"Plaintiff may file document(complaint).
NOTICE AND ORDER filed Nov. 7, 2016

Note: Former Chief Judge Audrey Collins called me vexatious litigant. I wrote a
letter to all the judges of the Court of Appeals (CA) for their supervisory power
against a judge whose judgements were against the law.  CA Judges initiated
judicial misconduct by their submitting my complaint to the CA Executive. The
judicial misconduct went to CA Chief Judge, then to the Judicial Council, and then
to the US Judicial Conference. I even requested help from President Obama.

4





## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | CASE NUMBER |
| | 2:09-cv-00056-UA |
| PLAINTIFF(S) | |
| v. | |
| Board of Administration, California Public Employees' Retirement System | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of:

☐  Complaint / Petition
☒  Other Subsequent document _____

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following:

☐  Bond in the amount of $_____ must be posted with the filing of any new action.
☐  No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization from a U.S. district judge or magistrate judge.
☐  Court order is needed to file a new action.
☐  Court order is needed to file subsequent pleadings.
☐  Written authorization from the Chief Judge is required before filing of any document.
☐  No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐  Other _____

===========================================================================================

IT IS HEREBY ORDERED that plaintiff

☐  may
☒  may not

file the document presented in the above-referenced matter.

11/26/16
_____
Date

_____
United States District Judge / Magistrate Judge

CV-115 (5/99)

2 57

| 11/03/2011 | 46 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins, (bp) (Entered: 11/10/2011) |
|---|---|---|
| 12/05/2011 | 47 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins. IT IS HEREBY ORDERED that plaintiff may not file the document: Motion for Leave to file a complaint, presented in the above-referenced matter. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5) (lom) (Entered: 12/07/2011) |
| 02/27/2012 | 50 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins. It is hereby ordered that plaintiff may not file the document presented in the above-reference matter. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6) (lom) (Entered: 03/01/2012) |
| 07/07/2015 | 51 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge George H. King. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may file document - Complaint, presented in the above-refenced matter. (lom) (Entered: 07/13/2015) |
| 09/22/2016 | 52 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may not file document - Complaint, presented in the above-refrenced matter. (shb) Modified on 9/30/2016 (shb). (Entered: 09/22/2016) |
| 09/26/2016 | 53 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may not file subsequent document presented in the above-referenced matter. (lom) (Entered: 10/03/2016) |
| 10/12/2016 | 54 | NOTICE OF DISCREPANCY AND ORDER: by Chief Judge Virginia A. Phillips, ORDERING Letter submitted by Plaintiff Lucio A. Barroga received on 10/12/2016 is not to be filed but instead rejected. Denial based on: Local Rule 83-2.5: No letters to the judge. (dgon) (Entered: 10/14/2016) |
| 10/14/2016 | 55 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (mrgo) (Entered: 10/17/2016) |
| 11/07/2016 | 56 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips, re Complaint 1 : Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Complaint/Petition. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (bm) (Entered: 11/10/2016) |
| 11/26/2016 | 57 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips, re Complaint 1 : Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Subsequent document. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (shb) (Entered: 12/01/2016) |

LUCIO A. BARROGA
P.O. BOX 66834
LOS ANGELES, CA 90066
TEL. 310-962-7985
EMAIL: luciobarroga.yahoo.com

2017 JAN -4  AM 10: 55

CLERK U.S. DISTRICT COURT
. . . . . CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIO A. BARROGA, | ! CASE NO. CV09-056 |
| Plaintiff | ! REQUEST FOR AN ORDER TO FILE |
| V. | ! A NEW COMPLAINT BECAUSE |
| | ! CHIEF JUDGE KING'S ORDER WAS |
| BOARD OF ADMINISTRATION, CAL PUBLIC | ! ALREADY, ". . plaintiff may file |
| EMPLOYEES' RETIREMENT SYSTEM (PERS), | ! document (complaint) presented" |
| Defendant | ! FOR JUDGMENT UNDER  CCP 170. |
| | !_ |

## MEMORANDUM OF POINTS AND AUTHORITIES

FACTS

Filed  Jan. 16, 2009 Case No. 09-056  is A COMPLAINT FOR DECLARATORY
RELIEF UNDER CAL CODE OF CIVIL PROC. SEC. 1062 IN NEW OR SAME ACTION
BASED ON THE SAME FACTS WHICH OVERCOME RES JUDICATA with new 3 issues
that were never determined before, ISSUE I, ISSUE III and ISSUE IV, and prior
ISSUE II with prior jugdment but wrong judgment.

Filed July 7, 2015 is NOTICE AND ORDER by Chief Judge King, to quote: " IT IS
HEREBY ORDERED that plaintiff may file the document (complaint) presented in
the above referenced matter."

A Sept. 22, 2016 court lobby computer screen showed the Docket that
plaintiff may file a  complaint. The recieving Deputy Clerk Chris was notified that

1

260

plaintiff may file a complaint, and then he produced an ORDER that says, plaintiff may not file a complaint. Then, later the computer screen docket record was MODIFIED.

Lodged Dec. 13, 201 was a MOTION TO RESPONSE TO A REQUEST FOR AN ORDER TO FILE A NEW COMPLAINT lodged Nov. 22, 2016 AS REQUIRED BY CCP 170.

Filed Dec. 14, 2016  NOTICE AND ORDER  BY CHIEF JUDGE VIRGINIA PHILLIPS is quoted:

> "Other. Subsequent document"  "Court order is needed to file a new acton."

The above ORDER of Dec. 14, 2016 did not respond or determine to the new issues of the complaint that includes new ISSUE IV Violation of Amendment 13, Prohibition of slavery for Defendant PERS denying me retirement benefits derived from the employer's contributions to the retirement funds on my behalf. A judge is sworn to defend the constitution, and he or she should defend. Deciding not to decide violates the intent of Cal Code of Civ. Proc. (CCP) Sec. 170 to quote:

> A judge has the duty to decide any proceeding in which he or she is not disqualified.

Repeating, the issues, ISSUE I, ISSUE III and ISSUE IV in the complaint are new, and have never been determined before, and therefore are not prohibited under Vexatious litigant law, to quote:

> Cal Code of Civ. Proc . Sec. 391
>
> (b) "Vexatious litigant" means a person who does any of the following:
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i)

2

the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

By the way, former Chief Judge Audre Collins calling me vexatious litigant was wrong because the issues in the complaint were new with no prior determination.

To quote dismissal law:

Cal Code of Civil Proc. Sec. 581(d)     All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case.

Notice: The added commentaries such as in numbers 56, 57, 58 on the docket list, here attached, that alter and are not shown written on the ORDERS violate CCP 581(d) which requires "in the form of a written order signed by the court. ." Whoever is adding these extra commentaries violates the law. Also, the Honorable Judge's initial instead of signature in the Court ORDER filed Dec. 14, 2016, violates the above cited Cal Code of Civil Proc . Sec. 581(d), which makes the ORDER invalid.

Regarding jurisdiction, to quote USC § 1331:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States

From the foregoing, this REQUEST FOR AN ORDER TO FILE A NEW COMPLAINT AS REQUIRED BY CCP 170 for decision of the new issues, and required by Hon. Chief Judge Virginia Phillips's ORDER of Dec. 14, 2016 should be granted.

Date: January 4 ,2017                    Respectfully submitted:

Luis A. Barroga

3

*Lucio A. Barroga*

Attached:

NOTICE AND ORDER by CHIEF JUDGE KING filed July 7, 2015

NOTICE AND ORDER by CHIEF JUDGE VIRGINIA PHILLIPS filed Dec, 14, 2016

Partial Docket List showing added commentaries

REQUEST FOR PROTECTION OF DOCUMENTS FROM HARM OF MR. W. GLICKMAN

4

LODGED

2017 JAN -4 AM 10:56

CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Lucio A. Barroga | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:09-cv-00056-UA |
| v. | |
| Board of Administration, California Public Employees' Retirement System | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

*Derek Davis*

Lucio A. Barroga_____, plaintiff, attempted to file a pleading in the
above-referenced matter. Attached for your review is a copy of:

☐ Complaint / Petition
☒ Other _Request for an Order to File a New Complaint_

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading
without the following:

☐ Bond in the amount of $_____ must be posted with the filing of any new action.
☐ No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization
from a U.S. district judge or magistrate judge.
☒ Court order is needed to file a new action.
☒ Court order is needed to file subsequent pleadings.
☐ Written authorization from the Chief Judge is required before filing of any document.
☐ No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐ Other _____

IT IS HEREBY ORDERED that plaintiff

☐ may
☒ may not

file the document presented in the above-referenced matter.

January 4 2017
Date

Virginia A. Phillips
United States District Judge / Magistrate Judge

**NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**
CV-115 (5/99)

EX 261

| | | |
|---|---|---|
| 11/03/2011 | 46 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins, (bp) (Entered: 11/10/2011) |
| 12/05/2011 | 47 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins. IT IS HEREBY ORDERED that plaintiff may not file the document: Motion for Leave to file a complaint, presented in the above-referenced matter. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5) (lom) (Entered: 12/07/2011) |
| 02/27/2012 | 50 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins. It is hereby ordered that plaintiff may not file the document presented in the above-reference matter. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6) (lom) (Entered: 03/01/2012) |
| 07/07/2015 | 51 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge George H. King. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may file document - Complaint, presented in the above-refrenced matter. (lom) (Entered: 07/13/2015) |
| 09/22/2016 | 52 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may not file document - Complaint, presented in the above-refrenced matter. (shb) Modified on 9/30/2016 (shb). (Entered: 09/22/2016) |
| 09/26/2016 | 53 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may not file subsequent document presented in the above-referenced matter. (lom) (Entered: 10/03/2016) |
| 10/12/2016 | 54 | NOTICE OF DISCREPANCY AND ORDER: by Chief Judge Virginia A. Phillips, ORDERING Letter submitted by Plaintiff Lucio A. Barroga received on 10/12/2016 is not to be filed but instead rejected. Denial based on: Local Rule 83-2.5: No letters to the judge. (dgon) (Entered: 10/14/2016) |
| 10/14/2016 | 55 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (mrgo) (Entered: 10/17/2016) |
| 11/07/2016 | 56 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips, re Complaint 1 : Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Complaint/Petition. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (bm) (Entered: 11/10/2016) |
| 11/26/2016 | 57 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips, re Complaint 1 : Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Subsequent document. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (shb) (Entered: 12/01/2016) |
| 12/14/2016 | 58 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips: Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Other: Subsequent document. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-reference matter. (bm) (Entered: 12/21/2016) |
| 01/04/2017 | 59 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips: Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Other: Request for an Order to File a New Complaint. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. Court order is needed to file subsequent pleadings. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (bm) (Entered: 01/06/2017) |





## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lucio A. Barroga | **CASE NUMBER** |
| | **CV09-56-UA** |
| **PLAINTIFF(S)** | |
| v. | |
| Board of Administration, California Public Employees'<br>Retirement System | **NOTICE AND ORDER RE FILING BY<br>VEXATIOUS LITIGANT** |
| **DEFENDANT(S).** | |

Lucio A. Barroga _____, plaintiff, attempted to file a pleading in the

above-referenced matter. Attached for your review is a copy of:

☐  Complaint / Petition
☒  Other _Motion for reconsideration._

According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading
without the following:

☐  Bond in the amount of $_____ must be posted with the filing of any new action.
☐  No petition for writ of habeas corpus is to be filed without payment of filing fee and/or written authorization
     from a U.S. district judge or magistrate judge.
☐  Court order is needed to file a new action.
☒  Court order is needed to file subsequent pleadings.
☒  Written authorization from the Chief Judge is required before filing of any document.
☐  No filings are to be accepted in this case by plaintiff or anyone on his or her behalf.
☐  Other _____

==========================================================================

IT IS HEREBY ORDERED that plaintiff

☐ ╱ may
☒    may not

file the document presented in the above-referenced matter.

_____          _____
Date  1/27/17                         United States District Judge / Magistrate Judge

CV-115 (5/99)

264

| | | |
|---|---|---|
| | | 2 PART 3, # 3 PART 4) (lra). (Entered: 08/25/2011) |
| 09/06/2011 | 44 | Notice and ORDER that Plaintiff may not file the document: Motion; Stop using Vexatious Litigant form; Request for Leave to file a complaint by Judge Audrey B. Collins. (lom) (Entered: 09/07/2011) |
| 10/26/2011 | 45 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins, re Complaint - (Discovery) 1 : Plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Complaint/Petition. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (bm) (Entered: 11/01/2011) |
| 11/03/2011 | 46 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins. (bp) (Entered: 11/10/2011) |
| 12/05/2011 | 47 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins. IT IS HEREBY ORDERED that plaintiff may not file the document: Motion for Leave to file a complaint, presented in the above-referenced matter. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5) (lom) (Entered: 12/07/2011) |
| 02/27/2012 | 50 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Audrey B. Collins. It is hereby ordered that plaintiff may not file the document presented in the above-reference matter. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5, # 5 Part 6) (lom) (Entered: 03/01/2012) |
| 07/07/2015 | 51 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge George H. King. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may file document - Complaint, presented in the above-refrenced matter. (lom) (Entered: 07/13/2015) |
| 09/22/2016 | 52 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may not file document - Complaint, presented in the above-refrenced matter. (shb) Modified on 9/30/2016 (shb). (Entered: 09/22/2016) |
| 09/26/2016 | 53 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff Lucio Barroga may not file subsequent document presented in the above-referenced matter. (lom) (Entered: 10/03/2016) |
| 10/12/2016 | 54 | NOTICE OF DISCREPANCY AND ORDER: by Chief Judge Virginia A. Phillips, ORDERING Letter submitted by Plaintiff Lucio A. Barroga received on 10/12/2016 is not to be filed but instead rejected. Denial based on: Local Rule 83-2.5: No letters to the judge. (dgon) (Entered: 10/14/2016) |
| 10/14/2016 | 55 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (mrgo) (Entered: 10/17/2016) |
| 11/07/2016 | 56 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips, re Complaint 1 : Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Complaint/Petition. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (bm) (Entered: 11/10/2016) |
| 11/26/2016 | 57 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips, re Complaint 1 : Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Subsequent document. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (shb) (Entered: 12/01/2016) |
| 12/14/2016 | 58 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips: Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Other: Subsequent document. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-reference matter. (bm) (Entered: 12/21/2016) |
| 01/04/2017 | 59 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips: Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Other: Request for an Order to File a New Complaint. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file a new action. Court order is needed to file subsequent pleadings. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (bm) (Entered: 01/06/2017) |
| 01/27/2017 | 60 | NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT by Judge Virginia A. Phillips: Lucio A. Barroga, plaintiff, attempted to file a pleading in the above-referenced matter. Attached for your review is a copy of: Other: Motion for reconsideration. According to court records, plaintiff has been identified as a vexatious litigant who is not permitted to file any pleading without the following: Court order is needed to file subsequent pleadings. Written authorization from the Chief Judge is required before filing of any document. IT IS HEREBY ORDERED that plaintiff may not file the document presented in the above-referenced matter. (bm) (Entered: 02/01/2017) |



CLERK, U.S. DISTRICT COURT

FEB 1 6 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

LUCIO A. BARROGA
P.O. BOX 2516
LONG BEACH, CA 90801
TEL. 310-962-7985
EMAIL: luciobarroga.yahoo.com

---

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| LUCIO A. BARROGA, | ! CASE NO. CV09- 056 |
| Plaintiff | ! MOTION FOR NEW JUDGE AS |
| V. | ! REQUIRED BY CAL CODE OF CIV. |
| BOARD OF ADMINISTRATION, CAL PUBLIC | ! PROC. SEC 170.6 AND 170.3 |
| EMPLOYEES' RETIREMENT SYSTEM (PERS), | ! BECAUSE OF PREJUDICE |
| Defendant | ! |

---

### MEMORANDUM OF POINTS AND AUTHORITIES

The Hon. Chief Judge Virginia Phillips is bias and is prejudiced against Plaintiff or
interest of party and should disqualify herself in this case.

A) PREJUDICE LAWS ON DISQUALIFICATION

Cal Code of Civ. Proc. Sec. 170.6 is quoted:

> (1) A judge, . . . shall not try a civil or criminal action or special proceeding
> of any kind or character nor hear any matter therein that involves a
> contested issue of law or fact when it is established as provided in this
> section that the judge . . . is prejudiced against a party or attorney or the
> interest of a party or attorney appearing in the action or proceeding.

Cal Code of Civ. Pro. Sec. 170.3 is quoted:

Chris Powers        /

$26^5$
9

(a)(1) If a judge determines himself or herself to be disqualified, the judge shall notify the presiding judge of the court of his or her recusal and shall not further participate in the proceeding,. . .

(a)(2) If the judge disqualifying himself or herself is. . , ,the presiding judge of the court, the notification shall be sent to the person having authority to assign another judge to replace the disqualified judge.

(c)(2) Without conceding his or her disqualification, a judge whose impartiality has been challenged by the filing of a written statement may request any other judge agreed upon by the parties to sit and act in his or her place. (Note: Plaintiff will accept a new judge with last name that starts with A ; if not available, starts with B; if not available, starts with C, then D,. )

B) DUTY OF JUDGE TO DECIDE AND DEFEND CONSTITUTION AND LAWS

1) Cal Code of Civ. Proc. Sec. 170   decrees:

"a judge has the duty to decide any proceeding in which he or she is not disqualified."

2) A judge has a sworn duty to defend the constitution and laws of the country.

C) ISSUES IN THE COMPLAINTS :

ISSUE I. EMPLOYER'S CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS ARE NORMAL CONTRIBUTIONS UNDER GOV'T CODE SEC. 20691.

(Cal) Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer**

Notwithstanding any other provision of law, a contracting agency or school employer may pay all or a portion of the normal contributions required to be

2

paid by a member. . The payment shall be reported simply as normal

contributions and shall be credited to member accounts.

ISSUE II. STATUTE ON NONFOREFEITURE AFTER QUALIFICATION FOR
RETIREMENT WHICH WAS VIOLATED WHEN PERS OFFERED FOR THE ALTERNATIVE
WITHDRAWAL OF THE ACCUMULATED MEMBER CONTRIBUTIONS AFTER
QUALIFICATION TO DEPRIVE PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE

(Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for

retirement

Subject to compliance with this part, after a member has qualified as to .

.age and service for retirement for service, nothing shall deprive him or her

of the right to retirement allowance as determined under this part.

ISSUE III. LOAN LAWS WHICH WERE VIOLATED WHEN PERS DENIED TO CONSIDER
THE WITHDRAWN MEMBER CONTRIBUTIONS AS LOAN

(Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals,
interest. .

