1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LUCIO A. BARROGA,                        No.  2:19-cv-0921-MCE-KJN PS

12                  Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                               TO DISMISS WITH PREJUDICE AND
13          v.                                 TO  DECLARE PLAINTIFF
                                               A VEXATIOUS LITIGANT,
14   BOARD OF ADMINISTRATION,                  ORDER TO STAY ACTION WHILE
     CAL.PUBLIC EMPLOYEES'                     F&R IS PENDING
15   RETIREMENT SYSTEM,
                                               (ECF Nos. 20, 22)
16                  Defendant.

17

18          Plaintiff Lucio Barroga, proceeding without counsel, brings suit against Defendant

19   "CalPERS" concerning his retirement benefits.  (ECF No. 1.)  CalPERS moves to dismiss for lack

20   of subject matter jurisdiction (11th Amdt. immunity) and for failure to state a claim (claim and

21   issue preclusion).  (ECF No. 20.)  CalPERS also requests the Court declare Barroga a vexatious

22   litigant and issue a pre–filing order against him, given that these claims have been denied

23   multiple times by both state and federal courts since the early 1990s.  (ECF No. 22.)

24          After a review of the record, the undersigned recommends this action be dismissed with

25   prejudice.  Further, the undersigned finds Barroga to be a repeat, serial litigant whose multiple

26   suits against CalPERS have made it clear that he will only continue to abuse the judicial process

27   and inundate this district with frivolous complaints.  Therefore, the undersigned recommends

28   Barroga be deemed a vexatious litigant and a pre–filing order be instituted against him.

                                                1

**Background**[1]

On May 22, 2019, Barroga filed a complaint entitled "complaint for declaratory relief under Cal Code of Civil Proc. Sec. 1062 on new or same action based on the same facts which overcomes res judicata." (ECF No. 1.) This 382-page complaint asserts that when Barroga reached fifty years of age in 1979, he retired from his employment with the City of El Segundo. (Id. at p. 3.) Barroga opted to withdraw his retirement contributions from CalPERS, but ten years later requested by letter that he be allowed to repay these amounts so he could start receiving a monthly benefit. CalPERS denied his request. (Id.)

From the point of CalPERS denial in the early 90s through the present, Barroga has attempted to litigate this same issue in a variety of settings. (See, generally, exhibits attached to ECF Nos. 1 and 21 (various complaints, letters, orders, judgments and appeals re: Barroga's suits against CalPERS)). Notably, Barroga's 2019 complaint raises the same issues as were raised in 2012 by Judge England of this district court. (See 2:12–cv–1121 MCE–KJN (PS), at ECF No. 1, "Complaint for declaratory relief under Cal Code of Civil Proc. Sec. 1062 on new or same action based on the same facts which overcomes res judicata."; ECF No. 21 at p. 215.)

CalPERS moved to dismiss in this action, asserting the same defenses as were raised in the 2012 action. (See ECF No. 20.) These issues are the same that, in 2012, Judge England deemed dispositive in his judgment and order, and are the same that the Ninth Circuit affirmed on two years later. (See 2:19–cv–921 MCE–KJN (PS) at ECF No. 32 (recommending dismissal on 11th Amendment Immunity grounds); see also Barroga v. CalPERS., 579 F. App'x 613 (9th Cir. 2014) (affirming dismissal on issue and claim preclusion grounds, as well as on the Rooker–Feldman doctrine)). Barroga opposed. (ECF Nos. 26–27.)

CalPERS also moved to declare Barroga a vexatious litigant, and requested judicial notice of Barroga's extensive litigation history. (ECF Nos. 21–22.) Barroga did not respond.

---

[1] These facts are based on information contained in the Complaint, and on documents submitted by CalPERS that are part of the public record—of which the undersigned takes judicial notice. See Fed. R. Evid. 201; Mir v. Little Co. of Mary Hosp., 844 F. 2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.")