. .member may file an election with the board to redeposit in the

retirement fund, in lump sum or by installment payment (1) an amount

equal to the accumulated contributions.. .withdrawn, and  (2) an amount

equal to the interest. .,and (3) if he or she elects to redeposit in other than

one sum, interest on the unpaid balance at date of election to redeposit.

(Cal) Gov't Code Sec. 20211 (new 20202) Natural disaster relief loan.

(Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

(Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

(Cal) Gov't Code Sec. 20201  Secured home loan.

ISSUE IV: CONSTITUTION, AMENDMENT 13 IS VIOLATED. PERS HAS DENIED
PLAINTIFF RETIREMENT BENEFITS DERIVED FROM THE EMPLOYER'S

3

CONTRIBUTION WHICH HAVE REMAINED IN DEPOSIT WITH PERS, WHICH
EMPLOYER'S CONTRIBUTIONS PLAINTIFF HAD WORKED AND TOILED FOR

**Amendment 13, Section 1.** Neither slavery nor involuntary servitude . . .shall
exist within the United States, . .

**NOTICE: ISSUE I, ISSUE III and ISSUE IV are new and never determined from any
court, and ISSUE II had prior judgment but wrong judgment.**

D) VEXATIOUS LITIGANT LAW WAS VIOLATED BY FORMER  CHIEF JUDGE AUDREY
COLLINS'S ORDERS DENYING FILING OF COMPLAINT  BECAUSE THE ISSUES  I, II, AND
III ARE NEW AND NEVER DETERMINED, AND ISSUE II HAD PRIOR JUDGMENT BUT
WRONG JUDGMENT. ( see above)

VEXATIOUS LITIGANT LAW: Cal  Code of Civ. Proc . Sec. 391

(b) "Vexatious litigant" means a person who does any of the following:

(2) After a litigation has been finally determined against the person,
repeatedly relitigates or attempts to relitigate, in propria persona, either (i)
the validity of the determination against the same defendant . . as to whom
the litigation was finally determined or (ii) the cause of action, claim,
controversy, or any of the issues of fact or law, determined or concluded by
the final determination  . .

E) RES JUDICATA DOES NOT APPLY IN DECLARATORY RELIEF ACTION WITH
CUMULATIVE REMEDY BASED ON THE SAME FACTS IN NEW OR SAME ACTION
1) (Cal) Code of Civil Proc. Sec. 1062 **Cumulative remedy**

The remedies provided by this chapter are cumulative, and shall not be
construed as restricting any remedy, provisional or otherwise, provided by law
for the benefit of any party to such action, and no judgment under this
chapter shall preclude any party from obtaining additional relief based upon
the same facts.  NOTICE: Cited in the COMPLAINTS

4

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

CLERKS CERTIFICATE OF
ENTRY OF DEFAULT

2:12–CV–01179–MCE–KJN

v.

BOARD OF ADMINISTRATION CAL
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM,

TO ALL COUNSEL:

By application of Plaintiff and it appearing that the defendant having been duly served with process as appears from the record and papers on file herein; and having failed to appear, plead or answer Plaintiff's complaint within the time allowed by law; the default of the following Defendant(s) is/are hereby entered:

Board of Administration Cal Public Employees' Retirement System

Counsel is/are referred to Rule 55(b), of the Federal Rules of Civil Procedure, and Local Rules 302(c)(19) and 230. If there is more then one defendant in this case, counsel are further referred to Fed. R. Civ. P. 54(b).



IN TESTIMONY WHERE OF, I have hereunto subscribed my name and affixed the seal of the United States District Court for the Eastern District of California, on June 11, 2012.

VICTORIA C. MINOR
CLERK OF COURT

By: /s/ G. Michel

Jun 11, 2012     EXH 132

LUCIO A. BARROGA                           !
P.O.BOX 662006                             !
LOS ANGELES, CA 90066                      !
Tel. 626-367-5858                          !

PRO SE                                     !

**ORIGINAL FILED**

JUN 20 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA (Sacramento)

------------------------------------------------------------------------

. LUCIO A. BARROGA,                ! CASE NUMBER: 12 C V  1179 MCE- KJN

                 Plaintiff         !_____

            v.                     ! REQUEST FOR ENTRY OF JUDGMENT
BOARD OF ADMINISTRATION, CAL       ! BY DEFAULT BY THE CLERK AGAINST.
PUBLIC EMPLOYEES' RETIREMENT       ! DEFENDANT BOARD OF ADMINISTRATION,
SYSTEM (PERS),                     ! PERS UNDER FED RULES OF CIV. PROC.
            Defendant              ! RULE 55(b)(1)

------------------------------------------------------------------------

MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rules of Civ. Proc. Rule 55     (b) **Judgment.** Judgment by

default may be entered as follows: (1) **By the Clerk.** When the plaintiff's

claim against defendant is for a sum  certain or for a sum which can by

computation be made certain, the clerk upon request of plaintiff and upon

affidavit of the amount due shall enter judgment for that amount and cost

against defendant , if the defendant has been defaulted for failure to appear.

SUMMONS and COMPLAINT FOR DECLARATORY RELIEF UNDER  CAL CODE OF

CIVIL PROC. SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS

WHICH OVERCOMES RES JUDICATA (COMPLAINT) were served on May 2, 2012  to

JUN 20, 2012            EXH 134

Defendant Board of Administration, PERS, but Defendant did not respond to the SUMMONS and COMPLAINT. On request by Plaintiff, Entry of Defendant's Default for failure to respond to the SUMMONS and COMPLAINT was entered on June 11, 2012.

EXHIBIT 34, here attached and also attached to the Complaint, is Determining Pension Benefits and Redepositing Withdrawals under Cal Gov't Code Sec. 21354.3. By computation therefrom, Plaintiff therefore requests the Clerk for Entry of Judgment by default for the Plaintiff Lucio A. Barroga against Defendant Board of Administration, PERS in the amount of $1,568,410.50 and a monthly pension of $3,612.69 starting from January 2012 accruing and accumulating.

Date: June 2 0, 2012                          Respectfully submitted,.

                                             *Lucio A. Barroga*
                                             Lucio A. Barroga

Attached: AFFIDAVIT

EXHIBIT 34 Determining Pension Benefits And Redepositing Withdrawals

2

## AFFIDAVIT

I, Lucio A. Barroga, Plaintiff declare that under Fed. Rules of Civil Procedure Rule 55 (b)Judgment by default (1) By Clerk, that the amount of Plaintiff's claim against Defendant Board of Administration, PERS is a sum which by computation made certain as shown on EXHIBIT 34 which is attached to Request For Entry of Judgment and also attached to the COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC. SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA which EXHIBIT 34 is Determining Pension Benefits and Redepositing Withdrawals under Cal Government Code Sec. 21354.3. By computation therefrom, the amount due to Plaintiff for judgment against Defendant Board of Administration, PERS is $1,568,410.50 and a monthly pension of $3,612.69 starting from January 2012, accruing and accumulating.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June **20**,2012                          Respectfully submitted,

Lucio A. Barroga, Plaintiff

*Ex 135*

<br>

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10 LUCIO A. BARROGA,

11           Plaintiff,            No. 2:12-cv-01179 MCE KJN PS

12     v.

13 BOARD OF ADMINISTRATION,
CAL PUBLIC EMPLOYEES'
14 RETIREMENT SYSTEM (PERS),

15          Defendant.            <u>ORDER</u>

16

17         Presently before the court is plaintiff's motion for entry of a default judgment by

18 the Clerk of Court, filed pursuant to Federal Rule of Civil Procedure 55(b)(1) and seeking a

19 judgment for "a sum certain or a sum that can be made certain by computation."[1]  Plaintiff seeks

20 a judgment "in the amount of $1,568,410.50 and a monthly pension of $3,612.69 starting from

21 January 2012 accruing and accumulating." (Motion at 2; <u>see also</u> Barroga Decl. at 1.)

22         In short, the court finds that plaintiff does not seek a sum certain or a sum that can

23 be made certain by computation.  Among other things, the exhibits attached to plaintiff's

24 declaration consist of an unsworn analysis and table prepared by plaintiff, which do not establish

25

26      [1] This action proceeds before the undersigned pursuant to Eastern District of California
Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).



*Jul 3, 2012*    *Ex# 135*

1

1  plaintiff's entitlement to the judgment and ongoing payments sought. Accordingly, plaintiff's
2  motion is denied.

3         In addition to denying plaintiff's motion for a Rule 55(b)(1) judgment by default,
4  the court also vacates the Clerk's Certificate of Entry of Default filed on June 11, 2012 (Dkt.
5  No. 7). Despite the entry of default by the Clerk, plaintiff did not properly serve defendant with
6  the summons and complaint. Plaintiff represents that *he* personally served defendant with
7  process (Dkt. No. 4), but a party cannot effectuate personal service of process under Federal Rule
8  of Civil Procedure 4. See Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and*
9  *not a party* may serve a summons and complaint") (emphasis added). Accordingly, service of
10  process was not proper, and plaintiff was not entitled to the Clerk's entry of default in the first
11  place. Failure to properly serve defendant also supports denial of the motion for a default
12  judgment.[2]

13         There are a host of other problems with plaintiff's lawsuit. Among other
14  problems, it appears from plaintiff's complaint and attached exhibits that he has been litigating

15
16  [2] As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default
17  judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact,
18  Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment). A clerk's entry of default may be set aside as void when default
19  was entered in the absence of proper service of process. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) (holding that because service of process on a party in an earlier action
20  against whom a default judgment was entered was not proper, the default judgment in the earlier action was void and had no preclusive effect in the present action); accord James v. Scribner, 415
21  Fed. Appx. 835, 836 (9th Cir. 2011); see also Banks v. ACS Educ., No. 10cv1886-BTM (CAB), 2011 WL 811601, at *1 (S.D. Cal. Mar. 2, 2011) (unpublished) ("Improper service of the complaint
22  presents good cause to set aside entries of default."); Warren v. City of Grass Valley, No. 2:10-CV-1650-JAM-EFB, 2011 WL 596707, at 1-2 (E.D. Cal. Feb. 9, 2011) (unpublished) (setting
23  aside entry of default on the basis of insufficient evidence of proper service of process); Arthur Court Designs, Inc. v. Jensen, No. C-09-0584 EMC, 2009 WL 2157544, at *4 (N.D. Cal. July 20, 2009)
24  (unpublished) (same); Van Dyke v. N. Leasing Sys., Inc., No. CIV.S. 07-1877 FCD GGH PS, 2009 WL 1396193, at *3 (E.D. Cal. May 14, 2009) (unpublished) ("The court finds that NLS has shown
25  good cause for setting aside the clerk's entry of default due to defective service."), adopted by 2009 WL 2044254 (E.D. Cal. July 13, 2009); cf., Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("A
26  failure to make a timely answer *to a properly served complaint* will justify the entry of a default judgment" (emphasis added).).

2

1  this same claim for retirement benefits since the early 1990s in both the Los Angeles County

2  Superior Court ("Superior Court") and the United States District Court for the Central District of

3  California ("Central District").[3] It also appears that plaintiff unsuccessfully appealed various

4  adverse decisions made by the Superior Court and the Central District all the way to the

5  California Supreme Court and the U.S. Supreme Court, both of which denied review.

6  Accordingly, the court is significantly concerned that this case is barred by claim or issue

7  preclusion. See, e.g., Barroga v. Bd. of Amin. of Cal. Employees' Retirement Sys., 235 Fed.

8  Appx. 414, 415 (9th Cir. 2007) ("The district court properly concluded this action was barred by

9  res judicata because it restated claims raised in Barroga's prior lawsuits seeking pension benefits

10  from CalPERS."). However the court need not resolve the question of claim or issue preclusion

11  at this time because service of process was not proper at the outset of this case.

12  For the foregoing reasons, IT IS HEREBY ORDERED that:

13  1.  Plaintiff's motion for entry of a default judgment by the Clerk of Court

14  pursuant to Federal Rule of Civil Procedure 55(b)(1) (Dkt. No. 8) is denied.

15  2.  The Clerk of Court is directed to vacate the Clerk's Certificate of Entry of

16  Default filed on June 11, 2012 (Dkt. No. 7).

17  IT IS SO ORDERED.

18  DATED: July 3, 2012

19

20
                            KENDALL J. NEWMAN
21                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25  [3] The exhibits to plaintiff's complaint reflect that while proceeding in the Central District,
    plaintiff was declared a vexatious litigant and was denied leave to file a new complaint in that court
26  nearly a dozen times, and as recently as February 27, 2012.

3

EX 137A 7/13/12 Order Mag Newman

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUCIO A. BARROGA,

11              Plaintiff,            No. 2:12-cv-01179 MCE KJN PS

12       v.

13   BOARD OF ADMINISTRATION,
     CAL PUBLIC EMPLOYEES'
14   RETIREMENT SYSTEM (PERS),

15              Defendant.            ORDER
     _____/

16

17        In an order filed July 5, 2012, the court denied plaintiff's motion for default

18   judgment and directed the Clerk of Court to vacate the previously entered clerk's entry of

19   default.[1]  (Order, July 5, 2012, Dkt. No. 9.) The court took such actions on the basis of defects in

20   plaintiff's service of the summons and complaint on defendant.[2]

21        On July 12, 2012, plaintiff filed another motion for default judgment (Dkt.

22   No. 11), which is presently before the court. The court denies plaintiff's motion for default

23
     _____
24   [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

25   [2]  Also on July 5, 2012, plaintiff filed a proof of service form, which represents that plaintiff
     served his first motion for default judgment on defendant by mail (Dkt. No. 10). The proof of
26   service form does not address service of the summons and complaint.

July 13, 2012        EXH 137A

1 │ judgment without prejudice for the following reasons.

2 │      First, plaintiff's motion for default judgment does not cure the defects in service
3 │ raised by the court in its July 5, 2012 order. Plaintiff's motion restates that plaintiff served the
4 │ summons and complaint on defendant on May 2, 2012, but the court already found the May 2,
5 │ 2012 service defective. (See Order, July 5, 2012, at 2.) Although plaintiff appended a proof of
6 │ service form to his motion for default judgment, that proof of service form only represents that
7 │ plaintiff served the motion for default judgment on defendant—it says nothing about proper
8 │ service of the summons and complaint. Accordingly, plaintiff's motion for default judgment is
9 │ denied for lack of proper service of process.

10 │      Second, plaintiff did not obtain a clerk's entry of default before filing his motion
11 │ for default judgment. As the court previously advised plaintiff in great detail, he must first
12 │ obtain a clerk's entry of default prior to moving for a default judgment. (Order, July 5, 2012, at 2
13 │ & n.2.) Because no effective clerk's entry of default appears on the court's docket, plaintiff's
14 │ motion for default judgment is denied.

15 │      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for default
16 │ judgment (Dkt. No. 11) is denied without prejudice.

17 │      IT IS SO ORDERED.

18 │ DATED: July 13, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   NIROMI W. PFEIFFER, State Bar No. 154216
    Supervising Deputy Attorney General
3   BRENDA A. RAY, State Bar No. 164564
    Deputy Attorney General
4     1300 I Street, Suite 125
    P.O. Box 944255
5     Sacramento, CA 94244-2550
    Telephone: (916) 324-5208
6     Fax: (916) 324-5567
    E-mail: Brenda.Ray@doj.ca.gov
7   *Attorneys for Defendant*
  *Public Employees' Retirement System*

8         IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12

| | |
|---|---|
| 13   **LUCIO A. BARROGA,** | 12 CV 1179 MCE-KJN |
| 14           Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| 15       v. | |
| 16 | |
| 17   **BOARD OF ADMINISTRATION CAL PUBLIC EMPLOYEES' RETIREMENT SYSTEM,** | Date:      October 18, 2012 |
| 18 | Time:      10:00 a.m. |
|           Defendant. | Courtroom:  25 |
| 19 | Judge:     The Honorable Kendall J. Newman |
| 20 | Trial Date: Action Filed: May 2, 2012 |

21

22   TO: LUCIO A. BARROGA, plaintiff in pro per:

23          PLEASE TAKE NOTICE that, on October 18, 2012, at 10:00 a.m., or as soon

24   thereafter as the matter may be heard in Courtroom 25 of the United States District Court, Eastern

25   District of California, located at 501 "I" Street, Suite 4-200, Sacramento, CA 95814, defendant

26   California Public Employees' Retirement System (CalPERS) will move the court for an order

27   dismissing plaintiff's complaint and it as a defendant. Defendant will move the court to dismiss it

28   and plaintiff's complaint pursuant to Rule 12, subdivision (b)(1), of the Federal Rules of Civil

<div align="center">1</div>

SEPT 11, 2012

Case 2:12-cv-01179-MCE-KJN   Document 21   Filed 09/11/12   Page 2 of 13

1   Procedure on the basis that the court lacks jurisdiction over the subject matter and pursuant to

2   Rule 12, subdivision (b)(1), of the Federal Rules of Civil Procedure on the basis that the

3   complaint fails to state a claim against defendant CalPERS in that plaintiff's claim is barred by

4   the doctrine of res judicata.

5         This motion is based on this notice of motion and motion, the attached memorandum of

6   points and authorities, the court file herein, and any such matters as may be presented to the court

7   at the time of hearing.

        Respectfully submitted,

8   Dated:  September 11, 2012

9         KAMALA D. HARRIS
          Attorney General of California
          NIROMI W. PFEIFFER
10        Supervising Deputy Attorney General

11

12

13        BRENDA A. RAY
          Deputy Attorney General
          *Attorneys for Defendant*
14        *Public Employees' Retirement System*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### PRELIMINARY STATEMENT

3          After numerous opportunities over the course of 21 years to have his case heard and

4     adjudicated before an administrative tribunal, the California Superior Court for the County of Los

5     Angeles, the California Court of Appeal, the California Supreme Court, the United States District

6     Court for the Central District of California, and the United States Supreme Court, plaintiff once

7     again seeks to re-litigate his claim for retirement benefits. Defendant CalPERS respectfully

8     requests that the court grant its motion to dismiss without leave to amend because (1) the court

9     lacks subject matter jurisdiction because defendant CalPERS is entitled to immunity under the

10     Eleventh Amendment and (2) plaintiff has failed to state a valid cause of action because his case

11     is barred by the doctrine of res judicata.