## I.    Barroga's claims fail on the same grounds as in the 2012 action.

Given that Barroga is attempting to litigate the same issues as he raised in 2012 (reinstatement of his pension), and given that CalPERS has raised the same issues in their motion to dismiss, the Court will not burden the parties with a lengthy analysis.  Instead, the Court refers the parties to the findings and recommendations, order, judgment, and memorandum disposition in the 2012 action.  (See 2:19–cv–921 MCE–KJN (PS) at ECF No. 32 (recommending dismissal on 11th Amendment Immunity grounds); ECF No. 45 (adopting the F&R and dismissing Barroga's complaint with prejudice); see also Barroga v. CalPERS., 579 F. App'x 613 (9th Cir. 2014) (affirming dismissal of the 2012 action on issue and claim preclusion grounds, as well as on the Rooker–Feldman doctrine—which bars litigation that seeks relief from a state court decision based on an alleged error therein)).

For the same reasons as was stated in the dismissal orders, judgment, and Ninth Circuit memorandum in the 2012 action, the undersigned recommends dismissal of Barroga's current complaint with prejudice.

## II.    Barroga should be deemed a vexatious litigant, and a pre–filing order should be imposed.

Alongside the motion to dismiss, CalPERS moved to deem Barroga a vexatious litigant, and requested the Court either require Barroga post security before the action is to proceed or issue a pre–filing order "prohibiting him from filing any new litigation without first obtaining leave of court to do so."  (ECF No. 22.)  Barroga did not respond in writing to this motion.

### Legal Standard

The district courts have the power under the All Writs Act, 28 U.S.C. § 1651(a),  to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings.  De Long v. Hennessey, 912 F. 2d 1144, 1146 (9th Cir. 1990).  "[S]uch pre-filing orders are an extreme remedy that should rarely be used."  Molski v. Evergreen Dynasty Corp., 500 F. 3d 1047, 1057 (9th Cir. 2007).  However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."  De Long, 912 F. 2d at 1148.

3

Before entering a pre-filing order, a court is to: (A) give the litigant notice and a chance to be heard before the order is entered; (B) compile an adequate record for review; (C) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (D) narrowly tailor the vexatious litigant order "to closely fit the specific vice encountered." Molski, 500 F. 3d at 1057. The first and second factors are procedural considerations; the third and fourth factors are substantive considerations that help the district court "define who is, in fact, a 'vexatious litigant' as well as construct a remedy that will stop the litigant's abusive behavior without unduly infringing the litigant's right to access the courts." Id. at 1057-58. As to the substantive factors, the Ninth Circuit has found a separate set of considerations (employed by the Second Circuit Court of Appeals) provides a helpful framework. Ringgold-Lockhart v. County of Los Angeles, 761 F. 3d 1057, 1062 (9th Cir. 2014) (citing Molski, 500 F. 3d at 1058). These include consideration of the litigant's history, motives, representation by counsel, as well as the expense to others or burdens on the court and the possibility of other sanctions. Molski, 500 F. 3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F. 2d 19, 24 (2d Cir. 1986)).

Additionally, the Eastern District has adopted California's procedure from its "vexatious litigant" laws. See Local Rule 151(b) (adopting Cal. Civ. Proc. Code §§ 391–391.8). These laws were "designed to curb misuse of the court system by those persistent and obsessive litigants who, repeatedly litigating the same issues through groundless actions, waste the time and resources of the court system and other litigants." Shalant v. Girardi, 51 Cal. 4th 1164, 1169 (2011). The statute provides, among other things, that before an action is allowed to proceed, a plaintiff will be required to furnish security—meaning the litigant must "assure payment . . . of the party's reasonable expenses, including attorney's fees . . . incurred in or in connection with a litigation instituted . . . by a vexatious litigant." Cal. Civ. Proc. Code § 391. If the plaintiff fails to furnish the security, the action will be dismissed. Id.

**Analysis**

As demonstrated below, Barroga's litigation history demonstrates a pattern of frivolous and harassing complaints and motions. These actions call for him to be deemed a vexatious litigant. De Long, 912 F. 2d at 1146.