12                              ### STATEMENT OF FACTS

13          Plaintiff was employed by the City of El Segundo from 1969 to 1977. See *Barroga v.*

14     *Board of Administration, Public Employees' Retirement System*, California Court of Appeal Case

15     No. B077855, attached as Exhibit 2 to the Complaint, at p.2; *Barroga v. Gillan, et al.*, California

16     Court of Appeal Case No. B115924, attached as Exhibit 9 to the Complaint, at p.2. Needing

17     money, plaintiff elected in 1979 to withdraw his employment contributions from CalPERS. *Ibid.*

18     CalPERS remitted to plaintiff his employee contributions of nearly $10,000 and terminated his

19     membership from CalPERS. *Ibid.* Almost ten years later in 1988, plaintiff wrote to CalPERS

20     requesting retirement benefits, asserting that he had withdrawn his contributions by mistake. *Ibid.*

21     Plaintiff requested that CalPERS treat its remittance of his employee contributions as a loan. *Ibid.*

22          CalPERS denied plaintiff's request, informing him that, because he was not a current

23     member of CalPERS, he was not eligible to redeposit his contributions and that CalPERS'

24     remittance to him could not be treated as a loan. *Barroga v. Gillan, et al.*, Ex. 9 to the Complaint,

25     at p.2. Plaintiff appealed this decision at an administrative hearing. *Id.* at pp. 2-3. An

26     administrative hearing was conducted and the ALJ ruled against plaintiff, finding plaintiff was

27     not entitled to redeposit withdrawn contributions in order to obtain a CalPERS pension. *Id.* at p.3

28
                                        3

Case 2:12-cv-01179-MCE-KJN   Document 21   Filed 09/11/12   Page 4 of 13

1    (see also Exhibit 7 to the Complaint, p. 2). In November 1990, the Board of Administration of

2    CalPERS adopted the ALJ's proposed decision. *Ibid.*

3        On February 14, 1991, Plaintiff filed suit against CalPERS for breach of contract and fraud.

4    *Ibid.*; Exhibit 1 to the Complaint. CalPERS' answer asserted the affirmative defense that

5    Barroga's sole remedy was a petition for administrative mandamus (Code of Civ. Proc., §

6    1094.5), not a lawsuit for damages. *Barroga v. Gillan, et al.*, at p. 3. CalPERS ultimately obtained

7    a judgment on the pleadings on that basis. *Ibid.* The Court of Appeal affirmed that judgment in an

8    unpublished opinion filed on January 25, 1994 in *Barroga v. Board of Administration et al.*,

9    BO77855. *Ibid.*; Exhibit 2 to the Complaint.

10       On January 10, 1997, plaintiff filed a declaratory relief action against CalPERS, making the

11   same claims he had already made in his administrative action and in prior lawsuits. Exhibit 6 to

12   the Complaint. Plaintiff and CalPERS filed cross-motions for summary judgement. *Barroga v.*

13   *Gillan*, Order Granting Defendants' Motion For Summary Judgment And Denying Plaintiff's

14   Motion, Exhibit 7 to the Complaint, at p. 1. The trial court ruled in CalPERS' favor, finding that

15   the proceeding was "barred by the doctrine of res judicata or collateral estoppel which bar

16   litigation of the issues previously and finally decided in the PERS' administrative proceeding and,

17   in any event, Barroga's position is erroneous as a matter of law." *Id.* at p. 3.

18       Once again, Plaintiff Barroga appealed the trial court's decision. On February 25, 1998, the

19   Court of Appeal affirmed the trial court's decision. *Barroga v. Gillan et al.*, California Court of

20   Appeal Case No. B115924, Exhibit 9 to the Complaint. Plaintiff then filed a petition for review

21   which the California Supreme Court denied on May 13, 1998. *Barroga v. Gillan et al.*, California

22   Supreme Court Case No. SD69199, Exhibit 10 to the Complaint. In August 1998, plaintiff filed a

23   Petition for Writ of Certiorari with the Supreme Court of the United States. On October 5, 1998,

24   the Supreme Court of the United States denied the writ. *Barroga v. Gillan et al.*, 525 U.S. 911

25   (1998). Plaintiff filed a petition for rehearing and the Supreme Court of the United States denied

26   the petition on December 7, 1998. *Barroga v. Gillan et al.*, 525 U.S. 1049 (1998).

27       Undeterred, plaintiff filed another action on April 30, 1999 before the Los Angeles Superior

28   Court. *Barroga v. Board of Administration, Public Employees' Retirement System*, Complaint for

1   Breach of Contract, Los Angeles Superior Court Case No. KC030508, attached as Exhibit 13 to

2   the Complaint. CalPERS filed a demurrer based on the doctrine of res judicata and a Motion for

3   Prefiling Order Prohibiting Filing of New Litigation on June 8, 1999. *Id.*, Order of Dismissal

4   Following Sustaining of Demurrer Without Leave to Amend, attached as Exhibit 14 to the

5   Complaint. The Los Angeles Superior Court granted CalPERS' demurrer and motion and issued a

6   Prefiling Order To Prohibit Plaintiff Barroga From Filing Any New Litigation. *Ibid.*

7        Switching to federal court, on September 17, 1999, plaintiff filed a Petition for "Leave of

8   Presiding Judge of Court Where Any Litigation Against Defendant (PERS) is Proposed to be

9   Filed" in the United States District Court for the Central District of California to again adjudicate

10   the issue regarding his retirement benefits. See Petition for Leave, attached as Exhibit 15 to the

11   Complaint. Defendant CalPERS filed a motion to dismiss the case. On December 8, 1999, this

12   Court issued an Order Granting Defendants' Motion Pursuant to Fed. R. Civ.P. 12(b)(1), finding

13   that the Court did not have subject matter jurisdiction over plaintiff's case under the Rooker-

14   Feldman doctrine and the Eleventh Amendment. See Order Granting Defendants' Motion,

15   attached as Exhibit 16 to the Complaint.

16        On October 27, 2003, plaintiff filed another complaint in federal district court regarding his

17   retirement benefits. See "Complaint for Declaratory Relief Under Amendment Fourteen of

18   Constitution on Cal Retirement Laws PERS Wrongly Interpreed, and the Cal Courts Wrongly

19   Interpreted or Refused to Interpret by Reason of Res Judicata," USDC CD Case No. 03-7673,

20   attached as Exhibit 17 to the Complaint. The United States District Court for the Central District

21   of California dismissed plaintiff's complaint on June 25, 2004. See Order Dismissing Complaint,

22   attached as Exhibit 20 to the Complaint.

23        On July 30, 2004, plaintiff filed yet another Complaint in the United States District Court

24   for the Central District of California for "Declaratory Relief Under Amendment Fourteen of

25   Constitution on Cal Retirement Laws PERS Wrongly Interpreted, And the Cal Courts Wrongly

26   Interpreted or Refused to Interpret by Reason of Res Judicata." See Complaint for Declaratory

27   Relief, USDC CD Case No. 04-06315, attached as Exhibit 21 to the Complaint. On June 2, 2006,

28

1   the Central District Court dismissed plaintiff's complaint for failure to properly serve CalPERS.

2   See Order Dismissing Action, attached as Exhibit 28 to the Complaint.

3        Plaintiff again filed a complaint in the Central District on June 14, 2006, for "Declaratory

4   Relief Under Amendment Fourteen of Constitution on Cal Retirement Laws PERS Wrongly

5   Interpreted, And the Cal Courts Wrongly Interpreted or Refused to Interpret by Reason of Res

6   Judicata." See Complaint for Declaratory Relief, USDC CD Case No. 06-3696, attached as

7   Exhibit 29 to the Complaint. Defendant CalPERS filed a motion to dismiss the complaint and a

8   motion for sanctions prohibiting plaintiff from filing future actions against CalPERS without first

9   obtaining leave of court. The United States District Court for the Central District of California

10   dismissed the action on September 25, 2006, finding it lacked subject matter jurisdiction because

11   CalPERS is a state agency entitled to immunity under the Eleventh Amendment and plaintiff's

12   claims are barred under the doctrine of res judicata by plaintiff's prior lawsuits seeking pension

13   benefits. The Central District Court also granted CalPERS' motion for sanctions prohibiting

14   plaintiff from filing future actions against CalPERS without leave of court. See Order Dismissing

15   Action and Prohibiting Plaintiff From Filing Future Actions Against CalPERS, attached as

16   Exhibit 30 to the Complaint. Plaintiff appealed from the district court's judgment dismissing the

17   action and prohibiting him from filing future actions against CalPERS without first obtaining

18   leave of court. The United States Court of Appeals for the Ninth Circuit affirmed the district

19   court's orders concluding that the action was barred by res judicata because it restated claims

20   raised in plaintiff's prior lawsuits seeking pension benefits from CalPERS and the district court

21   did not abuse its discretion in imposing the pre-filing review order. See *Barroga v. Board of*

22   *Administration of the California Employees' Retirement System*, 235 Fed.Appx. 414 (9th Cir.

23   May 23, 2007), attached as Exhibit 31 to the Complaint. Plaintiff requested a panel rehearing (see

24   Exhibit 32 to the Complaint) which was denied on July 5, 2007. See *Barroga v. Board of*

25   *Administration of the CalPERS*, United States Court of Appeals for the Ninth Circuit Case No.

26   06-56415, Order, attached as Exhibit 33 to the Complaint.

27

28

Defendants' Notice Of Motion And Motion To Dismiss

1    Plaintiff next attempted to refile his complaint with the Central District Court. See Exhibit

2    36 to Complaint. The request was denied for failure to file a proof of service. See Exhibit 36A to

3    the Complaint.

4    On January 6, 2009, plaintiff attempted to file yet another action against CalPERS litigating

5    his retirement benefits. See *Barroga v. Board of Administration, Cal Public Employees'*

6    *Retirement System (PERS)*, USDC CD Case No. 09-00056, attached as Exhibit 40 to the

7    Complaint. The United States District Court for the Central District of California denied leave of

8    court to file the complaint on February 2, 2009. See Notice and Order re: Filing by Vexatious

9    Litigant, attached as Exhibit 44 to the Complaint. Plaintiff tried again. See Request for

10   Authorization to File a Motion for Leave to File a Complaint, or to File a Complaint, attached as

11   Exhibit 45 to the Complaint. The Central District Court denied plaintiff's request to file a new

12   complaint on March 3, 2009. See Exhibit 46 attached to the Complaint. Plaintiff requested

13   reconsideration on March 12, 2009, which was denied on March 16, 2009. See Exhibits 47-48

14   attached to the Complaint. Plaintiff appealed to the Ninth Circuit which denied the appeal on

15   January 19, 2010. See , *Barroga v. Board of Administration, Cal Public Employees' Retirement*

16   *System*, Ninth Circuit Case No. 09-55595, Order, attached as Exhibit 60 to the Complaint.

17   Plaintiff again attempted to relitigate the same issue by filing yet another complaint in the

18   United States District Court for the Central District of California on March 22, 2010. See

19   Complaint for Declaratory Relief, attached as Exhibit 65 to the Complaint. The Central District

20   Court denied plaintiff permission to file the complaint on the same date. See Notice and Order re:

21   Filing by Vexatious Litigant, attached as Exhibit 66 to the Complaint.

22   Undeterred, plaintiff again attempted to refile on April 21, 2010. See Complaint for

23   Declaratory Relief, attached as Exhibit 71 to the Complaint. The Central District Court denied

24   plaintiff permission to file the complaint on April 22, 2010. See Notice and Order re: Filing by

25   Vexatious Litigant, attached as Exhibit 72 to the Complaint.

26   Plaintiff again attempted to refile the complaint on April 28, 2010. See Motion for Leave to

27   File a New Complaint and Complaint for Declaratory Relief, attached as Exhibits 73 & 74 to the

28   Complaint. The Central District Court denied plaintiff permission to file the complaint on the

7

1  same date. See Notice and Order re: Filing by Vexatious Litigant, attached as Exhibit 75 to the

2  Complaint. Plaintiff moved for reconsideration of the Central District Court's April 28, 2010

3  order which he was denied permission to file on May 10, 2010. See Exhibits 76 & 77 to the

4  Complaint.

5  Plaintiff again attempted to refile the complaint on May 6, 2011. See Request for

6  Authorization for Leave to File a New Complaint, attached as Exhibit 81 to the Complaint. The

7  Central District Court denied plaintiff permission to file the complaint on May 12, 2011. See

8  Notice and Order re: Filing by Vexatious Litigant, attached as Exhibit 82 to the Complaint.

9  Plaintiff again attempted to refile the complaint on June 28, 2011. See Request for Court

10  Order for Leave to File a New Complaint, attached as Exhibit 87 to the Complaint. The Central

11  District Court denied plaintiff permission to file the complaint on June 30, 2011. See Notice and

12  Order re: Filing by Vexatious Litigant, attached as Exhibit 88 to the Complaint. Plaintiff moved

13  for reconsideration of the Central District Court's June 30, 2011 order which was stricken on July

14  14, 2011, because plaintiff had been declared a vexatious litigant and he did not have leave of

15  court to file the motion. See Exhibits 89 & 90 to the Complaint.

16  Plaintiff again attempted to refile the complaint on July 21, 2011. See Motion for Leave to

17  File a New Complaint: The Order of Judge King Should be Respected, attached as Exhibit 91 to

18  the Complaint. The Central District Court denied plaintiff permission to file the complaint on July

19  25, 2011. See Notice and Order re: Filing by Vexatious Litigant, attached as Exhibit 92 to the

20  Complaint. Plaintiff moved for reconsideration of the Central District Court's July 25, 2011 order

21  which was stricken on August 3, 2011, because plaintiff had been declared a vexatious litigant

22  and he did not have leave of court to file the motion. See Exhibits 93 & 94 to the Complaint.

23  Plaintiff again attempted to refile the complaint on August 22, 2011. See "Complaint for

24  Declaratory Relief Under Cal Code of Civil Proc. Sec. 1062 on New or Same Action Based on

25  the Same Facts Which Overcomes Res Judicata and Motion for Leave to File a New Complaint,"

26  attached as Exhibits 96A & 96B to the Complaint. The Central District Court denied plaintiff

27  permission to file the complaint on August 23, 2011. See Notice and Order re: Filing by

28  Vexatious Litigant, attached as Exhibit 97 to the Complaint.

8

1    Plaintiff again attempted to refile the complaint on September 2, 2011. See Motion: Stop

2  Using Vexatious Litigant Form; Request for Leave to File a Complaint and Complaint for

3  Declaratory Relief, attached as Exhibits 98A & 989B to the Complaint. The Central District

4  Court denied plaintiff permission to file the complaint on September 6, 2011. See Notice and

5  Order re: Filing by Vexatious Litigant, attached as Exhibit 100 to the Complaint.

6    Plaintiff again attempted to refile the complaint on October 24, 2011. See Motion For

7  Leave to File a Complaint and Complaint for Declaratory Relief, attached as Exhibits 107 &

8  107A to the Complaint. The Central District Court denied plaintiff permission to file the

9  complaint on October 26, 2011. See Notice and Order re: Filing by Vexatious Litigant, attached

10  as Exhibit 108 to the Complaint. Plaintiff moved for reconsideration of the Central District

11  Court's October 26, 2011 order which was rejected on November 3, 2011, because plaintiff did

12  not have leave of court to file the motion. See Exhibits 109 & 110 to the Complaint.

13    Plaintiff again attempted to refile the complaint on December 5, 2011. See Motion For

14  Leave to File a Complaint with Title 28 Sec. 359, attached as Exhibit 113 to the Complaint. The

15  Central District Court denied plaintiff permission to file the complaint on December 5, 2011. See

16  Notice and Order re: Filing by Vexatious Litigant, attached as Exhibit 114 to the Complaint.

17    Plaintiff again attempted to refile the complaint on February 23, 2012. See Motion to File a

18  Complaint Under Title 28 Sec. 1654 to Plead and Conduct Own Case Personally With the Same

19  Right as Counsel, attached as Exhibit 120 to the Complaint. The Central District Court denied

20  plaintiff permission to file the complaint on February 27, 2012. See Notice and Order re: Filing

21  by Vexatious Litigant, attached as Exhibit 122 to the Complaint.

22    Plaintiff has now changed his venue from the Central District to the Eastern District a

23  complaint identical to the one he filed in the Central District, down to the caption of the matter

24  naming the Central District, not the Eastern District, as the name of the court. Plaintiff's

25  Complaint must be dismissed because this court, like the Central District Court, lacks subject

26  matter jurisdiction because defendant CalPERS is a state agency entitled to immunity under the

27  Eleventh Amendment and plaintiff's claims are barred under the doctrine of res judicata by

28  plaintiff's prior lawsuits seeking pension benefits.

9

1  **ARGUMENT**

2    A dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is in order

3  where "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle

4  him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the court as an obligation

5  to construe pleadings by pro se litigants liberally, the court's liberal interpretation of a pro se

6  complaint may not supply essential elements of a claim that are not plead. *Ivey v. Board of*

7  *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). Furthermore, "the court is not

8  required to accept legal conclusions cast in the form of factual allegations if those conclusions

9  cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d

10  752, 754-755 (9th Cir. 1994).

11  I.  **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL**
     **PROCEDURE 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE**
12     **DEFENDANT CALPERS IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY**

13    "It is clear, of course, that in the absence of consent a suit in which the State or one of its

14  agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."

15  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This jurisdictional bar

16  applies regardless of the nature of the relief sought." *Ibid.*

17    Here, plaintiff brings an action against Defendant CalPERS, a state agency. *City of*

18  *Anaheim v. State of California et al.* 189 Cal.App.3d 1478, 1482 (1987). As a state agency,

19  defendant CalPERS is immune under the Eleventh Amendment from suit in federal court. *Ibid.*

20  Thus, defendant CalPERS requests that its motion to dismiss be granted with prejudice for lack of

21  subject matter jurisdiction.

22  II.  **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ON THE BASIS OF RES JUDICATA**

23    Plaintiff has previously litigated the issues raised in this case in other actions brought before

24  the:

25  • Board of Administration of CalPERS

26  • Los Angeles Superior Court (case numbers KC003981, KC024567, and KC030508),

27  • California District Court of Appeal for the Second Appellate District (case numbers
     B077855 and B115924),

28

10

1     • California Supreme Court (case numbers S038365 and S069199),

2     • United States District Court for the Central District of California (case numbers CV 99-
3       9457, CV 03-7673, CV 04-06315, CV 06-03696, and CV 09-56),

4     • United States Court of Appeal for the Ninth Circuit (case numbers 05-55232, 06-56415,
      and 09-55595), and

5     • United States Supreme Court (case number 98-5585).

6 The complaint should be dismissed on the basis of res judicata because plaintiff has already had

7 ample opportunity to litigate his claim seeking retirement benefits.

8        It is well established that, under the doctrine of res judicata, a final, valid judgment on the

9 merits precludes further litigation of this same cause of action between the same parties or those

10 in privity with them. Res judicata applies when "the earlier suit (1) involved the same 'claim' or

11 cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved

12 identical parties or privies." *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002). Res judicata

13 "relieve[s] parties of the costs and vexation of multiple lawsuits, conserve[s] judicial resources

14 and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Dodd v. Hood*

15 *River County*, 59 F.3d 852, 863 (9th Cir. 1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94

16 (1980)).