4

### A. Notice and Opportunity to Be Heard

Procedural due process is satisfied in this instance where the court notifies the litigant it is considering a vexatious litigant order, provides details about the scope of the proceedings, and allows for the litigant to respond to the court's concerns. Ringgold-Lockhart, 761 F. 3d at 1063.

CalPERS filed its motion to declare Barroga a vexatious litigant on July 22, 2019, and set the matter for a hearing on August 29, 2019. Barroga did not respond to this motion, but did appear at the hearing. (See ECF No. 28.) There, the Court questioned Barroga about the current motion to dismiss, his litigiousness against CalPERS regarding his pension, and his continued disregard of prior judgments indicating his claims have no merit. Barroga responded that the current claim is different because he has "new evidence"—which he asserted was a new source of law (the California Constitution) that he has recently discovered and has not previously raised. The Court explained to Barroga that this constitutional provision, which was in existence during the pendency of his earlier claims, does not constitute "new evidence," but is merely a new legal theory that could have been raised at the earlier proceeding. Barroga contended that he should not be deemed a vexatious litigant because courts in the past have not answered "yes or no" as to whether his claim is viable. The Court informed Barroga the answer is "no," and reiterated that past courts have in fact said the same thing.

Thus, because Barroga was on notice of the motion to deem him a vexatious litigant, and because he appeared at the hearing and responded to the motion, the Court has met its procedural duty on this first of the De Long factors, 912 F. 2d at 1146. See also Ringgold-Lockhart, 761 F. 3d at 1063 (finding due process satisfied where the litigant was notified of the vexatious–litigant motion and appeared at a hearing on the motion prior to the district court's issuance of the order).

### B. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." De Long, 912 F. 2d at 1147. A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. Ringgold-Lockhart, 761 F. 3d at 1063.

Barroga has filed ten actions against CalPERS since his dispute began in the early 90s, as well as multiple appeals.[2] Within these actions, Barroga has a history of filing multiple motions, letters, and other miscellaneous correspondence, as shown by his conduct in the two actions filed in this district.[3] As a general outline, the undersigned notes that in many of Barroga's complaints, he argues that (a) his employer's contributions to his retirement account were "normal contributions," and thus he is still a member of CalPERS; (b) CalPERS violated the California Government Code by offering him the option of withdrawing his entire balance at once; and (c) he is entitled to a retirement balance comprised of his employer's contributions. (See Section II.C.1, below, for further detail on the frivolousness of these complaints and motions).

---

[2] **Actions in California state courts, including appeals:** Barroga v. Bd. of Admin. CalPERS,. KC003981 (L.A. Super. Ct.); Barroga v. Bd. of Admin. CalPERS, No. S038365 (Cal.); Barroga v. Gillan, et al., No. KC024567 (L.A. Super. Ct.); Barroga v. Gillan, et al., No. B115924 (Cal. App.); Barroga v. Gillan, et al., No. SD69199 (Cal.); Barroga v. Bd. of Admin. CalPERS, No. KC030508 (L.A. Super. Ct.).

**Actions in the United States District Court for the Central District of California:** Barroga v. Bd. of Admin. CalPERS, No. 2:99–cv–9457; Barroga v. Bd. of Admin. CalPERS, No. 2:03–cv–7673; Barroga v. Bd. of Admin. CalPERS, No. 2:04–cv–6315; Barroga v. Bd. of Admin. CalPERS, No. 06-3696; Barroga v. Bd. of Admin. CalPERS, No 2:09–cv–00056.

**Actions in the United States District Court for the Eastern District of California:** Barroga v. Bd. of Admin. CalPERS, No. 2:12-cv-01179 MCE KJN; Barroga 0v. Bd. of Admin. CalPERS, No. 2:19-cv-921-MCE-KJN.

**Appeals to the Ninth Circuit Court of Appeals:** Barroga v. Bd. of Admin. CalPERS, No. 06-56415; Barroga v. Bd. of Admin. CalPERS, No. 09-55595; Barroga v. Bd. of Admin. CalPERS, No. 13-15084; Barroga v. Bd. of Admin. CalPERS, No. 18-15574.