17        A review of plaintiff's complaint reveals that the instant action is yet another attempt to

18 rehash his entitlement to CalPERS retirement benefits which he has been litigating for the last 21

19 years. Plaintiff chronicles the history of his litigation before various legal tribunals regarding this

20 issue. This issue has been adjudicated and decided. See specifically, *Barroga v. Board of*

21 *Administration, Public Employees' Retirement System*, California Court of Appeal Case No.

22 B077855, attached as Exhibit 2 to the Complaint, at p.2; *Barroga v. Gillan, et al.*, California

23 Court of Appeal Case No. B115924, attached as Exhibit 9 to the Complaint, at p.2. Plaintiff has

24 had his day in court, but simply refuses to accept the courts' decisions.

25        The doctrine of res judicata applies here because the case at bar involves (1) the same claim

26 he has repeatedly litigated, including in the cases of *Barroga v. Board of Administration, Public*

27 *Employees' Retirement System*, California Court of Appeal Case No. B077855 and *Barroga v.*

28 *Gillan, et al.*, California Court of Appeal Case No. B115924, to wit, whether plaintiff is entitled

<div align="center">11</div>

1 | to CalPERS retirement benefits, (2) the identical parties or privies, specifically Lucio Barroga and

2 | CalPERS or an official from CalPERS, and (3) the Court of Appeal matters reached a final

3 | judgment on the merits. Thus, the doctrine of res judicata applies and defendant's motion to

4 | dismiss should be granted with prejudice.

5 | <center>**CONCLUSION**</center>

6 | Defendant CalPERS respectfully requests that the court grant its motion to dismiss without

7 | leave to amend because (1) the court lacks subject matter jurisdiction because defendant CalPERS

8 | is entitled to immunity under the Eleventh Amendment and (2) plaintiff has failed to state a valid

9 | cause of action because his case is barred by the doctrine of res judicata.

10 | Dated: September 11, 2012

Respectfully submitted,

11

12 | KAMALA D. HARRIS
Attorney General of California
NIROMI W. PFEIFFER
Supervising Deputy Attorney General

13

14

15 | BRENDA A. RAY
Deputy Attorney General
*Attorneys for Defendant*
*Public Employees' Retirement System*

16

17

18 | SA2012106864
10949838.doc

19

20

21

22

23

24

25

26

27

28

<center>12</center>

LUCIO A. BARROGA                          !
P.O. BOX 662006                           !
LOS ANGELES, CA  90066                    !
Tel 626-367-5858                          !
E=MAIL: luciobarroga@yahoo.com            !

PRO SE                                    !

-------------------------------------------------------------------------

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

-------------------------------------------------------------------------

| | |
|---|---|
| LUCIO A. BARROGA, | ! CASE NO.  12CV 01179 MCE, KJN |
| Plaintiff | ! PLAINTIFF'S OBJECTION TO DEFENDANT'S |
| v. | ! MOTION TO DISMISS THE COMPLAINT |
| BOARD OF ADMINISTRATION, CAL | ! Date: October     , 2012 |
| PUBLIC EMPLOYEES' RETIREMENT | ! Time: |
| SYSTEM (PERS), | ! Courtroom: |
| Defendant | ! Judge: _Hon. Morrison C. England Jr._ |

-------------------------------------------------------------------------

MEMORANDUM OF POINTS AND AUTHORITIES

Defendant PERS's argument to dismiss, on p 10 of Motion To Dismiss:

## I  THE  COMPLAINT  SHOULD BE DISMISSED . . . FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE DEFENDANT CALPERS IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY

"It is clear of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."

/

Sept 25, 2012    /51

In EXHIBIT 4 in Complaint, letter, here attached, filed Sept. 5, 1995, PERS's Dep. General Counsel Kayla J. Gillan wanted the case tried in court as she stated:

> We cannot grant your request. . We cannot change this position unless and until we are ordered to do so by a court.. . I sincerely urge you to seek the counsel of an attorney.

Therefore, there is subject matter jurisdiction, because PERS wanted this case tried in court.

Defendant's argument on p 10 of Defendant's Motion to Dismiss.

**"II PALINTIFF'S COMPLAINT SHOULD BE DISMISSED ON THE BASIS OF RES JUDICATA**

Title is COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC. SEC.1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA

RES JUDICATA DOES NOT APPLY UNDER DECLARATORY RELIEF LAW, see p 6 of Complaint..

> (Cal) Code of Civil Proc. Sec 1062 **Cumulative remedy.** The remedies provided by this chapter are cumulative, and shall not be construed as restricting any remedy, provisional or otherwise, provided by law for the benefit of any party to such action, and no judgment under this chapter shall preclude any party from obtaining additional relief based upon the same facts.

$\mathcal{Z}$

Therefore, Defendant's argument, p 10 of Defendant's Motion, that "Plaintiff's Complaint Should Be Dismissed On The Basis Of Res Judicata " is wrong and against the law. Other laws where res judicata does not apply, see p 6 of Complaint..

> (Cal) Code of Civil Proc. Sec. 657. **Relief available on motion for new trial, causes. .** (cited in page 6 of Complaint)
>
> 1. . abuse of discretion. .
>
> 4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.
>
> 6. Insufficiency of evidence to justify the . . decision, or the decision is against the law

The 4 ISSUES I, II, III, & IV in p 3-5 of the Complaint are not frivolous, and therefore plaintiff is not a vexatious litigant.. And to dismissed a complaint that is not frivolous is judicial misconduct, 28 U.S.C. Sec 352 (b) (1)(A) (cited on p 8 of Complaint). **Please read the ISSUES I, II, III, & IV** on p 3-5 of Complaint.

. .   On the declaratory relief issues, in ISSUE I, the employers' contributions are "normal contributions", clear and explicit , under Cal Gov't Code Sec. 20691 **Payment of member normal contributions by contracting agencies or school employer.** Therefore, I am still a member of PERS, and I am entitled retirement benefits and the redeposit of the withdrawn contributions. Notice, this present Issue is new and different from prior issues. The prior Issues in "normal contributions" in prior complaints are (Cal) Gov't Code Sec 20027 (new 20053), and (Cal) Gov't Code Sec. 20750.1 (new 20795), see EXHIBITS 6, 17, 21, & 29.

In ISSUE II, PERS's alternative offer for the withdrawal of the accumulated

*3*

member contributions to deprive me of lifetime retirement allowance after I was qualified to retire after I was already 50 years old is a violation of statute Cal Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification. Notice, this is prior issue in prior complaints, EXHIBITS 13, 15, 17, 21, & 29. But prior judgments were against the law.

In ISSUE III, PERS's denial for considering the withdrawn member contributions as a loan is a violation of PERS's loan laws that provide and allow withdrawals as loans such as Cal Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawal, . interest, and other loan laws, but does not allow my withdrawal as a loan. In ISSUE IV, PERS violated Amendment 13 of Constitution which is prohibition of slavery in denying plaintiff of benefits derived from the employer's contributions plaintiff had

worked and toiled for.

From the foregoing Plaintiff's Objection, Defendant's Motion to Dismiss should be denied, and Plaintiff's Complaint claiming for recovery of accumulated pension benefits in the amount of $1,568,410.50 and a monthly pension of $3,612.69 starting from January 2012, accruing and accumulating should be granted.

Date: September 25, 2012         Respectfully submitted

*Lucio A. Barroga*
Lucio A. Barroga

STATUTE OF LIMITATION (cited on p 6 of Complaint)

(Cal) Gov't Code Sec. 20181 (new 20164) Duration of obligation; limitation of action . .        (b)(2) In cases where the system owes money to a member or beneficiary, the period of limitation shall not apply

Attached: EXHIBIT 4 Letter from Dep. Gen. Counsel Gillan

*4*

1   KAMALA D. HARRIS, State Bar No. 146672
    Attorney General of California
2   NIROMI W. PFEIFFER, State Bar No. 154216
    Supervising Deputy Attorney General
3   BRENDA A. RAY, State Bar No. 164564
    Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 324-5208
6    Fax: (916) 324-5567
     E-mail: Brenda.Ray@doj.ca.gov

7   *Attorneys for Defendant, Public Employees'*
8   *Retirement System*

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14  | **LUCIO A. BARROGA,** | 12 CV 1179 MCE-KJN |
    |---|---|
    | Plaintiff, | **DEFENDANT CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM'S STATUS REPORT** |
    | v. | |
    | **BOARD OF ADMINISTRATION CAL PUBLIC EMPLOYEES' RETIREMENT SYSTEM,** | Date:      October 4, 2012<br>Time:      10:00 a.m.<br>Courtroom: 25<br>Judge:     The Honorable Kendall J. Newman |
    | Defendant. | |
    | | Action Filed: May 2, 2012 |

22        Defendant California Public Employees' Retirement System (CalPERS) submits the

23   following status report pursuant to the Court's May 2, 2012 Order:

24        1.    CalPERS was personally served on August 21, 2012.

25        2.    CalPERS knows of no additional party to be joined or served.

26        3.    CalPERS noticed and filed a motion to dismiss the complaint on September 11, 2012,

27   on the grounds that it has immunity under the Eleventh Amendment to the United States

28   Constitution and the suit is barred by res judicata. The matter involves plaintiff's election in 1979

                                          1

*Sept. 27, 2012   Ex#152*

to withdraw his employment contributions from CalPERS. CalPERS remitted to plaintiff his employee contributions of nearly $10,000 and terminated his membership from CalPERS. Almost ten years later in 1988, plaintiff wrote to CalPERS requesting retirement benefits, asserting that he had withdrawn his contributions by mistake. Plaintiff requested that CalPERS treat its remittance of his employee contributions as a loan. CalPERS denied plaintiff's request, informing him that, because he was not a current member of CalPERS, he was not eligible to redeposit his contributions and that CalPERS' remittance to him could not be treated as a loan.

4.   The court lacks jurisdiction because CalPERS is immune from suit under the Eleventh Amendment to the United States Constitution.

5.   CalPERS' motion to dismiss is to be heard on October 18, 2012 at 10:00 a.m. in Courtroom 25.

6.   In the event CalPERS' motion to dismiss is granted, no discovery is necessary.

7.   Until the Court rules upon CalPERS' motion to dismiss, a scheduling order is premature.

8.   No special procedures are necessary.

9.   If this matter goes to trial, CalPERS estimates it will take three days.

10.   No modificaitons to the standard pretrial procedures are anticipated.

11.   This matter is related to many previous matters filed by plaintiff in other venues, both administrative, state, and federal. Those matters include:

- Board of Administration of CalPERS
- Los Angeles Superior Court (case numbers KC003981, KC024567, and KC030508),
- California District Court of Appeal for the Second Appellate District (case numbers B077855 and B115924),
- California Supreme Court (case numbers S038365 and S069199),
- United States District Court for the Central District of California (case numbers CV 99-9457, CV 03-7673, CV 04-06315, CV 06-03696, and CV 09-56),
- United States Court of Appeal for the Ninth Circuit (case numbers 05-55232, 06-56415, and 09-55595), and
- United States Supreme Court (case number 98-5585).

2

12.   CalPERS does not anticipate requiring a settlement conference as it believes plaintiff's claims are barred by res judicata.

13.   CalPERS prefers to have a settlement conference conducted by someone other than the district court judge and magistrate judge assigned to this matter.

14.   CalPERS knows of no further matters that may add to the just and expeditious disposition of this matter.

Dated:  September 27, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
NIROMI W. PFEIFFER
Supervising Deputy Attorney General

BRENDA A. RAY
Deputy Attorney General
*Attorneys for Defendant*
*Public Employees' Retirement System*

SA2012106864
10958893.doc

3

*Ex 153  9-29-12*

LUCIO A. BARROGA                               !
P.O. BOX 662006                                !
LOS ANGELES, CA 90066                          !
Tel. 626-367-5858                              !

PRO SE                                         !

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

----------------------------------------------------------------

LUCIO A. BARROGA,                    ! CASE NUMBER: 12CV 01179 MCE, KJN

        Plaintiff          !

        v.                 ! _____

BOARD OF ADMINISTRATION, CAL         !     PLAINTIFFF'S STATUS REPORT
PUBLIC EMPLOYEES' RETIREMENT         !
SYSTEM (PERS),                       !

        Defendant  !
----------------------------------------------------------------

STATUS REPORT

    Plaintiff Lucio A. Barroga submits the following status report pursuant to Court Order of May 2, 2012:

1. Cal PERS was served on August 21, 2012.

2. There is no joinder of additional parties.

3. JURISDICTION is on page 1-2 of complaint.   FACTS are in page 4 of complaint. 4 ISSUES are in pages 3-5 of complaint;  Supporting Authorities are in pages 6-9 of complaint. Procedural Background are in pages 9-23 of complaint.

Sept 9, 2012 *EXH 153*

4. On Motion and scheduling, It defend on future rulings and order.

5. No special procedure is necessary.

6. Estimated trial time is probably 1 day or 2 days.

7. Simplicity of procedure is very clear. There are 4 new ISSUES , ISSUE I, ISSUE II, ISSUE III, and ISSUE IV in the Complaint to be answered by yes or no. Res judicata does not apply in declaratory relief case. The title is COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC. SEC 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA.

8. This case is related to prior cases. Los Angeles Superior Court cases ( KC03981,KC 024567, and KC 030508): California Court of Appeals ( B077855 and B115924) : California Supreme Court (S38365 and S0691199): US District Court, Central District: CV99-9457; CV03-7673; CV 06315: CV 038365 ; and CV 09-056); U.S. Court of Appeals (05-55232; 06-56415; and 09-55595)

U.S. Supreme Court 98-5585.

Date: Sept. 29, 2012

Respectfully submitted;

Lucio A. Barroga

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Case Number.

*12 CV 01179*

PROOF OF SERVICE

I, the undersigned, hereby certify that I am over the age of eighteen years and not a party to the above-entitled action.

On ___*Sept. 29*___ 19__*2012*__, I served a copy of _____

*PLAINTIFF'S STATUS REPORT*

by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the United States Mail:

**(LIST ALL DEFENDANTS SERVED IN THIS ACTION)**

*U.S. DISTRICT COURT*
*501 I ST. STE. 4-200*
*SACRAMENTO, CA 95814*

*Attorney General KAMALA HARRIS*
*NIROMI W. PFEIFFER, Supv. Deputy Atty Gen.*
*BRENDA RAY, Dep. Atty. Gen.*
*1300 I St., Ste 125*
*Sacramento, CA 94244*

I declare under penalty of perjury that the foregoing is true and correct.

*Kirstin Lingie*

1
2
3
4
5
6
7

8                              IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUCIO A. BARROGA,

11              Plaintiff,                    No. 2:12-cv-01179 MCE KJN
            v.
12
       BOARD OF ADMINISTRATION CAL
13     PUBLIC EMPLOYEES' RETIREMENT
       SYSTEM,                                FINDINGS AND RECOMMENDATIONS
14              Defendant.

15

16           Presently before the undersigned is the Board of Administration for the California

17   Public Employees' Retirement System's ("defendant") motion to dismiss plaintiff Lucio

18   Barroga's ("plaintiff") complaint on grounds that (1) plaintiff's claims are barred by the doctrine

19   of claim preclusion/res judicata and (2) this court lacks subject matter jurisdiction because

20   defendant is entitled to immunity under the Eleventh Amendment of the United States

21   Constitution. (Dkt. No. 21.) Plaintiff, who is proceeding without counsel in this action, filed a

22   written opposition to the pending motion to dismiss.[1] (Dkt. No. 23.) Also before the

23   undersigned are plaintiff's recent filings, styled as "Plaintiff's Motion for Judgment on the

24   Pleadings to be Heard Concurrently With Defendant's Motion to Dismiss" (Dkt. No. 28) and a

25   "Request for Observance of Cal. Code Of Civ. Proc. Sec. 1062.5(2) For Precedence

26
     _____
          [1]   This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  Consideration Of Case" (Dkt. No. 29).

2       This matter came on for hearing on October 18, 2012. Plaintiff appeared on his
3  own behalf. Attorney Brenda Ann Ray of the Attorney General's Office for the State of
4  California appeared on behalf of defendant.

5       The undersigned has fully considered the parties' briefs and the appropriate
6  portions of the record in this case and, for the reasons stated below, recommends that defendant's
7  motion to dismiss be granted and that this action be dismissed with prejudice. Defendant is a
8  state agency with immunity from private suit under the Eleventh Amendment and plaintiff has
9  not plausibly alleged a waiver of such immunity. Accordingly, the Eleventh Amendment bars
10  plaintiff's claims against defendant. Defendant argues in the alternative that plaintiff's claims
11  are barred by the doctrine of claim preclusion given the California state court system's resolution
12  of plaintiff's prior lawsuit, Barroga v. Board of Administration, Public Employee's Retirement
13  System, Super. Ct. No. KC003981 ("Barroga I"). This alternative argument is not well-taken,
14  due solely to the fact that defendant has not made the requisite showing under the correct
15  "primary rights" standard for claim preclusion in this case.

16  I.   BACKGROUND[2]

17     A.   The Earlier Action

18       In Barroga I, plaintiff filed a complaint in California Superior Court against the
19  present defendant, CalPERS, wherein plaintiff sought relief in connection with defendant's
20  alleged refusal to grant plaintiff retirement benefits to which plaintiff claimed he was entitled.
21  (Dkt. No. 1 at 31-32.) The trial court entered judgment on the pleadings against plaintiff,

22

23    [2] The facts regarding the earlier action are taken from plaintiff's complaint and the
documents plaintiff has attached to his complaint as exhibits. The undersigned's consideration
24  of this information is proper in assessing defendant's motion to dismiss. See Haskell v. Time,
Inc., 857 F. Supp. 1392, 1396 (E.D. Cal. 1994) ("Ordinarily, a motion to dismiss . . . is addressed
25  to the four corners of the complaint without consideration of other documents or facts outside of
the complaint. . . . [T]he complaint is deemed to include any documents attached to it as exhibits
26  as well as any documents incorporated into the complaint by reference.").

2

1    agreeing with defendant that the sole remedy available was a petition for administrative

2    mandamus and not a lawsuit for damages. (Id. at 52.) Plaintiff then unsuccessfully sought

3    reconsideration of the trial court's determination. The court had dismissed plaintiff's case on

4    procedural grounds because his "only remedy was a petition for a writ of mandamus, rather than

5    a complaint for breach of contract and fraud." (Id. at 35.) Plaintiff failed to file a timely appeal.

6    (Id. at 36.) Instead, he filed several ineffectual post-judgment motions in trial court. (Id.) The

7    California Court of Appeal affirmed the trial court's judgment against plaintiff on the grounds

8    that it lacked jurisdiction to review the case because plaintiff's filing was untimely. (Id. at 36-

9    37.) Plaintiff appealed to the California Supreme Court, which denied review of his case. (Id. at

10    38.) Plaintiff then sought certiorari in the United States Supreme Court, which also denied

11    review. (Id. at 55.)