[3] See **Motions filed in 2:12-cv-01179-MCE-KJN**: ECF No. 8 (Motion for Default Judgment); ECF No. 11 (Motion for Default Judgment); ECF No. 28 (Motion for Judgment); ECF No. 29 ("Request for Observance of Cal. Code of Civ. Proc. Sec. 1062.5(2) for Precedence Consideration of Case"); ECF No. 30 ("Request to Know Email Address So That I Can File Electronically"); ECF No. 33 (Motion for Judgment); ECF No. 37 (Motion for Judgment); ECF No. 52 (Motion for Miscellaneous Relief); ECF No. 54 (Motion for Miscellaneous Relief); ECF No. 59 (Motion for Miscellaneous Relief); ECF No. 61 (Motion for Miscellaneous Relief); ECF No. 64 (Motion for Miscellaneous Relief); ECF No. 68 (Motion for Reconsideration); ECF No. 74 (Motion for Miscellaneous Relief).

**Motions filed in 2:19-cv-00921-MCE-KJN**: ECF No. 14 (Request for Entry of Default); ECF No. 17 (Request for Entry of Default); ECF No. 19 ("Request for a Copy of Order Declining Request for Entry of Default and Granting Defendant Extension of Time to File a Response).

This collection of Barroga's complaints and motions presents a more–than–adequate record for review. See Molski, 500 F. 3d at 1059 (finding the district court compiled a proper record for review where "[t]he record before the district court contained a complete list of the cases filed by Molski in the Central District of California, along with the complaints from many of those cases," and where "[a]lthough the district court's decision entering the pre-filing order did not list every case filed by Molski, it did outline and discuss many of them.").

**C. The Frivolous or Harassing Nature of Barroga's Litigation**

"[B]efore a district court issues a pre-filing injunction . . . it is incumbent on the court to make substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F. 2d at 1148. Under the Ninth Circuit's framework, the court considers the following:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
(2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
(3) whether the litigant is represented by counsel;
(4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
(5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F. 3d at 1052 (quoting Safir, 792 F.2d at 24). The weight of these considerations supports a substantive finding that Barroga has engaged in frivolous and harassing behavior by filing the lawsuits (see fn. 2, infra) and repeated motions (see fn. 3, infra), such that the third De Long factor favors instituting a pre–filing order.

*(1) Barroga's history of vexatious, harassing lawsuits.*

Barroga has filed ten legal actions against CalPERS since 1991, after an administrative law judge ("ALJ") found he was not entitled to retirement benefits. (ECF No. 21 at p. 23.) On February 14, 1991, Barroga filed his first complaint with the Los Angeles County Superior Court, arguing that CalPERS wrongfully deprived him of retirement benefits stemming from his employer's contributions to his retirement account. (Id. at p. 9.) Barroga further contended that CalPERS deprived him of his lifetime pension by failing to offer him options alternative to withdrawing all of his personal contributions at once. Barroga prayed for relief in the form of his

employer's past contributions, a redeposit of his withdrawn contributions, a reinstatement of his pension, and the cost of bringing his suit. (<u>Id.</u> at p. 9.) The trial court granted CalPERS's Motion for Judgment on the Pleadings because Barroga did not follow the proper procedure in challenging the ALJ's decision. After unsuccessfully moving for reconsideration, Barroga filed an untimely, unsuccessful appeal. (<u>Id.</u> at p. 123, 125.) In 1994, the California Supreme Court declined to review the lower court's decision. (<u>Id.</u> at p. 127.)

In 1997, Barroga filed a second complaint with the Los Angeles Superior Court. (<u>Id.</u> at p. 19.) This time, Barroga sought declaratory relief that his employer contributions were "normal contributions" under a provision of the California Government Code, as well as damages in the amount of the unpaid balance of employer contributions, plus ten percent interest. (<u>Id.</u> at p. 20.) However, the complaint ultimately repeated Barroga's previous contention that he was still "a member of CalPERS and entitled to [a] monthly pension and redeposit of withdrawn contributions." (<u>Id.</u>) The parties cross-moved for summary judgment and the court ruled in CalPERS's favor, reasoning that Barroga's complaint was barred by the doctrine of res judicata because "he seeks to relitigate the same factual and legal issues which were the subject of the prior [administrative] proceeding." (<u>Id.</u> at p. 23.) Importantly, the court further found that Barroga's motion "**lack[ed] merit because the undisputed facts establish that upon separation from [his employment with] the City of El Segundo he received all of his normal contributions and thus ceased being a PERS member.**" (<u>Id.</u>) The court thus granted CalPERS's motion and denied Barroga's motion. (<u>Id.</u>) Barroga unsuccessfully moved to vacate the court's ruling. (<u>Id.</u> at p. 138.)