12          In the years since the conclusion of Barroga I, plaintiff has continued to file

13    complaints in both state and federal courts alleging defendant's wrongdoing in connection with

14    denying retirement benefits to plaintiff. Since Barroga I, these courts have found plaintiff's

15    claims to be procedurally barred by claim preclusion or, for filings in federal court, barred by

16    defendant's Eleventh Amendment immunity.[3] (E.g., id. at 59-60, 64-66.)

17    B.    The Present Action

18          Nearly fifteen years after the United States Supreme Court denied certiorari with

19    respect to Barroga I, and after multiple failed attempts to bring the same claims in other courts,

20

---

[3] Recently, plaintiff made multiple attempts at re-litigating his case in the U.S. District
21 Court for the Central District of California, even after the Ninth Circuit Court of Appeals
affirmed the district court's May 2007 ruling that plaintiff's claims were barred under the
22 doctrine of res judicata. (Dkt. No. 1 at 99-100.) Plaintiff's multiple attempts at re-litigating his
case in that district led the court to issue an order in 2009 requiring plaintiff to obtain leave of
23 court before filing subsequent pleadings or other documents. (Id. at 119.) Despite that order,
plaintiff attempted to file a complaint multiple times in the years between the issuance of that
24 order and the filing of his complaint in the current action. (E.g., id. at 120-23.) The district court
denied every one of plaintiff's motions for leave to file a complaint, with the last denial occurring
25 in February of 2012, mere months before plaintiff filed what is essentially the same complaint in
this court, including plaintiff's erroneous reference to this court as the United States District
26 Court for the Central District of California. (Id. at 1; Dkt. No. 1-1 at 126.)

1  plaintiff filed his complaint in this action. The complaint consists of a nearly 300 page document
2  that includes a memorandum of points and authorities and a long list of exhibits detailing nearly
3  every motion filed and order issued in state and federal court for over 20 years regarding
4  plaintiff's claims against defendant. (See Dkt. Nos. 1, 1-1.)

5  The complaint includes a brief statement of factual allegations. (Compl., Dkt. No.
6  1 at 2-3.) Plaintiff alleges that when he became eligible to retire from his job with the City of El
7  Segundo he went to one of defendant's offices to apply for retirement benefits. (Id. at 2.) He
8  alleges further that he was told that he could receive his benefits either through an immediate
9  lump-sum payment, which paid out his personal contributions but withheld his employer's
10  contributions, or through monthly payments; plaintiff chose the lump sum payment. (Id.) Some
11  years later, plaintiff went back to defendant's office seeking to redeposit his withdrawn
12  contributions so that he could receive a monthly pension. (Id. at 3.) Plaintiff alleges that
13  defendant told him that he could not redeposit funds and receive monthly benefits because he
14  ceased to be a member of the fund once he had withdrawn his personal contributions. (Id.)

15  Plaintiff bases his claims for relief on several grounds. He alleges that
16  defendant's determination that he is no longer a member of CalPERS and defendant's denial of
17  his retirement benefits violated the Equal Protection Clause of the Fourteenth Amendment, the
18  Thirteenth Amendment's prohibition on slavery, and several sections of the California
19  Government Code. (Id. at 24-25.) Plaintiff alleges that, as a result of defendant's actions, he is
20  entitled to a declaratory judgment that he is "still a member of PERS" and is "entitled to
21  retirement benefits and the redeposit of the withdrawn contributions." (Id. at 24.) Plaintiff also
22  alleges that he is entitled to the accumulated amount of pension funds that defendant has
23  allegedly withheld from him over the years and monthly pension payments starting from January
24  2012. (Id. at 25.)

25  ////

26  ////

4

1    II.    <u>LEGAL STANDARDS</u>

2        A.    *Federal Rule 12(b)(1)*

`3        A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or

4 12(h)(3) challenges the court's subject matter jurisdiction. Federal district courts are courts of

5 limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of

6 jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the

7 contrary affirmatively appears." <u>A-Z Int'l v. Phillips</u>, 323 F.3d 1141, 1145 (9th Cir. 2003)

8 (citations and quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 12(h)(3) ("If the court

9 determines at any time that it lacks subject matter jurisdiction, the court must dismiss the

10 action."). When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court

11 takes the allegations in the complaint as true. <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir.

12 2004). However, the court is not restricted to the face of the pleadings and "may review any

13 evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of

14 jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988), <u>cert. denied</u>, 489

15 U.S. 1052 (1989); <u>see also</u> <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir.

16 2003) ("A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the

17 pleadings or by presenting extrinsic evidence."). "When subject matter jurisdiction is challenged

18 under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in

19 order to survive the motion." <u>Tosco Corp. v. Communities for a Better Env't.</u>, 236 F.3d 495, 499

20 (9th Cir. 2001) (per curiam), <u>abrogated on other grounds by</u> Hertz Corp v. Friend, 130 S. Ct.

21 1181 (2010); <u>see also</u> <u>Colwell v. Dep't of Health & Human Servs.</u>, 558 F.3d 1112, 1121 (9th Cir.

22 2009) ("In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit

23 'affidavits or any other evidence properly before the court . . . . It then becomes necessary for the

24 party opposing the motion to present affidavits or any other evidence necessary to satisfy its

25 burden of establishing that the court, in fact, possesses subject matter jurisdiction.") (citation

26 omitted, modification in original).

1                B.       *Federal Rule 12(b)(6)*

2                A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

3 challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase

4 Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Federal pleading standards require the

5 presentation of factual allegations sufficient to state a plausible claim for relief as to each

6 defendant. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege

7 facts, not simply conclusions, that show that an individual was personally involved in the

8 deprivation of civil rights"). A pleading is insufficient if it offers mere "labels and conclusions"

9 or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555;

10 Iqbal, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by

11 mere conclusory statements, do not suffice."). The mere possibility of misconduct falls short of

12 meeting this plausibility standard. Twombly, 550 U.S. at 545. However, "[s]pecific facts are not

13 necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim

14 is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting

15 Twombly, 550 U.S. at 555) (citations and internal quotations omitted).

16                A complaint should be dismissed for failure to state a claim if, taking all

17 well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

18 relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

19 Cir. 2010) (quoting Iqbal, 556 U.S. at 678-79.) "'A claim has facial plausibility when the

20 plaintiff pleads factual content that allows the court to draw the reasonable inference that the

21 defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty. Learning Ctr., Inc.,

22 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 678-79). The court accepts all of

23 the facts alleged in the complaint as true and construes them in the light most favorable to the

24 plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however,

25 required to accept as true conclusory allegations that are contradicted by documents referred to in

26 the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely

1  because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071 (citations and
2  quotation marks omitted).

3          In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may
4  generally consider only allegations contained in the pleadings, exhibits attached to the complaint,
5  and matters properly subject to judicial notice." Outdoor Media Grp., Inc. v. City of Beaumont,
6  506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court
7  may not consider a memorandum in opposition to a defendant's motion to dismiss to determine
8  the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corr., 151 F.3d 1194,
9  1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding
10  whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.
11  2003) (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir.
12  2001)).

13          The court must construe a pro se pleading liberally to determine if it states a claim
14  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and provide an opportunity
15  to cure those deficiencies if it appears at all possible that the plaintiff can do so. See Lopez v.
16  Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police
17  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed,
18  particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342
19  n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when
20  evaluating them under Iqbal).

21  III.    DISCUSSION

22
23      A.    The Eleventh Amendment Bars This Court From Hearing Plaintiff's Claims
              Because Defendant Is Entitled To Sovereign Immunity

24          Defendant argues that this court lacks subject matter jurisdiction because
25  defendant is a state agency entitled to immunity under the Eleventh Amendment. (Dkt. No. 21 at
26  10.) Defendant's argument is well-taken.

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985); accord Pittman v. Ore., Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2009); Henry v. County of Shasta, 132 F.3d 512, 517 (9th Cir. 1997). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) "This jurisdictional bar applies regardless of the nature of the relief sought." Id.

The Eleventh Amendment's prohibition applies not only to states, but also to state agencies. E.g., Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that claims against the California Department of Corrections were barred by state immunity); Durning v. Citibank, 950 F.2d 1419, 1422-23 (9th Cir. 1991) (noting that the Eleventh Amendment bars "federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("The Nevada Department of Prisons, as a state agency, clearly was immune from suit under the Eleventh Amendment."). "In the absence of a waiver by the state or a valid congressional override, '[u]nder the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999) (quoting Mitchell v. L.A. Cmty. College Dist., 861 F.2d 198, 201 (9th Cir. 1989)) (modification in original); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or

8

one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); accord Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

To determine whether an agency is an "arm of the state" for purposes of the Eleventh Amendment, a court applies a multi-factored balancing test.[4] See Mitchell, 861 F.2d at 201. Although defendant did not address these factors in its moving papers, various courts have persuasively concluded that CalPERS is such an agency or arm of the state for the purposes of the Eleventh Amendment. See e.g., Ret. Pub. Employees' Ass'n, Chapter 22 v. California, 614 F. Supp. 571, 581 (N.D. Cal. 1984) (finding that the Eleventh Amendment was a constitutional bar to the federal court's jurisdiction to hear "a pendant state claim against the state and state officials and agencies" because the defendants, including CalPERS, were "the state and state officials and agencies" immune from suit) rev'd on other grounds, 799 F.2d 511 (9th Cir. 1986); Cal. Pub. Employees' Ret. Sys. v. Moody's Corp., Nos. C 09-03628 SI, C 09-03629 JCS, 2009 WL 3809816, at *6 (N.D. Cal. Nov. 10, 2009) (unpublished) (finding a lack of diversity jurisdiction because CalPERS is an "arm of the state") (citing cases). Additionally, California considers CalPERS as part of one of its state agencies. See Cal. Gov't Code § 20002 (2012) (stating that CalPERS "is a unit of the [California] State and Consumer Services Agency"); City of Anaheim v. State of California, 189 Cal. App. 3d 1478, 1482 (1987) (referring to CalPERS as "a state agency").

////

////

[4] In Mitchell, the Ninth Circuit Court of Appeals stated: "To determine whether a governmental agency is an arm of the state, the following factors must be examined: whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity." Mitchell, 861 F.2d at 201.

1   In any event, plaintiff does not dispute the characterization of defendant as a "state
2   agency" within the meaning of the Eleventh Amendment.[5] Accordingly, defendant enjoys
3   sovereign immunity, and the issue becomes whether plaintiff adequately alleges that defendant
4   elected to waive its immunity.

5   Plaintiff contends in his complaint and opposition brief that "PERS wanted this
6   case tried in court," and waived its Eleventh Amendment immunity. (Compl. at 2; Opp'n, Dkt.
7   No. 23 at 2.) In arguing that waiver occurred, plaintiff cites to, and selectively quotes out of
8   context, a letter sent to him in 1995 by a deputy general counsel for defendant: "unless and until
9   we are ordered to do so by a court" [sic] "I . . . urge you to seek . . . an attorney" [sic]. (Dkt. No.
10  1 at 2, 40; Dkt. No. 23 at 2.) A review of this letter, and of the appropriate portions of the
11  pleading and exhibits thereto, confirms that plaintiff has not plausibly alleged that defendants
12  intentionally waived immunity from suit in this court. See Edelman v. Jordan, 415 U.S. 651, 673
13  (1974) ("[W]e will find waiver only where stated by the most express language or by such
14  overwhelming implications from the text as (will) leave no room for any other reasonable
15  construction") (internal quotation marks omitted); Petty v. Tennessee-Missouri Bridge Comm'n,
16  359 U.S. 275, 276 (1959) ("The conclusion that there has been a waiver of immunity will not be
17  lightly inferred."); Rasmus v. State of Arizona, 939 F. Supp. 709, 720 (D. Ariz. 1996) (holding
18  that a letter sent by counsel for defendant school district to the court stating that the parties
19  "agreed to waive any applicable Eleventh Amendment immunity claim" prior to the matter's
20  initiation in federal court was not sufficient to waive defendant's immunity). Accordingly, the
21  undersigned concludes that plaintiff has not plausibly alleged a waiver of defendant's Eleventh
22  Amendment immunity. See Caviness, 590 F.3d at 812 (for claims to be plausibly alleged, they

24  [5] In both his complaint and his opposition brief, plaintiff argues that his claims against
25  defendant are not barred by the Eleventh Amendment "because PERS wanted this case tried in
    court," thereby implying that it possesses an immunity that it could waive. (Compl. at 2; Opp'n
26  at 2.) However, nowhere in his complaint or opposition brief does plaintiff contend that
    defendant is not a state agency within the meaning of the Eleventh Amendment.

10

1  must allow courts to make reasonable inferences from the alleged facts).  Plaintiff has not
2  suggested any ability to amend his pleading to allege additional facts suggesting that he could
3  plausibly allege a waiver of immunity.  (See generally, Opp'n, Dkt. No. 23.)  Accordingly,
4  defendant's motion to dismiss should be granted on grounds that plaintiff's claims against it are
5  barred by Eleventh Amendment immunity, and plaintiff's complaint should be dismissed with
6  prejudice.

7      B.    Defendant Has Not Adequately Asserted The Affirmative Defense Of Claim
            Preclusion
8

9          Even though Eleventh Amendment immunity shields defendant from suit in
10  federal court, for the sake of completeness, the undersigned also addresses defendant's additional
11  argument that plaintiff's claims are barred by the doctrine of claim preclusion.  (Dkt. No. 21 at
12  10-12.)  "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or
13  could have been raised' in a prior action."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.
14  2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)).
15  "'It is now settled that a federal court must give to a state-court judgment the same preclusive
16  effect as would be given that judgment under the law of the State in which the judgment was
17  rendered' under the Constitution's Full Faith and Credit Clause and under 28 U.S.C. § 1738.'"[6]
18  Holcombe v. Hosmer, 477 F.3d 1094, 1097 (2007) (quoting Migra v. Warren City Sch. Dist. Bd.
19  of Educ., 465 U.S. 75, 81(1984)); see also Kremer v. Chem. Const. Corp., 456 U.S. 461, 466
20  (1982).

21          Where a prior judgment was rendered in *state court* and a party asserts claim
22  preclusion in a subsequent federal action, the legal standard for whether claim preclusion applies
23  is California's "primary rights" analysis rather than the federal "transactional nucleus" analysis.

24

25     [6]  28 U.S.C. § 1738 states, in pertinent part: "[J]udicial proceedings . . . shall have the
    same full faith and credit in every court within the United States and its Territories and
26  Possessions as they have by law or usage in the courts of such State, Territory or Possession from
    which they are taken."

                                      11

1    See Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009); Howard v. Am. Online Inc., 208 F.3d
2    741, 748 (9th Cir. 2000) ("The preclusive effect of a state court judgment in federal court is
3    based on state preclusion law.") (citing Eichman v. Fotomat Corp., 759 F.2d 1434, 1437 (9th Cir.
4    1985)). In Brodheim, a federal district court erroneously applied the federal "transactional
5    nucleus of facts" standard, which is typically used "to analyze the preclusive effect of prior
6    *federal* court judgments," even though the prior judgment was from California state court. See
7    id. (emphasis in original). The Ninth Circuit Court of Appeals reversed on grounds that the
8    district court should have applied California's "primary rights" standard in evaluating whether
9    plaintiff's claims were precluded by the prior state court decision. Id. The court in Brodheim
10   clarified that, "Under 28 U.S.C. § 1738, federal courts are required to give state court judgments
11   the preclusive effects they would be given by another court of that state. [Citations.] . . . Unlike
12   the federal courts, which apply a 'transactional nucleus of facts' test, 'California courts employ
13   the 'primary rights' theory to determine what constitutes the same cause of action for claim
14   preclusion purposes." Id. (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84
15   (1984); Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004)).

16          Under the "primary rights" analysis, "if two actions involve the same injury to the
17   plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in
18   the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief
19   and/or adds new facts supporting recovery." Id. at 1268 (quotation marks omitted) (quoting
20   Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983)). "What is critical to the
21   analysis 'is the harm suffered; that the same facts are involved in both suits is not conclusive.'"
22   San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 734
23   (9th Cir. 2009) (quoting Agarwal v. Johnson. 25 Cal.3d 932 (1970)).

24          Here, defendant failed to cite to the correct legal standard in asserting its claim
25   preclusion defense at this procedural posture. Instead of citing to the "primary rights" standard
26   used under California law, defendant erroneously analyzes this case under the federal

                                                12

1 "transactional nucleus of facts" test, just as the district court erroneously did in Brodheim. (See
2 Dkt. No. 21 at 11.) Additionally, what defendant does argue with respect to claim preclusion
3 does not necessarily otherwise demonstrate claim preclusion under the applicable "primary
4 rights" standard. Defendant claims that "plaintiff's complaint reveals that the instant action is yet
5 another attempt to rehash his entitlement to CalPERS retirement benefits which he has been
6 litigating for the last 21 years." (Id.) While this may be so, "different primary rights may be
7 violated by the same wrongful conduct," San Diego Police Officers' Ass'n, 568 F.3d at 734, and
8 defendant fails both to clearly articulate what "primary right" was at issue in Barroga I and to
9 clearly explain how plaintiff asserts that same "primary right" in this action. Accordingly,
10 defendant has failed to adequately demonstrate that claim preclusion is grounds for dismissing
11 this case at the pleading stage, and defendant's motion to dismiss is therefore partially denied.
12 See Corrie, 503 F.3d at 977 (holding that, at the pleading stage, the court must construe the
13 alleged facts in the light most favorable to the plaintiff).[7]

14 　　　　Notwithstanding the foregoing, as the undersigned stated during the hearing, it
15 appears very likely that defendant could sufficiently show claim preclusion in this case even
16 under the applicable "primary rights" analysis, perhaps if given the opportunity to file
17 supplemental briefing. However, given that the undersigned recommends dismissal of this case
18 on grounds of Eleventh Amendment immunity, no additional filings on this issue are necessary at
19 this time.

20 　　　　C.　　Plaintiff's Other Filings

21 　　　　On October 12, 2012, plaintiff filed a motion styled as "Plaintiff's Motion for
22 Judgment on the Pleadings to be Heard Concurrently With Defendant's Motion to Dismiss."
23 (Dkt. No. 28.) The motion essentially summarizes the content of plaintiff's written opposition to

24

25 　　　　[7] Claim preclusion is an affirmative defense. Taylor v. Sturgell, 553 U.S. 880, 907
(2008). Therefore, the party seeking to apply this doctrine bears the burden of proving the
26 existence of all of the required elements. Id.