Barroga appealed, contending that his second suit was not barred by res judicata because was seeking declaratory relief. The California appellate court rejected this argument, explaining that both complaints concerned Barroga's "primary right" to his pension; the second suit was thus barred by res judicata. (<u>Id.</u> at p. 142.) Barroga unsuccessfully petitioned for rehearing. (<u>Id.</u> at pp. 29-30.) The California Supreme Court once again declined to review the lower courts' findings. (<u>Id.</u> at p. 30.) Barroga then filed an unsuccessful Petition for Writ of Certiorari with the Supreme Court of the United States. (<u>Id.</u> at p. 79.)

Despite the state court's repeated rejection of his claims, Barroga filed yet another complaint with the Los Angeles Superior Court in 1999.  (Id. at p. 40.)  His complaint grappled with the same underlying facts; he sought a declaration that CalPERS violated the Government Code, as well as damages based on the value of his pension.  (Id. at p. 41.)  The state court again dismissed the complaint as barred by res judicata, and issued an order declaring Barroga a vexatious litigant. (Id. at pp. 43-44, 78.)

Barroga then shifted to the federal courts, filing the first of four complaints (eventually followed by fourteen subsequent, unsuccessful filings) with the Central District of California. (Id. at p. 46.)  Barroga reiterated his claim that CalPERS violated the Government Code, once again seeking damages in the amount of his unpaid retirement balance.  (Id. at p. 51.)  The Central District granted CalPERS's motion to dismiss on two grounds:  (1) as a federal court, the Central District lacked jurisdiction to pass upon an "identical question of law" already decided by the Los Angeles Superior Court; and (2) CalPERS, a state agency, was entitled to immunity under the Eleventh Amendment to the United States Constitution.  (Id. at p. 53-54.)

In 2003, nearly four years after the dismissal, Barroga filed a second complaint with the Central District, contending that the "Cal[ifornia] courts wrongly interpreted" California "retirement laws," and recycling his arguments that (1) CalPERS violated the Government Code; and (2) his employer's contributions to his retirement account were "normal contributions."  (Id. at pp. 156-57.)   After failing to properly file an application for entry of default, Barroga brought five unsuccessful motions for default judgment.  (Id. at p. 59.)  The court ordered Barroga to file a default application, and dismissed his complaint without prejudice when he failed to comply with that order.  (Id. at pp. 59-60.)  Barroga then brought a third complaint in the Central District, this time failing to properly serve CalPERS; he once again unsuccessfully moved for default judgment.  Due to the improper service, the court dismissed Barroga's complaint without prejudice for a second time in June 2006.  (Id. at p. 65.)

Less than two weeks later, on June 14, 2006, Barroga filed yet another complaint against CalPERS in the Central District.  (Id. at p. 73.)  CalPERS moved to dismiss the case and sanction Barroga by prohibiting him from filing future actions against CalPERS.  (Id. at pp. 75-76.)  The

1  court held (1) that CalPERS was entitled to Eleventh Amendment immunity; and (2) that

2  Barroga's claims were barred by res judicata because they were already decided on the merits.

3  (Id. at pp. 80-83.)  The court further granted CalPERS's motion to sanction Barroga, reasoning

4  that he "has demonstrated a pattern of filing harassing and frivolous lawsuits" by "filing repetitive

5  and harassing lawsuits against CalPERS despite being told time and time again that his claims are

6  without merit."  (Id. at p. 86.)  The Ninth Circuit affirmed the decision on July 16, 2007.  (Id. at p.