13

1  defendant's motion to dismiss and the other filings he has made during the course of this
2  litigation. (Compare id. with Opp'n, Dkt. No. 23.) Accordingly, the filing is more appropriately
3  characterized as a supplemental opposition brief.[8] However, to the extent that plaintiff's filing at
4  Docket Number 28 could be construed as a motion for judgment on the pleadings, the
5  undersigned recommends that the motion be denied as moot because defendant is entitled to
6  dismissal of this case due to Eleventh Amendment immunity.

7  Plaintiff's motion also references an earlier filing entitled "Magistrate Judge Has
8  No Jurisdiction in This Case, So His Order is Invalid" (Dkt. No. 13). (Dkt. No. 28 at 1-2.) In
9  both his motion and the prior filing plaintiff attacks the validity of the undersigned's order issued
10  July 5, 2012, which denied plaintiff's motion for default judgment for improper service of his
11  complaint upon defendant (Dkt. No. 9). The undersigned has already issued an order addressing
12  plaintiff's earlier filing and noting that it was not a proper motion or request for reconsideration
13  and explaining that in any event, the undersigned does have jurisdiction to rule on plaintiff's
14  pretrial motions. (Dkt. No. 18.) Eastern District Local Rule 302 generally states the rule giving
15  the undersigned the authority to issue orders and findings and recommendations in this action,
16  and Local Rule 302(c)(21) specifically applies to this matter given plaintiff's pro se status.
17  Additionally, plaintiff's motion for judgment on the pleadings again fails to conform to the
18  requirements for an application for reconsideration under the local rules. See E. Dist L. R.
19  230(j). To the extent the motion could be construed as a motion for reconsideration, it is denied
20  for this reason and for the same reasons described in the undersigned's prior order. (Dkt. No.
21  18.)

22  Finally, on October 15, 2012, plaintiff made an additional filing entitled "Request
23  for Observance of Cal. Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case."
24  (Dkt. No. 29.) Therein, plaintiff asserts that his claim for declaratory relief should give this case

25

26  [8] While filing of such a "supplemental opposition brief" violates the Federal Rules of
   Civil Procedures and this court's Local Rules, nevertheless the undersigned has considered it.

14

1 precedence over other cases and that this case should be set for trial at the earliest date possible,
2 pursuant to California Code of Civil Procedure section 1062.6(2). (Id.) However, the California
3 Code of Civil Procedure is not applicable in federal court, where proceedings are governed by the
4 Federal Rules of Civil Procedure. Accordingly, plaintiff's request is denied. To the extent that
5 plaintiff requests that his case be heard in a timely manner, the undersigned ensures that this case
6 will proceed in accordance with the governing law.

       D.   Sanctions

8       Defendant did not request sanctions in connection with the Motion to Dismiss,
9 and the undersigned will not sanction plaintiff at this time. (Dkt. No. 21.) However, given
10 plaintiff's history of repeatedly attempting to re-litigate the same case, recently in the Central
11 District and now in the Eastern District, all without any possible legal basis for doing so, and
12 given plaintiff's apparent disregard for court orders issued in the Central District requiring him to
13 seek leave before filing documents, all of which is apparent from the face of plaintiff's pleadings,
14 see footnotes 2-3 herein, the undersigned *shall* sanction plaintiff if he continues to attempt to re-
15 litigate the same case before the undersigned. Should plaintiff improperly file subsequent actions
16 before other judges in this district and/or in other courts, the undersigned encourages defendants
17 to request sanctions in those cases.

18 VI.  CONCLUSION

19       For the foregoing reasons, IT IS RECOMMENDED that:

20     1.   Defendant's motion to dismiss (Dkt. No. 21) be granted in part, and this
21 case be dismissed with prejudice on grounds of Eleventh Amendment immunity.

22     2.   Plaintiff's filing at Docket Number 28, styled as a Motion for Judgment on
23 the Pleadings, be denied as moot.

24     3.   Plaintiff's filing at Docket Number 29, styled as a "Request for
25 Observance of Cal. Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case," be
26 denied.

15

1            4.     The Clerk of Court be ordered to close this case.

2            These findings and recommendations are submitted to the United States District

3    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen

4    days after being served with these findings and recommendations, any party may file written

5    objections with the court and serve a copy on all parties. Such a document should be captioned

6    "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

7    within the specified time may waive the right to appeal the District Court's order. Turner v.

8    Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

9    1991).

10           IT IS SO RECOMMENDED.

11   DATED: October 25, 2012

12

13                                _Kendall J. Newman_

                             KENDALL J. NEWMAN

14                                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

                                   16

EX 167 12-19-12 Order

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIO A. BARROGA,

        Plaintiff,               No.  2:12-cv-01179-MCE-KJN-PS

        v.

BOARD OF ADMINISTRATION CAL       ORDER
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM,

        Defendant.

_____/

On October 26, 2012, the magistrate judge filed findings and recommendations (Dkt. No. 32) herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. On November 8, 2012, plaintiffs filed objections to the proposed findings and recommendations (Dkt. No. 36), which have been considered by the court.

This court reviews de novo those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).

EXH 167

DEC 19, 2012

1  As to any portion of the proposed findings of fact to which no objection has been made, the court

2  assumes its correctness and decides the motions on the applicable law.  See Orand v. United

3  States, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are

4  reviewed de novo.  See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.

5  1983).

6      The court has reviewed the applicable legal standards and, good cause appearing,

7  concludes that it is appropriate to adopt the proposed findings and recommendations in full.

8  Accordingly, IT IS ORDERED that:

9      1. The Proposed Findings and Recommendations filed October 26, 2012, are

10  ADOPTED.

11     2. Defendant's motion to dismiss (Dkt. No. 21) is granted in part, and this case is

12  dismissed with prejudice on grounds of Eleventh Amendment immunity.

13     3. Plaintiff's filing at Docket Number 28, styled as a Motion for Judgment on the

14  Pleadings, is denied as moot.

15     4. Plaintiff's filing at Docket Number 29, styled as a "Request for Observance of Cal.

16  Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case," is denied.

17     5. Plaintiff's other filings at Docket Numbers 30, 33, 37, and 40, are all denied as moot.

18     6. The Clerk of Court shall close this case and vacate all dates.

19  Dated: December 19, 2012

20

21                                  MORRISON C. ENGLAND JR., CHIEF JUDGE
                                    UNITED STATES DISTRICT JUDGE
22

23

24

25

26

2

CASE NO. 13-15084

# UNITED STATES COURT OF APPEALS OF 9TH CIRCUIT

LUCIO A. BARROGA,

Plaintiff-Appellant

V.

BOARD OF ADMINISTRATION,
Cal PUBLIC EMPLOYEES' RETIRMENT SYSTEM (PERS),
Defendant

APPEAL  FROM UNITED STATES DISTRICT COURT Case. No. 12CV01179

## APPELLANT'S BRIEF

LUCIO A. BARROGA, PRO SE
P.O. BOX 662006
LOS ANGELES, CA 90066
TEL  626-367-5858
EMAIL:  luciobarroga@yahoo.com

Feb 11, 2013

**CASE NUMBER 13-15084**

# **APPELLANT'S BRIEF**

. **TABLE OF CONTENTS** Brief Page

Note: **(D___) p. ___** is Docket Number on page.

(EX__) p. ___ is EXHIBIT Number, Attached to Complaint

1.. TITLE OF COMPLAINT 3

2. PRECEDENCE CONSIDERATION ON DECLARATORY RELIEF ACTION 3

3. TABLE OF CITED AUTHORITIES 3

4.. JURISDICTIONAL STATEMENT 7

(A) THE BASIS FOR THE DISTRICT COURT'S SUBJECT-MATTER 8
JUTRISDICTION, .. AND STATING RELEVANT FACTS ESTABLISHING
JURISDICTION

(B) BASIS OF THE COURT OF APPEALS' JURISDICTION

(C) THE FILING DATES ESTABLISHING THE TIMELINESS OF APPEAL

(D) AN ASSERTION THAT THE APPEAL IS FROM A FINAL ORDER THAT
DISPOSES OF ALL PARTIES' CLAIMS

5. STATEMENT OF THE ISSUES PRESENTED FOR REVIEW 9

6. STATEMENT OF THE CASE BRIEFLY INDICATING THE NATURE OF THE 10
CASE , THE COURSE OF PROCEEDINGS , AND THE DISPOSITION BELOW

7. STATEMENT OF FACTS RELEVANT TO THE ISSUES SUBMITTED FOR 11
REVIEW WITH APPROPRIATE REFERENCES TO THE RECORD

{

**8.** SUMMARY OF THE ARGUMENT,WHICH MUST CONTAIN A SUCCINCT ,    19
CLEAR, AND ACCURATE STATEMENT OF THE ARGUMENTS MADE IN THE
BODY OF THE BRIEF.

**9.** THE ARGUMENT , WHICH MUST CONTAIN:    20

**(A)** APPELLANT'S CONTENTION AND THE REASONS FOR THEM, WITH
CITATION TO THE AUTHORITIES AND PARTS OF THE RECORD ON WHICH
APPELLANT RELIES

**(B)** FOR EACH ISSUE, A CONCISE STATEMENT OF THE APPLICABLE
STANDARD OF REVIEW (WHICH MAY APPEAR IN THE DISCUSSION OF
THE ISSUE OR UNDER A SEPARATE HEADING PLACED BEFORE THE
DISCUSSION OF THE ISSUE.)

**10.** A SHORT CONCLUSION STATING THE PRECISE RELIEF SOUGHT    21

**11.** CERTIFICATE OF COMPLIANCE .    22

## BODY OF BRIEF

**(1)** **Title of Complaint:(D1)** (5-2-12) COMPLAINT FOR DECLARATORY RELIEF

UNDER CAL CODE OF CIVIL PROCEDURE SEC. 1062 IN NEW OR SAME ACTION

BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA

## **(2)** **PRECEDENCE CONSIDERATION ON DECLARATORY RELIEF ACTION**

> Cal Code of Civ. Proc. 1062.5 (2)  The action shall be set for trial at the
> earliest possible date and shall take precedence over all cases other
> than those in which the state is a party. **(D29)** (10-12-12) REQUEST
> FOR OBSERVANCE OF CAL CODE OF CIL. PROC. SEC. 1062.5(2).  p. 1.

> FRCP 57 Declaratory Judgment. The court may order a speedy hearing of
> an action for a declaratory judgment and may advance it on the calendar

**(3)** **TABLE OF CITED AUTHORITIES** : **(D1)** (5-2-12)Complaint p.1-9

**(D1)** p.2 CONSTITUTION ELEVENTH AMENDMENT, U.S. District Court has

jurisdiction,        See Brief pages  8,9,10,11,15,16,16,17,17,18,19,20,20,21,21,

because Defendant PERS wanted this case tried in court, as Dep. Gen. Counsel
Kayla Gillan said in her **(EX4)** (9-5-95) letter p.2,

> " We cannot grant your request. .  We cannot change this position unless
> and until we are ordered to do so by a court. . .I sincerely urge you to seek
> the counsel of an attorney.

**(D1)** p. 2 CONSTITUTION THIRTEENTH AMENDMENT-- prohibition of slavery

> Sec, 1. Neither slavery nor involuntary servitude shall exist within the
> United States.        Brief pages  4,8,9,9,11,14,15,16,17,18,18,20,20,21,21

**(D1)** p.1 CONSTITUTION FOURTEENTH AMENDMENT  with equal protection . ....

........                                        Brief pages  8,16,17,19,20,21

**(D1)** p. 2 CAL STATE JUDGES ARE MEMBERS OF PERS,   Brief p.  9,20,21,21

*3*

15-15084

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LUCAS A. BAREDUGA,

Plaintiff and Appellant,

v.

BOARD OF ADMINISTRATION OF
THE CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

Defendant and Appellee.

On Appeal from the United States District Court
for the Eastern District of California

No. 2:12-CV-1174-MCE-KJN
The Honorable Morrison C. England, Jr., Judge

APPELLEE'S ANSWERING BRIEF

KAMALA D. HARRIS
Attorney General of California
JAY M. WOLFF (Goldman)
Senior Assistant Attorney General
NICOLE W. FLETCHER
Supervising Deputy Attorney General
ELENA S. TO, X
Deputy Attorney General
State Bar No. 279646
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 324-5308
Fax: (916) 324-5567

May 10, 2019   EXH 187

**TABLE OF CONTENTS**

**Page**

Introduction ................................................................................1

Statement of Issues ......................................................................1

Statement of Jurisdiction ...............................................................1

Standard of Review .......................................................................2

Statement of the Case.....................................................................2

Statement of Facts.........................................................................3

Summary of the Argument............................................................12

Argument....................................................................................12

    I.    The complaint was properly dismissed pursuant to
          Federal Rule of Civil Procedure 12(b)(1) for lack of
          subject matter jurisdiction because defendant CalPERS is
          entitled to Eleventh Amendment immunity............................12

   II.   The District Court correctly ruled defendant CalPERS
          did not waive sovereign immunity .........................................15

Conclusion..................................................................................17

Statement of Related Cases ...........................................................18

## TABLE OF AUTHORITIES

**Page**

### CASES

*Aholelei v. Department of Public Safety*
    488 F.3d 1144 (9th Cir. 2007)..................................................2, 13, 15

*Barroga v. Board of Administration of the California Employees'*
*Retirement System*
    235 Fed.Appx. 414 (9th Cir. May 23, 2007) ...................................4, 8

*Barroga v. Gillan et al.*
    525 U.S. 1049 (1998)......................................................................5, 6

*Barroga v. Gillan et al.*
    525 U.S. 911 (1998)............................................................................5

*City of Anaheim v. State of California*
    189 Cal.App.3d 1478 (1987).............................................................14

*Dittman v. California*
    191 F.3d 1020 (9th Cir. 1999)...........................................................13

*Edelman v. Jordan*
    415 U.S. 651 (1974)...........................................................................13

*Erickson v. Desert Palace*
    Inc., 942 F.2d 694 (9th Cir. 1991).......................................................2

*Fitzpatrick v. Blitzer*
    427 U.S. 445 (1976)...........................................................................13

*Ford Motor Co. v. Department of Treasury*
    323 U.S. 459 (1945)...........................................................................13

*Hill v. Blind Indus. & Servs. of Maryland*
    179 F.3d 754 (9th Cir. 1999), opinion amended...............................15

## TABLE OF AUTHORITIES
### (continued)

Page

*In re Lazar*
  237 F.3d 967 (9th Cir. 2001)..........................................................2, 13

*Kruso v. International Tel. & Tel. Corp.*
  872 F.2d 1416 (9th Cir. 1989)..............................................................2

*Mitchell v. L.A. Cmty. College Dist.*
  861 F.2d 198 (9th Cir. 1989)..............................................................14

*Pennhurst State School & Hosp. v. Halderman*
  465 U.S. 89 (1984)....................................................................12, 14

*Port Auth. Trans-Hudson Corp. v. Feeney*
  495 U.S. 299 (1990)..........................................................................16

*Ret. Pub. Employees' Assoc., Chapter 22 v. California*
  614 F.Supp. 571 (N.D. Cal. 1984), rev'd on other grounds, 799
  F.2d 511 (9th Cir. 1986)....................................................................14

**STATUTES**

28 U.S.C. § 1291......................................................................................2

California Government Code § 20002 (2013) ........................................14

Code of Civil Procedure, § 1094.5 ..........................................................4

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment......................................................................passim

United States Constitution ..............................................................3, 12

**COURT RULES**

Federal Rule of Civil Procedure 12(b)(1) ......................................2, 6, 12

Federal Rule of Civil Procedure 12(b)(6)................................................2

## INTRODUCTION

After numerous opportunities over the course of 21 years to have his case heard and adjudicated before an administrative tribunal and following review by the California Superior Court for the County of Los Angeles, the California Court of Appeal, the California Supreme Court, the United States District Court for the Central District of California, and the United States Supreme Court, plaintiff once again sought to re-litigate his claim for retirement benefits. The district court correctly dismissed the complaint without leave to amend because it lacked subject matter jurisdiction due to defendant California Public Employees' Retirement System's (CalPERS) immunity under the Eleventh Amendment.

## STATEMENT-OF ISSUES

Whether the trial court correctly dismissed the complaint for lack of subject matter jurisdiction due to defendant CalPERS' immunity under the Eleventh Amendment.

## STATEMENT OF JURISDICTION

The appeal arises from the granting of defendant's September 11, 2012, motion to dismiss plaintiff's complaint and the court's subsequent order entering judgment for defendant on December 19, 2012. Plaintiff filed a

1

timely notice of appeal to the District Court's judgment on January 4, 2013.

Therefore, this Court has jurisdiction under 28 U.S.C. § 1291.

## STANDARD OF REVIEW

A district court order dismissing a complaint for lack of subject matter
jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for failure to
state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is
reviewed de novo. Specifically, questions of sovereign immunity under the
Eleventh Amendment are given de novo review. *Aholelei v. Department of*
*Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *In re Lazar*, 237 F.3d
967, 974 (9th Cir. 2001). Dismissal is proper when it appears the plaintiff
can prove no set of facts in support of his claim which would entitle him to
relief. *Erickson v. Desert Palace*, Inc., 942 F.2d 694, 694-695 (9th Cir.
1991).

In reviewing decisions of the district court, the court of appeals may
affirm on any ground that has support in the record. *Kruso v. International*
*Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir. 1989).

## STATEMENT OF THE CASE

Plaintiff filed his civil rights complaint against defendant CalPERS on
May 2, 2012, seeking monetary relief in the form of retirement benefits.

2

CASE NO. 13-15084

# UNITED STATES COURT OF APPEALS OF 9TH CIRCUIT

LUCIO A. BARROGA,

Plaintiff-Appellant

V.

BOARD OF ADMINISTRATION,

Cal PUBLIC EMPLOYEES' RETIRMENT SYSTEM (PERS),

Defendant

APPEAL  FROM UNITED STATES DISTRICT COURT Case. No. 12CV01179

## **APPELLANT'S REPLY BRIEF**

LUCIO A. BARROGA, PRO SE

P.O. BOX 662006

LOS ANGELES, CA 90066

TEL  626-367-5858

EMAIL:  luciobarroga@yahoo.com

May 21, 2013

EXH 188

CASE NUMBER 13-15084

APPELLANT'S REPLY BRIEF

Note:  {D___} p. ـــــ  is Docket Number on page.
        (EX ___ } p. ـــــ  is EXHIBIT Number , Attached to Complaint


FACTS:

(D45)  (12-19-12) ORDER p. 2 of Chief Judge Morrison England is

quoted:

". . .this case is dismissed with prejudice on ground of Eleventh
Amendment immunity. "

APPELLEE'S ANSWERING BRIEF p. 17 is quoted:

"The district court  correctly dismissed the complaint without leave to
amend because it lacked subject matter jurisdiction due to defendant
CalPERS' immunity under the Eleventh Amendment. "


ANSWER:

As stated repeatedly in the APPELLANT'S BRIEF, there is subject

matter jurisdiction, and there is NO Eleventh Amendment immunity,

because PERS wanted this case tried in court, as shown on (EX4)

(EXHIBIT 4) (9-5-95) letter p.2  in the (D1)( 5-2-12) COMPLAINT, PERS's

Deputy General Counsel Kayla Gillan said:

"We cannot grant your request.  . .We cannot change this position
unless and until we are ordered to do by a court."