7  90.)  Barroga unsuccessfully moved to vacate this order in 2008.  (Id. at p. 88.)

8      Ignoring the Central District's explicit order, Barroga filed yet another complaint against

9  CalPERS in January 2009.  (Id. at p. 92.)  The court responded with an order declaring Barroga a

10  vexatious litigant, reiterating that he was "barred from filing future lawsuits in the Central District

11  of California against CalPERS without first obtaining leave of court pursuant to the 2006 Order."

12  (Id. at p. 208.)  The Ninth Circuit affirmed the decision.  (Id. at p. 210.)  In the three years

13  following the issuance of the vexatious litigant order, Plaintiff requested leave to file an

14  additional fourteen complaints against CalPERS, all of which were denied.  He also filed several

15  motions for reconsideration of these denials, which were also denied.  (Id. at pp. 330–43, 362–65,

16  370–406, 419–29, 431–38, 444–64, 471–77, 482–84, 488–90.)  Dissatisfied with this result,

17  Barroga filed a complaint of judicial misconduct against the Central District judge who issued the

18  vexatious litigant order.  (Id. at pp. 344–52.)  The Ninth Circuit dismissed this complaint.  (Id. at

19  p. 366.)  Barroga wrote the Judicial Conference of the United States four times seeking to

20  overturn the Ninth Circuit's decision.  (Id. at pp. 407–18, 439–42, 465–66, 485–86.)

21      In 2012, Barroga turned to this District, filing a complaint substantively identical to those

22  previously rejected by the Los Angeles Superior Court and Central District.  (Id. at pp. 215–44.)

23  That case was assigned to the undersigned, who issued findings and recommendations,

24  recommending that the complaint be dismissed because CalPERS was entitled to Eleventh

25  Amendment immunity.  (Id. at pp. 502–05.)  The undersigned further warned Barroga that:

26          [G]iven [Barroga's] history of repeatedly attempting to re-litigate the same case ...
        all without any possible legal basis for doing so, and given [his] apparent

27          disregard for court orders issued in the Central District requiring him to seek

28          leave before filing documents ... the undersigned *shall* sanction [Barroga] if he

continues to attempt to re-litigate the same case before the undersigned.

(Id. at p. 509, emphasis in original.) Judge England adopted the undersigned's findings and recommendations on December 19, 2012. (Id. at pp. 512–13.) Throughout the case, including after judgment was entered, Barroga battered the court with fourteen frivolous motions, including two unwarranted motions for default, five motions for judgment, two motions for reconsideration of the court's denials. (See footnote 3, *supra*.) He also brought his frivolous appeal to the Ninth Circuit, where the panel affirmed in a memorandum disposition. (Id. at pp. 515–17.)

On May 22, 2019, Barroga filed the instant suit, once again rehashing the same claims regarding his pension that have been repeatedly rejected. (ECF 1.) He also filed two frivolous requests for default and a frivolous "notice" regarding the undersigned. (See fn. 3 supra.)

The above summary of Barroga's nearly thirty-year history of relitigating the same case demonstrates a record of duplicative, harassing, and vexatious litigation. See Molski, F. 3d at 1052. For instance, the fact that the Los Angeles Superior Court and Central District have deemed Barroga's claims barred by res judicata highlights the duplicative and vexatious nature of his actions. See Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F. 3d 1204, 1212 (9th Cir. 2009) (noting that doctrine of "res judicata[] bars any subsequent suit on claims that were raised or could have been raised in a prior action"); Hamblou v. Fortress Investment Group, 2017 WL 1833265, *3 (N.D. Cal. May 8, 2017) ("Notably, one of the purposes underlying the doctrine [of] res judicata is the need to protect against vexatious litigation.") (citing Brown v. Felsen, 442 U.S. 127, 131 (1979)). Further, the Los Angeles County Superior Court explained—over twenty years ago—that Barroga's claims lack merit because he ceased being a CalPERS member in 1979 when he withdrew his retirement contributions. (ECF No. 21 at p. 23.) His unending attempts to relitigate this same claim is a textbook example of frivolousness. See, e.g., Nothwang v. Payless Drug Stores Northwest, Inc., 139 F.R.D. 675, 676 (D. Or. 1991) (holding complaint frivolous where prior decision had res judicata effect on claims raised in complaint).