*i*

And Defendant PERS violated Amendment Thirteenth for denying

benefits derived from the employer's contributions plaintiff had worked

and toiled for.   Cited  (D1) p.2  Thirteenth Amendment  which

prohibits slavery in  specificity  overrides any immunity (D45) p.2 by

precedent, if any, in Eleventh Amendment.  To quote Thirteenth

Amendment :

   " Sec. 1. Neither slavery nor involuntary servitude shall exist within the
United States."

   Therefore, from the foregoing, this Court of Appeals should reverse the

(D45) ORDER dismissing this case.


Date: May 2 / , 2013                    Respectfully submitted,

                                        Lucio A. Barroga
                                        Lucio A. Barroga, Pro Se


2



# NOT FOR PUBLICATION

JUN 18 2014

## UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCIO A. BARROGA, | No. 13-15084 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01179-MCE-KJN |
| v. | |
| BOARD OF ADMINISTRATION OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, PERS, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted June 12, 2014**

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Lucio A. Barroga appeals pro se from the district court's judgment

dismissing his action against the California Public Employees' Retirement System

("CalPERS") for reinstatement of his retirement and pension benefits. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

$Jun\ 18, 201\overset{4}{\#}\ 1$

195

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal was proper because Barroga's action is barred by a prior administrative decision, prior state court judgments, and prior federal court judgments under the doctrines of claim and issue preclusion. *See Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885, 887-88 (9th Cir. 2000) (setting forth federal claim and issue preclusion doctrines); *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986) (state administrative decisions are given preclusive effect if the administrative proceedings are conducted with sufficient judicial character and the parties have an adequate opportunity to litigate); *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (explaining California's issue preclusion doctrine); *Slater v. Blackwood*, 543 P.2d 593, 594-95 (Cal. 1975) (explaining California's claim preclusion doctrine).

To the extent that Barroga sought review of prior state court judgments, his claims are barred by the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court

judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

The district did not abuse its discretion in denying Barroga's "Request for Observance of Cal. Code of Civ. Pro. 1062.5(2) for Precedence Consideration of Case." *See Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) ("[T]he district court is given broad discretion in supervising the pretrial phase of litigation . . . ." (citation and internal quotation marks omitted)).

All of Barroga's requests for "judgment of the appeal" are denied as moot.

**AFFIRMED.**

LUCIO A. BARROGA
P.O. BOX 2516
LONG BEACH, CA 90801
TEL. NO. 562-243-1024

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| LUCIO A. BARROGA, | ! CASE NO. 12CV O1179 MCE- KJN |
| Plaintiff | ! MOTION FOR NEW JUDGMENT |
| V. | ! BECAUSE PRIOR DISMISSAL ORDER, |
| BOARD OF ADMINISTRATION, CAL PUBLIC | ! NOT FILED, IS INVALID,  PER CAL |
| EMPLOYEES' RETIREMENT SYSTEM (PERS), | ! CODE OF CIV. PROC. SEC. 581(d) |
| Defendant | ! Date:                    Time |
| | ! Room: 25 |
| | ! Judge : Judge Morrison England Jr. |

---

### MEMORANDUM OF POINTS AND AUTHORITIES

DISMISSAL ORDER NOT FILED IS INVALID

Cal Code of Civ. Proc. Sec 581(d)   All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case.

The COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIVIL PROC. SEC. 1062 IN NEW OF SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOME RES JUDICATA  was filed May 2, 2012.

*July 17, 2017*

*291*

Defendant PERS'S NOTICE and MOTION FOR DISMISSAL  was served Sept.11, 2012.

Plaintiff's OBJECTION TO DEFENDANT PERS'S MOTION FOR DISMISSAL  was served Sept. 25, 2015.

Defendant PERS'S STATUS REPORT was served Sept. 27, 2012 .

Plaintiff's STATUS REPORT was served Sept. 29,2012.

Magistrate Judge Newman's FINDINGS AND RECOMENDATION of Oct. 25, 2012 is invalid, being not FILED.

Chief Judge Morrison C. England's DISMISSAL ORDER of Dec. 19, 2012, not FILED, is invalid.

NEW EVIDENCE: DEFENDANT PERS, A STATE AGENCY, CAN BE SUED. NO IMMUNITY

.      Cal Constitution Article 3, Sec. 6 (d)

        (d) Personal Right of Action and Jurisdiction of Courts.

        Any person who is a resident of or doing business in the State of California

        shall have standing to sue the State of California to enforce this section,. .

On Defendant PERS'S STATUS REPORT, p.3 Defendant PERS wanted settlement, to quote.

        13. CalPERS prefers to have a settlement conference conducted by

        someone other than the district court  judge and magistrate judge

        assigned to this matter.

I appreciate it very much if the Honorable Judge will encourage settlement with Defendant PERS. Defendant PERS just pays me the present  claim in the complaint, and that settles every thing.

2

Under this COMPLAINT, the amount of accumulated pension is $1,568,410.50 as of Dec. 2011, and the monthly pension was $3,612.69 starting Jan. 2012.

As of to the present, the amount of accumulated pension is $2,831,975.84 from May 1982 to Dec. 2016, and the monthly pension is $5,308.97 starting Jan. 2017, accruing and accumulating.

From the forgoing, under the law, a new judgment is required, and reiterating the complaint, CalPERS is in violation of the California public employees' retirement laws and the equal protection clause of Amendment 14 of Constitution and Amendment 13, prohibition of slavery. Therefore Defendant Board of Administration, PERS shall pay Plaintiff Lucio A. Barroga the amount of $2,831,975.84 of accumulated pensions, and a monthly pension of $5,308.97 starting January 2017, accruing and accumulating.

This case is entitled precedence before others because Defendant PERS is a state agency, Cal Code of Civ. Proc. Sec. 1062.5. I am already 88 years old and sickly, I appreciate it very much on that consideration, Cal Code of Civ. Proc. 36.

Date: July 17, 2017                    Respectfully submitted:

Lucio Barroga

Attached:  DISMISSAL ORDER dated Dec. 19,2012  not FILED
MAGISTRATE JUDGE"S  FINDINGS AND RECOMMENDATION not FILED
Defendant PERS STATUS REPORT
CALCULATION OF PENSION BENEFITS

3

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUCIO A. BARROGA,                    No. 2:12-cv-01179-MCE-KJN (PS)

12              Plaintiff,

13        v.                              <u>ORDER</u>

14   BOARD OF ADMINISTRATION CAL
     PUBLIC EMPLOYEES' RETIREMENT
15   SYSTEM,

16              Defendant.
17

18

19        On July 20, 2017, plaintiff filed a motion for new judgment. (ECF No. 52.) Previously,

20   on December 19, 2012, this case was dismissed with prejudice by District Court Judge Morrison

21   C. England, Jr., on grounds of Eleventh Amendment immunity. (ECF No. 45.) Plaintiff

22   subsequently appealed the decision to the Ninth Circuit Court of Appeals. (ECF No. 47.) On

23   June 18, 2014, a three judge panel of the Ninth Circuit affirmed Judge England's decision. (ECF

24   No. 50.) Final judgement against plaintiff took effect on November 13, 2014. (ECF No. 51.)

25   Thus, there are no grounds for a new judgment in this court. Plaintiff's motion is denied, and this

26   matter will remain closed. Any future motions filed in this court, related to this matter will be

27   summarily dismissed.

28   /////

                         Sept 26, 2018                              305

1    For the foregoing reasons, IT IS HEREBY ORDERED that:

2        1.    Plaintiff's motion for new judgment (ECF No. 52) is DENIED.

3    IT IS SO ORDERED.

4   Dated: September 26, 2017

5

6                                          KENDALL J. NEWMAN
     14/ps.12-1179.barroga.denial motion for new judgment    UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

To: Xavier Bacerra, Attorney General of California
Niromi Pfeiffer, Superv. Deputy Atty. General
Brenda A. Ray, Deputy Attorney General
1300 I St. Suite 125
Sacramento, CA 95814

From: Lucio A. Barroga
P.O. Box 2516
Long Beach. CA 90801
Tel 562-243-1024
Email: luciobarroga@yahoo.com

Sir/Madam:

RE: Case 12CV001179 MCE-KJN,    Barroga v. Brd. of Administ., CalPERS

.    I request implementation of settlement of this case which  Defendant PERS
wanted as shown in DEFENDANT CAL PERS'S STATUS REPORT served Sept. 27,
2012, p.2 is quoted:

> 13. CalPERS prefers to have a settlement conference conducted by
> someone other than the district court judge and the magistrate judge
> assigned to this matter.

Dated Oct. 25, 2012, Magistrate Judge Newman's FINDINGS AND
REECOMMENDATIONS, p. 7 is quoted:

> Defendant argues . . . defendant is a state agency entitled immunity under
> the Eleventh Amendment.

Dated Dec. 19, 2012, Hon Chief Judge Morrison England's Dismissal ORDER,  p. 2
is quoted:

> 2. . .this case is dismissed . .. on grounds of Eleventh Amendment immunity.

Served July 17, 2017, MOTION FOR NEW JUDGMENT BECAUSE PRIOR
DISMISSAL ORDER, NOT FILED, IS INVALID PER CAL CODE OF CIV. PROC. SEC.
581(d), p.1 is quoted:

> All dismissals ordered by the court shall be in the form of a
> written order signed by the court and filed in the action and those

313

Jan. 29, 2018

orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case.

DEFENDANT PERS, A STATE AGENCY CAN BE SUED. NO IMMUNITY. MOTION FOR NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER NOT FILED IS INVALID. . , p.2 is quoted:

Cal Constitution Article 3, Sec. 6 (d)

(d) Personal Right of Action and Jurisdiction of Courts.

Any person who is a resident of or doing business in the State of California shall have standing to sue the State of California to enforce this section,. .

Served Nov. 2, 2017, REQUEST FOR RESPONSE TO PLAINTIFF'S MOTION FOR NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER NOT FILED IS INVALID, p.2 is quoted:

FRCP Rule 60. Relief from Judgment or Order is quoted:

(b) GROUNDS FOR RELIEF FROM FINAL JUDGMENT, ORDER, OR PROCEEDING.

.        (4) the judgment is void.

Chief Judge Morrison England's Dismissal ORDER NOT FILED is void or invalid, and gave reason for its dismissal, because of immunity under Eleventh Amendment. That fact is overturned by the Cal Constitution which provides any resident of California has standing to sue the state. And ground for relief from final judgment is when judgment is void, of which the Dismissal ORDER is.

From the foregoing, I appreciate it very much if settlement is implemented as Defendant PERS desires. Just pay me the amount and condition, see p.3 MOTION FOR NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER IS INVALID., In the complaint and that settles everything.

Date: January 29, 2018                    Respectfully submitted,

                                         Lucio A. Barroga

Attached: 1) DEFENDANT CAL PERS'S STATUS REPORT served Sept. 27, 2012
2) Magistrate Judge Newman's FINDINGS AND RECOMMENDATION dated Oct.25,

2

2012

3) Chief Judge England's Dismissal ORDER dated Dec. 19,2012

4) MOTION FOR NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER NOT FILED IS INVALID . .served Jul. 17, 2017

5) REQUEST FOR RESPONSE TO PLAINTIFF'S MOTION FOR NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER NOT FILED IS INVALID . .served Nov. 2, 2017

```
======================================
         DOWNTOWN LONG BEACH
         300 LONG BEACH BLVD
              LONG BEACH
                 CA
              90802-9991
             0541160002
01/29/2018    (800)275-6777   9:55 AM
======================================
======================================
Product                Sale      Final
Description            Qty       Price

PM 2-Day               1        $6.70
Flat Rate Env
    (Domestic)
    (SACRAMENTO, CA  95814)
    (Flat Rate)
    (Expected Delivery Date)
    (Wednesday 01/31/2018)
    (USPS Tracking #)
    (9505 5134 9351 8029 1450 07)
Insurance              1        $0.00
    (Up to $50.00 included)

Total                           $6.70

Cash                           $20.00
Change                        ($13.30)

Includes up to $50 insurance

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.


Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm.

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to
usps.com/clicknship to print shipping
labels with postage. For other
information call 1-800-ASK-USPS.


**************************************
Get your mail when and where you want
it with a secure Post Office Box. Sign
up for a box online at
```

*3*

## UNITED STATES COURT OF APPEALS
### FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| LUCIO A. BARROGA, Plaintiff | ! |
| P.O. Box 2516, Long Beach, CA 90801 | ! PETITION FOR |
| Tel 562-243-1024; EMAIL: luciobarroga@yahoo.com | !. |
| | ! MOTION FOR RELIEF |
| V. | ! |
| | ! (Sacramento Dist. Crt.) |
| BOARD OF ADMINISTRATION, | ! Case No. 12CV001179 |
| CALIF. PUBLIC EMPLOYEES' RETIREMENT SYSTEM (PERS), ! | MCE-RJN |
| _____ Defenant _____! | _____ |

PETITION FOR MOTION FOR RELIEF FROM DISMISSAL ORDER DATED DEC. 19, 2012 BY CHIEF JUDGE MORRISON ENGLAND, NOT FILED THEREFORE INVALID, AND ORDER DATED SEPT. 26, 2017 NOT FILED THEREFORE INVALID, BY MAGISTRATE JUDGE KENDALL NEWMAN WITHOUT AUTHORITY BUT DENYING MOTION FOR NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER (BY CHIEF JUDGE ENGLAND) NOT FILED IS INVALID PER CAL CODE OF CIV. PROC. SEC. 581 (d), to quote:

> All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case.

The ORDER dated Sept. 26, 2017 by Magistrate Judge Newman denying the MOTION FOR NEW JUDGEMENT . . . without authority to render judgment per 28 USC (UNITED STATES CODE) Sec. 636(A) is fraud and also invalid because the ORDER was not FILED, to quote:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief,

Mar. 21, 2018    32■

for judgment on the pleadings, for summary judgment . . , . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Relief is available when final judgment is void and fraud pursuant to FRCP . . .

... (FEDERAL RULE OF CIVIL PRCEDURE) Sec. 60, to quote:

(b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**.

(4) the judgment is void.

(d) **Other Powers to Grant Relief**.

(3) . . fraud on the court

Clerk of Court Marianne Matherly committed fraud in violation of law 18 USC Sec.2076 when she willfully refused to forward the case including the MOTION FOR NEW JUDGMENT . . .served July 17, 2017 and ORDER dated Sept. 26, 2017 by Magistrate Judge Newman to Judge Morrison England, to quote:.

### 18 USC §2076. Clerk of United States District Court

Whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more than one year, or both.

CASE ACTIONS

1) Filed May 2, 2012 COMPLAINT FOR DECLARATORY RELIEF UNDER CAL CODE OF CIV. PROC. SEC. 1062 ON NEW OR SAME ACTION BASED ON THE SAME FACTS WHICH OVERCOMES RES JUDICATA with p.2-3 FACTS; p.3-5 ISSUES I to IV:



FACTS

Address; U.S. Court of Appeals for the Federal Circuit
717 Madison Pl. Washington, D.C. 20005



After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application. PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 (new 20795), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws, and therefore, I am entitled retirement benefits. .

ISSUES

ISSUE I:  ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL) GOV'T CODE SEC. 20691? (New Issue, different from prior Issues)

3

After reaching 50 year old in April 1979 and retirable, I submitted an application for retirement pensions from previous services with the City of El Segundo, and later I went to Sacramento PERS office to follow up application.  PERS offered me two choices: 1) to receive a monthly pension of $135, or 2) as alternative, to receive a lump sum of my member contributions (approx. 7% of salaries), but the employer's contributions on my behalf (approx. 7.75% of salaries under Gov't Code Sec. 20750.1 (new 20795), will remain with PERS. I received approximately $10,000 of my accumulated member contributions, with the employer's contributions on my behalf remaining in deposit with PERS.

Later in some years, I requested that the offered monthly pension shall pay and redeposit for the withdrawn member contributions as a loan which PERS maliciously omitted to inform the monthly pension can redeposit per statute (Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of Withdrawals, and when the loan or withdrawal is fully paid with interest, then monthly pension will start to me. But PERS claimed the employer's contributions which have remained with PERS are NOT "normal contributions", therefore I ceased to be a member when the member contributions were withdrawn, and I am not anymore entitled any pension benefits. I have contended that I am still a PERS member, because the employer's contributions on my behalf have remained in deposit with PERS and are "normal contributions" under the laws, and therefore, I am entitled retirement benefits. .

ISSUES

ISSUE I:   ARE THE EMPLOYERS' CONTRIBUTIONS TO THE RETIREMENT FUND ON BEHALF OF MEMBERS, "NORMAL CONTRIBUTIONS" UNDER THE NEW DISCOVERED STATUTE, (CAL)  GOV'T CODE SEC. 20691? (New Issue, different from prior Issues)

3

(Cal) Gov't Code Sec. 20691. **Payment of member normal contributions by contracting agencies or school employer**

Notwithstanding any other provision of law, a contracting agency or school employer may pay all or a portion of the normal contributions required to be paid by a member. The payment shall be reported simply as normal contributions and shall be credited to member accounts.

The employer's contributions are explicit "normal contributions", therefore I am still a PERS member, entitled retirement benefits.

ISSUE II:   IS PERS'S ALTERNATIVE OFFER FOR THE WITHDRAWAL OF THE ACCUMULATED MEMBER CONTRIBUTIONS TO DEPRIVE PLAINTIFF OF LIFETIME RETIREMENT ALLOWANCE AFTER PLAINTIFF HAD QUALFIED FOR RETIREMENT AFTER REACHING 50 YEARS OLD, A VIOLATION OF (CAL) GOV'T CODE SEC. 21203 (NEW 21259)?

(Cal) Gov't Code Sec. 21203 (new 21259) Nonforfeiture after qualification for retirement

Subject to compliance with this part, after a member has qualified as to . . .age and service for retirement for service, nothing shall deprive him or her of the right to retirement allowance as determined under this part.