Further, Barroga's repeated attempts—fourteen, to be exact—to file the same complaint with the Central District, despite being declared a vexatious litigant, in addition to his repeated motions for reconsideration, demonstrate the harassment to which he has subjected numerous

11

court employees.  <u>See Hamblou</u>, 2017 WL 1833265 at *4 (plaintiff who brought "same factual case over and over again, in spite of repeated dismissals by a court," filed "not only duplicative lawsuits but also, necessarily, frivolous and harassing ones).  (<u>See also</u> ECF 21 at pp. 330–43, 362–65, 370–406, 419–29, 431–38, 444–64, 471–77, 482–84, 488–90.)

In 2012, the Eastern District specifically warned Barroga that he would be sanctioned should he file the same suit against CalPERS in this court.  (<u>Id.</u> at p. 509.)  Nevertheless, in 2019 Barroga completely disregarded this admonition and filed yet another complaint against CalPERS.  (ECF 1.)  This filing is duplicative of Barroga's prior nine suits because it solely concerns his entitlement to a pension.  (<u>Id.</u>)  This filing is also harassing because it directly ignores and disregards the undersigned's prior warning regarding future filings.  Finally, the complaint is frivolous, as the federal court has already dismissed the case due to CalPERS's Eleventh Amendment immunity from suit.  <u>See Nothwang</u>, 139 F.R.D. at 676.

Given the above record, the undersigned has no trouble finding that Barroga has a history of frivolous, duplicative, and harassing lawsuits.

*(2) Barroga's motive and the lack of objective good faith expectation of prevailing.*

Barroga has filed ten lawsuits against CalPERS in three different courts; each time his claims and subsequent appeals have been rejected.  Moreover, the Central District has barred Barroga's fourteen additional attempts to file complaints containing those same claims, as well as his petitions for review.  (<u>See</u> Section II.C.1. above.)  Thus, the undersigned sees no possible way a litigant in Barroga's position could maintain a good–faith expectation of prevailing in his serial actions against CalPERS.  <u>See Endsley v. California,</u> 2014 WL 5335857 (C.D. Cal. Oct. 16, 2014) (civil detainee declared a vexatious litigant after bringing numerous cases alleging the same constitutional violations; the court found Plaintiff could not have had an "objective good faith expectation of prevailing" on claims he had already been told were not cognizable), (<u>reversed on other grounds</u>, 627 Fed App'x 644 (9th Cir. 2015)).

Further, at the August 29 hearing, the undersigned questioned Barroga about his motives in filing so many causes of action, despite the numerous dismissals, judgments, and affirmances

12

from courts in this district and at the Ninth Circuit. Barroga stated that the courts have yet to "say no" regarding the merits of his claims. However, as previously discussed, the issue was indeed decided in the 90s—as multiple courts in this state have continually informed Barroga. (See Section II.C.1. above.)

The Court finds this factor supports a substantive finding of frivolous and harassing behavior by Barroga, favoring a finding that he is a vexatious litigant.

### (3) Barroga's lack of counsel.

In each of Barroga's actions, he has proceeded without counsel. (See ECF No. 21.) Though courts are generally protective of pro se litigants, the undersigned finds this factor cannot outweigh Barroga's abusive litigation tactics. This is so especially since courts in both this district and across the state have attempted to inform Barroga that his claims against CalPERS have no merit—information he has obviously disregarded.

### (4) The needless expense to CalPERS and the unnecessary burden on the court and its personnel.

As demonstrated above, Barroga's litigation tactics have imposed a tremendous burden on CalPERS, who since 1991 has had to respond to multiple frivolous complaints and motions on an issue that was decided decades ago. Barroga's abusive tactics have also imposed an unnecessary burden on the personnel of this court. Employees in the Clerk's office continually scan and file his frivolous complaints and motions, which judges in this court must review (and given his assertions, dismiss). (See fn's 2-3, supra.).