ISSUE III :   IS PERS'S DENIAL FOR CONSIDERING THE WITHDRAWN MEMBER CONTRIBUTIONS AS LOANS A VIOLATION OF PERS'S LOAN LAWS WHICH ALLOW WITHDRAWALS AS LOANS?   OR DISCRIMINATORY?

(Cal) Gov't Code Sec. 20654 (new 20750) Redeposit of withdrawals, interest. .

. . .member may file an election with the board to redeposit in the

4

retirement fund, in lump sum or by installment payment (1) an amount equal to the accumulated contributions.. .withdrawn, and   (2) an amount equal to the interest. ., and (3) if he or she elects to redeposit in other than one sum, interest on the unpaid balance at date of election to redeposit.

> (Cal) Gov't Code Sec. 20211 (new 20202) Natural disaster relief loan.

> (Cal) Gov't Code Sec. 20208.5 (new 20203) Security loan.

> (Cal) Gov't Code Sec. 20215 (new 20200) Home financing program.

> (Cal) Gov't Code Sec. 20201  Secured home loan.


ISSUE IV:   CONSTITUTION, AMENDMENT 13 IS VIOLATED. PERS HAS DENIED PLAINTIFF RETIREMENT BENEFITS DERIVED FROM THE EMPLOYER'S CONTRIBUTION WHICH HAVE REMAINED IN DEPOSIT WITH PERS, WHICH EMPLOYER'S CONTRIBUTIONS PLAINTIFF HAD WORKED AND TOILED FOR, to quote:

> **Amendment 13, Section 1.**   Neither slavery nor involuntary servitude . . .shall exist within the United States, . .

If any of the ISSUES is YES, in fact, all are yes, then I am entitled retirement benefits and the redeposit of the withdrawn contribution

2) Served Sept.11, 2012 DEFENDANT'S MOTION TO DISMISS . . .

3) Served Sept. 25, 2012  PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS. . .

4) Served Sept. 27, 2012 DEFENDANT PERS'S STATUS REPORT on P.3.  Defendant PERS wants settlement, to quote:

5

Cal PERS prefers to have a settlement conference conducted by someone other than the . . judge or magistrate judge assigned to this matter.

(Note: Defendant PERS wants settlement but Atty. Brenda Ray of the California Attorney General's Office refused to answer settlement. )

5) Served Sept. 29, 2012 PLAINTIFF'S STATUS REPORT

6) Dated Oct 25, 2012 NOT FILED, Magistrate Judge Kendall Newman's FINDINGS AND RECOMMENDATIONS, p. 7 is quoted: ". . . defendant is a state agency entitled to immunity under Eleventh Amendment."

7) Dated Dec. 19, 2012 NOT FILED, Dismissal ORDER by Chief Judge Morrison England, p.2 is quoted: ". . . this case is dismissed . . .on grounds of Eleventh Amendment immunity."

8) Served July 17, 2017, PLAINTIFF'S MOTION FOR NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER, NOT FILED, IS INVALID PER CAL CODE OF CIV. PROC. SEC. 581 (d), p.1 is quoted:

Cal Code of Civ. Proc. Sec. 581 (d) All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case.

FRCP Sec. 60 is quoted:

b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**.

(4) the judgment is void.

6

P.2 PLAINTIFF'S MOTION FOR NEW JUDGMENT. . is quoted:

NEW EVIDENCE: DEFENDANT PERS, A STATE AGENCY CAN, BE SUED. NO
IMMUNITY.

Cal Constitution Article 3, Sec. 6 (d)

(d) Personal Right of Action and Jurisdiction of Courts.

Any person who is a resident of or doing business in the State of California
shall have standing to sue the State of California  to enforce this section,

9) Dated Sept. 26, 2017  ORDER by Magistrate Judge Kendall Newman without
authority DENIED PLAINTIFF'S MOTION FOR NEW JUDGMENT. . .

10) Served Nov. 2, 2017 REQUEST FOR RESPONSE TO PLAINTIFF'S MOTION FOR
NEW JUDGMENT BECAUSE PRIOR DISMISSAL ORDER NOT FILED IS INVALID . . ., p. 2,
citing a magistrate judge has no authority to give judgment is quoted:

28 USC 636A.   (A) a judge may designate a magistrate judge to hear and
determine any pretrial matter pending before the court, except a motion for
injunctive relief, for judgment on the pleadings, for summary judgment, . . to
dismiss for failure to state a claim upon which relief can be granted, and to
involuntarily dismiss an action.

FRCP Rule 60 is quoted:

( b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**.

(4)  the judgment is void.

11) Dated Nov. 9,2017 MINUTE ORDER by Courtroom Deputy Waldrop without
authority denied motion.

7

12) Dated Nov. 18, 2017 letter to Clerk of Court Merianne Matherly informing her responsibility to forward the case to Judge Morrison England pursuant to 18 USC 2076 Clerk of U.S. District Court.

.    13) Dated Dec. 2, 2017 Follow up letter to Clerk Merianne Matherly.

Clerk M. Matherly  did not respond to the letters.

14) Dated Jan 29, 2018 Letter requesting settlement to Calif Attorney General Becerra,  but letter was not responded.

15) Dated Feb. 7, 2018 Letter to Chief Judge Lawrence O'Neil requesting for her supervisory power to require Clerk M. Matherly to forward the case to Judge England pursuant to  18 USC 2076.

Chief Judge O'Neil did not respond.

From the foregoing, with the Dismissal Order ~~filed May~~ dated Dec. 14, 2012 by Chief Judge Morison England, NOT FILED and therefore void under the law, and the ORDER dated Sept. 26, 2017 by Magistrate Judge Newman, NOT FILED and therefore void and his rendering judgment without authority which is fraud on the court, and the Clerk of Court M. Matherly refusing to forward the case including the MOTION FOR NEW JUDGMENT . . served July 17, 2017 and the ORDER dated Sept. 26,2017 by Magistrate Newman to Judge England which is fraud on the court, therefore this court should grant motion for relief pursuant to FRCP 60, to quote:

b) **Grounds for Relief from a Final Judgment, Order, or Proceeding:**

.    (4)  the judgment is void.

d) **Other Powers to Grant Relief**

.    (1) entertain an independent action to relieve a party from a judgement . .

8
6

(3) set aside a judgment on fraud on the court.

Date: March 21 , 2018                    Respectfully submitted:

*Lucio A. Barroga*
Lucio A. Barroga

Attached as EXHIBITS are the 15 documents enumerated above.

Money Order $500

```
================================
       DOWNTOWN LONG BEACH
       300 LONG BEACH BLVD
          LONG BEACH
             CA
          90802-9991
          0541160002
03/21/2018    (800)275-8777   1:28 PM
================================
================================
Product            Sale      Final
Description        Qty       Price

PM 2-Day            1        $6.70
Flat Rate Env
    (Domestic)
    (WASHINGTON, DC  20005)
    (Flat Rate)
    (Expected Delivery Date)
    (Friday 03/23/2018)
    (USPS Tracking #)
    (9505 5134 9352 8080 1797 67)
Insurance           1        $0.00
    (Up to $50.00 included)

Total                        $6.70

Cash                        $20.00
Change                     ($13.30)

Includes up to $50 insurance

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit USPS.com
USPS Tracking or call 1-800-222-1811.


Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm.


All sales final on stamps and postage
Refunds for guaranteed services only
       Thank you for your business

       HELP US SERVE YOU BETTER
```

# United States Court of Appeals for the Federal Circuit

THE NATIONAL COURTS BUILDING
717 MADISON PLACE N.W.
WASHINGTON, DC. 20439

Peter R. Marksteiner
Clerk of Court

Telephone: (202) 275-8000

March 26, 2018

United States District Court
for the Eastern District of California - Sacramento
Robert T. Matsui U.S. Courthouse
Office of the Clerk
501 "I" Street
Suite 4-200
Sacramento, CA 95814

### Barroga v. Board of Administration, Calif. Public Employees' Retirement System
### Case no. 12-cv-001179

Dear Clerk,

I am transmitting to your court original documents that were delivered to the United States Court of Appeals for the Federal Circuit in error. We received the document on March 26, 2018.

Very truly yours,

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

Enclosures:  Original document

Copy (w/o encl):      Lucio A. Barroga
P.O. Box 2516
Long Beach, CA 90801

Mar 26, 2018

379

Office of the Clerk

**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

April 04, 2018

| | |
|---|---|
| No.: | 18-15574 |
| D.C. No.: | 2:12-cv-01179-MCE-KJN |
| Short Title: | Lucio Barroga v. Board of Administration of Cal |

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

**Payment of the $505 docketing and filing fees is past due.** Failure to correct this deficiency **within 14 days** will result in the dismissal of this case for failure to prosecute. See 9th Cir. R. 42-1. The fee is payable to the District Court.

**Appellants who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**

Apr. 4, 2018

ℨℒ

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCIO A. BARROGA,

Plaintiff-Appellant,

v.

BOARD OF ADMINISTRATION OF
CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, PERS,

Defendant-Appellee.

No.  18-15574

D.C. No.
2:12-cv-01179-MCE-KJN
Eastern District of California,
Sacramento

ORDER

Before: GOULD, TALLMAN, and MURGUIA, Circuit Judges.

To the extent appellant's notice of appeal challenges the judgment entered in

the district court on December 19, 2012, this appeal is dismissed as untimely and

as duplicative of closed appeal No. 13-15084. *See* 28 U.S.C. § 2107(a); *United*

*States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007) (requirement of timely notice of

appeal is jurisdictional).

To the extent appellant's notice of appeal challenges the post-judgment

order entered on September 27, 2017, this appeal is dismissed because the

magistrate judge's September 27, 2017 order denying appellant's motion to enter a

new judgment was not a final appealable order with a dispositive effect on the

parties. *See* 28 U.S.C. § 1291; *In re San Vicente Med. Partners Ltd.*, 865 F.2d

1128, 1131 (9th Cir. 1989) (order) (magistrate judge order not final or appealable);

DA/Pro Se

$Apr. 25, 2018$

329

*Palomo v. Baba*, 497 F.2d 959, 960 (9th Cir. 1974) (after judgment has been affirmed and mandate has issued, district court cannot act in manner inconsistent with mandate of affirmance, except with consent of this court); *cf. Columbia Record Productions v. Hot Wax Records, Inc.*, 966 F.2d 515, 516-17 (9th Cir. 1992) (holding that absent consent, a federal magistrate judge lacked authority to render a post-judgment decision that has a dispositive effect on the parties).

Consequently, this appeal is dismissed for lack of jurisdiction.

**DISMISSED.**

LUCIO A. BARROGA
P.O. BOX 2516
LONG BEAC⬤ CA 90801
Tel 562-243-1024
EMAIL: luciobarroga@yahoo.com-

---

## UNITED STATES COURT OF APPEALS FOR THE 9TH CIRCUIT

| | |
|---|---|
| LUCIO A. BARROGA. | ! CASE NO. 12CV01179 MCE-KJN |
| .        Plaintiff - Appellant | ! |
| .    v. | ! PETITION FOR PANEL |
| . | ! REHEARING (FRAP 40) |
| BOARD OF ADMINISTRATION, CALIFORNIA | ! |
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM | !. |
| _____ Defendant= Appellee | _____ |

PETITION FOR PANEL REHEARING ON COURT OF APKPEALS ORDER FILED APR. 25, 2018 dismissing notice of appeal as untimely on district court order on December 19, 2012 and duplicative on closed appeal No. 13-15084.

NOTICE: The dismissal ORDER of December 19, 2012 was not FILLED and therefore invalid or void per Cal Code of C iv. Proc. 581(d) , and the appeal No. 13-15084 that is based on the void ORDER of December 19, 2012 is therefore void. To quote:

> Cal Code of Civ. Proc. Sec 581(d)  All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes,

/
May 9, 2018

530

and the clerk shall note those judgments in the register of

actions in the case.

NOTICE: Relief is available when final judgment is void and no time limitation is
required to file relief under FRCP 60(b) and therefore appeal is timely. To quote:

FEDERAL RULE OF CIV. PROC. Sec. 60 (b) GROUNDS FOR RELIEF FROM A
FINAL JUDGMENT, ORDER, OR PROCEEDING

(4) the judgment is void.

NOTICE: The ORDER of December 19, 2012 dismissed the case on ground of
Eleventh Amendment Immunity, because Defendant PERS, being a state agency
can not be sued. But Cal Constitution allows the state to be sued ,to quote:

Cal Constitution Article 3, Sec. 6 (d)

(d) Personal Right of Action and Jurisdiction of Courts.

Any person who is a resident of or doing business in the State of California
shall have standing to sue the State of California to enforce this section.


NOTICE: Magistrate Judge Newman, without authority and in violation of
law 28 USC 636 **(A)(B) , rendered judgment ORDER on the motion for new
judgment denying motion, which ORDER is fraud, to quote:**

28 USC 636 (A) a judge may designate a magistrate judge to hear and
determine any pretrial matter pending before the court, except a motion
for injunctive relief, for judgment on the pleadings, for summary judgment,
, , , to dismiss for failure to state a claim upon which relief can be granted,
and to involuntarily dismiss an action.

2



(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion. . .

NOTICE: To quote fraud on the court:

Federal Rule of Civ. Proc. Sec. 60 OTHER POWERS TO GRANT RELIEF. This .
.. rule does not limit a court's power to:

3) set aside a judgment for fraud on the court.

NOTICE: Clerk of Court refused to forward the case to Judge Morrison England, another fraud and violation of law, to quote:

### 18 USC §2076. Clerk of United States District Court

Whoever, being a clerk of a district court of the United States, willfully refuses or neglects to make or forward any report, certificate, statement, or document as required by law, shall be fined under this title or imprisoned not more than one year, or both.

NOTICE: It is unusual that this Court rendered judgment from the notice of appeal when the TIME SCBEDULE ORDER filed Apr. 4, 2018 requires June 1, 2018 is Appellant's opening brief, violating your own rule.

From the foregoing, with many cited points this Court overlooked and misapprehended, the court should grant petition for panel rehearing and grant relief.

Date: May 9 , 2018                     Respectfully submitted:
.                                                  Lucio A. Barroga

3

Attached: Court of Appeals ORDER filed Apr. 25, 2018

Dismissal ORDER of Dec. 19,2012 not FILED

TIME SCHEDULE ORDER filed Apr. 4, 2018

4

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCIO A. BARROGA,

              Plaintiff - Appellant,

v.

BOARD OF ADMINISTRATION OF
CALIFORNIA PUBLIC
EMPLOYEES' RETIREMENT
SYSTEM, PERS,

              Defendant - Appellee.

No. 18-15574

D.C. No. 2:12-cv-01179-MCE-KJN
U.S. District Court for Eastern
California, Sacramento

**MANDATE**

The judgment of this Court, entered April 25, 2018, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

              FOR THE COURT:

              MOLLY C. DWYER
              CLERK OF COURT

              By: Rebecca Lopez
              Deputy Clerk
              Ninth Circuit Rule 27-7

May 17, 2018

332

LUCIO A. BARROGA
P.O. BOX 2516
LONG BEACH, CA 90801
Tel 562-243-1024
EMAIL: luciobarroga@yahoo.com-

---

### UNITED STATES COURT OF APPEALS FOR THE 9TH CIRCUIT

| | |
|---|---|
| LUCIO A. BARROGA. | ! No. 18-15574 |
| Plaintiff - Appellant | ! CASE NO. 12CV01179 MCE-KJN |
| v. | ! U.S. District Court for Eastern |
| | ! California, Sacramento |
| BOARD OF ADMINISTRATION, CALIFORNIA | ! |
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM | !. Re: MANDATE Filed May 17, |
| _____Defendant=Appellee__! _____2018_____ | |

The MANDATE issued by Rebecca Lopez, Deputy Clerk is wrong, to quote:

The judgment of this Court entered  April 25, 2018 takes effect this date.

This constitute the formal mandate. ..issued pursuant to  Rule 41(a) FRAP.

Federal Rule of Appeal Procedure 41(b) is the right procedure, to  quote:

**When issued.** The court's mandate must issue 7 days after the time to file a petition for reheating expires, or 7 days after entry of an order denying a timely petition for panel reheating. . .

From the foregoing, I  request that  the  PETITION FOR PANEL REHEARING served May 9, 2018 be forwarded to the Panel Judges immediately.

Date: May 21, 2018

Respectfully submitted:

Lucio A. Barroga
Lucio A. Barroga

Attached:  MANDATE filed May 17, 2018

May 21, 2018

333

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIO A. BARROGA,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>BOARD OF ADMINISTRATION OF<br>CALIFORNIA PUBLIC EMPLOYEES'<br>RETIREMENT SYSTEM, PERS,<br><br>        Defendant-Appellee. | No.   18-15574<br><br>D.C. No.<br>2:12-cv-01179-MCE-KJN<br>Eastern District of California,<br>Sacramento<br><br>ORDER |

This appeal was dismissed on April 25, 2018, and the mandate issued on

May 17, 2018. Appellant's filing dated May 21, 2018 requests that a petition for

panel rehearing served on May 9, 2018 be forwarded to the panel that entered the

April 25, 2018 order. However, no petition for rehearing of the April 25, 2018

order appears on this court's docket. Accordingly, the court will take no action on

appellant's request (Docket Entry No. 4).

This case remains closed.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Delaney Andersen
Deputy Clerk
Ninth Circuit Rule 27-7

$336$

DA/Pro Se

May 31, 2018

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

OCT 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIO A. BARROGA, | No.   18-15574 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 2:12-cv-01179-MCE-KJN |
| | Eastern District of California, Sacramento |
| BOARD OF ADMINISTRATION OF CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, PERS, | ORDER |
| Defendant-Appellee. | |

Before:  GOULD, TALLMAN, and MURGUIA, Circuit Judges.

The court's April 25, 2018 order dismissed this appeal for lack of

jurisdiction, and the mandate issued on May 17, 2018.  Appellant's May 24, 2018,

June 11, 2018, and June 13, 2018 filings requested that the court consider a motion

for reconsideration served on May 9, 2018, but no such motion appeared on the

court's docket for this appeal.  However, a review of the court's records reflects

that appellant's motions for reconsideration of the April 25, 2018 order were

docketed in closed appeal No. 13-15084 on May 11, 2018, May 16, 2018, May 29,

18, and June 4, 2018.  Appellant's motions for reconsideration have now been

in this appeal No. 18-15574.

ppellant's motions are construed in part as a motion to recall the mandate.

n to recall the mandate (Docket Entry No. 11) is denied because there

*Oct. 2, 2018*          *346*

are no "extraordinary circumstances" to support such relief. *See Calderon v.*

*Thompson*, 523 U.S. 538, 550 (1998).

The late motions for reconsideration of the court's order dated April 25,

2018, are denied. *See* 9th Cir. R. 27-10.

No further filings will be entertained in this closed case.