Thus, unless the Court halts Barroga's actions, his abusive tactics will pose an unnecessary burden on CalPERS as well as the court and its personnel. See Spain v. EMC Mortg. Co., 2010 WL 3940987, at *12 (D. Ariz. Sept. 27, 2010), aff'd sub nom., 487 F. App'x 411 (9th Cir. 2012) (finding unnecessary burden where the litigant persistently filed motions and other submissions that were baseless, causing unnecessary expense to the parties and needless burden on the courts).

### (5) The inadequacy of lesser sanctions.

In 2012, the undersigned warned Barroga that he would be sanctioned "if he

13

continues to attempt to re-litigate the same case before the undersigned." (ECF No. 21 at p. 509.) However, despite this admonition, Barroga filed the present suit, repeating the same claims that he has asserted for nearly thirty-years. (See ECF No. 1.) Further, the undersigned notes that, prior to declaring Barroga a vexatious litigant, the Central District first attempted to merely sanction him by prohibiting him from filing any further actions against CalPERS. Despite that order, Barroga once again filed the same suit. (See Section II.1.C. above.) This history suggests that lesser sanctions would not deter Barroga from filing another action with this court.

Thus, the undersigned has concluded that the only way to end Barroga's abusive and frivolous litigation in this district is to institute a restrictive pre–filing order. See Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) ("[W]hen there is ... conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."); but see Spain, 2010 WL 3940987, at *12 ("Especially because plaintiff has not heeded any of this court's prior warnings regarding the manner in which he has conducted this litigation, the need for a carefully circumscribed pre-filing order is readily apparent.").

### D. Narrowly Tailored Vexatious Litigant Order

CalPERS requests that the Court bar Barroga from filing any new cases in the Eastern District, and requests that he be required to post security alongside any complaint. This strikes too broadly, however, as the Court's vexatious findings merely concern Barroga's vexatious behavior as it relates to CalPERS and to his state pension. Further, as the Court is recommending dismissal of this claim with prejudice, the institution of security is unnecessary.

Instead, the undersigned recommends the following pre–filing order:

a.) Any future filing, of any kind, by Plaintiff in the United States District Court for the Eastern District of California shall contain the following words in all capital letters at the top of the front page: "PLAINTIFF HAS BEEN DECLARED A VEXATIOUS LITIGANT, AS PER CASE NO. 2:19-cv-921-MCE–KJN (PC)." If a proposed filing does not contain that heading, the Clerk of the Court shall lodge, not file, the proposed filing, nor shall the Court review it—any incomplete filings shall be returned to Mr.

14

Barroga without further action of the court;

b.) The Clerk of the Court shall not file any future filings from Plaintiff against Defendant CalPERS or their related entities, nor shall the Clerk file any lawsuit initiated by Plaintiff concerning his defunct pension, unless and until the filing is reviewed and determined by the Court to constitute a non-frivolous claim;

c.) If Mr. Barroga submits an action as a self-represented plaintiff accompanied by the required declaration, the Clerk shall open the matter as a miscellaneous case to be considered by the General Duty Judge of this court. The Duty Judge will issue necessary orders after making a determination whether the case is in fact related to a previous case filed by Mr. Barroga, and whether it is non-frivolous; and

d.) The requirements of subparagraphs (b) and (c) shall be waived if Plaintiff's filing is made on Plaintiff's behalf by a licensed attorney at law in good standing who signs the filing as the attorney of record for Plaintiff.

## FINDINGS AND RECOMMENDATIONS, ORDER

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's Motion to Dismiss (ECF No. 20) be GRANTED;

2. Defendant's Motion to Declare Plaintiff Vexatious (ECF No. 21) be GRANTED IN PART and DENIED IN PART;

3. Plaintiff be DECLARED a vexatious litigant; and

4. The Court ISSUE a pre–filing order as described in Section II.D. above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

15

Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

IT IS SO ORDERED AND RECOMMENDED.

Dated: September 9, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

barr.921